UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA

JINYAO LIU, individually and on behalf of
All Others Similarly Situated,

    Plaintiff,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
and PAUL VERNON, an individual,

    Defendants.

_____/

**PLAINTIFF'S MOTION FOR SERVICE BY ALTERNATIVE METHOD**

    Plaintiff, JINYAO LIU, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4(e) and Local Civil Rule 7.1, requests permission from the Court allowing Plaintiff to serve process upon Defendant, PAUL VERNON, an individual ("VERNON" or "Defendant"); by alternative method, *to wit*: service upon Genevieve Hall, Esq. of Kenny Leigh & Associates, who represents Defendant in a related lawsuit. As grounds therefor, Plaintiff states the following:

    1.    The instant action was filed on January 13, 2016. [Docket Entry No. ("DE") 1]. This action seeks to recover damages for, *inter alia*, misappropriation/theft of personal property, violation of Florida's Deceptive and Unfair Trade Practices Act, and fraud.

**Direct, In-Person Service Unsuccessful**

    2.    On January 13, 2016, a Civil Action Summons was issued to Defendant VERNON, with service contemplated upon VERNON at one of his last known addresses: 9721 Saddlebrook Drive, Boca Raton, FL 33496. [DE 5].

Civil Action No. 9:16-cv-80060-MARRA

3. According to multiple public records culled by undersigned counsel (*e.g.*, motor vehicle registrations, real property tax records, etc.), the above-referenced address in Boca Raton, FL is Defendant VERNON's last known residential address.

4. On January 19, 2016, a process server retained by Plaintiff to serve Defendant with a copy of the Complaint and Summons in this action attempted to serve VERNON at the Boca Raton, FL address but was unable to find him there.  *See*, **Exhibit "A"** hereto.

5. Plaintiff's retained process server has made multiple attempts to serve Defendant at VERNON's usual place of abode as well as at multiple other addresses but has been unsuccessful in that regard.  *See*, **Exhibit "A"**.

### Service under Fed.R.Civ.P. 4 Unsuccessful

6. On February 2, 2016, undersigned counsel for Plaintiff sent to VERNON's last known e-mail address (and to Defendant PROJECT INVESTORS, INC. d/b/a CRYPTSY's published e-mail address) a letter requesting that VERNON and Cryptsy, in accordance with Fed.R.Civ.P. 4, accept service of process and spare the parties the costs of service of the Summons.  *See*, **Exhibit "B."**

7. Cryptsy acknowledged receipt of the letter and stated that a response would be provided within approximately twenty-four (24) hours.  *See*, **Exhibit "C"**.

8. To date, neither VERNON nor Cryptsy has responded to Plaintiff's request.

### Service through his Spouse Unsuccessful

9. Additionally, in a recently-filed marital dissolution proceeding commenced by his wife [*In re: The Marriage of Lorie Ann Nettles v. Paul Edward Vernon*, Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida - Case No. 502015DR009881XXXXSBFZ], VERNON's wife has alleged that VERNON now lives in China with both his assets and his paramour, that VERNON is believed to be in the process of shutting down his South Florida-based business (CRYPTSY), and that VERNON will not be returning to this jurisdiction in the immediate future.

- 2 -

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

*See*, **Exhibit "D"** ("Urgent Motion for Injunctive Relief to Prevent the Removal and/or Further Dissipation of Marital Assets and Income" [Dated: October 28, 2015]).

10. According to VERNON's wife's Urgent Motion for Injunctive Relief:

> *[VERNON and his business entities, including CRYPTSY, own] Virtual Currencies, which are regulated domestically as commodities, exist as intangible assets (i.e., computer code), and can be copied onto a piece of portable media (like a flash drive, or an external hard drive) emailed from person to person, or stored online in cloud storage. Thus, this asset is optimal for secretion out of the jurisdiction. Likewise, due to the inherent properties of virtual currencies, [VERNON] could transfer all of his virtual currency assets to a third party in a matter of minutes.*[1]
>
> \*          \*          \*
>
> *In addition, although the Wife does not have first-hand knowledge of the operations of Cryptsy, the Wife is deeply concerned that, given the existence of a criminal law enforcement investigation into Cryptsy, the allegations of service interruptions and key employees seeking work, that [VERNON] will not only flee to China, but will also shut down Cryptsy and or secret its assets.*[2]

11. Furthermore, when Plaintiff's retained process server attempted to serve a copy of the Summons and Complaint in this matter upon VERNON's wife, she refused service -- insisting that VERNON has been living and working in China since summer 2015 and that her marriage to VERNON was officially dissolved by the Palm Beach Circuit Court on February 3, 2016.

