IN RE: THE MARRIAGE OF:

LORIE ANN NETTLES,
        Petitioner/Wife,

v.

PAUL EDWARD VERNON,
        Respondent/Husband,

v.

LORIE ANN NETTLES,
        Third-Party Plaintiff,

v.

PAUL EDWARD VERNON and CRYPTSY INTERNATIONAL LTD.; PROJECT INVESTORS,
INC.; HASHMAX USA, LLC; TERABOSS, INC.
HASHMAX INC. and VERGENT DATA, INC.

        Third-Party Defendants.

_____/

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502015DR009881XXXXSBFZ

JUDGE: HON. JESSICA TICKTIN

## FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

**EXHIBIT "C"**

THIS CAUSE having come on for Final Hearing before the Honorable Jessica Ticktin, upon the Petition for Dissolution of Marriage and Other Relief Including Request for Partition filed by the Petitioner, and counsel for the Petitioner having been present, and the Court having examined the Florida driver's license presented by the Petitioner, the Court having heard live testimony, and the Court being otherwise duly advised in the premises, makes these findings of fact and reaches these conclusions of law:

A. The Court has jurisdiction over the subject matter, the minor children, and the Parties hereto.

B. The Petitioner has been a resident of the State of Florida for more than (6) months immediately prior to the filing of the Petition for Dissolution of Marriage.

C. Petitioner and Respondent were married to each other on April 1, 1999 in Sierra Vista, Arizona.

D. Neither Party is in the military service of the United States of America or any of its allies.

E. There were two (2) minor children born of this marriage, to wit: ▉▉▉▉ ▉▉▉▉, born ▉▉▉▉, 2003; and ▉▉▉▉, born ▉▉▉▉, 2007. No additional children are contemplated of this marriage.

F. The marriage of the Parties is irretrievably broken.

H. The Marital Settlement Agreement entered into by the Parties, dated January 29, 2016, consisting of twenty-nine (29) pages, which has been previously filed with the Court, shall

be incorporated into this Final Judgment of Dissolution of Marriage by reference, but not merged herein.

I. A Parenting Plan has been entered into by the Parties dated January 29, 2016 and consists of ten (10) pages, which was previously filed with the Court, shall be incorporated into this Final Judgment of Dissolution of Marriage by reference, but not merged herein.

ACCORDINGLY, IT IS ORDERED AND ADJUDGED THAT:

1. This Court has jurisdiction over the subject matter and the Parties hereto.

2. The bonds of marriage between Petitioner, LORIE A. NETTLES, and Respondent, PAUL E. VERNON, are dissolved, *a vinculo matrimonii*; and the Parties are restored to the status of being single.

3. The Marital Settlement Agreement between the Parties was executed voluntarily after full disclosure, is in the best interest of the Parties and is approved and incorporated into this Final Judgment of Dissolution of Marriage by reference but not merged herein. The Parties are ordered to comply with it.

4. The Parenting Plan entered by the Parties was executed voluntarily by the Parties, is in the best interest of the minor children, and is approved and incorporated into this Final Judgment of Dissolution of Marriage by reference but not merged herein. The Parties are ordered to comply with it.

5. The Husband shall pay alimony to the Wife beginning February 1, 2016, and as set out more specifically in Paragraph 3 of the Marital Settlement Agreement, which is incorporated into this Final Judgment of Dissolution of Marriage by reference.

*Nettles v. Vernon*
*Case No: 502015DR09881XXXXSBFZ*
*Final Judgment Granting Dissolution of Marriage*
*Page 4 of 4*

6. The Husband shall pay child support to the Wife in the sum of Two Thousand and Five Hundred Dollars ($2,500.00) per month, commencing February 1, 2016 and due monthly thereafter on the first (1st) day of each month. The Husband acknowledges that he is paying child support in excess of five percent (5%) of the Child Support Guidelines. The Husband has agreed to pay this increased child support and acknowledges that the Wife will have increased expenses due to the Husband's frequent travel. Child support shall terminate for each minor child upon the child attaining the age of 18 years, emancipation, marriage or death or becoming self-supporting or is attending high school at age 18 and working in good-faith with a reasonable expectation of graduation, child support shall continue until the child graduates from high school or reaches the age of 19, whichever occurs first.

7. The Court retains jurisdiction for the determination and enforcement of all charging liens filed in this case.

8. The Court reserves jurisdiction as to the charging lien filed by Brinkley Morgan.

9. The Court retains jurisdiction of this cause and the Parties hereto for the purpose of enforcing and modifying this Final Judgment of Dissolution of Marriage, and for any other lawful purpose.

**DONE AND ORDERED** in Chambers, Delray Beach, Palm Beach County, FL this _____ day of February, 2016.

SIGNED & DATED

FEB - 3 2016

CIRCUIT JUDGE
_____
The Honorable Jessica Ticktin
Circuit Court Judge

*Copies furnished to:*
*Yueh-Mei Kim Nutter, Esq., 2255 Glades Road, Suite 340W, Boca Raton, FL 33431*
*Genevieve Hall, Esq., Attorney, 2255 Glades Road, Suite 238W, Boca Raton, FL, 33431*

1119 017529-15001