# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

    Defendants.
_____/

### **PLAINTIFFS' AMENDED MOTION FOR SERVICE BY ALTERNATIVE METHOD**

Plaintiffs, BRANDON LEIDEL and MICHAEL WILSON, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 4(e) and Local Civil Rule 7.1, request permission from the Court allowing Plaintiffs to serve process upon Defendant, PAUL VERNON, an individual ("VERNON" or "Defendant"); by alternative method, *to wit*: **service via U.S. Mail and electronic mail**.

### **INTRODUCTION**

Defendants VERNON and PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation ("CRYPTSY") have admitted, in writing, that Five Million Dollars ($5,000,000.00) in client assets were stolen and have "disappeared." *See,* Amended Class Action Complaint at ¶ 2 [Docket Entry No. ("DE") 8 at Page 2 of 34 and Exhibit "A" thereto]. VERNON and CRYPTSY's explanation is a ruse, as they have in fact stolen and absconded with those funds. CRYPTSY has closed, and VERNON has fled the country and moved to China. Before leaving, however, VERNON

and his wife in 2014 purchased with cash a $1,375,000.00 house (coincidentally at the very time they claim $5,000,000 of customer money went missing); and then in early-2016, finalized his so-called divorce, which included transferring 90% of his marital assets to his wife.

Now, VERNON and CRYPTSY are nowhere to be found and cannot be served under traditional methods of service of process. VERNON left the country, and CRYPTSY is closed; yet at the same time, while they continue to post on CRYPTSY's blog, they have by their silence failed to respond to inquiries from the undersigned as to whether they will accept service of process. Moreover, VERNON's wife and divorce counsel have refused to accept service for VERNON. In other words, while they are undoubtedly aware of this class action lawsuit, VERNON and CRYPTSY have not voluntarily responded and appear to have instructed others to decline to accept service on their behalf. Thus, the only way for this lawsuit to proceed, and for Plaintiffs to seek redress from themselves and the Class, is through this Court's authorization of now well-settled alternative methods of service, including e-mail and U.S. Mail.

For these reasons, as set forth in detail below, Plaintiffs respectfully request that the Court grant this Motion.

**SUMMARY**

Paul "Big Vern" Vernon, the self-promoting operator of CRYPTSY, has touted himself and his business as "transparent," with nothing to hide from customers, investors, or the media. In recent months, however, VERNON seems to have disappeared while CRYPTSY has ostensibly ceased its business operations. According to papers filed in his recently-concluded marital dissolution proceeding in Palm Beach County Circuit Court, VERNON has left his family, abandoned his business, has absconded to China, and has left behind nothing but a U.S. Post Office Box mailing

address in Delray Beach, Florida and a yahoo.com e-mail address as the most appropriate way to contact him.[1]

VERNON is nowhere to be found, CRYPTSY is nowhere to be found, and the millions of dollars in funds Plaintiffs and the Class Members had at CRYPTSY are likewise nowhere to be found. Plaintiffs are exhausting all conceivable methods of serving process upon the defendants in this matter and having the defendants come before this Court to defend themselves against the claims raised against them.[2] As such, Plaintiffs request permission from the Court to serve VERNON through his U.S. Post Office Box mailing address in Delray Beach, Florida and his yahoo.com e-mail address. If, as VERNON swore under oath in his marital dissolution case, those addresses are the most appropriate places to keep him apprised of his parental rights relating to the well-being of his minor children while he is in an undisclosed location in China; those addresses should also suffice as the places at which Plaintiffs can advise VERNON of the charges that have been brought against him (and his company) in this matter so he can supply whatever legal response he deems appropriate.

Time is of the essence, as since the date on which the Complaint in this matter was filed, VERNON has transferred to Defendant LORIE ANN NETTLES (via their Marital Settlement Agreement) nearly 90% of his personal assets; and those assets are at risk of being further alienated if

---

[1] Not coincidentally, the "About Us" page on the CRYPTSY website has recently been changed to reflect the same Delray Beach P.O. Box as the proper way to contact CRYPTSY.

