**From:** David Silver
**Sent:** Tuesday, February 02, 2016 5:53 PM
**To:** paul@cryptsy.com; support@cryptsy.com
**Cc:** Jason Miller; Marc Wites
**Subject:** Jinyao Liu, et al. v. Project Investors, Inc. d/b/a Cryptsy and Paul Vernon

Mr. Vernon –

Please see the attached letter.

David Silver



David C. Silver, Esq.
SILVER LAW GROUP
11780 West Sample Road
Coral Springs, FL 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684
E-mail: DSilver@silverlaw.com
Web site: www.silverlaw.com

Notice: This message, including any attachments, may contain legally privileged and confidential information.  If you received this message in error, please notify us immediately by reply e-mail.  Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.  All personal messages express solely the sender's views and not those of the Silver Law Group.

**EXHIBIT "B"**



11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
Fax: (954) 755-4684

February 2, 2016

**VIA ELECTRONIC MAIL & UPS**
Paul Vernon
16832 Charles River Drive
Delray Beach, Florida 33446
E-mail: paul@cryptsy.com

**VIA ELECTRONIC MAIL ONLY**
Project Investors d/b/a Cryptsy
160 Congress Park Drive – Suite 101
Delray Beach, Florida 33472
E-mail: support@cryptsy.com

Re:     Jinyao Liu, *et al.* v. Project Investors, Inc. d/b/a Cryptsy and Paul Vernon
U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:16-cv-80060-KAM

Dear Mr. Vernon:

On behalf of my client Jinyao Liu, the plaintiff in the above-referenced matter, and in accordance with Rule 4 of the Federal Rules of Civil Procedure, this letter is a request that you, on behalf yourself and Project Investors, Inc. d/b/a Cryptsy, accept service of process of the Summonses and Complaint filed in this matter, copies of which are enclosed herewith for your files and your review.  To facilitate your acceptance of service, we have enclosed for your signature the standard waiver documents.

Please return to us by close of business on **Friday, February 5, 2016** the signed waivers. E-mailing the signed waivers back to us would be fine.  If you refuse to accept service, we will apply to the Court for an appropriate measure of relief, including requiring you to bear the cost of formal service.

I look forward to your anticipated cooperation and remain available to discuss with you any aspect of the case you wish to discuss.

Very Truly Yours,

David C. Silver, Esq.

Enclosures
     Complaint for Damages
     Summons in a Civil Action – Paul Vernon
     Summons in a Civil Action – Project Investors, Inc. d/b/a Cryptsy
     Waiver of Service of Summons – Paul Vernon
     Waiver of Service of Summons – Project Investors, Inc. d/b/a Cryptsy

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JINYAO LIU, individually
and on behalf of All Others
Similarly Situated,

      Plaintiff,

                                       **JURY TRIAL DEMANDED**

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
and PAUL VERNON, an individual,

      Defendants.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, JINYAO LIU, individually and on behalf of all others similarly situated ("Plaintiff"), by and through undersigned counsel, hereby sues and makes the following allegations against Defendants PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation ("CRYPTSY"); and PAUL VERNON, an individual ("VERNON") (collectively "Defendants"). In support thereof, Plaintiff states as follows:

### NATURE OF THE CASE

1.    This nationwide class action is brought by Plaintiff, individually and on behalf of a class of similarly situated users (the "Class Members") of PROJECT INVESTORS, INC. d/b/a Cryptsy. At all material times, Defendants operated an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies. Plaintiff seeks damages based upon the unlawful conduct of Defendants in denying account holders the ability to obtain funds in their accounts and in misappropriating funds held in the CRYPTSY accounts.

2.      As a result of Defendants' bad faith and unfair and unlawful conduct, Plaintiff and Class Members have been prevented from accessing their protected assets.

3.      Plaintiff and Class Members seek compensatory damages, exemplary and punitive damages where appropriate and allowed, and an injunction enjoining the continuation of Defendants' unlawful conduct.

