## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

    Defendants.
_____/

### PLAINTIFFS' <u>RENEWED</u> MOTION FOR APPOINTMENT OF JAMES D. SALLAH, ESQ. AS RECEIVER/CORPORATE MONITOR OVER DEFENDANT, PROJECT INVESTORS, INC. d/b/a CRYPTSY <u>AND REQUEST FOR HEARING</u>

Plaintiffs, BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated ("Plaintiffs"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 66 as well as this Court's inherent equitable powers, respectfully move for entry of an Order appointing James D. Sallah, Esq. ("Mr. Sallah") as Receiver/Corporate Monitor over Defendant PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation. In support of their motion, Plaintiffs state the following:

### PRELIMINARY STATEMENT

Since the date on which Plaintiffs filed their Emergency Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant PROJECT INVESTORS, INC. d/b/a Cryptsy (the "Motion for Receiver/Corporate Monitor" or "the Motion")[1], CRYPTSY's lack

---

[1] Docket Entry No. ("DE") 9.

of transparency, lack of communication with its account holders, and refusal to honor CRYPTSY account holders' demands for withdrawal of their funds has not changed. The CRYPTSY exchange has essentially been abandoned with millions of dollars missing. As if that were not bad enough, a recent peculiar development has made CRYPTSY's management (essentially no one other than Defendant PAUL VERNON) appear even less reliable, more unstable, and more prone to engage in acts of questionable legal merit that will subject Plaintiffs to further harm and subject their financial interests at CRYPTSY to further diminution. For all the reasons previously expressed to the Court in the original Motion, as well as those set forth below, Plaintiffs respectfully implore the Court to install a Receiver/Corporate Monitor to take control over CRYPTSY's operations (or lack thereof) before Plaintiffs are stranded without ever having been afforded an opportunity to salvage their assets.

**FACTUAL AND PROCEDURAL BACKGROUND**

1.      On February 22, 2016, Plaintiffs -- on an emergency basis -- requested that the Court appoint a Receiver/Corporate Monitor over Defendant PROJECT INVESTORS, INC. d/b/a Cryptsy, a Florida corporation ("CRYPTSY"), as Plaintiffs held a well-supported, justifiable belief that CRYPTSY and Defendant PAUL VERNON, an individual ("VERNON") (collectively "the CRYPTSY Defendants") were poised to dissolve CRYPTSY's business operations and quickly dissipate all of their assets in an effort to make themselves "judgment proof."[2]

2.      Upon considering the Motion, the Court entered an Order (the "Order"), which stated, in pertinent part:

---

[2] DE 9 at pp. 2-5. Without unnecessarily repeating or belaboring the point, Plaintiffs reiterate -- as if fully set forth herein -- the legal foundation set forth in the Motion for appointment of a Receiver/Corporate Monitor in an instance such as the one presented by this case. *See*, DE 9 at pp. 6-8.

Civil Action No. 9:16-cv-80060-MARRA

> *The Court will deny the motion to the extent it seeks emergency relief. The docket does not reflect that any Defendant has been served. The Court is not inclined to appoint a receiver without a least one Defendant having had an opportunity to be heard. After service is effectuated, the Court can schedule an expedited hearing to address the motion.*[3]

3. Since the date on which the Order was entered, two of the three defendants in this matter (CRYPTSY; and Defendant LORIE ANN NETTLES) have been served with process, have been advised of the charges against them, and have been afforded an opportunity to respond to those charges.[4]

4. In light of the Court's statement that it would schedule an expedited hearing to address the Motion once service is effectuated, Plaintiffs' respectfully submit that that the matter is now ripe for scheduling.

5. In addition to the bases set forth in Plaintiffs' original Motion for Receiver/Corporate Monitor, new and troubling (if not bizarre) facts have just surfaced in recent days that further substantiate, if not increase, the need for a Receiver/Corporate Monitor in this instance.

6. Despite having shuttered its business operation and refusing its customers fair and reasonable access to the valuable assets being held in their CRYPTSY accounts, CRYPTSY (through Mr. Vernon) posted on the CRYPTSY website on March 13, 2016 a notification that CRYPTSY has entered into a purported contract with a bounty hunter who claims that, for a fee,

---

[3] DE 13.

