UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80060-MARRA

JINYAO LIU, BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

       Defendants.
_____/

**DEFENDANT LORIE ANN NETTLES' MOTION TO DISMISS
AMENDED CLASS ACTION COMPLAINT**

Defendant Lorie Ann Nettles ("Nettles"), by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiffs' Amended Class Action Complaint [ECF No 8] for failure to state a claim, and states as follows:

## I.   INTRODUCTION

1.   In this lawsuit the Plaintiffs allege that they are the owners of "cryptocurrency" that was placed in the possession of a company called Cryptsy, which was run by Defendant Paul Vernon ("Vernon").  Plaintiffs allege that they are unable to access their accounts or to withdraw their cryptocurrency.  Because they cannot access the Cryptsy website, the Plaintiffs cannot know, and do not know, if their cryptocurrency accounts remain in their digital wallets. In the absence of knowing, the Plaintiffs "presume" that the funds have been stolen by Cryptsy and or Vernon, who the Plaintiffs refer to as the "Cryptsy Defendants." (Am. Compl. ¶ 148).

2. Nettles is the former wife of Vernon, and is the mother and primary caregiver for their two minor children. Plaintiffs do not allege that Nettles is a "Cryptsy Defendant," nor do they allege that she had any involvement with the running of the company or knowledge regarding its operations. Nettles in fact had absolutely no involvement or knowledge regarding Cryptsy or cryptocurrency. In the fall of 2015, after nearly 16 years of marriage, Nettles learned that Vernon was having an affair with a woman in China, and she promptly filed for divorce. That divorce was finalized by a Marital Settlement Agreement dated January 22, 2016 ("MSA"), and a subsequent Final Judgment of Dissolution dated February 3, 2016. Pursuant to the MSA, Nettles received the marital home.

3. While Nettles is attempting to put the pieces of her life back together following the divorce, she unfortunately finds herself dragged into the middle of this lawsuit because the Plaintiffs, despite a complete lack of facts to support their conclusion, allege that Nettles' divorce from Vernon was a sham, and that her receipt of the marital home was an intentional attempt to place assets outside the reach of the Plaintiffs. Like the conclusion that the Plaintiffs' funds were stolen from their Cryptsy accounts, the conclusion that Nettles knew anything about the circumstances alleged in the Amended Complaint, and that the MSA was a sham, is no more than an unsupported presumption, based upon Plaintiffs' "information and belief." (Am. Compl. ¶¶ 3, 5).

4. Four counts are directed to Nettles: (VI) Injunction; (VII) Conversion; (VIII) Fraudulent Conveyance; and (IX) Civil Conspiracy. As set forth below, because the Plaintiffs do not know what happened, but merely make presumptions, they have not alleged the necessary facts and have failed to state a claim against Nettles upon which relief may be granted.

## II.     MOTION TO DISMISS STANDARD

5.     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*

## III.     COUNT SIX – PRELIMINARY AND PERMANENT INJUNCTION

6.     Count Six purports to be a cause of action for preliminary and permanent injunction.  However, "an injunction is not a cause of action but a remedy." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009).

## IV.     COUNT SEVEN - CONVERSION

7.     In Count Seven, Plaintiffs allege that Nettles converted their property.  "[T]o state a claim for conversion of money under Florida law: a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." *Tulepan v. Roberts*, 14-CV-80574, 2015 WL 235441, at *5 (S.D. Fla. 2015) (citing *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005)).  Plaintiffs have not alleged that their specific and identifiable money is wrongly possessed by Nettles.

8.     First, Plaintiff Wilson did not establish his Cryptsy account until November 18, 2015, eight months after Nettles and Vernon purchased their home (Am. Compl. 64).  Therefore,

it is impossible for Wilson's cryptocurrency to have been used for the purchase. Likewise, the large majority of the alleged cryptocurrency deposits made by Plaintiff Leidel occurred after March 2015, and could not have been used to purchase property prior to that time. (Am. Compl. ¶ 57-58, Ex. D).

9. Second, Wilson and Leidel both allege that their funds are in their Cryptsy accounts (Am. Compl. ¶¶ 59, 69), but that they are not "able to access" those funds. (Am. Compl. ¶¶ 63, 70). In order to state a claim for conversion, the property which is the subject of the conversion must be specific and identifiable. *Id.* In this case, the Plaintiffs are alleging that they are still in possession of their property. And, they certainly fail to allege that Nettles possesses their cryptocurrency, or funds of any type – merely that she is the owner of a home.

