\*\*\*\* CASE NUMBER: 2015DR009881 DIVISION: FZ \*\*\*\*
Filing # 32947076 E-Filed 10/07/2015 01:22:38 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

IN RE: THE MARRIAGE OF:

CASE NO.:

LORIE ANN NETTLES,

    Petitioner/Wife,

v.

PAUL EDWARD VERNON,

    Respondent/Husband,

_____/

LORIE ANN NETTLES,

    Third-Party Plaintiff,

v.

PAUL EDWARD VERNON and CRYPTSY
INTERNATIONAL LTD.; PROJECT INVESTORS,
INC.; HASHMAX USA, LLC; TERABOSS, INC.
HASHMAX INC. and VERGENT DATA, INC.

    Third-Party Defendants.

_____/

## PETITION FOR DISSOLUTION OF MARRIAGE
## AND OTHER RELIEF INCLUDING REQUEST FOR PARTITION

The Petitioner/Wife, LORIE ANN NETTLES, ("Wife"), by and through her undersigned counsel, files this, her Petition for Dissolution of Marriage and Other Relief Including Request for Partition between the Wife and Respondent/Husband, PAUL EDWARD VERNON, ("Husband"), and states as follows:

**EXHIBIT "L"**

BRINKLEY MORGAN | ATTORNEYS AT LAW

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 2 of 16*

1. **ACTION FOR DISSOLUTION**: This is an action for dissolution of marriage between the Petitioner/Wife, LORIE ANN NETTLES, and the Respondent/Husband, PAUL EDWARD VERNON.

2. **RESIDENCY:** The Wife has been a resident of the State of Florida for six (6) months immediately preceding the filing of this Petition for Dissolution of Marriage and Other Relief Including Request for Partition.

3. **VENUE**: Venue is proper in this circuit because Palm Beach County is where the intact marriage of the Parties was last evidenced by the continuing union and the intent to remain there married to each other.

4. **MARRIAGE OF THE PARTIES**: The Wife and Husband were married to each other on April 1, 1999, in Sierra Vista, Arizona.

5. **MARRIAGE IRRETRIEVABLY BROKEN**: The marriage between the Parties is irretrievably broken.

6. **MINOR CHILDREN**: There are two (2) minor children born as a result of this marriage to wit: W.V., born ▬ 2003; and L.V., born ▬ 2007. No other minor children are contemplated, nor expected from this marriage.

7. **SHARED PARENTAL RESPONSIBILITY**: It is in the best interests of the Parties' minor children that the Wife and Husband have shared parental responsibility of the minor children with the Wife having ultimate decision making regarding the minor children's education and medical affairs, so decisions can be made in the children's best interest as this has been the manner in which the parental decision making has occurred, particularly with the extensive and frequent periods of time the Husband has historically been away for business and other reasons.

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
Page 3 of 16

8. **PARENTING PLAN:** The Wife requests that this Court either ratify or construct a Parenting Plan that specifies a timesharing schedule and allocates responsibility for the daily tasks associated with the children including health care, school-related matters and other activities, and that it be created and implemented after due consideration of the factors enumerated in Fla. Stat. § 61.13(3). Throughout the marriage, the Wife has had primary caretaking responsibility for the minor children, the Wife ceased gainful employment outside the marriage based on a joint decision that it was best for the children to have the Wife be the "stay home parent", particularly given the Husband's extensive and frequent business travels that has him away for long periods of time, having just been in China for the last three (3) continuous months, and the Wife's history as the primary caretaker for two young children should be considerations for developing a parenting plan in accordance with Fla. Stat. §61.13(3), placing the minor children with the Wife for a substantial amount of timesharing in excess of the majority.

9. **JURISDICTION OF THE MINOR CHILDREN (UCCJEA):** This Court has jurisdiction of the minor children in accordance with the Wife's Affidavit filed in accordance with the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA).

10. **CHILD SUPPORT:** The Wife requests that child support be awarded consistent with Fla. Stat. §61.30 both on a temporary and permanent basis and retroactive to the date support was ceased or alternatively retroactive to the filing of this Petition. The Wife would further request that any adjustments or deviations allowed pursuant to Fla. Stat. §61.30 be afforded with respect to the child support.

