<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:16-cv-80060-MARRA**

</div>

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,
    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,
    Defendants.
_____/

<div style="text-align:center">

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO**
**COURT'S *SUA SPONTE* ORDER REGARDING**
**SERVICE OF PROCESS UPON DEFENDANT PAUL VERNON**

</div>

Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated ("Plaintiffs"), through the undersigned counsel, file this memorandum of law in response to the Court's March 30, 2016 *sua sponte* Order [Docket Entry No. ("DE") 30] requesting Plaintiffs' position on whether the recently-published opinion of *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, No. 15-13543 (11th Cir. Mar. 30, 2016) has any effect upon the Court's March 29, 2016 Order [DE 29] permitting Plaintiffs to serve process upon Defendant PAUL VERNON ("Defendant VERNON") at his last known U.S. Post Office Box address and electronic mail address. As explained below, *De Gazelle* has no impact upon the Court's March 29, 2016 Order allowing Plaintiffs to serve Defendant VERNON by alternative means. Unlike in *De Gazelle*, where the plaintiff moved for *retroactive* approval of service it claimed to have previously effected, Plaintiffs here *first* sought approval of this Court, and *then* upon entry of this Court's Order effectuated service of process upon Defendant VERNON by the alternative means authorized by the Court. *See* Rule 4(f)(3), Fed.R.Civ.P. Because Plaintiff here sought

<div style="text-align:center">- 1 -</div>

approval from this Court *prior* to effectuating service, *De Gazelle* is distinguishable and service here is proper and should not be disturbed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After exhausting their efforts at serving initial process upon Defendant VERNON by conventional methods, Plaintiffs requested from this Court permission to serve Defendant VERNON by alternative means, *i.e.*, by serving him through the United States Postal Service at his last known mailing address (a Post Office Box in Delray Beach, Florida) and by serving him through his last known electronic mail address. [DE 16].

On March 29, 2016, the Court granted Plaintiffs' motion, stating in pertinent part:

> **ORDERED AND ADJUDGED** that said Motion is **GRANTED**. Plaintiffs have demonstrated that Defendant Paul Vernon . . . is avoiding service both on himself and on the corporate Defendant Project Investors, Inc. The service authorized by this order will provide Defendants with sufficient notice and an opportunity to be heard in this case. Plaintiffs are authorized and directed to serve Defendant Paul Vernon via electronic mail and at his United States Post Office Box in Delray Beach, Florida. The Court recognizes that Plaintiffs' counsel has represented to the Court that counsel has already served all filings in this case upon Mr. Vernon via email. (DE 28). Nevertheless, the Court instructs Plaintiffs to again serve on Defendant Vernon, as directed above, all filings made to date in this case and to file with this Court within ten (10) days of the date of this Order a signed declaration confirming that such service -- which shall be defined as the transmission of such items to the referenced email address and United States Post Office Box -- is complete.

Subsequent to entry of the Court's March 29, 2016 Order, Plaintiffs (through undersigned counsel) complied with the Court's instructions and, on March 31, 2016, served on Defendant VERNON -- via electronic mail and at his U.S. Post Office Box in Delray Beach, Florida -- all filings made to date in this case. [DE 31]. As such, and in compliance with the Court's instructions, Defendant VERNON is deemed to have been served with process on March 31, 2016; and the time period within which he must respond to Plaintiffs' operative pleading shall run from that date as prescribed by the Federal Rules of Civil Procedure.

<div align="right">Civil Action No. 9:16-cv-80060-MARRA</div>

## II.     LEGAL ANALYSIS

In its March 30, 2016 *sua sponte* Order [DE 30], the Court has requested Plaintiffs' position on whether the recently-published opinion of *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, No. 15-13543 (11th Cir. Mar. 30, 2016) has any effect upon the March 29, 2016 Order [DE 29] permitting Plaintiffs to serve process upon Defendant VERNON at his last known U.S. Post Office Box address and electronic mail address.  Plaintiffs submit that *De Gazelle* is factually distinguishable from, and has no impact upon, the instant matter.

