UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80060-MARRA

JINYAO LIU, BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

       Defendants.
_____/

## DEFENDANT LORIE ANN NETTLES' REPLY TO PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO HER MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

Defendant Lorie Ann Nettles ("Nettles"), by and through her undersigned counsel, hereby files her Reply to Plaintiffs' Response and Memorandum of Law in Opposition to her Motion to Dismiss Amended Class Action Complaint [ECF No. 34], and states as follows:

### A.    PLAINTIFFS CITE TO THE OLD PLEADING STANDARD

1.    In Nettles' Motion to Dismiss, she argues that Plaintiffs' allegations of fraudulent transfer and conversion against Nettles were merely guesswork. Plaintiffs Wilson and Leidel both allege that their funds are in their Cryptsy accounts (Am. Compl. ¶¶ 59, 69), but that they are not "able to access" those funds. (Am. Compl. ¶¶ 63, 70). Because the Plaintiffs are unable to access their accounts on the Cryptsy website, they do not know if their cryptocurrencies still exist, or if their cryptocurrencies have been transferred, or where those cryptocurrencies might

have been transferred. In their own words, the Plaintiffs "presume" that the funds have been stolen by the Cryptsy Defendants. (Am. Compl. ¶ 148).

2. In their Response to the Motion to Dismiss ("Response"), the Plaintiffs point to no additional allegations identifying an actual transfer to Nettles of the Plaintiffs' cryptocurrencies, but instead simply conclude that "it **appears** the virtual currency was taken by the Cryptsy Defendants." (Response at 4)(emphasis added). Whether couched as a presumption or as an appearance, the fact remains that the Plaintiffs have not, and cannot, allege an actual transfer of their funds to Nettles.

3. Plaintiffs attempt to justify their conclusory allegations by citing to the lower pleading standards that were overruled by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(Response at 5).

4. Applying the correct pleading standard, the Plaintiffs' Complaint falls short. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. *Id.* The Eleventh Circuit explains that in analyzing whether a complaint states a claim, a court must use a two prong analysis: "(1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). The Eleventh Circuit also recognizes that "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s]' which suggest lawful conduct rather than the unlawful conduct the plaintiff would like the court to infer." *Id.*

5.  In this case, once the unsupported conclusions are stripped away, there is nothing left but the Plaintiffs' presumption that their funds were used to purchase the home. Plaintiffs can only presume, because they do not know. Because the Plaintiffs both allege that their funds are in their Cryptsy accounts (Am. Compl. ¶¶ 59, 69), but that they are not "able to access" those funds (Am. Compl. ¶¶ 63, 70), the Court may equally infer that the cryptocurrencies are still with Cryptsy. Therefore, Plaintiffs allege an obvious alternative explanation, and their claims must be dismissed.

### B.  CONVERSION

6.  Significantly, the Plaintiffs completely fail to address the argument that, as to Plaintiff Wilson, all of his funds were deposited with Cryptsy after the home was purchased, and as to Leidel, the large majority was deposited after the home was purchased. (Motion ¶ 8). To the extent that the Plaintiffs' claims are based upon the premise that their money was used to buy the home, or that their funds were converted by Nettles, due to the timing, that is an impossibility, and they must be dismissed.

7.  Plaintiffs' arguments as to how they satisfied the elements of a conversion claim only highlight their failure to have done so. "[T]o state a claim for conversion of money under Florida law: a plaintiff must demonstrate, by a preponderance of the evidence: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so." *Tulepan v. Roberts*, 14-CV-80574, 2015 WL 235441, at *5 (S.D. Fla. 2015) (citing *United States v. Bailey*, 419 F.3d 1208, 1214 (11th Cir. 2005)).

8.      While the Plaintiffs may have stated a claim for conversion against Cryptsy, they have not, and cannot, state such a claim against Nettles.  First, the Plaintiffs are unable to allege that Nettles possesses their specific and identifiable money.  They merely argue that they alleged a deposit of cryptocurrency with Cryptsy.  As earlier stated, from a timing perspective, the large majority of the current the Plaintiffs' money could not possibly have been used to purchase the home, because it was deposited after the purchase.  Second, the Plaintiffs argue that they satisfied the demand requirement by having made demand of Cryptsy.  That might work for Cryptsy, but it is not sufficient to state a claim against Nettles.

### C.      FRAUDULENT TRANSFER

9.      For the same reason that the Plaintiffs' conversion claim fails – they cannot allege that their property is in the possession of Nettles – the fraudulent transfer claim also is deficient. The existence of this claim is dependent upon a faulty legal conclusion – that Vernon transferred to Nettles "funds stolen from Plaintiffs." (Response at 11).   That there were "funds stolen from Plaintiffs" is an unsupported legal conclusion.

10.     At page 11 of their Response, Plaintiffs cite authority for the proposition that in order to state a fraudulent transfer claim under Florida law, that "there was a creditor to be defrauded." *Huntsman Packaging Corp. v. Kerry Packaging Corp.*, 992 F.Supp.2d 1439 (M.D. Fla. 1998).  However, Plaintiffs fail to allege, as they must, that a creditor existed at the time of the transfer.  To do so would be impossible, and they have not identified the time of the transfer, or what was transferred.   And, given the allegation by each of the Plaintiffs that its cryptocurrencies are with Cryptsy but that they cannot be accessed, Plaintiffs have failed to allege that they are in fact creditors of Cryptsy.

### D. CONCLUSION

11. As set forth above, and in the Motion to Dismiss, the Plaintiffs have failed to state claims for the two substantive counts, conversion and fraudulent transfer. Without those substantive counts, the claims for conspiracy and injunction must fail as well. Therefore, the Amended Complaint must be dismissed.

WHEREFORE, Defendant Lorie Ann Nettles respectfully requests that this Court dismiss the Amended Complaint, and for such other relief that the Court deems just and proper.

Respectfully submitted,

/s/ Mark A. Levy
MARK A. LEVY
Florida Bar No. 121320
Email: mark.levy@brinkleymorgan.com
GEORGE J. TAYLOR
Florida Bar No. 102878
Email: george.taylor@brinkleymorgan.com
BRINKLEY MORGAN
200 East Las Olas Boulevard, Suite 1900
Fort Lauderdale, Florida  33301
Telephone:  954-522-2200
Facsimile:  954-522-9123
Attorney for Defendant Lorie Ann Nettles

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Reply was served by CM/ECF on this 14th day of April, 2016 on all counsel or parties of record on the Service List below.

/s/ Mark A. Levy
MARK A. LEVY

## **SERVICE LIST**

David C. Silver, Scott L. Silver, and Jason S. Miller
Silver Law Group
11780 W. Sample Road
Coral Springs, FL 33065
Telephone:  954-755-4799
Facsimile:  954-755-4684
Email:  dsilver@silverlaw.com; ssilver@silverlaw.com; jmiller@silverlaw.com
Attorneys for Plaintiffs

Marc A. Wites
Wites & Kapetan, P.A.
4400 N. Federal Highway
Lighthouse Point, FL 33064
Telephone:  954-570-8989
Facsimile:  954-354-0205
Email:  mwites@wklawyers.com
Attorney for Plaintiffs

[307] 017529-16001