**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

      Defendants.

_____/

**<u>NOTICE OF FILING RECEIVER'S FIRST REPORT</u>**

    James D. Sallah, Esq., not individually but solely in his capacity as the court-appointed

Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby

files his First Report.

Dated: May 4, 2016.

                                  Respectfully submitted,

                                  **PAYTON & ASSOCIATES, LLC**
                                  *Counsel for the Receiver*
                                  2 South Biscayne Blvd., Suite 1600
                                  Miami, Florida 33131
                                  Telephone:   (305) 372-3500
                                  Facsimile:   (305) 577-4895

                                  By: <u>Patrick J. Rengstl, Esq.</u>
                                      Patrick J. Rengstl
                                      FL Bar No. 0581631

**PAYTON & ASSOCIATES, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

**PAYTON & ASSOCIATES, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500

## <u>SERVICE LIST</u>

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Paul Vernon**
(Via Email)

**PAYTON & ASSOCIATES, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

      Defendants.

_____/

## FIRST REPORT OF RECEIVER JAMES D. SALLAH

      Pursuant to paragraph no. 39 of Section XVI of the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy [DE 33] (the "Appointment Order") dated April 4, 2016, James D. Sallah, not individually but solely in his capacity as the Court-appointed receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), submits the following First Report.[1]

### I.    Introduction

      As a matter of background, this proceeding is a class action lawsuit by Cryptsy users/ cryptocurrency investors who had an account with Cryptsy. Cryptsy was an online business for

---

[1] Pursuant to paragraph no. 39, the Appointment Order requires me to file a First Report within thirty (30) days of my appointment (*i.e.*, on or before May 4, 2016), a Second Report within ninety (90) days of the First Report (*i.e.*, on or before August 2, 2016), and then additional reports every ninety (90) days thereafter.

the public to exchange, invest, and trade digital cryptocurrencies.  The Plaintiffs, again class representatives of Cryptsy cryptocurrency users/account holders, have alleged, among other things, that (1) Cryptsy's principal, Defendant Paul Vernon, previously shut down Cryptsy's operations and has fled to China; (2) approximately $5 million of investor funds and cryptocurrencies have been missing and unaccounted for several months; (3) investors have been unable to access and use their Cryptsy accounts; and (4) Mr. Vernon and his now ex-wife, Defendant Lorie Ann Nettles, purchased in March 2015 a luxurious home in Delray Beach for $1,374,881 in cash from Cryptsy-derived funds and Ms. Nettles recently received the property in her divorce settlement from Mr. Vernon.

Given these allegations (and others), Plaintiffs moved for the appointment of a corporate monitor or receiver [DE 18], which the Court granted and appointed me as Receiver in the Appointment Order on April 4, 2016.  I then immediately moved for Court-approval to retain my legal counsel from the law firm of Payton & Associates, LLC [DE 35], who were approved on April 6, 2016 [DE 36].

I am a former SEC Senior Counsel who specializes in securities matters.  I also am an adjunct faculty member at the University of Miami School of Law where I teach a seminar on SEC Enforcement.

I have served as a District Court receiver in the Southern District of Florida in: *Katz v. MRT Holdings, et al.*, Case No. 07-CV-61438-JIC, in connection with a multi-million dollar Ponzi scheme; and *Securities and Exchange Commission v. JCS Enterprises, Inc., et al.*, Case No. 14-80468-CIV-Middlebrooks, in connection with an $80-million dollar Ponzi scheme.

I have served as a corporate monitor in the 11th Judicial Circuit in and for Miami-Dade County, Florida, in *Chirag Amin v. OM Global Investment Fund LLC, et al.*, Case No. 13-18620

CA 13, in connection with a multi-million dollar fraud scheme.

I have also represented SEC and CFTC receivers in several investment and fraud-related matters.

Since my appointment, I, with the help of my counsel and staff, have been working diligently to secure account, wallet, and bank information and records in Cryptsy's name or derived from Cryptsy and/or its investors. I have served initial demand letters, document requests and subpoenas on several parties and nonparties regarding critical Cryptsy issues and have recently received and/or will be shortly receiving responsive information and documents. The specific demands, document requests, and subpoenas are discussed below.

The purpose of this First Report is to more specifically advise the Court, investors, and other interested parties as to the material actions that I have taken since the commencement of the receivership one month ago.

## II.    Assessing Cryptsy's Viability and Operations

I can confirm to the Court that investors do not have access to their Cryptsy accounts. I can confirm to the Court that significant amounts of money and cryptocurrencies are currently missing, unaccounted for and/or possibly locked in Cryptsy's servers which I am attempting to secure and access. I can confirm to the Court that Cryptsy is no longer operating or running a business.

As of this First Report, I have not received any cooperation from Mr. Vernon, so my job has been made much more difficult regarding every issue involving Cryptsy, especially wallet and investor information. From my investigation, accessing the servers will be critical to determine current and past account, wallet, investor, and financial information and records.

There are former employees, some of whom I have contacted and who are cooperating and assisting me. I will continue to attempt to contact others. Certain former employees have relevant information for purposes of potentially locating and securing assets and records for the investors' benefit.

### III.    The Investors

There are a significant amount of investors who invested through Cryptsy. I will be attempting to determine the identity of each and every investor, their contact information, their investment amount, which investors are owed money (and how much), which investors made money (and how much and when), and which investors received any money back (and how much and when). My counsel and I have corresponded and spoken with many investors and do such on a daily basis. Plaintiffs' counsel, who represent the class of investors, will likely be a tremendous source of investor information as well.

Depending on the circumstances and at the appropriate time, I may recommend and obtain Court-approval on a procedure for repaying and/or returning funds and/or cryptocurrencies to investors who are legitimately owed such. Because I am still in the process of attempting to identify and secure accounts, wallets, cryptocurrencies and funds, it is premature to discuss in any further detail such a potential procedure.

I will also be evaluating and attempting to identify any investors who improperly profited or received improper redemptions from Cryptsy. If such profits or redemptions are not promptly returned to me, I will be taking the appropriate legal action.

### IV.    The Premises

The company shut down months before my appointment. Therefore, Cryptsy has no current physical premises or offices to secure. Cryptsy previously operated out of the premises

located at 160 Congress Park Drive, Suite 101, Delray Beach, Florida 33445. I will be contacting the landlord to discuss certain issues regarding Cryptsy.

Because there is no physical office space to secure, there are no hard files, computers, furniture or equipment to secure in an office, although they may be located elsewhere which I will continue to investigate.

## V.    Demands, Document Requests, and Subpoenas

### A.  Paul Vernon

On April 6, 2016, I served Defendant Paul Vernon with a demand letter, including 41 requests for documents and information. A copy of the demand letter is attached as Exhibit A.[2] In the demand letter, I requested, among other things, an accounting of the missing millions of dollars in cryptocurrencies or investor funds; an investor list with contact information; account and wallet information for me to secure any and all cryptocurrencies and funds in Cryptsy's name or derived from Cryptsy; and Cryptsy's servers and all of its books and records. As of this First Report, Mr. Vernon has not responded to my letter/requests, has not provided any documents or information to me and therefore is not cooperating in any way, shape or form.

