# UNITED STATES DISTRICT COURT

for the

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>      Defendants. | ) ) ) ) ) Civil Action No. 9:16-cv-80060-MARRA ) ) ) ) ) ) ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO: **Coinbase, Inc.**
**c/o Shahab Asghar**
**Associate Counsel**
**548 Market Street #23008**
**San Francisco, CA 94104**
**(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: June 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  June 6, 2016.

    *CLERK OF COURT*

                                  OR

    —————————————————         —————————————————
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

**EXHIBIT**

**B**

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James D. Sallah, Receiver , who issues or requests this subpoena, are:

**Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com**

## Federal Rule of Civil Procedure 45

a) In General.

  (1) *Form and Contents.*

    (A) *Requirements--In General.* Every subpoena must:

      (i) state the court from which it issued;

      (ii) state the title of the action and its civil-action number;

      (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

      (iv) set out the text of Rule 45(d) and (e).

    (B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

    (C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

    (D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

  (2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

  (3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

  (4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

  (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

  (2) *Service in the United States.* A subpoena may be served at any place within the United States.

  (3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

  (4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

      (i) is a party or a party's officer; or

      (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## <u>DEFINITIONS</u>

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Coinbase" means Coinbase, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

        a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

      b.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

      c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.      All account opening documents for all Coinbase accounts solely or jointly in the name of Project Investors or Cryptsy.

2.      All account opening documents for all Coinbase accounts solely or jointly in the name of Paul Vernon.

3.      All account opening documents for all Coinbase accounts solely or jointly in the name of Hashmax USA LLC.

4.      All applications for Coinbase accounts solely or jointly in the name of Project Investors or Cryptsy.

5.      All applications for Coinbase accounts solely or jointly in the name of Paul Vernon.

6.      All applications for Coinbase accounts solely or jointly in the name of Hashmax USA LLC.

7.      All Coinbase compliance manuals, including laws, regulations, guidelines, policies and procedures, for Coinbase's business.

8.      All account statements solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

9.      All documents regarding detailed account activity for Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

10.      All documents regarding deposits of currency or money in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

11.      All documents regarding deposits of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

12.     All documents regarding withdrawals of currency or money from Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

13.     All documents regarding withdrawals of bitcoins or cryptocurrencies from Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

14.     All documents regarding storing, buying, selling, trading, exchanging or using bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

15.     All documents regarding converting or exchanging bitcoins or cryptocurrencies into currency, products, services or otherwise in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

16.     All documents regarding converting currency, products, services or otherwise into bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

17.     All account opening documents for all Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

18.     All documents regarding the codes or identification of bitcoins or cryptocurrencies in Coinbase accounts solely or jointly in the name of purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

19.     All correspondence, including emails and text messages, between Coinbase and purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

20.     All documents in Coinbase's file on purported Cryptsy shareholder, Kaushal "Ken" Majmudar.

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     **TD Bank**
        **c/o Leann Anderson-Volpa / Subpoena Team Associate I**
        **TD Bank, NA Subpoena Team**
        **US Global Security & Investigations**
        **9000 Atrium Way, Mt. Laurel, NJ 08054**
        **(Via Email)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq.<br>        Payton & Associates, LLC<br>        One Biscayne Tower<br>        2 South Biscayne Boulevard, Suite 1600<br>        Miami, Florida 33131<br>        Telephone: 305.372.3500, ext. 123<br>        Facsimile: 305.577.4895 | Date and Time: June 26, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   June 23, 2016.

    *CLERK OF COURT*

                                  OR

    _____        _____
      *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

b.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number. The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

## DOCUMENTS TO BE PRODUCED

1.    For account activity from January 1, 2013 to the present, all account statements for accounts solely in the name of Paul Vernon, including, but not limited to, account ending 9837, from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.    For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely in the name of Paul Vernon, including, but not limited to, account ending 9837.

3.    For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely in the name of Paul Vernon, including, but not limited to, account ending 9837.

4.    For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely in the name of Paul Vernon, including, but not limited to, account ending 9837.

5.    For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips, and debit memos from any and all accounts jointly in the names of Paul Vernon and Lorie Ann Nettles, including, but not limited to, account ending 2307.

6.    For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts jointly in the names of Paul Vernon and Lorie Ann Nettles, including, but not limited to, account ending 2307.

7.    For account activity from August 1, 2015 to the present, all account statements for accounts jointly in the names of Paul Vernon and Lorie Ann Nettles, including, but not limited to,

account ending 2307, from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

# UNITED STATES DISTRICT COURT

for the

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 9:16-cv-80060-MARRA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **TD Bank**
        **c/o Leann Anderson-Volpa / Subpoena Team Associate I**
        **TD Bank, NA Subpoena Team**
        **US Global Security & Investigations**
        **9000 Atrium Way, Mt. Laurel, NJ 08054**
        **(Via Email)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>      Payton & Associates, LLC<br>      One Biscayne Tower<br>      2 South Biscayne Boulevard, Suite 1600<br>      Miami, Florida 33131<br>      Telephone: 305.372.3500, ext. 123<br>      Facsimile:  305.577.4895 | Date and Time: July 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 6, 2016.

        *CLERK OF COURT*           OR      *[signature]*

        *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
<u>James D. Sallah, Receiver</u>_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      For account activity from January 1, 2013 to the present, all account statements for accounts solely in the name of Lorie A. Nettles, including, but not limited to, account ending 1142, from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.      For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely in the name of Lorie A. Nettles, including, but not limited to, account ending 1142.

3.      For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely in the name of Lorie A. Nettles, including, but not limited to, account ending 1142.

4.      For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely in the name of Lorie A. Nettles, including, but not limited to, account ending 1142.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>          Defendants. | )<br>)<br>)<br>)   **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     **TD Bank**
        **c/o Leann Anderson-Volpa / Subpoena Team Associate I**
        **TD Bank, NA Subpoena Team**
        **US Global Security & Investigations**
        **9000 Atrium Way, Mt. Laurel, NJ 08054**
        **(Via Email)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>         Payton & Associates, LLC<br>         One Biscayne Tower<br>         2 South Biscayne Boulevard, Suite 1600<br>         Miami, Florida 33131<br>         Telephone: 305.372.3500, ext. 123<br>         Facsimile:  305.577.4895 | Date and Time: July 21, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 18, 2016.

