UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

     Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

     Defendants.
_____/

### RECEIVER'S *EX PARTE* MOTION FOR AUTHORITY TO ACCESS DEFENDANT PAUL VERNON'S TREZOR BITCOIN WALLET(S)/ACCOUNT(S)

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby moves on an *ex parte* basis for the authority to access Defendant Paul Vernon's Trezor Bitcoin wallet(s)/account(s), and states[1]:

1. On April 4, 2016, the Court issued the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy [DE 33] (the "Appointment Order").

2. Pursuant to the Appointment Order, the Receiver is authorized, among other things, to take possession and control of Cryptsy's assets and books and records.

---

[1] The Receiver has filed this Motion *ex parte* so it is not public record until the Receiver has adequate time to access and transfer whatever cryptocurrencies are in the subject Trezor wallet(s)/account(s) to a protected temporary receivership wallet(s)/account(s) as discussed below.

**PAYTON & RENGSTL, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131   305.372.3500

3. As stated in the recent Receiver's Second Report [DE 60], it appears that Vernon misappropriated both pre- and post-receivership a significant amount of funds and digital cryptocurrencies from Cryptsy and ultimately its victimized account holders. The total amount of lost funds and coins is currently undetermined, but it appears that Vernon misappropriated at least $3.3 million in converted coins, namely <u>Bitcoins</u>. In other words, a significant amount of Vernon's apparent theft from Cryptsy and its account holders involved <u>Bitcoins</u>, one of the most common, popular and valuable cryptocurrencies.

4. The Receiver recently discovered that Vernon has a personal Trezor <u>Bitcoin</u> wallet(s)/account(s).[2] The Receiver also recently discovered a possible "recovery seed" for accessing the wallet(s)/account(s). This information was recently discovered among Cryptsy business records.

5. It is probable that whatever cryptocurrencies or money that Vernon currently has in his name or under his control, including his Trezor wallet(s)/account(s), would be traceable back to Cryptsy, and thus would be subject to turnover to the Receiver as a receivership asset, given the apparent seven-figure theft from Cryptsy and its account holders.

6. In an abundance of caution, and because the wallet(s)/account(s) are apparently in Vernon's name personally, as opposed to Cryptsy's name, the Receiver is seeking authorization to do the following: (i) access Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting a tracing analysis to determine whether

---

[2] A Trezor wallet is an electronic storage device which includes a physical storage device coupled with an online account provided by a third party entity for the purpose of increasing security and limiting access to the account holder's cryptocurrencies.

the coins are, in fact, traceable back to Cryptsy and thus should be receivership property.

7. If the coins are traceable back to Cryptsy, and thus constitute receivership property, the Receiver would file a separate motion to support same and seek authorization to retain the coins as permanent receivership property. If the coins are not receivership property, the Receiver would advise the Court and make a recommendation on their return.

8. There is no guaranty that the Receiver will be able to access the Trezor wallet(s)/account(s) from the information he currently has. Likewise, there is no guaranty that the Trezor wallet(s)/account(s) will have anything stored in them. Regardless, the Receiver is obligated and completely committed to searching for and locating as many cryptocurrencies, funds and assets for the benefit of Cryptsy's victims.[3]

9. The Receiver is filing this Motion *ex parte*, because if this Motion is filed and/or Vernon is served in the usual course of events, Vernon would in all likelihood transfer any and all cryptocurrencies that are currently stored in the subject Trezor wallet(s)/account(s) to other locations.

10. In fact, because Vernon has apparently misappropriated millions of dollars in funds and digital coins, and the reality that digital coins are portable and can be easily secreted and transferred if advance notice is given, this Motion should be *ex parte* and the Order thereon should also be *ex parte*. As such, no counsel or parties have been contacted regarding their position on this Motion.

11. The Receiver has no intention of seeking this type of relief in the future unless the circumstances are special and thus warranted. As stated above, the circumstances are warranted

---

[3] As discussed in the Receiver's Second Report, the Receiver has already gained access to Cryptsy's wallets from accessing the servers. The subject Trezor wallet is separate and apart from the Cryptsy wallets on the servers.

here, are limited solely to Vernon's Trezor wallet(s)/account(s) and were recently discovered.

12. A proposed *Ex Parte* Order granting this Motion is attached as Exhibit A.

WHEREFORE, the Receiver respectfully requests that this Court enter the proposed *Ex Parte* Order, attached as Exhibit A, authorizing the Receiver to: (i) access Defendant Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the subject wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting an analysis to determine whether the coins are, in fact, traceable back to Cryptsy and thus should be receivership property.

Dated: August 11, 2016.                    Respectfully submitted,

                                           **PAYTON & RENGSTL, LLC**
                                           *Counsel for the Receiver*
                                           2 South Biscayne Blvd., Suite 1600
                                           Miami, Florida 33131
                                           Telephone:    (305) 372-3500
                                           Facsimile:    (305) 577-4895

                                           By: Patrick J. Rengstl, Esq.
                                               Patrick J. Rengstl
                                               FL Bar No. 0581631