UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

      Defendants.
_____/

## RECEIVER'S MOTION FOR AUTHORITY TO LIQUIDATE INFINITI QX60

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), moves for authority to liquidate and sell a 2014 Infiniti QX60 that he recently secured for the benefit of Cryptsy's account holders and states:

**A. Background**

1.    On April 4, 2016, the Court issued the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy [DE 33] (the "Appointment Order").

2.    Pursuant to the Appointment Order, the Receiver is authorized, among other things, to take possession and control of Cryptsy's assets and books and records.

### B. The 2014 Infiniti QX60

3. The Receiver has investigated and continues to investigate, among other things, the critical issue of what assets are, or should be, subject to the receivership.

4. When the receivership began, the Receiver learned that Defendant Vernon drove a 2014 Infiniti QX60 as his daily driver.

5. Since his appointment, the Receiver had no evidence that Vernon had sold or otherwise disposed of the subject Infiniti pre- or post-receivership.

6. Therefore, the Receiver continued to investigate to determine the subject Infiniti's whereabouts.

7. The Receiver ultimately learned that the subject Infiniti was registered in the name of Project Investors Inc. – *i.e.*, Cryptsy. A copy of the registration is attached as Exhibit A.

8. The Receiver also learned that Cryptsy funded the purchase of this Infiniti on or about November 12, 2013, for at least $51,008.00 in cash from its SunTrust account via a cash withdrawal and purchase of a bank check on that date.

9. Therefore, this Infiniti is an <u>undisputed</u> receivership asset that the Receiver is entitled to secure and liquidate for the benefit of Cryptsy's account holders.

10. The Receiver further investigated the current location of this Infiniti and learned that it might be located at the Fort Lauderdale International Airport.

11. The Receiver continued to investigate and learned that this Infiniti, in fact, was located at the Fort Lauderdale International Airport. It was left there on or about July 7, 2016, likely by either Defendant Vernon and/or his girlfriend, because the parking ticket was left in the vehicle.

12. It is an understatement in good fortune for the benefit of the account holders that the Receiver was able to locate the Infiniti during the window of time that the vehicle was left at the airport and the Receiver searched for the vehicle at the airport.

13. The Receiver has secured and taken possession of the Infiniti because, as stated above, it is an undisputed receivership asset.[1] The Infiniti has approximately 29,000 miles on it.

14. The Receiver has paid the parking amount, has had the vehicle transported to a secure receivership location, has paid for a replacement key/fob in order to be able to sell the vehicle, and has obtained quotes/offers from local car dealers that would purchase the vehicle.

15. The prior quotes/offers are: $28,000.00 from CarMax; and $26,000.00 from a local Infiniti dealer. The Receiver attempted to obtain two additional quotes/offers from local dealers, but those dealers would not make an offer because the vehicle had previously been in an accident. Therefore, the Receiver has currently gone to four local dealers to obtain reasonable quotes/offers to sell the Infiniti. The quotes/offers are good for a limited period of time.

**C. Request for Authorization to Sell the Infiniti**

16. Because the offers are valid for a limited period of time, after which the quotes/offers may be subject to change, the Receiver requests authorization to sell the Infiniti to the highest quote/offer of the quotes/offers obtained or if lapsed the highest quote/offer of the quotes/offers obtained in the future.

17. The sale proceeds, like all receivership funds, would be held in the receivership estate for the benefit of Cryptsy's account holders.

---

[1] There were Cryptsy-related files in the vehicle that the Receiver has removed and secured, and items of personalty that the Receiver has also secured and will be the subject of a separate future filing regarding their recommended disposition.

3

18. The Receiver has also researched the current Kelley Blue Book value of the subject Infiniti, which is $31,203.00 for a private sale. In addition, the current value on www.edmunds.com is $29,175.00 for a private sale. Therefore, the highest quote/offer is approximately 90% of the Kelley Blue Book value and approximately 96% of the edmunds.com value.

19. Regarding the sale of receivership personalty of this nature, 28 U.S.C. § 2004 states that a receiver should follow the requirements of 28 U.S.C. § 2001 "unless the court orders otherwise." Specifically, 28 U.S.C. § 2001 requires, among other things, that: (1) three disinterested appraisers appraise the item sold; (2) the sale be at least two-thirds of the appraised value; (3) the terms of the sale be published in a newspaper of general circulation at least ten days before confirmation of the sale; (4) no confirmation of the sale if a bona fide offer is made of at least 10% above the offered price; and (5) a confirmation hearing take place.

20. Based on the current circumstances, it is not recommended to sell the subject Infiniti pursuant to 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004. Requiring the Receiver to retain three appraisers for the subject Infiniti QX60 would be cost-prohibitive and unnecessary given other alternatives to confirm its estimated value, such as the Kelley Blue Book. In addition, requiring the Receiver to list the Infiniti in a public newspaper before confirmation of the sale and to have offers for a period of time would likewise be cost-prohibitive and inefficient.

21. If this were an antique, collectible or exotic car, following 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004 would make sense because the unique nature of the vehicle could potentially create large variances in value and also a bidding war with interested bidders willing to pay more money. Here, the Receiver is in possession of a vehicle that is quite common.

