UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

    Defendants.
_____/

### RECEIVER'S NOTICE REGARDING *EX PARTE* MOTION FOR AUTHORITY TO ACCESS DEFENDANT PAUL VERNON'S TREZOR BITCOIN WALLET(S)/ACCOUNT(S)

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby provides notice regarding his *Ex Parte* Motion for Authority to Access Defendant Paul Vernon's Trezor Bitcoin Wallet(s)/Account(s) [DE 61], which the Court granted *ex parte* pursuant to the Receiver's request. Promptly after issuance of the *Ex Parte* Order, the Receiver, through his computer/cryptocurrency forensic employee, accessed and searched the subject Trezor wallet. However, there were no cryptocurrencies stored there and it appears no cryptocurrencies had ever been stored there. Copies of the *Ex Parte* Motion and *Ex Parte* Order are attached as Exhibits A and B, respectively, and thus are being provided to and served on the parties in the manner designated in the below Service List.

**PAYTON & RENGSTL, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500

Dated: September 14, 2016.

Respectfully submitted,

**PAYTON & RENGSTL, LLC**
*Counsel for the Receiver*
2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Telephone:     (305) 372-3500
Facsimile:     (305) 577-4895

By: <u>Patrick J. Rengstl, Esq.</u>
    Patrick J. Rengstl
    FL Bar No. 0581631

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl<br>
Patrick J. Rengstl, Esq.

## SERVICE LIST

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Paul Vernon**
(Via Email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

    Defendants.
_____/

## RECEIVER'S *EX PARTE* MOTION FOR AUTHORITY TO ACCESS DEFENDANT PAUL VERNON'S TREZOR BITCOIN WALLET(S)/ACCOUNT(S)

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby moves on an *ex parte* basis for the authority to access Defendant Paul Vernon's Trezor Bitcoin wallet(s)/account(s), and states[1]:

1. On April 4, 2016, the Court issued the Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy [DE 33] (the "Appointment Order").

2. Pursuant to the Appointment Order, the Receiver is authorized, among other things, to take possession and control of Cryptsy's assets and books and records.

---

[1] The Receiver has filed this Motion *ex parte* so it is not public record until the Receiver has adequate time to access and transfer whatever cryptocurrencies are in the subject Trezor wallet(s)/account(s) to a protected temporary receivership wallet(s)/account(s) as discussed below.

3. As stated in the recent Receiver's Second Report [DE 60], it appears that Vernon misappropriated both pre- and post-receivership a significant amount of funds and digital cryptocurrencies from Cryptsy and ultimately its victimized account holders. The total amount of lost funds and coins is currently undetermined, but it appears that Vernon misappropriated at least $3.3 million in converted coins, namely <u>Bitcoins</u>. In other words, a significant amount of Vernon's apparent theft from Cryptsy and its account holders involved <u>Bitcoins</u>, one of the most common, popular and valuable cryptocurrencies.

4. The Receiver recently discovered that Vernon has a personal Trezor <u>Bitcoin</u> wallet(s)/account(s).[2] The Receiver also recently discovered a possible "recovery seed" for accessing the wallet(s)/account(s). This information was recently discovered among Cryptsy business records.

5. It is probable that whatever cryptocurrencies or money that Vernon currently has in his name or under his control, including his Trezor wallet(s)/account(s), would be traceable back to Cryptsy, and thus would be subject to turnover to the Receiver as a receivership asset, given the apparent seven-figure theft from Cryptsy and its account holders.

6. In an abundance of caution, and because the wallet(s)/account(s) are apparently in Vernon's name personally, as opposed to Cryptsy's name, the Receiver is seeking authorization to do the following: (i) access Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting a tracing analysis to determine whether

---

[2] A Trezor wallet is an electronic storage device which includes a physical storage device coupled with an online account provided by a third party entity for the purpose of increasing security and limiting access to the account holder's cryptocurrencies.

the coins are, in fact, traceable back to Cryptsy and thus should be receivership property.

7. If the coins are traceable back to Cryptsy, and thus constitute receivership property, the Receiver would file a separate motion to support same and seek authorization to retain the coins as permanent receivership property. If the coins are not receivership property, the Receiver would advise the Court and make a recommendation on their return.

8. There is no guaranty that the Receiver will be able to access the Trezor wallet(s)/account(s) from the information he currently has. Likewise, there is no guaranty that the Trezor wallet(s)/account(s) will have anything stored in them. Regardless, the Receiver is obligated and completely committed to searching for and locating as many cryptocurrencies, funds and assets for the benefit of Cryptsy's victims.[3]

9. The Receiver is filing this Motion *ex parte*, because if this Motion is filed and/or Vernon is served in the usual course of events, Vernon would in all likelihood transfer any and all cryptocurrencies that are currently stored in the subject Trezor wallet(s)/account(s) to other locations.