12. VERNON's wife likewise disavowed to undersigned counsel her signed acceptance of delivery of a package addressed to VERNON (delivered by United Parcel Service at the Vernon marital residence prior to February 3, 2016) containing copies of the Complaint and Summons in this matter.

13. Therefore, she purports to be unwilling and unable to accept service of any papers on VERNON's behalf.[3]

---

[1] Urgent Motion for Injunctive Relief at Paragraph 11.

[2] *Id.* at Paragraph 19.

[3] Without offering any thoughts on the personal troubles between VERNON and Ms. Nettles, Plaintiff expresses deep concern about Ms. Nettles' allegations concerning VERNON's business dealings and his potential plans to secret himself and his assets in China. On January 15, 2016 -- two days after the instant lawsuit was filed and a firestorm of media reports addressing the allegations raised in the lawsuit were published -- VERNON posted on Cryptsy's blog (http://blog.cryptsy.com) a lengthy response to the media reports and the allegations in this lawsuit. *See*, **Exhibit "E"**.

14.	In the above-referenced marital dissolution proceeding, Defendant is ably represented by Genevieve Hall, Esq. of Kenny Leigh & Associates, 2255 Glades Road - Suite 238W, Boca Raton, FL 33431; Telephone: (561) 997-6890, Facsimile: (561) 989-5450, E-mail: GHall@kleighlaw.com. VERNON, through his counsel, is actively contesting several issues in that case, including the arrangements for custody of his children as well as the distribution of his marital assets.

15.	Because Defendant VERNON cannot be found at his last known address or at any other address at which numerous public records suggest he should be found; because he has not responded to a request under Fed.R.Civ.P. 4 for waiver of service; and because even his [ex-]wife believes that VERNON has relocated to China and is not anticipated to return anytime soon, Plaintiff respectfully requests he be permitted to serve Defendant's copy of the Complaint and Summons through Ms. Hall.

16.	There would be no prejudice to Defendant allowing for alternative service to the attorney who is currently representing Defendant in another active legal matter.

17.	The proposed method of service is the most likely and most reasonably certain means by which to provide notice to Defendant of the charges brought against him in this action.

18.	The method of service proposed by this motion has recently been approved by this Court in another matter involving an elusive Bitcoin promotor and his business entity.  *See*, Liquid Bits, Corp., *et al.* v. Trendon T. Shavers and Bitcoin Savings and Trust, U.S. District Court - Southern District of Florida -- Case No. 1:14-cv-22869-LENARD at DE 6, 7.

---

In essence, VERNON asserted that millions of dollars of customer assets were allegedly stolen from Cryptsy in July 2014; and VERNON and Cryptsy withheld that fact from all of Cryptsy's customers (as well as law enforcement and regulatory officials) while Cryptsy itself tried to track down and recover the stolen assets.  To cover up the alleged theft, VERNON claims to have utilized funds from Cryptsy's operational accounts to fill customers' accounts so the customers would not learn what had happened and lose faith in Cryptsy and VERNON.  VERNON claims in the blog posting that the allegedly stolen funds are still missing.

Civil Action No. 9:16-cv-80060-MARRA

WHEREFORE, Plaintiff, JINYAO LIU, individually and on behalf of all others similarly situated; respectfully requests permission from the Court allowing Plaintiff to serve process upon Defendant, PAUL VERNON, by alternative method, *to wit*: service upon Genevieve Hall, Esq.

Respectfully submitted,

**SILVER LAW GROUP**
*Counsel for Plaintiffs*
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684

By: _____
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing will be served on this __10th__ day of February 2016 in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy**, 160 Congress Park Drive - Suite 101, Delray Beach, FL 33445; **PAUL VERNON**, 8656 Tourmaline Blvd., Boynton Beach, FL 33472; and via electronic mail only to: **Genevieve Hall, Esq., Kenny Leigh & Associates**, 2255 Glades Road - Suite 238W, Boca Raton, FL 33431; E-mail: GHall@kleighlaw.com.

_____
DAVID C. SILVER