[2] Because all efforts to serve CRYPTSY through VERNON -- the company's President and Registered Agent -- have been unsuccessful, Plaintiffs have recently made an attempt to serve CRYPTSY through the Florida Secretary of State's Office. That process is currently pending and is not anticipated to result in perfected service upon CRYPTSY for at least a few more weeks, following which it will likely take several more weeks for CRYPTSY to receive formal notice from the State of Florida that it was served on CRYPTSY's behalf.

the Court does not swiftly obtain jurisdiction over the interested parties to this matter to prevent the further dissipation of those assets.[3]

## FACTUAL AND PROCEDURAL BACKGROUND

1. On January 13, 2016, this action was commenced against CRYPTSY and VERNON (collectively "the CRYPTSY Defendants"), asserting causes of action for Negligence, Unjust Enrichment, Conversion, and Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See*, Docket Entry No. ("DE") 1.

2. On February 22, 2016, this action was amended by adding new Plaintiff representatives, by adding LORIE ANN NETTLES, an individual ("NETTLES") as a defendant, and by supplementing the earlier-stated causes of action with the following claims against NETTLES: Conversion, Fraudulent Conveyance, Preliminary and Permanent Injunctive Relief, and Civil Conspiracy. [DE 8]. The Amended Complaint also added causes of action against the CRYPTSY Defendants for Specific Performance, Preliminary and Permanent Injunctive Relief, Fraudulent Conveyance, and Civil Conspiracy.

3. This nationwide class action is brought by Plaintiffs, individually and on behalf of a class of similarly situated users (the "Class Members") of CRYPTSY. At all material times, the CRYPTSY Defendants operated an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies. Plaintiffs seek damages based upon the unlawful conduct of the CRYPTSY Defendants in denying account holders the ability to obtain funds in their accounts and in misappropriating funds held in the CRYPTSY accounts.

---

[3] As of the date of this filing, NETTLES is the only defendant upon whom Plaintiffs have perfected service of process [DE 14], though she has not yet appeared before the Court to defend herself.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

4. On January 15, 2016 -- a mere two days after this lawsuit was commenced and received media attention -- the CRYPTSY Defendants, in nothing less than a stunning confession, admitted on the CRYPTSY blog that:

- CRYPTSY has been insolvent since approximately Five Million Dollars ($5,000,000.00) in client assets "disappeared" in June 2014, and CRYPTSY has been actively concealing that fact from CRYPTSY's customers as well as from governmental and regulatory authorities,

- CRYPTSY lied to its customers about the nature of the problems that prevented CRYPTSY account holders from accessing their funds,

- CRYPTSY purposely refrained from filing with the government a Suspicious Activity Report relating to the "disappearance" of the $5 Million,

- CRYPTSY has essentially been operating a fraudulent financial scheme for nearly eighteen (18) months by which withdrawals from CRYPTSY accounts were not being funded from the assets purportedly safeguarded in each CRYPTSY account holders' account; rather, the funds that were withdrawn were purportedly being supplied by CRYPTSY itself from the profits in its own business operating account, and

- CRYPTSY plans to indefinitely suspend all trades and withdrawals from CRYPTSY accounts until the CRYPTSY Defendants can formulate their own brand of vigilante justice that would somehow resolve all of the crimes and misdeeds the CRYPTSY Defendants had perpetrated upon their customers.

5. As a result of Defendants' bad faith and unfair and unlawful conduct, Plaintiffs and Class Members have been prevented from accessing their supposedly protected assets; and every day that passes brings with it an increase in the likelihood that Defendants are dissipating their assets in a manner that would destroy CRYPTSY's business and prevent Plaintiffs from ever getting access to their funds.

## **ALL EFFORTS TO SERVE MR. VERNON HAVE FAILED**

### **Direct, In-Person Service Unsuccessful**

6.  On January 13, 2016, a Civil Action Summons was issued to Defendant VERNON, with service contemplated upon VERNON at one of his last known addresses: 9721 Saddlebrook Drive, Boca Raton, FL 33496.  [DE 5].