## PARTIES

4.      Plaintiff JINYAO LIU is an individual domiciled in Fairfax County, Virginia and is *sui juris*.

5.      CRYPTSY is a Florida corporation (Filing Document Number P13000010430; FEI/EIN 46-1916396) whose last known principal address and place of business is 160 Congress Park Drive - Suite 101, Delray Beach, FL 33445.

6.      VERNON is an individual domiciled in Boynton Beach, Florida; is a citizen of the State of Florida; and is *sui juris*.  At all times material hereto, VERNON was the founder, operator, and Chief Executive Officer of CRYPTSY.  Under the corporate entity known as CRYPTSY, VERNON conducted business worldwide, including with customers in the State of Florida.  In essence, CRYPTSY and VERNON are one-and-the-same.  CRYPTSY is an "alter ego" of VERNON, who dominates and controls the corporate entity to further an unlawful scheme and to further VERNON's own personal financial interests.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds Five Million Dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the Class are citizens of different states than the Defendants.  *See* 28 U.S.C. § 1332(a) and 1332(d)(2)(A).  This Court also has supplemental

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 in that: (a) Defendants both reside in this judicial district, (b) a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, and (c) a substantial part of property that is the subject of the action is situated in this judicial district.

9.      This Court has personal jurisdiction over Defendants because: (a) Defendants are operating, present, and/or doing business within this jurisdiction, (b) Defendants both reside within this jurisdiction, and (c) Defendants' breaches and tortious activity occurred within this jurisdiction.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10.     Bitcoin is a virtual currency that may be traded on online exchanges for conventional currencies, including the U.S. dollar, or used to purchase goods and services online. Bitcoin has no single administrator or central authority or repository.

11.     On or about January 31, 2013, VERNON (a/k/a Paul "Big Vern" Vernon) registered PROJECT INVESTORS INC. as a "for profit" corporation in the State of Florida; and VERNON, by and through the corporation (known as "CRYPTSY"), began operating a website at the following web address: http://www.cryptsy.com.

12.     CRYPTSY is registered with the Financial Crimes Enforcement Network ("FinCEN") as a Money Services Business.  CRYPTSY, as a Money Services Business, is obligated to keep certain financial records and allow free and unfettered access to consumer accounts.  As demonstrated below, CRYPTSY has failed to do that.

13.     CRYPTSY solicited members of the public to register new accounts, deposit Bitcoin or other cryptocurrency with CRYPTSY, and thereafter actively engage in the exchange and trade of Bitcoin as well as other (alternate) cryptocurrencies.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

14.     After a new user created an account, the user was given a unique web address by CRYPTSY (referred to as a "Bitcoin wallet address") to which the user is supposed to send to CRYPTSY the user's Bitcoin or other cryptocurrency for safeguarding.

15.     A user's account, once populated with a cryptocurrency balance, could buy, sell, or trade in alternative cryptocurrencies.  All denominations of account balances for a user were listed in Bitcoin denominations, commonly styled as "BTC."  CRYPTSY, as payment for its services, took commissions on all transactions that traveled through its website.

16.     Starting in or about November 2015, certain CRYPTSY users started having difficulties and inabilities withdrawing any and all forms of currency from their accounts.  Posts on social media and e-mails provided to different news sources including www.coindesk.com demonstrate that some users have had issues taking their money out of the CRYPTSY exchange since Fall 2015.  According to those news sources, the continued issues – and what some users say is a lack of clarity from CRYPTSY's management team – have prompted some users, according to www.coindesk.com, to claim that the exchange is insolvent or is the target of regulatory scrutiny.

17.     On November 22, 2015, VERNON posted on his Twitter account that a server failure at CRYPTSY resulted in all exchange wallets being "paused."  VERNON reassured his followers that the wallets were safe and would go back online soon.

18.     On November 24, 2015, VERNON posted another tweet informing CRYPTSY users that the www.cryptsy.com website was offline.  VERNON blamed the downtime on a denial of service attack and assured CRYPTSY users that the CRYPTSY team was working to resolve the problem.

19.     On December 9, 2015, VERNON posted another tweet thanking CRYPTSY users for their patience and promised more frequent updates.

20.     On December 16, 2015, VERNON posted a tweet representing to CRYPTSY users

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

that exchange wallets would be offline on Friday, December 18, 2015.