[4] DE 14, 17.  In addition to serving CRYPTSY and Ms. Nettles with process, Plaintiffs have been diligently exhausting all feasible methods by which to formally serve process upon VERNON. Having failed to formally serve VERNON through any one of numerous traditional means, Plaintiffs have requested permission from the Court to formally serve VERNON through alternative means (mail to be sent to his last known address via the U.S. Postal Service; electronic mail to be sent to his last known e-mail address).  *See*, DE 16 ("Plaintiffs' Amended Motion for Service by Alternative Method").

the bounty hunter will be able to recover the millions of dollars in cryptocurrency CRYPTSY alleges was "stolen" from individual CRYPTSY customer accounts back in June 2014. A copy of the purported contract is attached hereto as **Exhibit "A"**.[5]

7.  If the $5,000,000 of "stolen" cryptocurrency were to be successfully recovered by the bounty hunter, CRYPTSY would thereupon reach into its admittedly insolvent treasury and pay that anonymous cyber-crusader a fee of no less than $650,000.

8.  The Bitcoin community's reaction to the bounty hunter contract has ranged from "curious" (at best) to "specious" (at worst). As one media source that tracks activity in the Bitcoin world has reported:

> *Ever since the announcement by Paul Vernon was made regarding Cryptsy losing funds due to a hacking attempt, various digital currency community members started disputing these allegations. It would not be the first time an exchange owner decides to run off with the funds while blaming the whole ordeal on a hacker.*
>
> *As unconvincing as the whole story sounded from day one, a recent announcement is making things even stranger. A blog post surfaced yesterday of how Cryptsy has made a deal with the person who stole their funds – called Cryptcracker – and offered him a bounty to return the funds. Oddly enough, the hacker agreed to a 13% bounty, rather than holding onto 13,000 Bitcoin and 247,000 Litecoin.*
>
> *Granted, it is incredibly difficult to spend stolen funds, as the blockchain lets anyone in the world trace any amount of funds moving between addresses in real-time. However, **there is no reason a hacker would obtain such an amount of funds and then return it to the rightful owner, making this story sound extremely fishy.***
>
> \*            \*            \*
>
> *Albeit the agreement between Cryptcracker and Paul Vernon is signed by both parties, **it is all but impossible to enforce these contractual obligations. The signature by Cryptcracker seems to be rather fake**, and even copy-pasted*

---

[5] A copy of the purported contract was also posted online by Cryptsy at: https://www.cryptsy.kam/cryptsyrecoverybountyfinal.pdf.

Civil Action No. 9:16-cv-80060-MARRA

*from a different image into this document.* **It looks like Vernon wants to try and distract people from what really happened to Cryptsy.**[6]

9. Apparently aware of how questionable the relationship between CRYPTSY and the alleged bounty hunter is, the bounty hunter himself reached out to undersigned counsel and, rather bizarrely, asked undersigned counsel to "*notarize the contract that [he has] signed with Cryptsy/Paul Vernon.*"

10. In full, the following is the bounty hunter's original March 14, 2016 message to undersigned counsel[7]:

> **From:** crypt cracker [mailto:███████████m]
> **Sent:** Monday, March 14, 2016 1:42 PM
> **To:** David Silver <dsilver@silverlaw.com>
> **Subject:** Urgent: recovered Cryptsy Bitcoin/altcoin
>
> Hello I am the Bounty Hunter that was enlisted by Cryptsy/Paul Vernon to recover the stolen coins, in the contract you can see which I've attached. Some media publications have gotten it wrong I am not the hacker that stole the coins but merely a bounty hunter. I am ready to divulge information that would basically instantly lead to recovery of the coins but I want to make sure I am paid properly for my troubles. I was wondering if you could notarize the contract that I've signed with Cryptsy/Paul Vernon. This is the best chance to get the coins back and without my help the coins would very likey [sic.] never end back in the right peoples [sic.] hands. Thank you and I hope we will be able to work together on this to recover the coins.