10. Therefore, Plaintiffs' claim for conversion against Nettles must be dismissed.

## V. COUNT EIGHT – FRAUDULENT CONVEYANCE

11. In Count Eight, Plantiffs make a claim for fraudulent conveyance by alleging a series of circumstances that ultimately lead to the ownership of the marital home by Nettles. However, for the reasons set forth below, Plaintiffs have failed to state a claim upon which relief may be granted.

12. Plaintiffs fail to identify the transfer sought to be avoided. They fail to identify such basic elements as the date on which the transfer occurred, the amount of money transferred, the account from which the money was transferred, or the account to which the money was transferred. Because there cannot be a fraudulent transfer claim without a transfer, the failure to allege a transfer is fatal to the claim.

13. The marital home owned by Vernon and Nettles was exempt under Florida law either by virtue of its status as homestead or tenancy by the entireties. Florida case law is clear

that exempt property may not serve as the subject of a fraudulent transfer claim. *See, e.g.*, *Volpitta v. Fields*, 369 So. 2d 367, 369 (Fla. 4th DCA 1979).

14. Furthermore, to the extent that the fraudulent conveyance claim is premised upon a transfer of entireties property from Nettles/Vernon (jointly) to Nettles (individually) pursuant to the MSA, that "transfer" was of no effect to the Plaintiffs, or any creditor, because "when a married couple holds property as a tenancy by the entireties, each spouse is said to hold it 'per tout,' meaning that each spouse holds the 'whole or the entirety, and nota share, moiety, or divisible part." *Beal Bank, SSB v. Almand and Associates*, 780 So. 2d 45, 53 (Fla. 2001). When property is held as a tenancy by the entireties, it cannot be reached to satisfy the obligation of only one spouse. *Id.* It is not alleged that any of the Plaintiffs or potential class members ever were creditors of Nettles – only the Cryptsy Defendants. Therefore, they had no ability to execute upon the marital home while it was held jointly as tenancy by the entireties. The transfer of the property to Nettles pursuant to the Marital Settlement Agreement did not change the picture in any way. As such, Plaintiffs fraudulent conveyance count must be dismissed.

## VI.     COUNT NINE – CIVIL CONSPIRACY

15. Plaintiffs' alleged civil conspiracy count is, in essence, a conspiracy to commit a fraudulent transfer of the marital home owned by Vernon and Nettles jointly, to Nettles, pursuant to the MSA. A cause of action for civil conspiracy exists only if the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person. *See Blatt v. Green, Rose, Kahn & Piotrkowski*, 456 So. 2d 949, 951 (Fla. 3rd DCA 1984). As stated in the preceding section, Plaintiffs' have failed to properly state a claim for fraudulent transfer. Therefore, the count for civil conspiracy also must be dismissed.

        Respectfully submitted,

        /s/ Mark A. Levy
        MARK A. LEVY
        Florida Bar No. 121320
        Email: mark.levy@brinkleymorgan.com
        GEORGE J. TAYLOR
        Florida Bar No. 102878
        Email:  george.taylor@brinkleymorgan.com
        BRINKLEY MORGAN
        200 East Las Olas Boulevard, Suite 1900
        Fort Lauderdale, Florida  33301
        Telephone:  954-522-2200
        Facsimile:  954-522-9123
        Attorney for Defendant Lorie Ann Nettles

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served by CM/ECF on this 16th day of March, 2016 on all counsel or parties of record on the Service List below.

        /s/ Mark A. Levy
        MARK A. LEVY

## **SERVICE LIST**

David C. Silver, Scott L. Silver, and Jason S. Miller
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Telephone:  954-755-4799
Facsimile:  954-755-4684
Email:  dsilver@silverlaw.com; ssilver@silverlaw.com; jmiller@silverlaw.com
Attorneys for Plaintiffs

Marc A. Wites
Wites & Kapetan, P.A.
4400 N. Federal Highway
Lighthouse Point, FL 33064
Telephone:  954-570-8989
Facsimile:  954-354-0205
Email:  mwites@wklawyers.com
Attorney for Plaintiffs

[37] 017529-16001