11. **PRIVATE SCHOOLING:** The minor children currently attend private school and have throughout the history of the marriage. As additional support, the Husband should be

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 4 of 16*

required to pay for any and all costs/expenses associated with the private education of the minor children, including, but not limited to, tuition, fees, book expenses, uniforms, tutoring and extracurricular and/or field trip related activities.

12. **HEALTH EXPENSES FOR MINOR CHILDREN:** As additional support, the Husband should be required to maintain the major medical, health, dental and eye care coverage of the minor children in accordance with Fla. Stat. §61.13 and Fla. Stat. §61.30. Both Parties should also be required to pay his or her share of all non-covered expenses, co-payments or deductibles connected with any medical, health, psychological, dental, orthodontic or eye-care expenses of the children.

13. **ALIMONY**: The Parties have been married for over sixteen (16) years. The Wife has been a homemaker and mother throughout the Parties' marriage as mutually agreed upon. The Husband has been the sole breadwinner and earns a substantial income. Without contribution from the Husband, the Wife cannot provide the needs and necessities of life as they were established during the marriage, and as such is in need of alimony and the Husband is well able to pay to the Wife temporary, periodic, permanent, rehabilitative, durational, bridge-the-gap and lump sum alimony. The alimony award should be retroactive to the date of the Parties' separation, but certainly no later than the date of filing.

14. **HEALTH EXPENSES FOR THE WIFE**: The Husband should be required to maintain for the Wife her major medical and dental insurance and to pay all reasonable and necessary non-covered medical, health, psychological, dental and eye care for the Wife, temporarily and on a permanent basis.

15. **LIFE INSURANCE:** The Husband should be required to maintain a life insurance policy with the Wife and children as beneficiaries, securing the payment of alimony,

child support, medical and dental insurance, as well as any additional monies which may be owed as a result of equitable distribution of the Parties' marital estate.

16. **EQUITABLE DISTRIBUTION OF MARITAL ASSETS**: During the course of the marriage, the Parties have acquired marital assets. The Wife seeks an equitable distribution of all the marital assets, regardless of how they are titled, pursuant to Fla. Stat. § 61.075. Additionally, the Wife seeks to have the Court set aside all non-marital assets and to award to her those assets to which she is separately entitled as recognized in Fla. Stat. § 61.075. Finally, the Wife requests an unequal distribution of assets, wherein she receives the greater share of the assets in the event that this Court finds that equity compels same based on the Husband secretion and dissipation of marital income and assets with his paramour, transferring marital income and assets to his paramour, maintaining his paramour's lifestyle, paying for his paramour's child's private school, putting business interest in the name of his paramour; secreting marital assets with his business partners; creating and investing marital monies into business entities in foreign countries, which upon information and belief are business entities in the names of third person, including but possible not limited to just the paramour.

17. **EQUITABLE DISTRIBUTION OF MARITAL LIABILITIES**: During the course of the marriage, the Parties have acquired marital liabilities. The Wife seeks an equitable distribution of all marital liabilities, regardless of how they are titled, pursuant to Fla. Stat. § 61.075. Additionally, the Wife seeks to have the Court set aside all non-marital liabilities as required in Fla. Stat. § 61.075. Finally, the Wife requests an unequal distribution of liabilities, wherein the Husband receives the greater share of the liabilities in the event that this Court finds that equity compels same as the Husband has secreted and dissipated marital income and assets. Furthermore, to the extent the Husband has incurred liabilities supporting his paramour and her

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 6 of 16*

child, both in the United States and in China, incurred debts and liabilities with third parties and/or for business entities that are in the names of third parties.

18. **REQUEST FOR EXCLUSIVE USE AND OCCUPANCY OF THE MARITAL RESIDENCE:** The Wife is requesting that she be given exclusive use and occupancy of the Marital Residence both temporarily, and at the final hearing, to continue until such time as the minor children reach the age of majority and/or become independent. The Husband has the means to establish an alternate residence and it would be in the best interest of the Parties and the minor children that the Wife and the minor children be awarded exclusive use and occupancy. In the alternative, the Wife requests the Marital Residence be distributed to her as part of an equitable distribution of marital property.

19. **SOCIAL SECURITY NUMBER:** A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this Petition.

20. **AFFIRMATION REGARDING NON MILITARY STATUS:** The affirms that the Husband is not on active duty in the military or public health service of the United States of America or any other country, as verified in the affidavit to be filed in accordance with Fla. Fam. L. R. P. 12.912(b).