In *De Gazelle*, a Saudi Arabian corporate defendant (Tamaz Trading Establishment ["Tamaz"]) sought to vacate a default judgment entered against it on the grounds that the judgment was allegedly void for lack of service of process.  *Id*. at 1-2.  Although the corporate plaintiff in Florida (De Gazelle Group, Inc. ["De Gazelle"]) had provided Tamaz's Saudi Arabian registered agent notice of the lawsuit, De Gazelle did so by serving a copy of the lawsuit upon Tamaz by FedEx at Tamaz's post office box in Saudi Arabia (on September 21, 2013) without having received prior authorization from the Court to utilize that alternative method of service.  *Id*. at 2.  When Tamaz challenged that form of service, the U.S. District Court for the Middle District of Florida denied Tamaz's challenge and found that service had been properly performed, <u>retroactively to September 21, 2013, the date on which De Gazelle sent the lawsuit to Tamaz's Saudi Arabian post office box</u>.  *Id*. at 5.

On appeal, the U.S. Court of Appeals for the Eleventh Circuit reversed and remanded the District Court's ruling, finding that De Gazelle had failed to comply with Fed.R.Civ.P. 4(f)(3) and failed to seek, and obtain, prior court authorization for service via FedEx.  *Id*. at 6.  As the Eleventh Circuit noted, the U.S. Supreme Court has explained that "before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . .  There must be

also be . . . authorization for service of summons on the defendant." *Id*. at 7, citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co, Ltd*., 484 U.S. 97, 104 (1993). *See also*, *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (holding that, under Rule 4(f)(3), plaintiffs "must obtain prior court approval for the alternative method of serving process") (emphasis added). Because prior to September 21, 2013, De Gazelle had neither sought nor obtained permission from the Court to serve Tamaz by FedEx, the appellate court concluded that the service on September 21, 2013 was ineffective and that the judgment against Tamaz was void for lack of service of process. *Id.* at 7-8.

The instant matter is distinguishable from *De Gazelle*, and the *De Gazelle* ruling should not serve as a basis to disturb the Court's March 29, 2016 Order in this case. Unlike the plaintiff in *De Gazelle*, Plaintiffs herein sought and received authorization from the Court to serve process upon a defendant through alternative methods before employing those methods and asserting that the defendant had indeed been served. [DE 31]. Moreover, unlike the plaintiff in *De Gazelle*, Plaintiffs have not requested any retroactive effect of their notice to a defendant (in this case, Defendant VERNON) of the charges that have been asserted against him. Although Defendant VERNON appears to have been aware of this lawsuit as early as two days after it was filed[1], Plaintiffs have not sought to use that date as the commencement of his time to respond to the lawsuit under the Federal Rules of Civil Procedure. Rather, Plaintiffs concede that Defendant VERNON's time to respond did not begin to run until March 31, 2016, the date on which Plaintiffs -- having already sought and received Court permission to serve Defendant VERNON via his P.O. Box and electronic mail address -- served process upon him.

---

[1] *See*, DE 8 (Amended Class Action Complaint) at Exhibit "A", which clearly was written by Defendant VERNON in response to the lawsuit.

- 4 -

### III. CONCLUSION

For the foregoing reasons, Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated, respectfully submit in response to the Court's March 30, 2016 *sua sponte* Order [DE 30] that the recently-published opinion of *De Gazelle Group, Inc. v. Tamaz Trading Establishment*, No. 15-13543 (11th Cir. Mar. 30, 2016) has no effect upon the Court's March 29, 2016 Order [DE 29] permitting Plaintiffs to serve process upon Defendant PAUL VERNON ("Defendant VERNON") at his last known U.S. Post Office Box address and electronic mail address.

Respectfully submitted,

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 755-4799
Facsimile: (954) 755-4684

By: _____
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

- and -

**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

*Attorneys for Plaintiffs*

Civil Action No. 9:16-cv-80060-MARRA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this __31st__ day of March 2016 by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participant(s): **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com.

**I FURTHER CERTIFY** that a true and correct copy of the foregoing will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com; and **PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com.

                                                */s/ David C. Silver*
                                                DAVID C. SILVER