### B.  Lorie Ann Nettles and the Delray Beach Property Bought with Cryptsy Funds

On April 8, 2016, I served Defendant Lorie Ann Nettles, Paul Vernon's now ex-wife, with a demand letter, including 50 requests for documents and information. A copy of the demand letter is attached as Exhibit B. In the demand letter, I requested, among other things, many of the same Cryptsy-associated items requested from Mr. Vernon (in the event she had access to such);

---

[2] The demand letters and subpoenas mentioned herein included a copy of the Appointment Order for purposes of service of same on the recipients, but the Appointment Order will not be attached herein as part of each exhibit because it would create an unnecessary voluminous filing with the same document repeatedly attached.

personal bank statements to determine what material/valuable items she and/or her ex-husband had purchased with Cryptsy-derived funds; and information regarding the source of funding of the Delray Beach property that Mr. Vernon and Ms. Nettles had purchased in March 2015 for $1,374,881 in cash.

On April 21, 2016, Ms. Nettles produced over 1,800 pages of documents which my counsel is currently reviewing. Some documents, such as monthly personal account statements, are incomplete, so I will be subpoenaing the relevant bank, TD Bank, for the missing bank records. Ms. Nettles, through counsel, has represented that she will cooperate with such a follow-up production of bank records.

I have also confirmed that the million-dollar plus property currently in Ms. Nettles' name and located at 16832 Charles River Drive, Delray Beach, Florida 33446 was derived from Cryptsy and should be receivership property. As such, I have filed a lis pendens on the property for the investors' benefit. This was necessary to stop Ms. Nettles from selling the property which she has been trying to do since recently finalizing her divorce. The property has been and is currently on the market for $1.5 million.

On May 4, 2016, I served a demand letter on Ms. Nettles regarding the property, and absent a prompt reasonable settlement, will be promptly filing a separate lawsuit against her for turnover of the property and soon thereafter moving for summary judgment. If filed, I will seek to transfer my lawsuit against Ms. Nettles to this Court as an ancillary receivership lawsuit related or similar to the underlying class action/main receivership proceeding.

### C. Kaushal "Ken" Majmudar and Ridgewood Investments

Kaushal "Ken" Majmudar was allegedly a shareholder of Cryptsy in the amount of approximately 10%. Mr. Majmudar was known as "Cryptsy Ken" and allegedly provided

consulting services and marketing to Cryptsy. Mr. Majmudar is a managing partner of Ridgewood Investments, an investment firm in New Jersey.

On April 6, 2016, I served Mr. Majmudar and his company with a demand letter and subpoenas. Copies of the demand letter and subpoenas are attached as Composite Exhibit C.

In the demand letter and subpoenas, I requested, among other things, Mr. Majmudar's file on Cryptsy, including an investor list with contact information; documents regarding the funds or cryptocurrencies he received that were derived from Cryptsy; and documents regarding his relationship with Cryptsy. On April 27, 2016, Mr. Majmudar, through his counsel, produced documents. My counsel is currently reviewing the production.

### D. TD Bank

Cryptsy had at least two bank accounts at TD Bank. Mr. Vernon and Ms. Nettles also had at least one personal bank account at TD Bank. On April 6, 2016, I served TD Bank with a demand letter and subpoena. Copies of the demand letter and subpoena are attached as Composite Exhibit D.

In the demand letter, I requested that TD Bank freeze any accounts in Cryptsy's name. TD Bank has confirmed in writing that there are no Cryptsy accounts with funds subject to an asset freeze.

In the subpoena, I requested bank records, such as monthly statements and withdrawal images (checks, wires, etc.) in Cryptsy accounts. On April 27, 2016, TD Bank produced bank records requested in the subpoena. My counsel is currently reviewing the production.

As stated above, I will be serving in the near future a follow-up subpoena on TD Bank for the missing personal bank records from Ms. Nettles' production.

### E.  SunTrust Bank

Cryptsy had at least one bank account at SunTrust Bank.  On April 6, 2016, I served SunTrust Bank with a demand letter and subpoena.  Copies of the demand letter and subpoena are attached as Composite Exhibit E.

In the demand letter, I requested that SunTrust Bank freeze any accounts in Cryptsy's name.  SunTrust Bank has yet to confirm in writing the status of the asset freeze, which I will be addressing with the bank.

In the subpoena, I requested bank records, such as monthly statements and withdrawal images (checks, wires, etc.) in Cryptsy accounts.  As of this First Report, SunTrust has not produced anything.  SunTrust has previously corresponded with my counsel that it is working on the production and I anticipate receiving the production shortly.

### F.  Coinbase, Inc.

Cryptsy used Coinbase, Inc. as the clearing firm to execute cryptocurrency activities, such as storing, buying and selling cryptocurrencies and converting them to currency.  Cryptsy made its revenues this way.  On April 6, 2016, I served Coinbase with a demand letter and subpoena.  Copies of the demand letter and subpoena are attached as Composite Exhibit F.

In the demand letter, I requested that Coinbase freeze any accounts, wallets, cryptocurrencies or funds in Cryptsy's name.  Coinbase froze a couple of remaining bitcoins in Cryptsy-associated wallets and sent me a check for same in the amount of $24.66.  I will be opening a receivership bank account and depositing these funds.

In the subpoena, I requested, among other things, documents regarding account activity in Cryptsy accounts or wallets.  On April 18, 2016, Coinbase produced records, including reconstructions of account activity in three wallets or accounts in the names of Cryptsy, Mr.

8

Vernon and an affiliated Cryptsy company called Hashmax USA, LLC. My counsel is currently reviewing the production.

### G. Bittrex, LLC

Bittrex, LLC is a digital currency exchange that allows individuals and businesses to buy and sell cryptocurrencies and digital tokens. On Sunday, April 10, 2016, certain cryptocurrency activity took place at Bittrex which had been previously associated with Cryptsy. Knowledgeable experts in the industry who were aware of the receivership immediately contacted Bittrex and immediately contacted my counsel informing both of such activity.

On April 11, 2016, I served Bittrex with a demand letter and subpoena. Copies of the demand letter and subpoena are attached as Composite Exhibit G.

In the demand letter, I requested that Bittrex freeze any accounts or wallets in Cryptsy's name. In the subpoena, I requested, among other things, documents regarding account activity in Cryptsy accounts or wallets.

On April 13, 2016, my counsel attended a conference call with a Bittrex representative and Bittrex's counsel. During that call, Bittrex confirmed that it had frozen a wallet of cryptocurrencies in the amount of at least $100,000. Bittrex also represented that it would provide a written response to the demand letter explaining what exactly had been frozen and would produce certain documents responsive to the subpoena. As of this First Report, Bittrex has not done such and I will be following-up.