        *CLERK OF COURT*

                                                              OR

_____                     _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James D. Sallah, Receiver _____, who issues or requests this subpoena are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is

required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.   The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.   "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.   "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.   "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.    The term "each" means "each and every," and the term "every" means "each and every."

6.    The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.    In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.    If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.    If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.    The following rules apply to all discovery requests:

a.    All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.    And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.    Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

## DOCUMENTS TO BE PRODUCED

1.      For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Xiu Xia Liu, including, but not limited to, account ending 9360, from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.      For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Xiu Xia Liu, including, but not limited to, account ending 9360.

3.      For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Xiu Xia Liu, including, but not limited to, account ending 9360.

4.      For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Xiu Xia Liu, including, but not limited to, account ending 9360.

5.      For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Marilyn Miller from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

6.      For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Marilyn Miller.

7.      For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Marilyn Miller.

8.      For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Marilyn Miller.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Bank of America**

        **Attn: Legal Order Processing**
        **Facsimile Nos.: 404-532-3705**
                          **302-525-3078**
        **Attn: Document Review Specialist**
        **Facsimile No.: 212-548-8510**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| | |
|---|---|
| Place:  Patrick J. Rengstl, Esq.<br>       Payton & Associates, LLC<br>       One Biscayne Tower<br>       2 South Biscayne Boulevard, Suite 1600<br>       Miami, Florida 33131<br>       Telephone: 305.372.3500, ext. 123<br>       Facsimile: 305.577.4895 | Date and Time: July 9, 2016 (or three calendar<br>days from this Subpoena pursuant to section<br>III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 6, 2016.

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | *[signature]*<br>_____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne
Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i) expressly make the claim; and

   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.  The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.  "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.  "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.  "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## **INSTRUCTIONS**

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Lorie A. Nettles from any and all types of accounts, including savings accounts, checking accounts, saving and loan association accounts, money market accounts, brokerage accounts or any other type of account.

2.      For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Lorie A. Nettles.

3.      For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Lorie A. Nettles.

4.      For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Lorie A. Nettles.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 9:16-cv-80060-MARRA |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Poloniex, Inc.
      c/o Jacquelyn N. Schell, Esq.
      Bryan Cave LLP
      1290 Avenue of the Americas
      New York, NY 10104-3300
      **(Via Electronic Mail (jacquelyn.schell@bryancave.com))**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq. <br> Payton & Associates, LLC <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Telephone: 305.372.3500, ext. 123 <br> Facsimile:  305.577.4895 | Date and Time: June 24, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   June 21, 2016.

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f)** **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g)** **Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Poloniex" means Poloniex, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

4

      b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

      c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     All account statements solely or jointly in the name of Project Investors or Cryptsy.

2.     All documents regarding detailed account activity for Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

3.     All documents regarding deposits of currency or money in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

4.     All documents regarding deposits of cryptocurrencies in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

5.     All documents regarding withdrawals of currency or money from Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

6.     All documents regarding withdrawals of cryptocurrencies from Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

7.     All documents regarding storing, buying, selling, trading, exchanging, sending, receiving, or using cryptocurrencies in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

8.     All documents regarding converting or exchanging cryptocurrencies into currency, products, services or otherwise in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

9.     All documents regarding converting currency, products, services or otherwise into cryptocurrencies in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

10.    All account opening documents for all Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

11.     All documents regarding the codes or identification of cryptocurrencies in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

12.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Poloniex accounts solely or jointly in the name of Project Investors or Cryptsy.

13.     All account statements solely or jointly in the name of Paul Vernon.

14.     All documents regarding detailed account activity for Poloniex accounts solely or jointly in the name of Paul Vernon.

15.     All documents regarding deposits of currency or money in Poloniex accounts solely or jointly in the name of Paul Vernon.

16.     All documents regarding deposits of cryptocurrencies in Poloniex accounts solely or jointly in the name of Paul Vernon.

17.     All documents regarding withdrawals of currency or money from Poloniex accounts solely or jointly in the name of Paul Vernon.

18.     All documents regarding withdrawals of cryptocurrencies from Poloniex accounts solely or jointly in the name of Paul Vernon.

19.     All documents regarding storing, buying, selling, trading, exchanging or using cryptocurrencies in Poloniex accounts solely or jointly in the name of Paul Vernon.

20.     All documents regarding converting or exchanging cryptocurrencies into currency, products, services or otherwise in Poloniex accounts solely or jointly in the name of Paul Vernon.

21.     All documents regarding converting currency, products, services or otherwise into cryptocurrencies in Poloniex accounts solely or jointly in the name of Paul Vernon.

7

22.     All account opening documents for all Poloniex accounts solely or jointly in the name of Paul Vernon.

23.     All documents regarding the codes or identification of cryptocurrencies in Poloniex accounts solely or jointly in the name of Paul Vernon.

24.     All documents regarding wallets, blockchains, transaction I.D.'s, inputs of transactions and input keys in Poloniex accounts solely or jointly in the name of Paul Vernon.

25.     All documents regarding Cryptsy investments or investments made by investors through Cryptsy.

26.     All correspondence, including emails and text messages, between Poloniex and Cryptsy.

27.     All correspondence, including emails and text messages, between Poloniex and Paul Vernon.

28.     All documents in Poloniex's file on Project Investors or Cryptsy.

29.     All documents in Poloniex's file on Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, )<br>)<br>)<br>)<br>Plaintiffs,            )<br>)<br>v.                        )<br>)<br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a )<br>Florida corporation, PAUL VERNON, individually, and )<br>LORIE ANN NETTLES, individually, )<br>)<br>Defendants.           )<br>)<br>)<br>_____ ) | Civil Action No. 9:16-cv-80060-MARRA |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Google Inc.**
**c/o Legal Support and/or Custodian of Records**
**1600 Amphitheatre Parkway**
**Mountain View, CA 94043**

**(Via Electronic Mail (google-legal-support@google.com)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: May 28, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   May 25, 2016.

*CLERK OF COURT*

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
James D. Sallah, Receiver _____, who issues or requests
this subpoena, are:
**Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com**

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

   a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

   b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

   c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      All emails sent from the email account ███████████████████.