**PAYTON & RENGSTL, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131   305.372.3500

22. The Receiver has essentially met the spirt of 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004 in maximizing a reasonable sale price as explained above.

23. Therefore, the Receiver respectfully moves for authority to liquidate and sell the subject Infiniti QX60 to the buyer offering the highest amount of the quotes/offers that the Receiver obtains, and respectfully requests that he not be required to sell the Infiniti in conformance with 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004.

24. A proposed Order is attached as Exhibit B. Plaintiffs and Defendant Lorie Ann Nettles have no objection to this Motion or the attached proposed Order. As of this filing, Defendant Paul Vernon has not appeared in this action nor cooperated with the Receiver in any way whatsoever.

WHEREFORE, the Receiver respectfully requests that this Court grant this Motion, issue the proposed Order attached as Exhibit B, and provide such other and further relief as this Court deems just and proper.

Dated: August 23, 2016.

Respectfully submitted,

**PAYTON & RENGSTL, LLC**
*Counsel for the Receiver*
2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Telephone:   (305) 372-3500
Facsimile:   (305) 577-4895

By: _Patrick J. Rengstl, Esq._
    Patrick J. Rengstl
    FL Bar No. 0581631

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

## SERVICE LIST

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Paul Vernon**
(Via Email)

INSTRUCTIONS FOR ATTACHING DECAL
1. Clean area where new annual decal is to be affixed.
2. Peel decal from this document.
3. Affix decal in the upper right corner of license plate.



Mail To:
PROJECT INVESTORS INC
160 CONGRESS PARK DR STE 101
DELRAY BEACH, FL  33445-4724

IMPORTANT_INFORMATION
SECTION 320.0605, Florida Statutes, requires this registration certificate or an official copy or a true copy of a rental or lease agreement issued for the motor vehicle described be in possession of the operator or carried in the vehicle while the vehicle is being used or operated on the highways or streets of this state.

SECTION 316.613, Florida Statutes, requires every operator of a motor vehicle transporting a child in a passenger car, van or pickup truck registered in this state and operated on the highways of this state, shall, if the child is 5 years of age or younger, provide for protection of the child by properly using a crash-tested, federally approved child restraint device. For children aged through 3 years, such restraint device must be a separate carrier or a vehicle manufacturer's integrated child seat, for children aged 4 through 5 years, a separate carrier or seat belt may be used.

SECTION 627.733, Florida Statutes, requires mandatory Florida No-Fault Insurance to be maintained continuously throughout the entire registration period; failure to maintain the required coverage could result in suspension of your driver license and registration.

Important note: If you cancel the insurance for this vehicle, immediately return the license plate from this registration to a Florida driver license or tax collector office or mail it to: Dept. of Highway Safety, Return Tags, 2900 Apalachee Parkway, Tallahassee, FL 32399. Surrendering the plate will prevent your driving privilege from being suspended.

---

# FLORIDA VEHICLE REGISTRATION

CO/AGY  6 / 4       T#  808660667
                    B#  9165120

| PLATE | CGHC17 | DECAL | 00406362 | Expires | Midnight Thu 6/30/2016 |

| YR/MK | 2014/INFI | BODY | 4D | COLOR | DGR | Reg. Tax |  | 136.30 | Class Code | 1 |
| VIN | 5N1AL0MN5EC501629 | | | TITLE | 113510434 | Init. Reg. | | | Tax Months | 24 |
| Plate Type | RGS | NET WT | 4219 | | | County Fee | | 6.00 | Back Tax Mos | 0 |
| | | | | | | Mail Fee | | 0.75 | Credit Class | |
| DL/FEID | - | | | | | Sales Tax | | | Credit Months | 0 |
| Date Issued | 6/25/2014 | Plate Issued | 12/2/2013 | | | Voluntary Fees | | | | |
| | | | | | | Grand Total | | 143.05 | | |

PROJECT INVESTORS INC
160 CONGRESS PARK DR STE 101
DELRAY BEACH, FL  33445-4724

IMPORTANT INFORMATION
1. The Florida license plate must remain with the registrant upon sale of vehicle.
2. The registration must be delivered to a Tax Collector or Tag Agent for transfer to a replacement vehicle.
3. Your registration must be updated to your new address within 20 days of moving.
4. Registration renewals are the responsibility of the registrant and shall occur during the 30-day period prior to the expiration date shown on this registration. Renewal notices are provided as a courtesy and are not required for renewal purposes.
5. I understand that my driver license and registrations will be suspended immediately if the insurer denies the insurance information submitted for this registration.

RGS - SUNSHINE STATE



EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

    Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION
## FOR AUTHORITY TO LIQUIDATE INFINITI QX60

THIS MATTER is before the Court upon the Receiver's Motion for Authority to Liquidate Infiniti QX60 [DE 64]. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

**ORDERED AND ADJUDGED** that the Motion [DE 64] is **GRANTED**. The Receiver is authorized to sell the Infiniti at issue in the Motion to the buyer that gives the highest quote/offer of purchase to the Receiver. The Receiver is not required to sell the Infiniti at issue pursuant to 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of _____, 2016.

                                                                   KENNETH A. MARRA
                                                                   UNITED STATES DISTRICT COURT JUDGE

Copies to:    Counsel and parties of record

EXHIBIT
B