10. In fact, because Vernon has apparently misappropriated millions of dollars in funds and digital coins, and the reality that digital coins are portable and can be easily secreted and transferred if advance notice is given, this Motion should be *ex parte* and the Order thereon should also be *ex parte*. As such, no counsel or parties have been contacted regarding their position on this Motion.

11. The Receiver has no intention of seeking this type of relief in the future unless the circumstances are special and thus warranted. As stated above, the circumstances are warranted

---

[3] As discussed in the Receiver's Second Report, the Receiver has already gained access to Cryptsy's wallets from accessing the servers. The subject Trezor wallet is separate and apart from the Cryptsy wallets on the servers.

here, are limited solely to Vernon's Trezor wallet(s)/account(s) and were recently discovered.

12. A proposed *Ex Parte* Order granting this Motion is attached as Exhibit A.

WHEREFORE, the Receiver respectfully requests that this Court enter the proposed *Ex Parte* Order, attached as Exhibit A, authorizing the Receiver to: (i) access Defendant Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the subject wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting an analysis to determine whether the coins are, in fact, traceable back to Cryptsy and thus should be receivership property.

Dated: August 11, 2016.

Respectfully submitted,

**PAYTON & RENGSTL, LLC**
*Counsel for the Receiver*
2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Telephone: (305) 372-3500
Facsimile: (305) 577-4895

By: <u>Patrick J. Rengstl, Esq.</u>
  Patrick J. Rengstl
  FL Bar No. 0581631

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

    Defendants.
_____/

### *EX PARTE* ORDER GRANTING RECEIVER'S *EX PARTE* MOTION FOR AUTHORITY TO ACCESS DEFENDANT PAUL VERNON'S TREZOR BITCOIN WALLET(S)/ACCOUNT(S)

THIS MATTER is before the Court upon the Receiver's *Ex Parte* Motion for Authority to Access Defendant Paul Vernon's Trezor Bitcoin Wallet(s)/Account(s) (the "Motion"). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Receiver is authorized to: (i) access Defendant Paul Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the subject wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting an analysis to determine whether the coins are, in fact, traceable back to Cryptsy and thus should be receivership property. This Order and the subject Motion shall remain restricted from public view and restricted from the docket for



EXHIBIT A

thirty (30) calendar days from the date of this Order, unless the Court orders otherwise in the interim. In addition, the Receiver need not serve the Motion or this Order until thirty (30) calendar days from the date of this Order, unless the Court orders otherwise in the interim. The Clerk of Court shall promptly provide a copy of this signed Order to the Receiver's counsel, Patrick J. Rengstl, Payton & Rengstl, LLC, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; rengstl@payton-law.com.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of August, 2016.

_____
**KENNETH A. MARRA**
**UNITED STATES DISTRICT COURT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually, and
LORIE ANN NETTLES, individually,

    Defendants.
_____/

**SEALED**

### *EX PARTE* ORDER GRANTING RECEIVER'S *EX PARTE* MOTION FOR AUTHORITY TO ACCESS DEFENDANT PAUL VERNON'S TREZOR BITCOIN WALLET(S)/ACCOUNT(S)

THIS MATTER is before the Court upon the Receiver's *Ex Parte* Motion for Authority to Access Defendant Paul Vernon's Trezor Bitcoin Wallet(s)/Account(s) (the "Motion"). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

[DE 61]

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Receiver is authorized to: (i) access Defendant Paul Vernon's Trezor wallet(s)/account(s); (ii) determine what cryptocurrencies are in the subject wallet(s)/account(s); and (iii) transfer all of the cryptocurrencies in such wallet(s)/account(s) to separate, temporary receivership wallet(s)/account(s) for purposes of preserving them in the interim of the Receiver conducting an analysis to determine whether the coins are, in fact, traceable back to Cryptsy and thus should be receivership property. This Order and the subject Motion shall remain restricted from public view and restricted from the docket for



EXHIBIT B

thirty (30) calendar days from the date of this Order, unless the Court orders otherwise in the interim. In addition, the Receiver need not serve the Motion or this Order until thirty (30) calendar days from the date of this Order, unless the Court orders otherwise in the interim. The Clerk of Court shall promptly provide a copy of this signed Order to the Receiver's counsel, Patrick J. Rengstl, Payton & Rengstl, LLC, 2 South Biscayne Boulevard, Suite 1600, Miami, Florida 33131; rengstl@payton-law.com.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of August, 2016.

KENNETH A. MARRA
**UNITED STATES DISTRICT COURT JUDGE**