7.  According to multiple public records culled by undersigned counsel (*e.g.*, motor vehicle registrations, real property tax records, etc.), the above-referenced address in Boca Raton, FL is Defendant VERNON's last known residential address.

8.  On January 19, 2016, a process server retained by Plaintiffs to serve Defendant with a copy of the Complaint and Summons in this action attempted to serve VERNON at the Boca Raton, FL address but was unable to find him there.  *See*, **Composite Exhibit "A"** hereto.

9.  Plaintiffs' retained process server has made multiple attempts to serve Defendant at VERNON's usual place of abode as well as at multiple other addresses but has been unsuccessful in that regard.  *See*, **Composite Exhibit "A"**.

### **Service under Fed.R.Civ.P. 4 Unsuccessful**

10.  On February 2, 2016, undersigned counsel for Plaintiffs sent to VERNON's last known e-mail address (and to Defendant CRYPTSY's published e-mail address) a letter requesting that VERNON and Cryptsy, in accordance with Fed.R.Civ.P. 4, accept service of process and spare the parties the costs of service of the Summons.  *See*, **Exhibit "B"**.

11.  Cryptsy acknowledged receipt of the letter and stated that a response would be provided within approximately twenty-four (24) hours.  *See*, **Exhibit "C"**.

12.  To date, neither VERNON nor Cryptsy has responded to Plaintiffs' request.

Civil Action No. 9:16-cv-80060-MARRA

**Service through his Spouse Unsuccessful**

13. Additionally, in a recently-filed marital dissolution proceeding commenced by his wife [*In re: The Marriage of Lorie Ann Nettles v. Paul Edward Vernon*, Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida - Case No. 502015DR009881XXXXSBFZ], VERNON's wife (LORIE ANN NETTLES) has alleged that VERNON now lives in China with both his assets and his paramour, that VERNON is believed to be in the process of shutting down his South Florida-based business (CRYPTSY), and that VERNON will not be returning to this jurisdiction in the immediate future. *See*, **Exhibit "D"** ("Urgent Motion for Injunctive Relief to Prevent the Removal and/or Further Dissipation of Marital Assets and Income" [Dated: October 28, 2015]).

14. According to NETTLES' Urgent Motion for Injunctive Relief:

> *[VERNON and his business entities, including CRYPTSY, own] Virtual Currencies, which are regulated domestically as commodities, exist as intangible assets (i.e., computer code), and can be copied onto a piece of portable media (like a flash drive, or an external hard drive) emailed from person to person, or stored online in cloud storage. Thus, this asset is optimal for secretion out of the jurisdiction. Likewise, due to the inherent properties of virtual currencies, [VERNON] could transfer all of his virtual currency assets to a third party in a matter of minutes.*[4]
>
>       \*      \*      \*
>
> *In addition, although the Wife does not have first-hand knowledge of the operations of Cryptsy, the Wife is deeply concerned that, given the existence of a criminal law enforcement investigation into Cryptsy, the allegations of service interruptions and key employees seeking work, that [VERNON] will not only flee to China, but will also shut down Cryptsy and or secret its assets.*[5]

15. While VERNON has been absent from the United States, at least some of his legal interests have been tended to by NETTLES under a purported Power of Attorney that grants her the right to execute certain documents that impact VERNON's legal rights. On January 29, 2016,

---

[4] Urgent Motion for Injunctive Relief at Paragraph 11.

[5] *Id.* at Paragraph 19.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

NETTLES executed a General Warranty Deed, individually and under a purported Power of Attorney for VERNON, by which VERNON and NETTLES transferred to a third party their interests in a Boynton Beach, FL property they jointly owned.  *See*, **Exhibit "E"**.