21.     On January 5, 2016, a news source reported that CRYPTSY had suspended its cryptocurrency exchange trading and that on the homepage of www.cryptsy.com there appeared the following statement: "*Trade engine and withdrawals have been paused while we investigate . . . .*" On January 6, 2015, that warning disappeared from the CRYPTSY homepage.

22.     On January 12, 2016, CryptoCoinsNews quoted a "high-level source" inside Cryptsy stating: "*Our site is [messed] up at the moment . . . .*"[1]

23.     On January 13, 2016, VERNON posted a tweet claiming that a phishing attempt is out that is not from CRYPTSY and that CRYPTSY users should not acknowledge it.  However, VERNON has not provided CRYPTSY users any additional announcements about what is going on at CRYPTSY or why users of CRYPTSY are unable to withdraw their funds.  Attached hereto as **Exhibit "A"** is a compilation of VERNON's tweets over the past few months.

24.     Unfortunately, CRYPTSY's self-described "temporary" suspension and loss of access to accounts has lasted for several weeks, and users' transactions and desires to withdraw either U.S. dollars or cryptocurrency are being denied or listed as pending for days, weeks, or even months.

25.     During the time that CRYPTSY user withdrawal issues have persisted, customers have not had full and complete access to their funds, causing immense hardship, including the inability to pay for other goods and services.

26.     Adding to the concern over misdoings at CRYPTSY is the information contained in multiple recent media reports that CRYPTSY has vacated its Delray Beach, Florida physical office space without any indication where it would be relocating.  According to published reports, CRYPTSY departed its office premises in or about December 2015 -- something that was

---

[1] *See,* https://www.cryptocoinsnews.com/cryptsy-site-messed-moment.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

reportedly confirmed by a CRYPTSY staffer in CRYPTSY's online chatroom as a planned measure aimed at "cutting expenses."

## FACTS SPECIFIC TO PLAINTIFF

27.    Plaintiff, on December 27, 2015, deposited 84,000,000 Dodge Coin (a commonly-used cryptocurrency) to fund his CRYPTSY account.  The value of that deposit, according to CRYPTSY, was approximately 33.6 BTC ($14,100.00 USD).

28.    On or about December 28, 2015, Plaintiff requested to withdraw 3,792,683 Dodge Coin from his CRYPTSY account and have it transferred to another account owned and controlled by Plaintiff.  CRYPTSY did not honor the request, and that transaction is still pending as of the date of this Complaint.

29.    On or about December 29, 2015, Plaintiff requested to withdraw 1,000,000 Dodge Coin from his CRYPTSY account and have it transferred to another account owned and controlled by Plaintiff.  CRYPTSY did not honor the request, and that transaction is still pending as of the date of this Complaint.

30.    On or about December 30, 2015, Plaintiff requested to withdraw 3,000,000 Dodge Coin from his CRYPTSY account and have it transferred to another account owned and controlled by Plaintiff.  CRYPTSY did not honor the request, and that transaction is still pending as of the date of this Complaint.

31.    On or about January 2, 2016, Plaintiff requested to withdraw 4,000,000 Dodge Coin from his CRYPTSY account and have it transferred to another account owned and controlled by Plaintiff.  CRYPTSY did not honor the request, and that transaction is still pending as of the date of this Complaint.

32.    On or about January 8, 2016, Plaintiff requested to withdraw 1,400,000 Dodge Coin

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

from his CRYPTSY account and have it transferred to another account owned and controlled by Plaintiff. CRYPTSY did not honor the request, and that transaction is still pending as of the date of this Complaint.

33. Plaintiff attempted to communicate with CRYPTSY regarding the "pending" withdrawals but, as of the date of this Complaint, has not received a response.

34. To date, Plaintiff is not able to access his funds through CRYPTSY.

35. Plaintiff's experience with CRYPTSY is not unique. CRYPTSY has refused to honor the requests of other members of the Class, who have likewise requested to liquidate or transfer their account balances to other Money Service Businesses, only to have those requests met with silence.