11. Regardless of one's view on the legitimacy of the bounty hunter contract or whether it appears the CRYPTSY Defendants are simply using this ruse to extend their effort to cover-up their embezzlement of CRYPTSY customer funds, two inescapable truths that are apparent at this time are: (1) CRYPTSY is still functioning through VERNON, though neither is accessible to customers, and (2) CRYPTSY is willing to dissipate customer-owned assets without their consent

---

[6] http://www.newsbtc.com/2016/03/14/cryptsy-deal-with-hackers-looks-like-a-ruse (emphasis added).

[7] A true and correct copy of the March 14, 2016 message is attached hereto as **Exhibit "B"**.

by paying an anonymous bounty hunter who claims he can impose a self-help remedy that limits the CRYPTSY Defendants' own exposure and liability in this matter.

## REQUEST FOR RELIEF

12. In light of the fact that two of the three defendants in this case have been served with process, and in view of the apparent attempt by the CRYPTSY Defendants to further deteriorate the value of CRYPTSY account holders' funds, Plaintiffs again request the appointment of a Receiver/Corporate Monitor for Defendant CRYPTSY (proposed Receiver/Corporate Monitor: James D. Sallah, Esq.) and schedule an expedited hearing on the matter.

13. At the present time, CRYPTSY account holders' assets are not being properly safeguarded, presuming they exist at all and have not already been entirely dissipated.

14. The only "harm" a Receiver/Corporate Monitor is likely to do in this instance is to prevent those who received assets from the defendants from wasting investor assets and effectively stop any further violations of the federal securities and banking laws.

## CONCLUSION

WHEREFORE, Plaintiffs, BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated, for the reasons stated above, respectfully move for entry of an Order:

(a) Prohibiting any defendant from withdrawing, transferring, dissipating, alienating, or converting any funds contained in any CRYPTSY customer account or in any other account associated with CRYPTSY or VERNON;

(b) Appointing James D. Sallah, Esq. as Receiver/Corporate Monitor over CRYPTSY to take, marshal, investigate, and liquidate assets to further protect defrauded investors; and

(c) Award such further relief as the Court deems necessary and appropriate under the circumstances.

Civil Action No. 9:16-cv-80060-MARRA

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), S.D. Fla. L.R., and to the extent the Court deems it necessary, Plaintiffs request the Court schedule an **expedited hearing** on this matter to evaluate this motion and the original for Receiver/Corporate Monitor [DE 9] so the proper measure of relief, if any, can be fashioned.  Plaintiffs desire a hearing to the extent the Court wishes to address the parties or ask questions not already addressed in Plaintiffs' filings.  Plaintiffs further submit that a hearing would be helpful to the Court, as disputes involving Bitcoin thefts are a relatively new issue in this Court; and the Court may have questions for the parties about the Bitcoin market or this action which may be best addressed through oral argument.

Plaintiffs estimate that thirty (30) minutes are required for the hearing.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 7.1(a)(3), prior to filing this Motion, undersigned counsel attempted to confer with Defendants about the relief sought herein.  The undersigned requested that Defendants CRYPTSY and VERNON agree to the relief sought by contacting them through their last known e-mail addresses and through the CRYPTSY website.  As of the date of this filing, they have not responded.

The undersigned also conferred with counsel for Defendant NETTLES (Mark A. Levy, Esq. of BRINKLEY MORGAN), who represented that NETTLES has no objection to the relief sought herein.

Civil Action No. 9:16-cv-80060-MARRA

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:    (954) 755-4799
Facsimile:    (954) 755-4684

By: /s/ David C. Silver
DAVID C. SILVER
Florida Bar No. 572764
E-mail:  DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail:  SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

- and -

**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:    (954) 570-8989
Facsimile:    (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __15th__ day of March 2016 by using the CM/ECF system and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; and **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com.

**I FURTHER CERTIFY** that a copy of the foregoing will be served via electronic mail to: **JAMES D. SALLAH, ESQ.**, SALLAH ASTARITA & COX, LLC, 2255 Glades Road - Suite 300e, Boca Raton, FL 33431; E-mail: jds@SallahLaw.com.

/s/ David C. Silver
DAVID C. SILVER