21. **ATTORNEYS' FEES AND COSTS:** The Wife has retained the undersigned counsel to represent her in this matter and has agreed to pay a reasonable fee for its services. The Wife has a need for the payment of her attorneys' fees, accounting fees, professional fees and costs and the Husband has the ability to pay those fees, both temporary and through the final hearing. In determining responsibilities for attorneys' fees, professional fees and costs pursuant to Fla. Stat. § 61.16 and pertinent case law, the Court should consider the extent to which the

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 7 of 16*

conduct of each Party and their respective attorneys furthers or frustrates the public policy of this State to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging mutual cooperation. The Court should also take into consideration the extent of which the conduct or expectations of either Party generates unnecessary, recalcitrant, or vexatious litigation. *See Rosen v. Rosen,* 696 So.2d 697 (Fla. 1997) and its progeny.

WHEREFORE, the Wife requests the following:

a. That the Honorable Court take jurisdiction of the subject matter hereof and the Parties hereto;

b. That the Honorable Court enter an Order finding the marriage to be irretrievably broken and dissolve the bonds of matrimony for and existing between the Husband and Wife, *a vinculo matrimonii*;

c. That the Honorable Court order the Parties to comply with Shared Parental Responsibility of the minor children, and provide the Wife with ultimate decision making as to education and health of the minor children;

d. That the Honorable Court establish or ratify a parenting plan which considers the needs and best interests of the minor children and places the children with the Wife for substantially in excess of the majority of the time;

e. That the Honorable Court order the Husband to pay child support for the benefit of their minor children pursuant to Florida Child Support Guidelines and retroactive to the last support or alternatively retroactively to the filing of this Petition;

f. That the Honorable Court order the Husband to pay the for the medical, dental and eye-care insurance coverage for the minor children;

g. That the Honorable Court would order the Husband to pay for the private education costs and/or expenses for the minor children as pled herein;

h. That the Honorable Court order the Parties to each pay their *pro-rata* share of all reasonable necessary non-covered medical and dental expenses for the minor children, including adjustments contemplated by Fla. Stat. § 61.30 in accordance with the needs of the Parties' minor children and retroactive to the last support or alternatively to the filing of this Petition;

i. That the Honorable Court determine the amount of temporary and permanent alimony, including permanent periodic, durational, rehabilitative, bridge-the-gap, and lump sum, that the Husband should pay to the Wife, retroactive to the last support or alternatively to the filing of this Petition;

j. That the Honorable Court order the Husband be required to pay the medical and dental insurance and to pay all reasonable and necessary non-covered medical, dental and eye care for the Wife and retroactive to the last support or alternatively to the filing of this Petition;

k. That the Honorable Court order that the Husband be required to maintain a life insurance policy with the Wife and children as beneficiaries, securing his payment of alimony, child support, medical, dental, and eye-care coverage, as well as any additional monies owed as a result of equitable distribution of the Parties' marital estate;

l. That the Honorable Court order that the Wife is awarded exclusive use and occupancy of the Marital Residence, both on a temporary basis, and until such time as the minor children reach majority, or alternatively awarding same to her as part of equitable distribution;

m. That the Honorable Court equitably distribute all marital assets that have been acquired during the marriage, and provide an unequal distribution as pled based on the

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
Page 9 of 16

Husband's secretion and dissipation of marital assets and income, and segregate any non-marital assets as requested herein;

n.   That the Honorable Court equitably distribute all marital liabilities that have been acquired during the marriage, and provide an unequal distribution based on the Husband's secretion and dissipation of marital assets and incurring liabilities and debts based on his marital waste;

o.   That the Honorable Court award to the Wife payment of her attorney's fees, professional fees and costs, both temporary and through the final hearing, pursuant to Florida Statutes and the conduct of the Parties in this litigation; and

p.   That the Honorable Court would grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
## PARTITION OF BOYNTON BEACH PROPERTY

22.   This is a petition for partition of real property pursuant to Chapter 64, Fla. Stat.

23.   The Wife resides at 16832 Charles River Drive, Delray Beach, Florida 33446

24.   That upon information and belief, the Husband currently is residing at 9721 Saddlebrook Drive, Boca Raton, Florida 33496.