Finally, during the Bittrex call, Bittrex requested that I provide a tracing analysis for the frozen wallet. I have prepared that analysis tracing the account activity from April 10, 2016 to prior Cryptsy-associated activities. I intend to provide the analysis to Bittrex.

### H.  Vault Networks, Inc.

On April 12, 2016, my counsel received an anonymous email from a disposable email address stating that Cryptsy's servers are located at Vault Networks, Inc. in Miami.  That same day, I served Vault Networks with a demand letter.  A copy of the demand letter is attached as Exhibit H.

In the demand letter, I requested that Vault Networks confirm whether or not it has Cryptsy's servers and, if so, to preserve and protect them and all information on them.  In the interim and recently, I have learned through independent information that Vault Networks, indeed, has Cryptsy's servers.

My counsel and I repeatedly corresponded with Vault Networks regarding these time-sensitive issues and scheduling a prompt meeting to access the servers, all of which were without success.  Therefore, on May 2, 2016, I moved to immediately compel Vault Networks to provide access to the Cryptsy servers on or before Friday, May 6, 2016, so I can determine what information is there, especially prior and current wallet information for the investors' benefit [DE 43].  On May 3, 2016, the Court granted my motion to compel [DE 44].  In response to the Order, Vault Networks has finally agreed to provide access to the Cryptsy servers on Friday, May 6, 2016, at which time I will attempt to determine prior and current wallet information and attempt to secure potential cryptocurrencies and/or funds for the investors' benefit.

### I.  Digital Ocean, Inc.

Soon after my appointment, I discovered that Digital Ocean was the internet service provider for the www.cryptsy.com website.  On April 8, 2016, I served Digital Ocean with a demand letter.  A copy of the demand letter is attached as Exhibit I.  As of my demand letter, the website content stated that the site was down for maintenance.

In the demand letter, I requested that Digital Ocean only answer to me as Receiver for Cryptsy's website content and to include content on the website regarding my name, my appointment as Receiver and my counsel's name and contact information.

Digital Ocean has not honored my request to include information regarding the receivership, but has removed the maintenance content on the website. There is currently nothing displayed when someone tries to go to www.cryptsy.com.

## VI.   Preservation of Assets

### A.  Open Accounts and Positions

As stated above, there is at least one wallet currently frozen at Bittrex which I have asserted is derived from Cryptsy. I expect to receive Bittrex's report in the near future which will provide more details on the issue. Bittrex has verbally represented to me that the frozen wallet has more than $100,000 in cryptocurrencies.

I am continuing to investigate, search for and secure all wallets or accounts in Cryptsy's name or derived from Cryptsy for the investors' benefit.

### B.  Bank and Exchange Accounts

As stated above, I learned that Cryptsy had bank accounts at TD Bank and SunTrust Bank, and cryptocurrency wallets/accounts at Coinbase and Bittrex. I served the Appointment Order in demand letters and subpoenas on these institutions to ensure my file is complete with Cryptsy's account records. I have begun reviewing and will continue to review account records for the most significant and relevant monetary transactions for the investors' benefit. I expect to receive the remaining subpoenaed records in the near future.

I may also retain a forensic accountant who will analyze the most relevant financial records to determine the use of Cryptsy's funds and cryptocurrencies, the amounts owed to investors, and potential claims against third parties.

### C. Real Estate

As stated above, the Delay Beach property located at 16832 Charles River Drive, Delray Beach, Florida 33446 is receivership property.  Absent a prompt resolution, I will be filing a separate ancillary receivership lawsuit against Ms. Nettles.

### D. Personal Items

Ms. Nettles drives an Infiniti QX80 SUV purchased in January 2015 for $82,353.66 in cash.  Like the Delray Beach property (also purchased in cash), Cryptsy-derived funds were the source of this purchase.  Therefore, the Infiniti, which likely has a current value of over $60,000, is also a receivership asset which should be immediately turned over to me as Receiver for the investors' benefit, absent which I will be filing a separate ancillary receivership lawsuit against Ms. Nettles.

I am continuing to investigate what other personal assets, whether possessed by Ms. Nettles or any others, may be subject to this proceeding.

### E. Office Furniture, Fixtures, and Equipment

I am continuing to investigate what, if any, office furniture, fixtures or equipment Cryptsy owned to secure and liquidate.  In addition, because Cryptsy no longer had an office as of my appointment, there were no premises to vacate and no need to attempt to obtain the premises' landlord's agreement to excuse Cryptsy for any future rent.

### F. Defendants' Accounting of Assets

The Appointment Order – in Section IX – requires Defendants to provide an accounting

regarding various Cryptsy items to me within 30 days of my appointment (*i.e.*, on or before May 4, 2016). As of this First Report, I have not received such from Mr. Vernon or Ms. Nettles, although I anticipate that certain documents previously produced by Ms. Nettles in response to my document requests will satisfy certain accounting items.

## VII.   Forensic Accounting and Discovery

As stated above, I may retain a forensic accounting firm to assist me in my receivership obligations. I will file a formal motion with the Court to retain the accounting firm.

I will also investigate and contact accounting firms that worked for Cryptsy during its operations pre-receivership. One important issue will be to determine the status of Cryptsy's tax returns for prior tax years.

## VIII.   Website

I will likely establish a website in the near future, which informs investors: (1) that Cryptsy is now subject to receivership; (2) of certain filings, such as my Reports, lawsuits filed and important court documents filed in the underlying class action/receivership proceeding; (3) of my various duties, such as securing funds or cryptocurrencies for the investors' benefit; and (4) of the general progress of the overall receivership proceeding. The website will be the easiest way to communicate with a large amount of investors.

## IX.   Conclusion

My overall investigation is still in its infancy and will be ongoing. I will continue to search for and attempt to secure funds, cryptocurrencies, accounts and wallets in Cryptsy's name or derived from Cryptsy. I will continue to review relevant bank and exchange records. I will continue to investigate potential claims against third parties. I will continue to search for a master

investor list with contact information and continue to correspond and/or speak with investors.  I

will supplement this First Report with my Second Report within ninety (90) days from today.

_____
James D. Sallah,
Receiver

Dated: May 4, 2016

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 6, 2016

**Via Electronic Mail (**██████████████**)**

Paul Vernon
P.O. Box 7646
Delray Beach, FL 33482

RE:   **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla. - Case No. 9:16-cv-80060-MARRA**

Dear Mr. Vernon:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I will refer to Project Investors, Inc. as Cryptsy in this letter. I have enclosed the Appointment Order for purposes of service on you. Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's assets and its books and records.