2.      All emails sent to the email account███████████████████.

3.      All emails deleted from the email account ███████████████████.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>Defendants. | )<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Yahoo! Inc.**
       **c/o Custodian of Records**
       **701 First Avenue**
       **Sunnyvale, CA 94089**

       **(Via Facsimile 408.349.7941)**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>Payton & Rengstl, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile: 305.577.4895 | Date and Time: July 29, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 26, 2016.

*CLERK OF COURT*

_____                    OR       _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## **<u>INSTRUCTIONS</u>**

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.    If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.    State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.    State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.    All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.    Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.    The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## **DOCUMENTS TO BE PRODUCED**

1.  Non-content   headers   of   all   emails   sent   from   the   email   account
    ███████████████.

2.  Non-content   headers   of   all   emails   sent   to   the   email   account
    ███████████████.

3.  Non-content   headers   of   all   emails   deleted   from   the   email   account
    ███████████████.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:     **Greenspoon Marder, P.A.**
            **c/o Gerald Greenspoon, Registered Agent**
            **200 E. Broward Blvd., Suite 1800**
            **Fort Lauderdale, FL 33301**
            **(Via Electronic Mail)**

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>        Payton & Associates, LLC<br>        One Biscayne Tower<br>        2 South Biscayne Boulevard, Suite 1600<br>        Miami, Florida 33131<br>        Telephone: 305.372.3500, ext. 123<br>        Facsimile: 305.577.4895 | Date and Time: June 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   June 6, 2016.

*CLERK OF COURT*

                                                OR

_____           _____
     *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __James D. Sallah, Receiver_____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is

required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## **DOCUMENTS TO BE PRODUCED**

1.      Copies of any and all retainer or engagement agreements between Greenspoon Marder and Cryptsy/Project Investors.

2.      Any and all retainer amounts as of April 4, 2016, held by Greenspoon Marder for the benefit of Cryptsy/Project Investors.

3.      Copies of any and all bills for legal services performed by Greenspoon Marder on behalf of Cryptsy/Project Investors.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 9:16-cv-80060-MARRA** |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Gunster, Yoakley & Stewart, P.A.**
**c/o Lewis F. Crippen, Registered Agent**
**777 S. Flagler Drive #500**
**West Palm Beach, FL 33401**
**(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq. <br> Payton & Associates, LLC <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Telephone: 305.372.3500, ext. 123 <br> Facsimile:  305.577.4895 | Date and Time: June 9, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  June 6, 2016.

    *CLERK OF COURT*

                        OR

_____      _____
  *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James D. Sallah, Receiver _____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as special counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

   (1) *Form and Contents.*

      (A) *Requirements--In General.* Every subpoena must:

         (i) state the court from which it issued;

         (ii) state the title of the action and its civil-action number;

         (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

         (iv) set out the text of Rule 45(d) and (e).

      (B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

      (C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

      (D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

   (2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

   (3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

   (4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

   (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

   (2) *Service in the United States.* A subpoena may be served at any place within the United States.

   (3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

   (4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

   (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

      (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

      (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

         (i) is a party or a party's officer; or

         (ii) is commanded to attend a trial and would not incur substantial expense.

   (2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.    The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.    "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.    "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.    "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Copies of any and all retainer or engagement agreements between Gunster, Yoakley & Stewart, P.A. and Cryptsy/Project Investors.

2.     Any and all retainer amounts as of April 4, 2016, held by Gunster, Yoakley & Stewart, P.A. for the benefit of Cryptsy/Project Investors.

3.     Copies of any and all bills for legal services performed by Gunster, Yoakley & Stewart, P.A. on behalf of Cryptsy/Project Investors.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually, and )
MICHAEL WILSON, individually, and on behalf )
of All Others Similarly Situated, )
                   ) **Civil Action No. 9:16-cv-80060-MARRA**
      Plaintiffs, )
       )
v. )
       )
PROJECT INVESTORS, INC. d/b/a CRYPTSY, a )
Florida corporation, PAUL VERNON, individually, and )
LORIE ANN NETTLES, individually, )
       )
      Defendants. )
       )
       )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   **Nesenoff & Miltenberg LLP**
       **Nesenoff Miltenberg Goddard Laskowitz LLP**
       **c/o Andrew T. Miltenberg, Managing Member**
       **363 Seventh Avenue, 5th Floor**
       **New York, New York 10001**
       **(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile: 305.577.4895 | Date and Time: July 8, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 5, 2016.

     *CLERK OF COURT*

                             OR

_____          _____
    *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Ja mes D. Sallah, Receiver _____, who issues or requests
this subpoena, are:

Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) **Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.    The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.    "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.    "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.    "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all retainer or engagement agreements between Nesenoff & Miltenberg LLP and Cryptsy/Project Investors.

2.      Copies of all retainer or engagement agreements between Nesenoff Miltenberg Goddard Laskowitz LLP and Cryptsy/Project Investors.

3.      Copies of all documents regarding all retainer amounts as of April 4, 2016, held by Nesenoff & Miltenberg LLP for the benefit of Cryptsy/Project Investors.

4.      Copies of all documents regarding all retainer amounts as of April 4, 2016, held by Nesenoff Miltenberg Goddard Laskowitz LLP for the benefit of Cryptsy/Project Investors.

5.      Copies of all bills for legal services performed by Nesenoff & Miltenberg LLP on behalf of Cryptsy/Project Investors.

6.      Copies of all bills for legal services performed by Nesenoff Miltenberg Goddard Laskowitz LLP on behalf of Cryptsy/Project Investors.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | ) ) ) ) ) Civil Action No. 9:16-cv-80060-MARRA ) ) ) ) ) ) ) ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Daszkal Bolton LLP**
      **c/o Michael Daszkal, Registered Agent**
      **2401 NW Boca Raton Boulevard**
      **Boca Raton, Florida 33431**
      **(Via Electronic Mail)**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq. <br> Payton & Associates, LLC <br> One Biscayne Tower <br> 2 South Biscayne Boulevard, Suite 1600 <br> Miami, Florida 33131 <br> Telephone: 305.372.3500, ext. 123 <br> Facsimile:  305.577.4895 | Date and Time: July 8, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 5, 2016.