16. Notwithstanding the foregoing, when Plaintiffs' retained process server attempted to serve a copy of the Summons and Complaint in this matter upon NETTLES on or about February 1, 2016 (just a few days after she had exercised her Power of Attorney for VERNON when executing the General Warranty Deed), she refused service -- insisting that VERNON has been living and working in China since summer 2015 and that her marriage to VERNON was soon to be officially dissolved.

17. NETTLES likewise disavowed to undersigned counsel her signed acceptance of delivery of a package addressed to VERNON (delivered by United Parcel Service at the Vernon marital residence prior to February 3, 2016) containing copies of the Complaint and Summons in this matter.

18. Indeed, VERNON and NETTLES' marriage was officially dissolved by the Palm Beach Circuit Court on February 3, 2016.

19. Therefore, NETTLES now purports to be unwilling and unable to accept service of any papers on VERNON's behalf.[6]

---

[6] Without offering any thoughts on the personal troubles between VERNON and Ms. Nettles, Plaintiff expresses deep concern about Ms. Nettles' allegations concerning VERNON's business dealings and his potential plans to secret himself and his assets in China.  On January 15, 2016 -- two days after the instant lawsuit was filed and a firestorm of media reports addressing the allegations raised in the lawsuit were published -- VERNON posted on Cryptsy's blog (http://blog.cryptsy.com) a lengthy response to the media reports and the allegations in this lawsuit.  *See*, **Exhibit "F"**.  In essence, VERNON asserted that millions of dollars of customer assets were allegedly stolen from Cryptsy in July 2014; and VERNON and Cryptsy withheld that fact from all of Cryptsy's customers (as well as law enforcement and regulatory officials) while Cryptsy itself tried to track down and recover the stolen assets.  To cover up the alleged theft, VERNON claims to have utilized funds from Cryptsy's operational accounts to fill customers' accounts so the customers would not learn what had happened and lose faith in Cryptsy and VERNON.  VERNON claims in the blog posting that the allegedly stolen funds are still missing.

- 8 -

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

**Service through his Divorce Counsel Unsuccessful**

20. In the above-referenced marital dissolution proceeding, Defendant is ably represented by Genevieve Hall, Esq. of Kenny Leigh & Associates, 2255 Glades Road - Suite 238W, Boca Raton, FL 33431; Telephone: (561) 997-6890, Facsimile: (561) 989-5450, E-mail: GHall@kleighlaw.com. VERNON, through his counsel, is actively contesting several issues in that case, including the arrangements for custody of his children as well as the distribution of his marital assets.

21. On February 11, 2016, undersigned counsel provided Attorney Hall a copy of the original Motion for Service of Process by Alternative Method [DE 7]. Attorney Hall responded to undersigned counsel and alleged that upon the February 3, 2016 formal dissolution of VERNON and NETTLES' marriage, Attorney Hall no longer represented VERNON and was not authorized to accept service of the Complaint and Summons in this matter.  *See*, **Exhibit "G"**.

**Vernon's Divorce Papers Reveal New Contact Information**

22. According to the Marital Settlement Agreement entered into by VERNON and NETTLES (which was filed with the Palm Beach County Circuit Court a few days in advance of the February 3, 2016 entry of the Final Judgment of Dissolution of Marriage[7]), VERNON's current mailing address is at a U.S. Post Office Box in Delray Beach, Florida; and his current e-mail address is an address at yahoo.com.[8]

23. Because:

   (a) Defendant VERNON cannot be found at his last known physical address or at any other address at which numerous public records suggest he should be found;

---

[7] VERNON executed his portion of the sworn Marital Settlement Agreement before a Notary Public in the People's Republic of China - Municipality of Beijing.

[8] To respect VERNON's privacy, the full P.O. Box address and yahoo.com e-mail address have been redacted in the attachments to this motion and will not be published here.  If the Court requires that the information be unredacted, Plaintiffs will accede to any such Order of the Court.