36. Indeed, as of the filing of this lawsuit, CRYPTSY's website displays a message confirming that account owners cannot withdraw or otherwise access their funds:



SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

## CLASS ALLEGATIONS

37.     A class action is the proper form to bring Plaintiff's and the Class Members' claims under FRCP 23.  The potential class is so large that joinder of all members would be impractical. Additionally, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

38.     Plaintiff brings this nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all members of the following class:

> All CRYPTSY account owners who deposited Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY and have been denied access to their accounts and funds between November 1, 2015 and the present date.

39.     This action satisfies all of the requirements of Federal Rules of Civil Procedure, including numerosity, commonality, typicality, adequacy, predominance, and superiority.

40.     **Numerosity**: Members of the Class are so numerous that joinder of all members is impractical.  While the exact number of class members remains unknown at this time, upon information and belief, there are at least hundreds if not thousands of putative Class members. Again, while the exact number is not known at this time, it is easily and generally ascertainable by appropriate discovery.

41.     **Commonality and Predominance:** There are many common questions of law and fact involving and affecting the parties to be represented.  These common questions of law or fact predominate over any questions affecting only individual members of the Class.  Common questions include, but are not limited to, the following:

> (a) Whether Defendants have refused Plaintiff and the Class access to their funds;
>
> (b) Whether Defendants have converted the funds belonging to Plaintiff and

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

the Class;

(c) Whether Defendants owed duties to Plaintiff and the Class, the scope of those duties, and whether Defendants breached those duties;

(d) Whether Defendants' conduct was unfair or unlawful;

(e) Whether Defendants breached their contracts with Plaintiff and the Class;

(f) Whether Defendants have been unjustly enriched;

(g) Whether Plaintiff and the Class have sustained damages as a result of Defendants' conduct; and

(h) Whether Plaintiff and the Class are entitled to injunctive relief.

42.     **Typicality:** Plaintiff's claims are typical of those of the other Class Members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Defendants' unfair and unlawful conduct.

43.     Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

44.     **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class.

45.     Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class, and the infringement of the rights and the damages he has suffered are typical of other Class members.

46.     Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

47.     **Superiority:** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved herein.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

48.     Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; as it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require.

49.     Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against a corporate defendant.

50.     Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical.

51.     The nature of this action and the nature of laws available to Plaintiff make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

(a)     Defendants would necessarily gain an unconscionable advantage if they were allowed to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources;

(b)     The costs of individual suits could unreasonably consume the amounts that would be recovered;

(c)     Proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and

(d)     Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

52.     Numerous putative Class Members have attempted to communicate with CRYPTSY regarding the interminable delays they have experienced and their inability to access their funds but, as of the date of this Complaint, have not received a response from CRYPTSY and

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

have not been able to access or withdraw their funds.

53.     Plaintiff reserves the right to modify or amend the definition of the proposed class and to modify, amend, or create proposed subclasses before the Court determines whether certification is appropriate and as the parties engage in discovery.

54.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

55.     Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

56.     As a result of the foregoing, Plaintiff and the Class Members have been damaged in an amount that will be proven at trial.

57.     Plaintiff has duly performed all of his duties and obligations, and any conditions precedent to Plaintiff bringing this action have occurred, have been performed, or else have been excused or waived.

58.     To enforce his rights, Plaintiff has retained undersigned counsel and is obligated to pay counsel a reasonable fee for its services, for which Defendants are liable as a result of their bad faith, pursuant to Fla. Stat. §§ 501.211(1) and 501.2105, and otherwise.

### COUNT I – NEGLIGENCE
**(against Defendant CRYPTSY)**

Plaintiff repeats, re-alleges, and incorporates by reference allegations set forth above in Paragraphs 1-58 as though fully set forth herein, and further alleges:

59.     CRYPTSY owed duties to Plaintiff and the proposed Class, as CRYPTSY account users and paying customers, to use reasonable care to protect and secure Plaintiff's and the Class Members' funds and to provide them access to those monies.

60.     CRYPTSY breached its duties to Plaintiff and the proposed Class by failing to

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

provide Plaintiff and the Class Members access to their CRYPTSY account funds for a prolonged period of time, causing hardship to Plaintiff and the proposed Class.