25.   The Wife is over the age of eighteen years, is not in the military service of the United States of America or its allies, and is in all respects *sui juris*.

26.   The Husband is over the age of eighteen years, is not in the military service of the United States of America or its allies, and is in all respects *sui juris*.

27.   The Husband and the Wife are fee simple owners as tenants by the entireties of the following real property in the County of Palm Beach, State of Florida, which property is

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 10 of 16*

located at 8656 Tourmaline Boulevard, Boynton Beach, FL 33472. The legal description of this real property is as follows:

RAINBOW LAKES TR E LT 15.

28. The real property contains certain improvements constituting a residential dwelling contained therein, said property is not susceptible of physical partition without seriously diminishing and impairing its value; accordingly, it is in the best interests of the joint owners of the property that the property with its improvements be sold at public or private sale, preferably private, to the highest bidder and the proceeds from the sale, after payment of costs, expense and taxes, if any, be divided pro rata between the owners in accordance with their respective interest.

29. It is believed the property may be encumbered by a mortgage.

30. Except as otherwise provided herein, there is no other outstanding interest in the property other than the Parties' ownership as tenants by the entireties.

31. The premises cannot be partitioned without prejudice to the owners.

32. The premises may be sold at public or private sale. The Wife requests a private sale, and requests that she be permitted to bid at that sale.

33. The Wife has retained the undersigned counsel and has agreed to pay a reasonable fee for its services. The attorney's fees with respect this Partition action should be reimbursed from the proceeds of the partition sale.

34. The Wife is without an adequate remedy at law.

WHEREFORE, the Wife, LORIE ANN NETTLES, requests that this Honorable Court would enter an order as follows:

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 11 of 16*

    a. That this Honorable Court would assume jurisdiction of the subject matter hereof and the Parties hereto;

    b. That this Honorable Court would enter a decree ordering the real property described hereinabove sold at public or private auction to the highest bidder for cash upon such terms as the Court deems meet and proper under the circumstances;

    c. That the cost of this litigation, including all taxes due at the time of the sale be paid and retained out of the monies arising from the sale, and that the remaining monies arising from the sale be divided between the Husband and Wife as their respective interests are determined by the Court;

    d. That at any sale of the property, the Wife be permitted to bid; and

    e. That this Honorable Court would grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III
## BUSINESS INTERESTS

35. **ACTION FOR DISSOLUTION**: This is an action for dissolution of marriage between the Petitioner/Wife, LORIE ANN NETTLES, and the Respondent/Husband, PAUL EDWARD VERNON.

36. **RESIDENCY**: The Wife has been a resident of the State of Florida for six (6) months immediately preceding the filing of this Petition for Dissolution of Marriage and Other Relief Including Request for Partition.

37. **VENUE**: Venue is proper in this circuit because Palm Beach County is where the intact marriage of the Parties was last evidenced by the continuing union and the intent to remain there married to each other.

38. **MARRIAGE OF THE PARTIES**: The Wife and Husband were married to each other on April 1, 1999, in Sierra Vista, Arizona.

39. **MARRIAGE IRRETRIEVABLY BROKEN**: The marriage between the Parties is irretrievably broken.

40. **EQUITABLE DISTRIBUTION OF MARITAL ASSETS**: During the course of the marriage, the Parties have acquired marital assets. The Wife seeks an equitable distribution of all the marital assets, regardless of how they are titled, pursuant to Fla. Stat. § 61.075. Additionally, the Wife seeks to have the Court set aside all non-marital assets and to award to her those assets to which she is separately entitled as recognized in Fla. Stat. § 61.075. Finally, the Wife requests an unequal distribution of assets, wherein she receives the greater share of the assets in the event that this Court finds that equity compels same based on the Husband secretion and dissipation of marital income and assets with his paramour, transferring marital income and assets to his paramour, maintaining his paramour's lifestyle, paying for his paramour's child's private school, putting business interest in the name of his paramour; secreting marital assets with his business partners; creating and investing marital monies into business entities in foreign countries, which upon information and belief are business entities in the names of third person, including but possible not limited to just the paramour.