Pursuant to Sections III, IV, V, VI, VII and VIII of the Appointment Order, please immediately deliver to me the following documents and information by no later than seven (7) calendar days from today – *i.e.*, **Wednesday, April 13, 2016**:

1.  an accounting of every penny of all monies invested by Cryptsy investors and now allegedly missing;
2.  a list of all of Cryptsy's past and present assets;
3.  a list of all of Cryptsy's past and present bank accounts, by bank, account type and account number;
4.  a list of all of Cryptsy's past and present accounts at any other financial institution, including, but not limited to, Coinbase, Inc., including by institution, account type and account number;
5.  a list of all of Cryptsy's present liabilities;
6.  the name and contact information of Cryptsy's past and present shareholders, officers and directors;

1



7. an accounting of all distributions, compensation or other items of value paid or transferred to past and present Cryptsy shareholders;

8. a list of all past and present Cryptsy employees and contractors, with contact information, job title and a description of services performed;

9. an accounting of all compensation or other items of value paid or transferred to past and present Cryptsy employees and contractors;

10. a list of all current lawsuits, other than this case in which Cryptsy or you are a party, the name and contact information for the lawyers, who are the plaintiffs and defendants, the status of the cases, and copies of all filings in the cases;

11. a list of all of Cryptsy's past and present investors by name, contact information, investments made, investments redeemed, and dates for all transactions;

12. the status of Cryptsy's current operations, including past and present account activity;

13. all of Cryptsy's files, books, and records and their location;

14. all of Cryptsy's account statements from banks (including, but not limited to, TD Bank and SunTrust Bank), Coinbase, Inc. and any other financial institutions from inception to the present;

15. all of Cryptsy's account opening documents from banks (including, but not limited to, TD Bank and SunTrust Bank), Coinbase, Inc. and any other financial institutions from inception to the present;

16. all loan or note documents for loans/notes made by and/or made to Cryptsy;

17. a list of the payors for each loan/note by name and contact information;

18. principal amount currently owed with interest for each loan/note;

19. Cryptsy's past and present places of business and addresses;

20. the name and address of the landlord for any leased space;

21. a copy of all lease agreements;

22. the location of and inspection of all of Cryptsy's computers and servers;

23. the location of and inspection of your personal laptop regarding Cryptsy;

24. who received redemptions from Cryptsy, the amounts, the dates, the reason for each redemption, and the relevant documents for such;

25. the name and contact information for Cryptsy's in-house and/or outside accountants before the receivership;

26. the name and contact information for Cryptsy's in-house and/or outside legal counsel before the receivership;

27. the web host company for Cryptsy's website;

28. all documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of Cryptsy;

29. all documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of Cryptsy;

30. all documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

31. all documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of Cryptsy;

32. all documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of Cryptsy;

2

33.   All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

34.   All documents regarding converting bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of Cryptsy;

35.   All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

36.   All documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

37.   All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys regarding Cryptsy or its investors;

38.   All documents regarding Cryptsy investments or investments made by investors through Cryptsy;

39.   All correspondence, including emails and text messages, between Coinbase and Cryptsy;

40.   All correspondence, including emails and text messages, between Coinbase and you; and

41.   All documents regarding the source of funds used to purchase the Delray Beach house.

In addition, please provide by **April 13, 2016**, the assets, documents, and information required to be turned over to me pursuant to Section VII of the Appointment Order.  Please note that, notwithstanding this demand letter, you are still obligated to provide the Court-ordered accounting to me on or before **April 16, 2016**, pursuant to Section IX of the Appointment Order.

Finally, I understand that you are currently living and working in China.  However, I will need to speak with you regarding dozens of issues involving Cryptsy as soon as possible.  Please provide your availability for a conference call as soon as possible and no later than **Friday, April 8, 2016**.

Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

Encl.
cc:    Patrick J. Rengstl, Esq.

3

**JAMES D. SALLAH,**
**Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a**
**CRYPTSY**

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 8, 2016

<u>**Via Electronic Mail**</u>

**Lorie Ann Nettles**
c/o Mark A. Levy, Esq.
George J. Taylor, Esq.
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301

AND

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301

  RE: **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla.**
    **- Case No. 9:16-cv-80060-MARRA**

Dear Messrs. Levy and Taylor:

  Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I will refer to Project Investors, Inc. as Cryptsy in this letter. I have enclosed the Appointment Order for purposes of service on you/your firm and your client, Defendant Lorie Ann Nettles. Please confirm that you are accepting service of the Appointment Order on her behalf. I was appointed over, among other things, Cryptsy's assets and its books and records.

1



**EXHIBIT**

B

Pursuant to Sections III, IV, V, VI, VII and VIII of the Appointment Order, please immediately deliver to me the following documents and information by no later than seven (7) calendar days from today – *i.e.*, **Friday, April 15, 2016**:

1. an accounting of every penny of all monies invested by Cryptsy investors and now allegedly missing;
2. a list of all of Cryptsy's past and present assets;
3. a list of all of Cryptsy's past and present bank accounts, by bank, account type and account number;
4. a list of all of Cryptsy's past and present accounts at any other financial institution, including, but not limited to, Coinbase, Inc., by institution, account type and account number;
5. a list of all of Cryptsy's present liabilities;
6. the name and contact information of Cryptsy's past and present shareholders, officers and directors, including Paul Vernon;
7. an accounting of all distributions, compensation, monies, bitcoins, cryptocurrencies or other items of value paid or transferred to past and present Cryptsy shareholders, including Paul Vernon;
8. a list of all past and present Cryptsy employees and contractors, with contact information, job title and a description of services performed;
9. an accounting of all compensation, monies, bitcoins, cryptocurrencies or other items of value paid or transferred to past and present Cryptsy employees and contractors;
10. a list of all current lawsuits, other than this case in which Cryptsy and Ms. Nettles are parties, the name and contact information for the lawyers, who are the plaintiffs and defendants, the status of the cases, and copies of all filings in the cases;
11. a list of all of Cryptsy's past and present investors by name, contact information, investments made, investments redeemed and dates for all transactions;
12. the status of Cryptsy's current operations, including past and present account activity;
13. all of Cryptsy's files, books, and records and their location;
14. all of Cryptsy's account statements from banks (including, but not limited to, TD Bank and SunTrust Bank), Coinbase, Inc. and any other financial institutions from inception to the present;
15. all of Cryptsy's account statements from credit card companies from inception to the present;
16. all of Cryptsy's account opening documents from banks (including, but not limited to, TD Bank and SunTrust Bank), Coinbase, Inc. and any other financial institutions from inception to the present;
17. all loan or note documents for loans/notes made by and/or made to Cryptsy;
18. a list of the payors for each loan/note by name and contact information;
19. principal amount currently owed with interest for each loan/note;
20. Cryptsy's past and present places of business and addresses;
21. the name and address of the landlord for any leased space;
22. a copy of all lease agreements;

2

23. the location of and inspection of all of Cryptsy's computers and servers;

24. the location of and inspection of Paul Vernon's personal laptop regarding Cryptsy;

25. who received redemptions from Cryptsy, the amounts, the dates, the reason for each redemption, and the relevant documents for such;

26. the name and contact information for Cryptsy's in-house and/or outside accountants before the receivership;

27. the name and contact information for Cryptsy's in-house and/or outside legal counsel before the receivership;

28. all documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of Cryptsy;

29. all documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of Cryptsy;