*CLERK OF COURT*

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver                                              , who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

    a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

    b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.      Copies of all retainer or engagement agreements between Daszkal Bolton LLP and Cryptsy/Project Investors.

2.      Copies of all documents regarding all retainer amounts as of April 4, 2016, held by Daszkal Bolton LLP for the benefit of Cryptsy/Project Investors.

3.      Copies of all bills for services performed by Daszkal Bolton LLP on behalf of Cryptsy/Project Investors.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>     Defendants. | )<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Public Storage**
**c/o Greta Katz, Esq.**
**Corporate and Field Operations Counsel**
**701 Western Avenue**
**Glendale, CA 91201**
**(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request.** **Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>       Payton & Associates, LLC<br>       One Biscayne Tower<br>       2 South Biscayne Boulevard, Suite 1600<br>       Miami, Florida 33131<br>       Telephone: 305.372.3500, ext. 123<br>       Facsimile: 305.577.4895 | Date and Time: July 17, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 14, 2016.

     *CLERK OF COURT*

                                 OR

     _____             _____
     *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) **In General.**

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) **Service.**

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) **Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is

required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "Public Storage" means Public Storage and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers,

partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

    a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from January 1, 2013 to the present.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      All account opening documents for storage units opened by Paul Vernon.

2.      All account opening documents for storage units opened by Cryptsy/Project Investors.

3.      All account opening documents for storage units paid for by Paul Vernon.

4.      All account opening documents for storage units paid for by Cryptsy/Project Investors.

5.      All documents regarding the payment history for storage units opened by Paul Vernon.

6.      All documents regarding the payment history for storage units opened by Cryptsy/Project Investors.

7.      All documents regarding the payment history for storage units paid for by Paul Vernon.

8.      All documents regarding the payment history for storage units paid for by Cryptsy/Project Investors.

9.      Copies of all checks, wires, cash receipts, credit/debit card payments or other forms of payment for storage units opened by Paul Vernon.

10.      Copies of all checks, wires, cash receipts, credit/debit card payments or other forms of payment for storage units opened by Cryptsy/Project Investors.

11.      Copies of all checks, wires, cash receipts, credit/debit card payments or other forms of payment for storage units paid for by Paul Vernon.

12.      Copies of all checks, wires, cash receipts, credit/debit card payments or other forms of payment for storage units paid for by Cryptsy/Project Investors.

13.     All documents regarding the current balance, including the dates through which payment has been made, for storage units opened by Paul Vernon.

14.     All documents regarding the current balance, including the dates through which payment has been made, for storage units opened by Cryptsy/Project Investors.

15.     All documents regarding the current balance, including the dates through which payment has been made, for storage units paid for by Paul Vernon.

16.     All documents regarding the current balance, including the dates through which payment has been made, for storage units paid for by Cryptsy/Project Investors.

17.     All documents regarding the dates and times that the access code was used for storage units opened by Paul Vernon.

18.     All documents regarding the dates and times that the access code was used for storage units opened by Cryptsy/Project Investors.

19.     All documents regarding the dates and times that the access code was used for storage units paid for by Paul Vernon.

20.     All documents regarding the dates and times that the access code was used for storage units paid for by Cryptsy/Project Investors.

21.     All correspondence between Public Storage and Paul Vernon.

22.     All correspondence between Public Storage and Lorie Ann Nettles.

23.     Public Storage's entire file for storage units opened by Paul Vernon.

24.     Public Storage's entire file for storage units opened by Cryptsy/Project Investors.

25.     Public Storage's entire file for storage units paid for by Paul Vernon.

26.     Public Storage's entire file for storage units paid for by Cryptsy/Project Investors.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>       Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Omnisource Legal Group PLLC**
        **c/o Leonnel C. Iruke, Esq.**
        **2211 Norfolk St., Suite 600**
        **Houston, Texas 77098**
        **(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: July 8, 2016 (or three calendar<br>days from this Subpoena pursuant to section<br>III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 5, 2016.

        *CLERK OF COURT*

                                    OR

      *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James D. Sallah, Receiver _____, who issues or requests this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Omnisource" means Omnisource Legal Group PLLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former

directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.     The term "each" means "each and every," and the term "every" means "each and every."

7.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## **INSTRUCTIONS**

1.     The following rules apply to all discovery requests:

a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Copies of all retainer or engagement agreements between Omnisource and Cryptsy/Project Investors.

2.     Copies of all documents regarding all retainer amounts as of April 4, 2016, held by Omnisource for the benefit of Cryptsy/Project Investors.

3.     Copies of all bills for services performed by Omnisource on behalf of Cryptsy/Project Investors.

4.     Omnisource's entire file on Project Investors/Cryptsy.

5.     Omnisource's entire file on Paul Vernon.

6.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Omnisource received from Project Investors/Cryptsy.

7.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Omnisource received from Paul Vernon.

8.     All documents regarding any work or services that Omnisource provided to Project Investors/Cryptsy.

9.     All documents regarding any equipment or products that Omnisource sold to Project Investors/Cryptsy.

10.     All documents regarding why Project Investors/Cryptsy transferred thousands of dollars to Omnisource.

11.     All documents regarding any work or services that Omnisource provided to Paul Vernon.

12.     All documents regarding any equipment or products that Omnisource sold to Paul Vernon.

13.     All documents regarding why Paul Vernon transferred thousands of dollars to Omnisource.

14.     All documents regarding any contracts between Omnisource and Project Investors/Cryptsy.

15.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

16.     All correspondence, including emails and text messages, between Omnisource and Project Investors/Cryptsy.

17.     All correspondence, including emails and text messages, between Omnisource and Paul Vernon.

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>     Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>     Defendants. | )<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Empire Law Firm PLLC**
        **Empire Legal PLLC**
        **c/o Leonnel C. Iruke, Esq.**
        **2211 Norfolk St., Suite 600**
        **Houston, Texas 77098**
        **(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>       Payton & Associates, LLC<br>       One Biscayne Tower<br>       2 South Biscayne Boulevard, Suite 1600<br>       Miami, Florida 33131<br>       Telephone: 305.372.3500, ext. 123<br>       Facsimile:  305.577.4895 | Date and Time: July 8, 2016 (or three calendar<br>days from this Subpoena pursuant to section<br>III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 5, 2016.