(b) Defendant VERNON has not responded to a request under Fed.R.Civ.P. 4 for waiver of service;

(c) NETTLES claims that VERNON has relocated to China, NETTLES claims VERNON is not anticipated to return to the United States anytime soon, and NETTLES refuses to accept papers on his behalf;

(d) VERNON's divorce attorney refuses to accept papers on his behalf; and

(e) VERNON stated in the sworn Marital Settlement Agreement as recently as a few weeks ago that his current mailing address is at a U.S. Post Office Box in Delray Beach, Florida; and his current e-mail address is an address at yahoo.com

Plaintiffs respectfully request they be permitted to serve Defendant's copy of the Amended Complaint and Summons upon Defendant VERNON at his last known mailing address and electronic mail address.

## PLAINTIFFS SHOULD BE PERMITTED TO SERVE VERNON VIA U.S. POSTAL SERVICE AND ELECTRONIC MAIL

24. There would be no prejudice to Defendant VERNON allowing for alternative service to his last known physical and electronic address.

25. The proposed method of service is the most likely and most reasonably certain means by which to provide notice to Defendant VERNON of the charges brought against him in this action and afford him an opportunity to present his answer to the charges against him. Moreover, service via the proposed methods has been approved by this Court on multiple occasions as valid and appropriate methods of service. *See*, *Tracfone Wireless, Inc. v. Hernandez*, 2015 WL 5165718, at *6 (S.D. Fla. Sept. 1, 2015) ("[T]he Court finds that it is proper to exercise its discretion under Fed.R.Civ.P. 4(f)(3) and allow service of process to be effectuated via FedEx and email."); *Gaffigan v. Does 1-10*, 689 F.Supp.2d 1332, 1342 (S.D. Fla. 2010) ("Under certain circumstances, courts have allowed service by email and have found that it was the most likely method to reach defendants."); *Chanel, Inc. v. Zhixian*, 2010 WL 1740695 (S.D. Fla. April 29, 2010) (Court approved service of process by e-mail and found that such service satisfies due process requirements). *See also*, *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business scofflaw, playing hide-

and-seek with the federal court, e-mail may be the only means of effecting service of process."), cited with approval by *Gaffigan*, *supra*.

26. Additionally, to the extent VERNON is still in China, international law does not prohibit service by electronic mail. *See*, *e.g.*, *Chanel, Inc.*, *supra* at *2.

27. Time is of the essence, as since the date on which the Complaint in this matter was filed, VERNON has transferred to NETTLES (via the Marital Settlement Agreement) nearly 90% of his personal assets; and those assets are at risk of being further alienated if the Court does not swiftly obtain jurisdiction over the interested parties to this matter to prevent the further dissipation of those assets.

WHEREFORE, Plaintiffs, BRANDON LEIDEL and MICHAEL WILSON, individually and on behalf of all others similarly situated; respectfully request permission from the Court allowing Plaintiff to serve process upon Defendant, PAUL VERNON, by alternative method, *to wit*: service via U.S. Mail and electronic mail.

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(a)(3)

In accordance with Rule 7.1(a)(3) of the Local Rules of the United States District Court - Southern District of Florida, the undersigned attorneys for Plaintiffs certify that in good faith, before filing this motion, they made multiple attempts to communicate with Defendant VERNON regarding the relief sought herein. To date, VERNON has refused to respond to undersigned counsel's entreaties, cannot be reached by telephone, and has avoided all efforts to resolve this motion. Thus, the parties have not been able to resolve the issue(s) presented in this motion.

Civil Action No. 9:16-cv-80060-MARRA

Respectfully submitted,

**SILVER LAW GROUP**
*Counsel for Plaintiffs*
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684

By: _____
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

- and -

**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

***Attorneys for Plaintiffs***

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __1st__ day of March 2016 by using the CM/ECF system and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box ▮▮▮ Delray Beach, FL ▮▮▮▮ **PAUL VERNON**, **individually**, P.O. Box ▮▮▮ Delray Beach, FL ▮▮▮▮ E-mail: Pa▮▮▮▮▮▮▮▮▮▮com; and **LORIE ANN NETTLES**, 16832 Charles River Drive, Delray Beach, FL 33446.

_____
DAVID C. SILVER