61.     CRYPTSY failed to use reasonable care in communicating to Plaintiff and the members of the proposed Class the necessary, material information about the CRYPTSY exchange, including the system failures and the restriction on access to customer funds, as well as the safety and security of account funds.

62.     Plaintiff and the proposed Class justifiably relied upon the information supplied and representations made by CRYPTSY; and, as a result, engaged in business with CRYPTSY and lost money.

63.     As a direct and proximate result of CRYPTSY's negligence, Plaintiff and the proposed Class were damaged in an amount to be proven at trial.

## COUNT II – UNJUST ENRICHMENT
### (against Defendant CRYPTSY)

Plaintiff repeats, re-alleges, and incorporates by reference allegations set forth above in Paragraphs 1-58 as though fully set forth herein, and further alleges:

64.     Plaintiff and the proposed Class conferred a benefit upon CRYPTSY by depositing valuable cryptocurrency into CRYPTSY's care, which did not perform as promised and which did not have the attributes and benefits promised by CRYPTSY.

65.     By CRYPTSY's unfair, misleading, and unlawful conduct alleged herein, CRYPTSY has unjustly received and retained benefits at the expense of Plaintiff and the proposed Class, including the funds deposited by Plaintiff and the proposed Class.

66.     Under principles of equity and good conscience, CRYPTSY should not be permitted to retain valuable funds belonging to Plaintiff and the proposed Class that they unjustly received as result of CRYPTSY's unfair, misleading, and unlawful conduct alleged herein without

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

providing compensation to Plaintiff and the proposed Class.

67.     Plaintiff and the proposed Class have suffered financial loss as a direct and proximate result of CRYPTSY's conduct.

68.     Plaintiff and proposed Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by CRYPTSY and for such other relief that this Court deems proper, as a result of CRYPTSY's unfair, misleading, and unlawful conduct.

## COUNT III – CONVERSION
### (against Defendant VERNON and Defendant CRYPTSY)

Plaintiff repeats, re-alleges, and incorporates by reference allegations set forth above in Paragraphs 1-58 as though fully set forth herein, and further alleges:

69.     Plaintiff and each proposed Class Member deposited valuable cryptocurrency into their CRYPTSY accounts.

70.     Defendants knowingly and intentionally exercised control over the funds belonging to Plaintiff and the proposed Class Members, restraining and denying Plaintiff's and proposed Class Members access to their funds.

71.     Because of the unlawful restraint and retention of funds imposed by VERNON and CRYPTSY, the rights of Plaintiff and proposed Class Members to their funds has been interfered with; and their funds are not accessible and presumed stolen. VERNON and CRYPTSY have converted those funds for their own personal use and distribution.

72.     VERNON and CRYPTSY have denied Plaintiff and potential Class Members the use and control over their own property.

73.     As a result of the foregoing actions of VERNON and CRYPTSY, Plaintiff and the proposed Class members have been damaged in an amount to be proven at trial.

**SILVER LAW GROUP**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

### COUNT IV - VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"] (against Defendant CRYPTSY)

Plaintiff repeats, re-alleges, and incorporates by reference allegations set forth above in Paragraphs 1-58 as though fully set forth herein, and further alleges:

74.     Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

75.     Plaintiff and proposed Class Members are "consumers" within the meaning of Fla. Stat. § 501.203(7).

76.     CRYPTSY engaged in trade and commerce within the meaning of Fla. Stat. § 501.203(8).

77.     While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms.  The FTC has found that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

78.     CRYPTSY failed to inform Plaintiff and the proposed Class Members that:

(a)  Their accounts were not secured and free from security breaches;

(b)  CRYPTSY's systems were subject to computer development issues due to a lack of experience in coding and debugging; and

(c)  CRYPTSY would not protect their assets.

79.     Additionally, after diligent efforts by Plaintiff and the proposed Class Members to regain control over their cryptocurrency, CRYPTSY failed to return Plaintiff's and the proposed Class Members' property which CRYPTSY allegedly held for Plaintiff's and the proposed Class Members' benefit.