41. **BUSINESS INTERESTS**: Some of the marital assets subject to equitable distribution, include the following: Cryptsy International Ltd.; Project Investors, Inc.; Hashmax USA, LLC; Teraboss, Inc.; HashMax Inc.; and Vergent Data, Inc.

   a. During the marriage, the Husband acquired an interest in Cryptsy International, Ltd. It is believed he has either a sole or controlling interest in Cryptsy International, Ltd. It is further believed there are accounts and assets owned by

Cryptsy International, Ltd., which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as the Husband may have transferred marital assets to Cryptsy International, Ltd. Further, transfers using virtual currency, which is intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

b. During the marriage, the Husband acquired an interest in Project Investors, Inc. It is believed he has either a sole or controlling interest in Project Investors, Inc. It is further believed there are accounts and assets owned by Project Investors, Inc., which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as the Husband may have transferred marital assets to Project Investors, Inc. Further, transfers using virtual currency, which is intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

c. During the marriage, the Husband acquired an interest in Hashmax USA, LLC. It is believed he has either a sole or controlling interest in Hashmax USA, LLC. It is further believed there are accounts and assets owned by Hashmax USA, LLC, which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as the Husband may have transferred marital assets to Hashmax USA, LLC. Further, transfers using virtual currency, which is

intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

d. During the marriage, the Husband acquired an interest in Teraboss, Inc. It is believed he has either a sole or controlling interest in Teraboss, Inc. It is further believed there are accounts and assets owned by Teraboss, Inc., which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as the Husband may have transferred marital assets to Teraboss, Inc. Further, transfers using virtual currency, which is intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

e. During the marriage, the Husband acquired an interest in Vergent Data, Inc. It is believed he has either a sole or controlling interest in Vergent Data, Inc. It is further believed there are accounts and assets owned by Vergent Data, Inc., which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as the Husband may have transferred marital assets to Vergent Data, Inc. Further, transfers using virtual currency, which is intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

f. During the marriage, the Husband acquired an interest in HashMax, Inc. It is believed he has either a sole or controlling interest in HashMax, Inc. It is further believed there are accounts and assets owned by HashMax, Inc, which are also marital assets subject to equitable distribution in the underlying dissolution of marriage action. It is believed that there has been a dissipation of marital assets as

the Husband may have transferred marital assets to HashMax, Inc. Further, transfers using virtual currency, which is intentionally difficult to identify, highlight the possible bad faith nature of the Husband's actions.

WHEREFORE, the Wife requests the following:

a. That the Honorable Court take jurisdiction of the subject matter hereof and the Parties hereto;

b. That the Honorable Court equitably distribute all marital assets that have been acquired during the marriage, and provide an unequal distribution as pled based on the Husband's secretion and dissipation of marital assets and income, and segregate any non-marital assets as requested herein;

c. That the Honorable Court determine that the Husband's interests in Cryptsy International Ltd.; Project Investors, Inc.; Hashmax USA, LLC; Teraboss, Inc.; HashMax Inc.; and Vergent Data, Inc. are marital assets subject to equitable distribution;

d. That the Honorable Court determine that any accounts and assets held by Cryptsy International Ltd.; Project Investors, Inc.; Hashmax USA, LLC; Teraboss, Inc.; HashMax Inc.; and Vergent Data, Inc. are marital assets subject to equitable distribution;

e. That the Honorable Court award to the Wife payment of her attorney's fees, professional fees and costs, both temporary and through the final hearing, pursuant to Florida Statutes and the conduct of the Parties in this litigation; and

f. That the Honorable Court would grant such other and further relief as the Court deems just and proper under the circumstances.

*Nettles and Vernon*
*Petition for Dissolution of Marriage*
*Page 16 of 16*

                                   BRINKLEY MORGAN
                                   Attorneys for Petitioner/Wife
                                   2255 Glades Road, Suite 340W
                                   Boca Raton, FL  33431
                                   Telephone:  (561) 241-3113
                                   Facsimile:   (561) 241-3226

                              By: ***s/ Yueh-Mei Kim Nutter***
                                   YUEH-MEI KIM NUTTER
                                   Florida Bar No.:  705829
                                   kim.nutter@brinkleymorgan.com
                                   JULIA WYDA
                                   Florida Bar No.:  29833
                    Primary:    familylaw@brinkleymorgan.com
                    Secondary: kim.nutter@brinkleymorgan.com
                           annmarie.lamartina@brinkleymorgan.com

[42] 017529-15001