30. all documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

31. all documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of Cryptsy;

32. all documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of Cryptsy;

33. all documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

34. all documents regarding converting bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of Cryptsy;

35. all documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

36. all documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy;

37. all documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys regarding Cryptsy or its investors;

38. all documents regarding Cryptsy investments or investments made by investors through Cryptsy;

39. all correspondence, including emails and text messages, between Coinbase and Cryptsy;

40. all correspondence, including emails and text messages, between Coinbase and Paul Vernon;

41. all correspondence, including emails and text messages, between Ms. Nettles and Paul Vernon regarding the subject class action lawsuit and/or the subject receivership;

42. all documents regarding the source of funds used to purchase the Delray Beach house;

43. all documents regarding the source of funds used to purchase automobiles, including the Infinitis, from January 1, 2013 to the present;

3

44.   all of Paul Vernon's account statements, whether solely or jointly in his name, from banks (including, but not limited to, TD Bank) and any other financial institutions for account activity from January 1, 2013 to the present;

45.   all of Ms. Nettles' account statements, whether solely or jointly in her name, from banks (including, but not limited to, TD Bank) and any other financial institutions for account activity from January 1, 2013 to the present;

46.   all of Paul Vernon's credit card account statements, whether solely or jointly in his name, for account activity from January 1, 2013 to the present;

47.   all of Ms. Nettles' credit card account statements, whether solely or jointly in her name, for account activity from January 1, 2013 to the present;

48.   a list of all purchases for $2,500 or more by Paul Vernon and/or Ms. Nettles from January 1, 2013 to present, including, but not limited to, real estate, jewelry, automobiles, artwork, clothing, shoes, handbags, stocks, cryptocurrencies, other types of investments or anything else of value exceeding $2,500;

49.   other than the items transferred between Paul Vernon and Ms. Nettles in the divorce proceeding, a list of all items transferred to any third parties with a value of $2,500 or more by Paul Vernon and/or Ms. Nettles from January 1, 2013 to present, including, but not limited to, cash, money/currency, cryptocurrencies, real estate, jewelry, automobiles, artwork, clothing, shoes, handbags, stocks, cryptocurrencies, other types of investments or anything else of value exceeding $2,500; and

50.   the discovery exchanged by both Ms. Nettles and Paul Vernon in the divorce proceeding.

As Mr. Rengstl and you discussed last week, if you need a reasonable amount of additional time to produce documents, please advise Mr. Rengstl as soon as possible.

In addition, please provide by **April 15, 2016**, the assets, documents and information required to be turned over to me pursuant to Section VII of the Appointment Order (again, if you need more time, please advise Mr. Rengstl). Please note that, notwithstanding this demand letter, you are still obligated to provide the Court-ordered accounting to me on or before **May 4, 2016**, pursuant to Section IX of the Appointment Order.

Finally, I will need to schedule your client for deposition, which will likely be after she produces documents. Please advise your own and your client's availability for deposition during the **week of April 25, 2016**.

Please contact Mr. Rengstl immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

Encl.; cc:      Patrick J. Rengstl, Esq.

4

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 6, 2016

**Via Email (** ▬▬▬▬▬▬▬▬▬ **)**

Kaushal "Ken" Majmudar
51 John F. Kennedy Parkway
1st Floor West
Short Hills, NJ 07078

AND

Ridgewood Investments LLC
c/o Kaushal "Ken" Majmudar
51 John F. Kennedy Parkway
1st Floor West
Short Hills, NJ 07078

RE:   Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla.
      - Case No. 9:16-cv-80060-MARRA

Dear Mr. Majmudar:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on you and your company Ridgewood Investments, LLC ("Ridgewood"). Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's accounts and its books and records.

Pursuant to Section II of the Appointment Order, please ensure that you and Ridgewood Investments immediately freeze any and all assets and/or accounts in the name of Project Investors, Inc. or Cryptsy. Also, pursuant to Section XII (para. 31) of the Appointment Order, please ensure timely compliance with the disclosure of the Court-ordered information/documents within three (3) calendar days. Finally, please provide copies of the requested documents in the enclosed

1



Subpoena within three (3) calendar days pursuant to Section III (para. 8.Q) of the Appointment Order.

Finally, I will need to speak with you regarding several issues involving Cryptsy as soon as possible. Please provide your availability for a conference call as soon as possible and no later than **Friday, April 8, 2016**.

Thank you for your cooperation. Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

Encl.
cc:     Patrick J. Rengstl, Esq.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

     Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Civil Action No. 9:16-cv-80060-MARRA**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Kaushal "Ken" Majmudar**
      **51 John F. Kennedy Parkway**
      **1st Floor West**
      **Short Hills, NJ 07078**
      **(Via Email ▮▮▮▮▮▮▮▮▮▮▮▮▮)**

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  April 6, 2016.

*CLERK OF COURT*

                             OR

_____       _____
  *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South
Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "You" or "your" means Kaushal "Ken" Majmudar.

6.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

7.     The term "each" means "each and every," and the term "every" means "each and every."

8.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

9.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

10.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

11.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

    a.    All/Each. The terms "all" and "each" shall be construed as "all and each."

    b.    And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

    c.    Number. The singular form of any word includes the plural and vice versa.

2.    If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

    a.    State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

    b.    State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.    All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.    Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.    The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Your entire file on Project Investors or Cryptsy.

2.      All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Project Investors or Cryptsy.

3.      All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Paul Vernon.

4.      All documents regarding any work or services that you provided to Project Investors or Cryptsy.

5.      All documents regarding any work or services that you provided to Paul Vernon.

6.      All documents regarding your promissory note, including the note itself, with Project Investors or Cryptsy.

7.      All documents regarding any contracts between you and Project Investors or Cryptsy.

8.      All documents regarding the names and contact information for employees or contractors for Project Investors or Cryptsy.

9.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.     All correspondence, including emails and text messages, between you and Project Investors or Cryptsy.

11.     All correspondence, including emails and text messages, between you and Paul Vernon.

12.     All documents regarding the identification of and contact information for Project Investor's or Cryptsy's investors.

13.     All documents regarding events you attended on behalf of Project Investors or Cryptsy.

14.     All documents from your Twitter account regarding Project Investors/Cryptsy or Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Ridgewood Investments LLC**
        **c/o Kaushal "Ken" Majmudar**
        **51 John F. Kennedy Parkway**
        **1st Floor West**
        **Short Hills, NJ 07078**
        **(Via Email** ▮▮▮▮▮▮▮▮▮▮▮**)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached as Exhibit "A" is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>       Payton & Associates, LLC<br>       One Biscayne Tower<br>       2 South Biscayne Boulevard, Suite 1600<br>       Miami, Florida 33131<br>       Telephone: 305.372.3500, ext. 123<br>       Facsimile: 305.577.4895 | Date and Time: April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  April 6, 2016.