      *CLERK OF COURT*

                              OR

_____       _____
    *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne
Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

**a) In General.**

**(1)** *Form and Contents.*

**(A)** *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States.* A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4)** *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "Empire" means Empire Law Firm PLLC and/or Empire Legal PLLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which they managed or controlled, together with all present and

former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on their behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

        a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Copies of all retainer or engagement agreements between Empire and Cryptsy/Project Investors.

2.     Copies of all documents regarding all retainer amounts as of April 4, 2016, held by Empire for the benefit of Cryptsy/Project Investors.

3.     Copies of all bills for services performed by Empire on behalf of Cryptsy/Project Investors.

4.     Empire's entire file on Project Investors/Cryptsy.

5.     Empire's entire file on Paul Vernon.

6.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Empire received from Project Investors/Cryptsy.

7.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Empire received from Paul Vernon.

8.     All documents regarding any work or services that Empire provided to Project Investors/Cryptsy.

9.     All documents regarding any equipment or products that Empire sold to Project Investors/Cryptsy.

10.     All documents regarding any work or services that Empire provided to Paul Vernon.

11.     All documents regarding any equipment or products that Empire sold to Paul Vernon.

12.     All   documents   regarding   any   contracts   between   Empire   and   Project Investors/Cryptsy.

13.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

14.     All correspondence, including emails and text messages, between Empire and Project Investors/Cryptsy.

15.     All correspondence, including emails and text messages, between Empire and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>      Defendants. | )<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Leonnel C. Iruke, Esq.**
        **2211 Norfolk St., Suite 600**
        **Houston, Texas 77098**
        **(Via Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place: Patrick J. Rengstl, Esq.<br>Payton & Associates, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: July 8, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 5, 2016.

    *CLERK OF COURT*

                                               OR

         *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

**a) In General.**

**(1)** *Form and Contents.*

**(A)** *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

**(2)** *Issuing Court.* A subpoena must issue from the court where the action is pending.

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(4)** *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

**(b) Service.**

**(1)** *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

**(2)** *Service in the United States.* A subpoena may be served at any place within the United States.

**(3)** *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4)** *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is

required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.     The term "each" means "each and every," and the term "every" means "each and every."

6.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.     And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.     Number.  The singular form of any word includes the plural and vice versa.

2.    If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

        a.    State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

        b.    State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.    All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.    Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.    The relevant period of time for this Subpoena is from January 1, 2013 to the present.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Copies of all retainer or engagement agreements between you and Cryptsy/Project Investors.

2.     Copies of all documents regarding all retainer amounts as of April 4, 2016, held by you for the benefit of Cryptsy/Project Investors.

3.     Copies of all bills for services performed by you on behalf of Cryptsy/Project Investors.

4.     Your entire file on Project Investors/Cryptsy.

5.     Your entire file on Paul Vernon.

6.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Project Investors/Cryptsy.

7.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Paul Vernon.

8.     All documents regarding any work or services that you provided to Project Investors/Cryptsy.

9.     All documents regarding any equipment or products that you sold to Project Investors/Cryptsy.

10.     All documents regarding any work or services that you provided to Paul Vernon.

11.     All documents regarding any equipment or products that you sold to Paul Vernon.

12.     All documents regarding any contracts between you and Project Investors/Cryptsy.

13.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

14.     All correspondence, including emails and text messages, between you and Project Investors/Cryptsy.

15.     All correspondence, including emails and text messages, between you and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **FinalHash LLC**
       **c/o Leonnel C. Iruke, Esq.**
       **2211 Norfolk St., Suite 600**
       **Houston, Texas 77098**
       **(Via Electronic Mail)**

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>        Payton & Associates, LLC<br>        One Biscayne Tower<br>        2 South Biscayne Boulevard, Suite 1600<br>        Miami, Florida 33131<br>        Telephone: 305.372.3500, ext. 123<br>        Facsimile:  305.577.4895 | Date and Time: August 11, 2016 (pursuant to requested extension of 30 days) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 12, 2016.

*CLERK OF COURT*

OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

  (I) *Form and Contents.*

  (A) *Requirements--In General.* Every subpoena must:

   (i) state the court from which it issued;

   (ii) state the title of the action and its civil-action number;

   (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

   (iv) set out the text of Rule 45(d) and (e).

  (B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

  (C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

  (D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

 (2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

 (3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

 (4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

 (1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

 (2) *Service in the United States.* A subpoena may be served at any place within the United States.

 (3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

 (4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

 (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

   (i) is a party or a party's officer; or

   (ii) is commanded to attend a trial and would not incur substantial expense.

 (2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection*.

(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(f) **Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

(g) **Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.   The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.   "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.   "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.   "FinalHash" means Final Hash LLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

        a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.    And/Or.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.    Number.    The singular form of any word includes the plural and vice versa.

2.    If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.    State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.    State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.    All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.    Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.    The relevant period of time for this Subpoena is from January 1, 2013 to the present.

## DOCUMENTS TO BE PRODUCED

1.      FinalHash's entire file on Project Investors/Cryptsy.

2.      FinalHash's entire file on Paul Vernon.

3.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that FinalHash received from Project Investors/Cryptsy.

4.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that FinalHash received from Paul Vernon.

5.      All documents regarding any work or services that FinalHash provided to Project Investors/Cryptsy.

6.      All documents regarding any work or services that FinalHash provided to Paul Vernon.

7.      All documents regarding any contracts between FinalHash and Project Investors/Cryptsy.

8.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

9.      All correspondence, including emails and text messages, between FinalHash and Project Investors/Cryptsy.

10.      All correspondence, including emails and text messages, between FinalHash and Paul Vernon.

11.      All documents regarding mining or cryptocurrency equipment that Paul Vernon or Project Investors/Cryptsy purchased.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  **Marshall Long**

██████████████████

**(Via Federal Express for delivery on or before July 22, 2016)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>        Payton & Associates, LLC<br>        One Biscayne Tower<br>        2 South Biscayne Boulevard, Suite 1600<br>        Miami, Florida 33131<br>        Telephone: 305.372.3500, ext. 123<br>        Facsimile:  305.577.4895 | Date and Time: July 25, 2016 (or three calendar days from service of this Subpoena pursuant to section III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 19, 2016.