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

80. As a result of CRYPTSY's deceptive trade practices, Plaintiff and the proposed Class Members were deceived into transferring money and property to CRYPTSY, deceived into believing that Plaintiff's and the potential Class Members' assets were safe; and deceived into maintaining assets with CRYPTSY when Plaintiff and the proposed Class Members would have otherwise been able to protect and preserve their assets – thus causing significant economic damage to Plaintiff and proposed Class Members.

81. The materially false statements and omissions as described above; and the fact that CRYPTSY perpetrated upon Plaintiff and potential Class Members restricted transactions and an indefinite refusal to release funds; are unfair, unconscionable, and deceptive practices perpetrated on Plaintiff and the potential Class Members which would have likely deceived a reasonable person under the circumstances.

82. CRYPTSY was on notice at all relevant times that the false representations of material facts described above were being communicated to prospective customers (such as Plaintiff and the potential Class Members) through public solicitation on CRYPTSY's website (http://www.cryptsy.com).

83. As a result of the false representations described above, Plaintiff and the potential Class Members have been damaged by, among other things, losing their money and assets and essentially being precluded from receiving a positive return on their investments.

84. Plaintiff and the potential Class Members have also been damaged in other and further ways subject to proof at trial.

85. Therefore, CRYPTSY engaged in unfair and deceptive trade practices in violation of section 501.201 *et seq.*, Fla. Stat.

86. Pursuant to §§ 501.211(1) and 501.2105, Fla. Stat., Plaintiff is entitled to recover

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

from CRYPTSY the reasonable amount of attorneys' fees Plaintiff has incurred in representing his interests in this matter.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff, on behalf of himself and all others similarly situated, reserves the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JINYAO LIU, individually and on behalf of all others similarly situated, prays for relief as follows:

(a) A declaration from this Court that this action is a proper class action, including certification of the proposed Class, appointment of Plaintiff as class representative, and appointment of Plaintiff's counsel as class counsel;

(b) A judgment awarding Plaintiff and the Class Members restitution, including, without limitation, disgorgement of all profits and unjust enrichment that Defendants obtained as a result of their unlawful, unfair, and unlawful business practices and conduct;

(c) A judgment awarding Plaintiff and the Class Members actual compensatory damages;

(d) A judgment awarding Plaintiff and the Class Members exemplary and punitive damages for CRYPTSY and VERNON's knowing, willful, and intentional conduct;

(e) Pre-judgment and post-judgment interest;

(f) Attorneys' fees, expenses, and the costs of this action; and

(g) All other and further relief as this Court deems necessary, just, and proper.

- 16 -

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:  (954) 755-4799
Facsimile:  (954) 755-4684


By: _____
    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail:  DSilver@silverlaw.com
    SCOTT L. SILVER
    Florida Bar No. 095631
    E-mail:  SSilver@silverlaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@silverlaw.com

    - and -

**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:  (954) 570-8989
Facsimile:  (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

*Attorneys for Plaintiff*


Dated: __January 13, 2016_____

SILVER LAW GROUP
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 755-4799 • Facsimile (954) 755-4684
www.silverlaw.com

TWEETS 1,427 | FOLLOWING 12 | FOLLOWERS 22.1K | LIKES 1

Follow

## BigVern
@cryptsy

cryptsy.com
Joined April 2013

Tweet to BigVern

Tweets    Tweets & replies

**BigVern** @cryptsy · 10h
A new phishing attempt is out. It is not from cryptsy. Do not acknowledge it

43 20

**BigVern** @cryptsy · 16 Dec 2015
All wallets will be offline on Friday 12/18 for one hour due to equipment changes.

27 15

**BigVern** @cryptsy · 9 Dec 2015
Thank you everyone for the patience while we get these issues resolved. Team is working hard and we will try to do more

**EXHIBIT "A"**

frequent updates.