*CLERK OF COURT*

                                     OR

_____         _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver _____, who issues or requests
this subpoena are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

**a) In General.**

**(1)** *Form and Contents.*

**(A)** *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States.* A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4)** *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) **Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "Ridgewood Investments" means Ridgewood Investments LLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

6.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

7.      The term "each" means "each and every," and the term "every" means "each and every."

8.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

9.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

10.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

11.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

    a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

    b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

    c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

    a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

    b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1. Ridgewood Investments' entire file on Project Investors or Cryptsy.

2. All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Ridgewood Investments received from Project Investors or Cryptsy.

3. All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Ridgewood Investments received from Paul Vernon.

4. All documents regarding any work or services that Ridgewood Investments provided to Project Investors or Cryptsy.

5. All documents regarding any work or services that Ridgewood Investments provided to Paul Vernon.

6. All documents regarding promissory notes, including the notes themselves, with Project Investors or Cryptsy.

7. All documents regarding any contracts between Ridgewood Investments and Project Investors or Cryptsy.

8. All documents regarding the names and contact information for employees or contractors for Project Investors or Cryptsy.

9. All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10. All correspondence, including emails and text messages, between Ridgewood Investments and Project Investors/Cryptsy.

11.    All correspondence, including emails and text messages, between Ridgewood Investments and Paul Vernon.

12.    All documents regarding the identification of and contact information for Project Investors' or Cryptsy's investors.

13.    All documents regarding events Ridgewood Investments attended on behalf of Project Investors or Cryptsy.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 9:16-cv-80060-MARRA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Ridgewood Investments Inc.**
      **c/o Mitchell Beinhaker, Esq.**
      **(Via Email info@beinlaw.com)**

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  April 6, 2016.

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
**Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com**

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

### DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "Ridgewood Investments" means Ridgewood Investments Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

6.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

7.     The term "each" means "each and every," and the term "every" means "each and every."

8.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

9.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

10.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

11.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

a.     All/Each. The terms "all" and "each" shall be construed as "all and each."

b.     And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number. The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Ridgewood Investments' entire file on Project Investors or Cryptsy.

2.      All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Ridgewood Investments received from Project Investors or Cryptsy.

3.      All documents regarding any and all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Ridgewood Investments received from Paul Vernon.

4.      All documents regarding any work or services that Ridgewood Investments provided to Project Investors or Cryptsy.

5.      All documents regarding any work or services that Ridgewood Investments provided to Paul Vernon.

6.      All documents regarding promissory notes, including the notes themselves, with Project Investors or Cryptsy.

7.      All documents regarding any contracts between Ridgewood Investments and Project Investors or Cryptsy.

8.      All documents regarding the names and contact information for employees or contractors for Project Investors or Cryptsy.

9.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.     All correspondence, including emails and text messages, between Ridgewood Investments and Project Investors/Cryptsy.

11.     All correspondence, including emails and text messages, between Ridgewood Investments and Paul Vernon.

12.     All documents regarding the identification of and contact information for Project Investors' or Cryptsy's investors.

13.     All documents regarding events Ridgewood Investments attended on behalf of Project Investors or Cryptsy.

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 6, 2016

**Via Hand-Delivery**

**TD Bank**
**1103 Brickell Avenue**
**Miami, FL 33131**

RE:   **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla.**
**- Case No. 9:16-cv-80060-MARRA**

Dear Sir/Madam:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on TD Bank. Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's accounts and its books and records.

Pursuant to Section II of the Appointment Order, please ensure that TD Bank <u>immediately</u> freezes any and all accounts in the name of Project Investors, Inc. or Cryptsy. Also, pursuant to Section XII (para. 31) of the Appointment Order, please ensure timely compliance with the disclosure of the Court-ordered information/documents within three (3) calendar days. Finally, please provide copies of the requested documents in the enclosed Subpoena within three (3) calendar days pursuant to Section III (para. 8.Q) of the Appointment Order.

Thank you for your cooperation. Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

1

**EXHIBIT**

D

Encl.
cc:     Patrick J. Rengstl, Esq.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 9:16-cv-80060-MARRA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **TD Bank**
**1103 Brickell Avenue**
**Miami, FL 33131**
**(Via Hand-Delivery)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile: 305.577.4895 | Date and Time: April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
| --- | --- |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   April 6, 2016.

          *CLERK OF COURT*

         _____   OR    _____
          *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

**a) In General.**

**(1)** *Form and Contents.*

**(A)** *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States.* A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4)** *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.     The term "each" means "each and every," and the term "every" means "each and every."

7.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

   a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      All account statements solely or jointly in the name of Project Investors from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.      All account statements solely or jointly in the name of Cryptsy from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

3.      All check books, check stubs, cleared checks, deposit slips, withdrawal slips, cancelled checks, wire deposit slips, wire transfer deposit and withdrawal slips, and debit and credit memos from any and all accounts solely or jointly in the name of Project Investors.

4.      All check books, check stubs, cleared checks, deposit slips, withdrawal slips, cancelled checks, wire deposit slips, wire transfer deposit and withdrawal slips, and debit and credit memos from any and all accounts solely or jointly in the name of Cryptsy.

5.      All account opening documents for all accounts solely or jointly in the name of Project Investors.

6.      All account opening documents for all accounts solely or jointly in the name of Cryptsy.

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 6, 2016

**Via Hand-Delivery**

**SunTrust Bank**
**1 SE 3rd Avenue**
**Miami, FL 33131**

RE:   **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla. - Case No. 9:16-cv-80060-MARRA**

Dear Sir/Madam:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on SunTrust Bank. Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's accounts and its books and records.

Pursuant to Section II of the Appointment Order, please ensure that SunTrust Bank immediately freezes any and all accounts in the name of Project Investors, Inc. or Cryptsy. Also, pursuant to Section XII (para. 31) of the Appointment Order, please ensure timely compliance with the disclosure of the Court-ordered information/documents within three (3) calendar days. Finally, please provide copies of the requested documents in the enclosed Subpoena within three (3) calendar days pursuant to Section III (para. 8.Q) of the Appointment Order.

Thank you for your cooperation. Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

1

EXHIBIT
E

Encl.
cc:    Patrick J. Rengstl, Esq.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     **SunTrust Bank**
**1 SE 3ʳᵈ Avenue**
**Miami, FL 33131**
**(Via Hand-Delivery)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>         Payton & Associates, LLC<br>         One Biscayne Tower<br>         2 South Biscayne Boulevard, Suite 1600<br>         Miami, Florida 33131<br>         Telephone: 305.372.3500, ext. 123<br>         Facsimile:  305.577.4895 | Date and Time:   April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  April 6, 2016.

*CLERK OF COURT*

_____          OR          _____
Signature of Clerk or Deputy Clerk                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
James D. Sallah, Receiver _____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

**a) In General.**

**(1) *Form and Contents.***

**(A)** *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2) *Issuing Court.*** A subpoena must issue from the court where the action is pending.

**(3) *Issued by Whom.*** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4) *Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1) *By Whom and How; Tendering Fees.*** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2) *Service in the United States.*** A subpoena may be served at any place within the United States.