     *CLERK OF COURT*

                                 OR         _____

          _____                       *Attorney's signature*
           *Signature of Clerk or Deputy Clerk*

---

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver _____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court-- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

     a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

     b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## **DOCUMENTS TO BE PRODUCED**

1.      Your entire file on Project Investors/Cryptsy.

2.      Your entire file on Baulao Technology Company Ltd.

3.      Your entire file on Bitebi9.

4.      Your entire file on Sato Tech Ltd.

5.      Your entire file on Paul Vernon.

6.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Project Investors/Cryptsy.

7.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that you received from Paul Vernon.

8.      All documents regarding any work or services that you provided to Project Investors/Cryptsy.

9.      All documents regarding any work or services that you provided to Baulao Technology Company Ltd.

10.      All documents regarding any work or services that you provided to Bitebi9.

11.      All documents regarding any work or services that you provided to Sato Tech Ltd.

12.      All documents regarding any mining or cryptocurrency equipment or products sold to Project Investors/Cryptsy.

13.      All documents regarding why Project Investors/Cryptsy transferred thousands of dollars to you.

14.      All documents regarding any work or services that you provided to Paul Vernon.

15.      All documents regarding any mining or cryptocurrency equipment or products that you sold to Paul Vernon.

16.    All documents regarding why Paul Vernon transferred thousands of dollars to you.

17.    All documents regarding any contracts between you and Project Investors/Cryptsy.

18.    All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

19.    All correspondence, including emails and text messages, between you and Project Investors/Cryptsy.

20.    All correspondence, including emails and text messages, between you and Paul Vernon.

21.    All documents regarding mining or cryptocurrency equipment that Paul Vernon or Project Investors/Cryptsy purchased.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, <br><br> Defendants. | ) ) ) ) **Civil Action No. 9:16-cv-80060-MARRA** ) ) ) ) ) ) ) ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **Scottrade**
**c/o Niels Murphy, Esq.**
**Murphy & Anderson, P.A.**
**1501 San Marco Blvd.**
**Jacksonville, FL. 32207**
**(Via Email)**

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq. <br>       Payton & Associates, LLC <br>       One Biscayne Tower <br>       2 South Biscayne Boulevard, Suite 1600 <br>       Miami, Florida 33131 <br>       Telephone: 305.372.3500, ext. 123 <br>       Facsimile: 305.577.4895 | Date and Time: July 21, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 18, 2016.

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James D. Sallah, Receiver_____, who issues or requests this subpoena are:

Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

5.      The term "each" means "each and every," and the term "every" means "each and every."

6.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

7.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

8.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

9.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

   a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

   b.      And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

   c.      Number. The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

      a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

      b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

## DOCUMENTS TO BE PRODUCED

1.    For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Xiu Xia Liu.

2.    For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Xiu Xia Liu.

3.    For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Xiu Xia Liu.

4.    For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Xiu Xia Liu.

5.    For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Marilyn Miller.

6.    For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Marilyn Miller.

7.    For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Marilyn Miller.

8.    For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Marilyn Miller.

9.    For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Paul Vernon.

10.     For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Paul Vernon.

11.     For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Paul Vernon.

12.     For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Paul Vernon.

13.     For account activity from January 1, 2013 to the present, all account statements for accounts solely or jointly in the name of Project Investors/Cryptsy.

14.     For account activity from January 1, 2013 to the present, all withdrawal slips, cancelled checks, wire transfer withdrawal slips and debit memos from any and all accounts solely or jointly in the name of Project Investors/Cryptsy.

15.     For account activity from January 1, 2013 to the present, all deposit slips and deposit details from any and all accounts solely or jointly in the name of Project Investors/Cryptsy.

16.     For account activity from January 1, 2013 to the present, all account opening documents for any and all accounts solely or jointly in the name of Project Investors/Cryptsy.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 9:16-cv-80060-MARRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    **H & J Electronics Int'l Inc.**
       **c/o Michael Shapiro, Registered Agent**
       **1001 West Cypress Creek Road, Unit 114**
       **Fort Lauderdale, Florida 33309**
       **(Via Hand Delivery)**

       **Michael Shapiro**
       **1001 West Cypress Creek Road, Unit 114**
       **Fort Lauderdale, Florida 33309**
       **(Via Hand Delivery)**

       **Joshua Shapiro**
       **1001 West Cypress Creek Road, Unit 114**
       **Fort Lauderdale, Florida 33309**
       **(Via Hand Delivery)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq.<br>         Payton & Associates, LLC<br>         One Biscayne Tower<br>         2 South Biscayne Boulevard, Suite 1600<br>         Miami, Florida 33131<br>         Telephone: 305.372.3500, ext. 123<br>         Facsimile: 305.577.4895 | Date and Time: July 25, 2016 (or three calendar<br>days from this Subpoena pursuant to section<br>III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 22, 2016.

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena, are:

Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Associates, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.     The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.     "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.     "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.     "H & J" means H & J Electronics Int'l Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers,

partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.     The term "each" means "each and every," and the term "every" means "each and every."

7.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.    If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.     The following rules apply to all discovery requests:

   a.     All/Each. The terms "all" and "each" shall be construed as "all and each."

     b.     And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

     c.     Number.  The singular form of any word includes the plural and vice versa.

2.     If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

     a.     State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

     b.     State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.     All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.     Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.     The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## DOCUMENTS TO BE PRODUCED

1.      H & J's entire file on Project Investors/Cryptsy.

2.      H & J's entire file on Paul Vernon.

3.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that H & J received from Project Investors/Cryptsy.

4.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that H & J received from Paul Vernon.

5.      All documents regarding any work or services that H & J provided to Project Investors/Cryptsy.

6.      All documents regarding any work or services that H & J provided to Paul Vernon.

7.      All documents regarding any contracts between H & J and Project Investors/Cryptsy.

8.      All documents regarding any contracts between H & J and Paul Vernon.

9.      All documents regarding servers, hard drives, computer equipment or any other items that H & J possesses on behalf of, purchased from and/or sold to Cryptsy.