28 24

Promoted Tweet

**Datorama** @Datorama · 5h
Spending too much time on reports? We'll solve that issue in minutes. Want to find out how? goo.gl/yPa0PK

1

Home Moments Notifications Messages

Search Twitter

**BigVern** @cryptsy · 24 Nov 2015

## Website offline due to denial of service attack. We are working to mitigate.

41 15

**BigVern** @cryptsy · 22 Nov 2015
Due to a server failure all wallets are paused. Will have them back



1/13/2016

Case 9:16-cv-80060-KAM Document 16-2 Entered on FLSD Docket 03/01/2016 Page 22 of 32
Case 9:16-cv-80060-KAM Document 1-2 Entered on FLSD Docket 01/13/2016 Page 23 of 23



online as quickly as possible

↩     ↻ 31          6          •••

**BigVern** @cryptsy · 21 Nov 2015
:) *

↩     ↻ 3          •••

**BigVern** @cryptsy · 21 Nov 2015
Sign up for the weekly Cryptsy newsletter under account settings today! Get news delivered right to your email smile emoticon

↩     ↻ 1          2          •••

**BigVern** @cryptsy · 29 Oct 2015
Markets added:  SHND/BTC, TRBO/BTC, & LGBTQ/BTC

↩     ↻ 9          8          •••

**BigVern** @cryptsy · 23 Oct 2015
Cryptsy prepaid card withdraw option looks to be a go. The card provider agreed to lower our minimum order. First 2000 still get the promo.

↩     ↻ 9          6          •••

**BigVern** @cryptsy · 21 Oct 2015
New verification tier system is in place. Due to increased regulatory scrutiny. Click upgrade to view new tiers and KYC requirement for each

↩     ↻ 2          3          •••

**BigVern** @cryptsy · 21 Oct 2015
A lot of good buy opportunities in altcoin markets right now

↩     ↻ 7          11          •••

**BigVern** @cryptsy · 19 Oct 2015
Watch out for FAKE twitter @crpytsy  - They are trying to scam coin developers and anybody else they can find.

↩    ⇄ 23        13        •••

**BigVern** @cryptsy · 18 Oct 2015
Cryptsy Points program back online adjusted for new fee system. Earn points based on any deposit, and the deposits of your referrals.

↩    ⇄ 4        1        •••

**BigVern** @cryptsy · 18 Oct 2015
Preorder now to get lifetime discounts with the Cryptsy Prepaid Mastercard. cryptsy.com/campaign

↩    ⇄ 12        9        •••

**BigVern** @cryptsy · 12 Oct 2015
Cryptsy version 2.0 now even better! Come see what all the excitement is about. cryptsy.com

↩    ⇄ 25        17        •••

Promoted Tweet

**Twitter Small Biz** @TwitterSmallBiz · 23 Dec 2015

## Stand out on Twitter! Use Twitter Ads to promote your presence.

10:35 AM - 23 Dec 2015 · Details

↗ Promoted

↩    ⇄ 163        434        •••

**BigVern** @cryptsy · 9 Oct 2015

Try out the new drawings system never wait for a drawing update again! cryptsy.com/drawings/ all prizes in BTC.

↩    ⇄ 9    5    •••

---

**BigVern** @cryptsy · 6 Oct 2015

NewsBTC interview newsbtc.com/2015/10/07/cry…

↩    ⇄ 11    6    •••    View summary

---

**BigVern** @cryptsy · 6 Oct 2015

BTC withdraws are currently experiencing issues due to the block chain malleability issue. Read more here cointelegraph.com/news/115374/th…

↩    ⇄ 25    17    •••    View summary

---

**BigVern** @cryptsy · 5 Oct 2015

# Responding to coinfire article full of false information:

# blog.cryptsy.com/post/130547612…

↩    ⇄ 52    25    •••

---

BigVern Retweeted

**Jean-Pierre Buntinx** @jdebunt · 3 Oct 2015

Cryptsy 2.0 Includes Many Changes and Features, Pro Plan Announced digitalmoneytimes.com/cryptsy-2-0-in… @cryptsy #bitcoin #altcoin

↩    ⇄ 10    5    •••    View summary

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| JINYAO LIU, individually and on behalf of All Others Similarly Situated | ) ) ) ) | |
| *Plaintiff(s)* | ) ) | Civil Action No. |
| v. | ) | |
| PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation; and PAUL VERNON, an individual | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Paul Vernon
8656 Tourmaline Blvd.
Boynton Beach, FL 33472