**(3) *Service in a Foreign Country.*** 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4) *Proof of Service.*** Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  **(i)** expressly make the claim; and

  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.    The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.    "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.    "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.    "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.     The term "each" means "each and every," and the term "every" means "each and every."

6.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from January 1, 2013 to the present.

## DOCUMENTS TO BE PRODUCED

1.     All account statements solely or jointly in the name of Project Investors from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.     All account statements solely or jointly in the name of Cryptsy from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

3.     All check books, check stubs, cleared checks, deposit slips, withdrawal slips, cancelled checks, wire deposit slips, wire transfer deposit and withdrawal slips, and debit and credit memos from any and all accounts solely or jointly in the name of Project Investors.

4.     All check books, check stubs, cleared checks, deposit slips, withdrawal slips, cancelled checks, wire deposit slips, wire transfer deposit and withdrawal slips, and debit and credit memos from any and all accounts solely or jointly in the name of Cryptsy.

5.     All account opening documents for all accounts solely or jointly in the name of Project Investors.

6.     All account opening documents for all accounts solely or jointly in the name of Cryptsy.

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 6, 2016

**Via Electronic Mail (support@coinbase.com) and Federal Express**

Coinbase, Inc.
548 Market Street #23008
San Francisco, CA 94104

      RE:    Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla. - Case No. 9:16-cv-80060-MARRA

Dear Sir/Madam:

    Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on Coinbase, Inc. ("Coinbase"). Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's accounts and its books and records.

    Pursuant to Section II of the Appointment Order, please ensure that Coinbase <u>immediately</u> freezes any and all accounts in the name of Project Investors, Inc. or Cryptsy. Also, pursuant to Section XII (para. 31) of the Appointment Order, please ensure timely compliance with the disclosure of the Court-ordered information/documents within three (3) calendar days. Finally, please provide copies of the requested documents in the enclosed Subpoena within three (3) calendar days pursuant to Section III (para. 8.Q) of the Appointment Order.

    Thank you for your cooperation. Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

EXHIBIT

F

Encl.
cc:    Patrick J. Rengstl, Esq.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | ) ) ) ) ) **Civil Action No. 9:16-cv-80060-MARRA** ) ) ) ) ) ) ) ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Coinbase, Inc.**
      **548 Market Street #23008**
      **San Francisco, CA 94104**
      **(Via Electronic Mail (support@coinbase.com) and Federal Express)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq. <br> Payton & Associates, LLC <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Telephone: 305.372.3500, ext. 123 <br> Facsimile: 305.577.4895 | Date and Time: April 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   April 6, 2016.

*CLERK OF COURT*

_____            OR            *Patty J. Rengstl* _____
      *Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver                                            , who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number. The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.      All account statements solely or jointly in the name of Project Investors.

2.      All account statements solely or jointly in the name of Cryptsy.

3.      All documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of Project Investors.

4.      All documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of Cryptsy.

5.      All documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of Project Investors.

6.      All documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of Cryptsy.

7.      All documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Project Investors.

8.      All documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy.

9.      All documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of Project Investors.

10.      All documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of Cryptsy.

11.      All documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of Project Investors.

12.      All documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of Cryptsy.

13.     All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Project Investors.

14.     All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy.

15.     All documents regarding converting or exchanging bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of Project Investors.

16.     All documents regarding converting bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of Cryptsy.

17.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Project Investors.

18.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy.

19.     All account opening documents for all Coinbase accounts solely or jointly in the name of Project Investors.

20.     All account opening documents for all Coinbase accounts solely or jointly in the name of Cryptsy.

21.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Project Investors.

22.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Cryptsy.

23.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Coinbase accounts solely or jointly in the name of Project Investors.

24.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Coinbase accounts solely or jointly in the name of Cryptsy.

25.     All account statements solely or jointly in the name of Paul Vernon.

26.     All documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of Paul Vernon.

27.     All documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of Paul Vernon.

28.     All documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Paul Vernon.

29.     All documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of Paul Vernon.

30.     All documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of Paul Vernon.

31.     All documents regarding storing, buying, selling, trading, exchanging or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Paul Vernon.

32.     All documents regarding converting or exchanging bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of Paul Vernon.

33.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Paul Vernon.

34.     All account opening documents for all Coinbase accounts solely or jointly in the name of Paul Vernon.

35.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of Paul Vernon.

36.     All documents regarding Cryptsy investments or investments made by investors through Cryptsy.

37.     All correspondence, including emails and text messages, between Coinbase and Cryptsy.

38.     All correspondence, including emails and text messages, between Coinbase and Paul Vernon.

39.     All documents in Coinbase's file on Project Investors.

40.     All documents in Coinbase's file on Cryptsy.

41.     All documents in Coinbase's file on Paul Vernon.

## JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a
## CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 11, 2016

**Via Electronic Mail (support@bittrex.com) and Federal Express**

**Bittrex, LLC**
**6077 S. Ft. Apache Road**
**Suite 100**
**Las Vegas, NV 89148**

      **RE:**    **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla.**
              **- Case No. 9:16-cv-80060-MARRA**

Dear Sir/Madam:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on Bittrex, LLC ("Bittrex"). Pursuant to the Appointment Order, I was appointed over, among other things, Cryptsy's accounts and its books and records.

Pursuant to Section II of the Appointment Order, please ensure that Bittrex <u>immediately</u> freezes any and all accounts or wallets in the name of Project Investors, Inc. or Cryptsy. Please also ensure that Bittrex <u>immediately</u> freezes any and all accounts or wallets in the name of Paul Vernon or accounts/wallets opened at his direction. Our understanding is that Cryptsy funds have been moved to Bittrex and funds may have already been liquidated.

Pursuant to Section XII (para. 31) of the Appointment Order, please ensure timely compliance with the disclosure of the Court-ordered information/documents within three (3) calendar days. Finally, please provide copies of the requested documents in the enclosed Subpoena within three (3) calendar days pursuant to Section III (para. 8.Q) of the Appointment Order.



EXHIBIT
6

Thank you for your cooperation.  Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

Encl.
cc:     Patrick J. Rengstl, Esq.

# UNITED STATES DISTRICT COURT
for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | )<br>)<br>)<br>)   Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## <u>OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION</u>

TO:     **Bittrex, LLC**
        **6077 S. Ft. Apache Road**
        **Suite 100**
        **Las Vegas, NV 89148**
        **(Via Electronic Mail (<u>support@bittrex.com</u>) and Federal Express)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq. <br> Payton & Associates, LLC <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Telephone: 305.372.3500, ext. 123 <br> Facsimile:  305.577.4895 | Date and Time: April 14, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   April 11, 2016.

        *CLERK OF COURT*
                             OR

_____            _____
   *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
<u>James D. Sallah, Receiver</u>
_____ , who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; <u>rengstl@payton-law.com</u>

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Bittrex" means Bittrex, LLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## <u>INSTRUCTIONS</u>

1.      The following rules apply to all discovery requests:

     a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

4

b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number. The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.     All account statements solely or jointly in the name of Project Investors.