10.     All documents regarding servers, hard drives, computer equipment or any other items that H & J possesses on behalf of, purchased from and/or sold to Paul Vernon.

11.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

12.     All correspondence, including emails and text messages, between H & J and Project Investors/Cryptsy.

13.     All correspondence, including emails and text messages, between H & J and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) **Civil Action No. 9:16-cv-80060-MARRA** ) |
| v. | ) ) |
| PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, | ) ) ) ) |
| Defendants. | ) ) ) ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  ServerPronto LLC
c/o James Kurzweg, Registered Agent
1521 Alton Road
Suite 449
Miami Beach, FL 33139
(Via Facsimile and/or Electronic Mail)

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:   Patrick J. Rengstl, Esq.<br>Payton & Rengstl, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: July 29, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 26, 2016.

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver _____, who issues or requests
this subpoena are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) **Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) **Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is

required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "ServerPronto" means ServerPronto LLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers,

partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.      If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

        a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## **DOCUMENTS TO BE PRODUCED**

1.      ServerPronto's entire file on Project Investors/Cryptsy.

2.      ServerPronto's entire file on Paul Vernon.

3.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that ServerPronto received from Project Investors/Cryptsy.

4.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that ServerPronto received from Paul Vernon.

5.      All documents regarding any work or services that ServerPronto provided to Project Investors/Cryptsy.

6.      All documents regarding any work or services that ServerPronto provided to Paul Vernon.

7.      All documents regarding any contracts between ServerPronto and Project Investors/Cryptsy.

8.      All documents regarding any contracts between ServerPronto and Paul Vernon.

9.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.      All correspondence, including emails and text messages, between ServerPronto and Project Investors/Cryptsy.

11.      All correspondence, including emails and text messages, between ServerPronto and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiffs, | ) ) **Civil Action No. 9:16-cv-80060-MARRA** |
| v. | ) ) ) |
| PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually, | ) ) ) ) |
| Defendants. | ) ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**TO:**   Servstra
2225 Bayshore Road
Palo Alto, California, USA 94303
(Via Facsimile and/or Electronic Mail)

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| | |
|---|---|
| Place:   Patrick J. Rengstl, Esq. Payton & Rengstl, LLC One Biscayne Tower 2 South Biscayne Boulevard, Suite 1600 Miami, Florida 33131 Telephone: 305.372.3500, ext. 123 Facsimile:  305.577.4895 | Date and Time: August 1, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:   July 27, 2016.

*CLERK OF COURT*

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection*.

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.    The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.    "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.    "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.    "Servstra" means Servstra and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.     "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.     The term "each" means "each and every," and the term "every" means "each and every."

7.     The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.     In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.     If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## **INSTRUCTIONS**

1.     The following rules apply to all discovery requests:

a.     All/Each.  The terms "all" and "each" shall be construed as "all and each."

     b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

     c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

     a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

     b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     Servstra's entire file on Project Investors/Cryptsy.

2.     Servstra's entire file on Paul Vernon.

3.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Servstra received from Project Investors/Cryptsy.

4.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Servstra received from Paul Vernon.

5.     All documents regarding any work or services that Servstra provided to Project Investors/Cryptsy.

6.     All documents regarding any work or services that Servstra provided to Paul Vernon.

7.     All documents regarding any contracts between Servstra and Project Investors/Cryptsy.

8.     All documents regarding any contracts between Servstra and Paul Vernon.

9.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.     All correspondence, including emails and text messages, between Servstra and Project Investors/Cryptsy.

11.     All correspondence, including emails and text messages, between Servstra and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>) **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**TO:**   Incapsula
3400 Bridge Parkway, Suite 200
Redwood Shores, CA 94065
**(Via Facsimile and/or Electronic Mail)**

[X]  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>Payton & Rengstl, LLC<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 1600<br>Miami, Florida 33131<br>Telephone: 305.372.3500, ext. 123<br>Facsimile:  305.577.4895 | Date and Time: July 29, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 26, 2016.

| *CLERK OF COURT* | OR | *Pat J. Rengstl* |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver _____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

# Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection*.

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "Incapsula" means Incapsula and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

        a.      All/Each. The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## **DOCUMENTS TO BE PRODUCED**

1.      Incapsula's entire file on Project Investors/Cryptsy.

2.      Incapsula's entire file on Paul Vernon.

3.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Incapsula received from Project Investors/Cryptsy.

4.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Incapsula received from Paul Vernon.

5.      All documents regarding any work or services that Incapsula provided to Project Investors/Cryptsy.

6.      All documents regarding any work or services that Incapsula provided to Paul Vernon.

7.      All documents regarding any contracts between Incapsula and Project Investors/Cryptsy.

8.      All documents regarding any contracts between Incapsula and Paul Vernon.

9.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.      All correspondence, including emails and text messages, between Incapsula and Project Investors/Cryptsy.

11.      All correspondence, including emails and text messages, between Incapsula and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and<br>MICHAEL WILSON, individually, and on behalf<br>of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a<br>Florida corporation, PAUL VERNON, individually, and<br>LORIE ANN NETTLES, individually,<br><br>      Defendants. | )<br>)<br>)<br>)  **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**TO:**    **ExecRank, Inc.**
        **Hangar 6 Hamilton Landing, Suite 200**
        **Novato, CA 94949**
        **(Via Facsimile and/or Electronic Mail)**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See attached Request. Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>        Payton & Rengstl, LLC<br>        One Biscayne Tower<br>        2 South Biscayne Boulevard, Suite 1600<br>        Miami, Florida 33131<br>        Telephone: 305.372.3500, ext. 123<br>        Facsimile: 305.577.4895 | Date and Time: July 29, 2016 (or three calendar<br>days from this Subpoena pursuant to section<br>III.8.Q of the attached Order) |

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 26, 2016.

        *CLERK OF COURT*              OR

    _____             _____
       *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver
_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## **DEFINITIONS**

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "ExecRank" means ExecRank, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## <u>INSTRUCTIONS</u>

1.      The following rules apply to all discovery requests:

       a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

          b.      And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

          c.      Number. The singular form of any word includes the plural and vice versa.

   2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

          a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

          b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

   3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

   4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

   5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.     ExecRank's entire file on Project Investors/Cryptsy.