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

| David C. Silver, Esq. | AND | Marc A. Wites, Esq. |
|---|---|---|
| Scott L. Silver, Esq. | | Wites & Kapetan, P.A. |
| Jason S. Miller, Esq. | | 4400 N. Federal Highway |
| Silver Law Group | | Lighthouse Point, FL 33064 |
| 11780 W. Sample Road | | |
| Coral Springs, FL 33065 | | |

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| JINYAO LIU, individually and on behalf of All Others Similarly Situated | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) ) | Civil Action No. |
| PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation; and PAUL VERNON, an individual | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Project Investors, Inc. d/b/a Cryptsy   or   Project Investors, Inc. d/b/a Cryptsy
160 Congress Park Drive - Suite 101           c/o Paul Vernon, Registered Agent
Delray Beach, FL 33445                          8656 Tourmaline Blvd.
                                            Boynton Beach, FL 33472

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David C. Silver, Esq.       AND      Marc A. Wites, Esq.
                                 Scott L. Silver, Esq.               Wites & Kapetan, P.A.
                                 Jason S. Miller, Esq.               4400 N. Federal Highway
                                 Silver Law Group                  Lighthouse Point, FL 33064
                                 11780 W. Sample Road
                                 Coral Springs, FL 33065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____                     _____
                                                      *Server's signature*

                                            _____
                                                      *Printed name and title*


                                            _____
                                                      *Server's address*

Additional information regarding attempted service, etc:

AO 399 (Rev. 10/2002) Waiver of Service of Summons

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:16-cv-80060-MARRA

JINYAO LIU, individually and on behalf of
All Others Similarly Situated,

      Plaintiff,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
and PAUL VERNON, an individual,

      Defendants.

_____/

### <u>WAIVER OF SERVICE OF SUMMONS</u>

| To: | David C. Silver, Esq. |
|-----|------------------------|
|     | SILVER LAW GROUP |
|     | 11780 W. Sample Road |
|     | Coral Springs, Florida 33065 |
|     | E-mail:  DSilver@silverlaw.com |

     I, **PAUL VERNON** , acknowledge receipt of your request that I waive service of summons in the above-captioned action.

     I have also received a copy of the Complaint in the action, a copy of this instrument, and have a means by which I can return the signed waiver to you without cost to me (*i.e.*, electronic mail).

     I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within **THIRTY (30)** days after February 2, 2016   .

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

      I declare under penalty of perjury that I received a copy of the summons and of the Complaint in this case on the __2nd__ day of February 2016 via electronic mail.

**PAUL VERNON, an individual**

BY: _____
*(Signature)*

_____
*(Current Address)*

Date of Signature: __February_____, 2016_____

### Duty to Avoid Unnecessary Costs of Service of Summons

      Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

      It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

      A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/2002) Waiver of Service of Summons

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:16-cv-80060-MARRA

JINYAO LIU, individually and on behalf of
All Others Similarly Situated,

       Plaintiff,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
and PAUL VERNON, an individual,

       Defendants.

_____/

### WAIVER OF SERVICE OF SUMMONS

| To: | David C. Silver, Esq. |
|-----|------------------------|
|     | SILVER LAW GROUP |
|     | 11780 W. Sample Road |
|     | Coral Springs, Florida 33065 |
|     | E-mail:  DSilver@silverlaw.com |

     I, __**PROJECT INVESTORS, INC. d/b/a CRYPTSY**__, acknowledge receipt of your request that I waive service of summons in the above-captioned action.

     I have also received a copy of the Complaint in the action, a copy of this instrument, and have a means by which I can return the signed waiver to you without cost to me (*i.e.*, electronic mail).

     I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

     I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within **THIRTY (30)** days after February 2, 2016   .

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare under penalty of perjury that I received a copy of the summons and of the Complaint in this case on the __2nd__ day of February 2016 via electronic mail.

**PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation**

BY: _____

*(Signature)*

_____

*(Print or Type Name)*

_____

*(Title)*

_____

*(Current Address)*

Date of Signature: __February____, 2016___

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.