2.     All account statements solely or jointly in the name of Cryptsy.

3.     All documents regarding detailed account activity for Bittrex accounts solely or jointly in the name of Project Investors.

4.     All documents regarding detailed account activity for Bittrex accounts solely or jointly in the name of Cryptsy.

5.     All documents regarding deposits of currency or money in Bittrex accounts solely or jointly in the name of Project Investors.

6.     All documents regarding deposits of currency or money in Bittrex accounts solely or jointly in the name of Cryptsy.

7.     All documents regarding deposits of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Project Investors.

8.     All documents regarding deposits of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Cryptsy.

9.     All documents regarding withdrawals of currency or money from Bittrex accounts solely or jointly in the name of Project Investors.

10.     All documents regarding withdrawals of currency or money from Bittrex accounts solely or jointly in the name of Cryptsy.

11.     All documents regarding withdrawals of bitcoins or cryptocurrencies from Bittrex accounts solely or jointly in the name of Project Investors.

12.     All documents regarding withdrawals of bitcoins or cryptocurrencies from Bittrex accounts solely or jointly in the name of Cryptsy.

13.     All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Project Investors.

14.     All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Cryptsy.

15.     All documents regarding converting or exchanging bitcoins or cryptocurrencies into currency, products, services or otherwise in Bittrex accounts solely or jointly in the name of Project Investors.

16.     All documents regarding converting bitcoins or cryptocurrencies into currency, products, services or otherwise in Bittrex accounts solely or jointly in the name of Cryptsy.

17.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Project Investors.

18.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Cryptsy.

19.     All account opening documents for all Bittrex accounts solely or jointly in the name of Project Investors.

20.     All account opening documents for all Bittrex accounts solely or jointly in the name of Cryptsy.

21.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Project Investors.

22.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Cryptsy.

7

23.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Bittrex accounts solely or jointly in the name of Project Investors.

24.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Bittrex accounts solely or jointly in the name of Cryptsy.

25.     All account statements solely or jointly in the name of Paul Vernon.

26.     All documents regarding detailed account activity for Bittrex accounts solely or jointly in the name of Paul Vernon.

27.     All documents regarding deposits of currency or money in Bittrex accounts solely or jointly in the name of Paul Vernon.

28.     All documents regarding deposits of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Paul Vernon.

29.     All documents regarding withdrawals of currency or money from Bittrex accounts solely or jointly in the name of Paul Vernon.

30.     All documents regarding withdrawals of bitcoins or cryptocurrencies from Bittrex accounts solely or jointly in the name of Paul Vernon.

31.     All documents regarding storing, buying, selling, trading, exchanging or using bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Paul Vernon.

32.     All documents regarding converting or exchanging bitcoins or cryptocurrencies into currency, products, services or otherwise in Bittrex accounts solely or jointly in the name of Paul Vernon.

33.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Paul Vernon.

34.     All account opening documents for all Bittrex accounts solely or jointly in the name of Paul Vernon.

35.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Bittrex accounts solely or jointly in the name of Paul Vernon.

36.     All documents regarding Cryptsy investments or investments made by investors through Cryptsy.

37.     All correspondence, including emails and text messages, between Bittrex and Cryptsy.

38.     All correspondence, including emails and text messages, between Bittrex and Paul Vernon.

39.     All documents in Bittrex's file on Project Investors.

40.     All documents in Bittrex's file on Cryptsy.

41.     All documents in Bittrex's file on Paul Vernon.

**JAMES D. SALLAH,**
**Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a**
**CRYPTSY**

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 12, 2016

**Via Hand-Delivery**

Vault Networks
100 N. Biscayne Blvd. Suite 604
Miami, FL 33132

> RE:   **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla.**
> **- Case No. 9:16-cv-80060-MARRA**

Dear Sir/Madam:

Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on Vault Networks.

My understanding is that Cryptsy's server (www.cryptsy.com) was maintained through Vault Networks. Pursuant to Section X (para. 25) of the Appointment Order, among other sections, please ensure that the server and all electronically stored information is protected, preserved and not altered or destroyed in any manner whatsoever. Please also ensure that no server activity and decisions regarding the server are conducted by anyone other than me as Receiver or through my counsel. My counsel (who is copied on this letter) will also need to discuss certain issues with a representative of Vault Networks as soon as possible this week. Please contact my counsel (Patrick J. Rengstl, Esq.) at 305.372.3500 ext. 123; rengstl@payton-law.com. Thank you for your cooperation.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

**EXHIBIT**

14

Encl.
cc:    Patrick J. Rengstl, Esq.

# JAMES D. SALLAH,
## Court-Appointed Receiver for PROJECT INVESTORS, INC. d/b/a CRYPTSY

ONE BOCA PLACE
2255 GLADES ROAD, SUITE 300E
BOCA RATON, FLORIDA 33431

TEL: (561) 989-9080
FAX: (561) 989-9020
Email : jds@sallahlaw.com

April 8, 2016

**Via Email (noc@digitalocean.com) and U.S. Mail**

**Digital Ocean, Inc.**
**101 Avenue of the Americas**
**10th Floor**
**New York, New York 10013**

        RE:    **Leidel, etc. v. Cryptsy, Paul Vernon, and Lorie Ann Nettles -- USDC - SD Fla. - Case No. 9:16-cv-80060-MARRA**

Dear Sir/Madam:

        Pursuant to the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy dated April 4, 2016 (the "Appointment Order") and entered by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida, I have been appointed Receiver for Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"). I have enclosed the Appointment Order for purposes of service on Digital Ocean, Inc. ("Digital Ocean").

        My understanding is that Cryptsy's website (www.cryptsy.com) was maintained through Digital Ocean as the ISP for the website. My understanding is also that the www.cryptsy.com website currently states that the site is down for maintenance. The Cryptsy IP address is 104.236.38.232.

        Pursuant to Section X (para. 25) of the Appointment Order, among other sections, please ensure that no web activity is conducted through the www.cryptsy.com website from anyone other than me as Receiver. In addition, please immediately remove the current language on the www.cryptsy.com website to state the following on the www.cryptsy.com website:

On April 4, 2016, the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida issued the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project

1



Investors, Inc. d/b/a Cryptsy (the "Appointment Order").  Pursuant to the Appointment Order, Judge Marra appointed James D. Sallah, Esq. as the Federal Court Receiver for Cryptsy/Project Investors, Inc.  For any further questions, issues or updates regarding Cryptsy/Project Investors, Inc., please contact the Receiver's counsel: Patrick J. Rengstl, Esq.; 305.372.3500 ext. 123; rengstl@payton-law.com.  Thank you.

Thank you for your cooperation.  Please contact me immediately with any questions.

Very truly yours,

James D. Sallah, Not Individually,
But Solely in His Capacity as Receiver

Encl.
cc:     Patrick J. Rengstl, Esq.