2.     ExecRank's entire file on Paul Vernon.

3.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that ExecRank received from Project Investors/Cryptsy.

4.     All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that ExecRank received from Paul Vernon.

5.     All documents regarding any work or services that ExecRank provided to Project Investors/Cryptsy.

6.     All documents regarding any work or services that ExecRank provided to Paul Vernon.

7.     All documents regarding any contracts between ExecRank and Project Investors/Cryptsy.

8.     All documents regarding any contracts between ExecRank and Paul Vernon.

9.     All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

10.    All correspondence, including emails and text messages, between ExecRank and Project Investors/Cryptsy.

11.    All correspondence, including emails and text messages, between ExecRank and Paul Vernon.

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, individually, and MICHAEL WILSON, individually, and on behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation, PAUL VERNON, individually, and LORIE ANN NETTLES, individually,<br><br>    Defendants. | )<br>)<br>)<br>) **Civil Action No. 9:16-cv-80060-MARRA**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**TO:**  **Lendini LLC**
      **Fax Number: 855-361-7594**
      **Email Address: info@lendini.com**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **See attached Request.  Also attached is the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy.**

| Place:  Patrick J. Rengstl, Esq.<br>          Payton & Rengstl, LLC<br>          One Biscayne Tower<br>          2 South Biscayne Boulevard, Suite 1600<br>          Miami, Florida 33131<br>          Telephone: 305.372.3500, ext. 123<br>          Facsimile:  305.577.4895 | Date and Time: July 29, 2016 (or three calendar days from this Subpoena pursuant to section III.8.Q of the attached Order) |
|---|---|

The provisions of Fed. R. Civ. P. 45 relating to your duty to respond to this subpoena are attached.

Date:  July 26, 2016.

*CLERK OF COURT*                                             OR

_____                          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
James D. Sallah, Receiver_____, who issues or requests
this subpoena, are:
Patrick J. Rengstl, Esq., as counsel for the Receiver, Payton & Rengstl, LLC, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; Tel: 305.372.3500, ext. 123; rengstl@payton-law.com

## Federal Rule of Civil Procedure 45

a) In General.

(1) *Form and Contents.*

(A) *Requirements--In General.* Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

(B) *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

(2) *Issuing Court.* A subpoena must issue from the court where the action is pending.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

(4) *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

(b) Service.

(1) *By Whom and How; Tendering Fees.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.

(2) *Service in the United States.* A subpoena may be served at any place within the United States.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## DEFINITIONS

The following words and phrases have the meanings indicated:

1.      The terms "document" or "documents" mean and include any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and any draft and reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, instructions, telephone messages, diaries, indices, minutes, books, reports, ledgers, working papers, invoices, worksheets, receipts, returns, computer printouts, financial statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, to which you have or had access.

2.      "Project Investors" means Project Investors, Inc. and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

3.      "Cryptsy" means Cryptsy and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

4.      "Lendini" means Lendini LLC and any predecessors, successors, subsidiaries, departments, divisions or affiliates including, without limits, any organization or entity which it

managed or controlled, together with all present and former directors, officers, partners, managers, employees, agents, representatives or any persons acting, or purporting to act, on its behalf.

5.      "And" and "or" shall be construed to include both the conjunctive as well as the disjunctive, so as to make these requests inclusive rather than exclusive.

6.      The term "each" means "each and every," and the term "every" means "each and every."

7.      The terms "regarding," "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

8.      In the event such file(s) or document(s) has (have) been removed for the purposes of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

9.      If you choose to withhold any documents from production for inspection and copying (on the basis of privilege or otherwise), please identify each document withheld and provide its date, number of pages, author, recipient(s), a brief description of its subject matter, and your basis for withholding the document from production.

10.     If any document which is sought by this request for production has been destroyed, state the date and circumstances of its destruction, and identify the person who destroyed the document and the person who ordered its destruction.

## INSTRUCTIONS

1.      The following rules apply to all discovery requests:

a.      All/Each.  The terms "all" and "each" shall be construed as "all and each."

b.      And/Or.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might be construed to be outside of its scope.

c.      Number.  The singular form of any word includes the plural and vice versa.

2.      If you decline to produce any document responsive to any request for the production of documents based upon a claim of privilege:

a.      State each privilege claimed and described the nature of the privilege (including work product) which is being claimed; and

b.      State the type of document, the general subject matter of the document, the date of the document, the author(s) of the document, the addressee(s) of the document, all others who received or are known or believed to have the read the document, and the relationship of the author and addressee to each other.

3.      All documents produced or otherwise made available for inspection and copying in response to the requests below shall be done so in the same order in which they are kept and maintained in the ordinary course of business or shall be labeled to correspond with the number(s) of the requests in accordance with Rule 34(b) of the Federal Rules of Civil Procedure.

4.      Documents responsive to these requests that are stored electronically, including but not limited to computer input or output, data tapes or discs, shall be converted to and produced in a single-page TIFF image format with an Option load file and retained in native format, unless otherwise agreed by the parties or ordered by the Court.

5.      The relevant period of time for this Subpoena is from <u>January 1, 2013 to the present</u>.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Lendini's entire file on Project Investors/Cryptsy.

2.      Lendini's entire file on Paul Vernon.

3.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Lendini received from Project Investors/Cryptsy.

4.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Lendini received from Paul Vernon.

5.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Lendini provided to Project Investors/Cryptsy.

6.      All documents regarding all distributions, checks, wires, currencies, monies, bitcoins, cryptocurrencies or other items of value that Lendini provided to Paul Vernon.

7.      All documents regarding any work or services that Lendini provided to Project Investors/Cryptsy.

8.      All documents regarding any work or services that Lendini provided to Paul Vernon.

9.      All documents regarding any contracts between Lendini and Project Investors/Cryptsy.

10.      All documents regarding any contracts between Lendini and Paul Vernon.

11.      All documents regarding Project Investors/Cryptsy investments or investments made by investors through Project Investors/Cryptsy, and the current whereabouts of such investments.

12.     All correspondence, including emails and text messages, between Lendini and Project Investors/Cryptsy.

13.     All correspondence, including emails and text messages, between Lendini and Paul Vernon.