**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

    Defendants.

_____/

**RECEIVER'S MOTION TO APPROVE APPLICATION TO ENGAGE**
**SILVER LAW GROUP AND WITES & KAPETAN, P.A.**
**AS RECEIVER'S SPECIAL LITIGATION COUNSEL**

    JAMES D. SALLAH, ESQ., the Court-appointed Receiver (the "Receiver") in the above-captioned matter, hereby respectfully submits his Application to Engage Silver Law Group and Wites & Kapetan, P.A. (collectively "the Law Firms") as Receiver's Special Litigation Counsel. In support thereof, the Receiver states as follows:

    1.    On April 4, 2016, this Court entered an Order appointing James D. Sallah, Esq. as Receiver over the affairs of Project Investors, Inc. d/b/a Cryptsy (the "Receivership Order"). [Docket Entry No. ("DE") 33].

    2.    As set forth in Paragraph 8 of the Receivership Order, the Receiver is empowered to, *inter alia*:

> Use reasonable efforts to determine the nature, location and value of all property interests of Cryptsy, including, but not limited to, cryptocurrencies, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which Cryptsy owns,

Civil Action No. 9:16-cv-80060-MARRA

possesses, has a beneficial interest in, or controls directly or indirectly;

Immediately take custody, control and possession of all of Cryptsy's property and records relevant thereto; to sue for and collect, recover, receive and take into possession from third parties all property of Cryptsy and records relevant thereto;

*      *      *

Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any lawsuits or arbitrations in state, federal or foreign jurisdictions necessary to preserve or increase the assets of Cryptsy and/or on behalf of Cryptsy and for the benefit of its investors and customers against: (1) those individuals and/or entities which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated, transferred or received any assets, properties, monies, proceeds or other items of value directly or indirectly traceable from Cryptsy, including Cryptsy and its officers, directors, employees, agents or any persons acting in concert or participation with them; or (2) any transfers of assets, properties, monies, proceeds or other items of value directly or indirectly traceable from Cryptsy investors or customers.  Such actions may include, but not be limited to, seeking imposition of constructive trusts, seeking imposition of equitable liens, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, *et. seq.* or otherwise, rescission and restitution, the collection of debts, and such Orders or other relief supported in law or equity from this Court as may be necessary to enforce this Order.

3.     Moreover, to assist the Receiver in his efforts to locate, recover, and take control of assets belonging to Cryptsy, Paragraph 8 of the Receivership Order further allows the Receiver to:

Choose, engage, and employ attorneys, accountants and other reasonable agents or professionals, as the Receiver deems advisable or necessary in the performance of his duties and responsibilities. The Receiver and his professionals shall be entitled to reasonable compensation from the assets now held by Cryptsy or ultimately secured by the Receiver.  Said compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of this Court.

Civil Action No. 9:16-cv-80060-MARRA

4.      Accordingly, the Receiver seeks to appoint and retain the Law Firms to provide the Receiver with legal advice, counsel, and assistance in this matter.  Attached hereto as **Exhibit "A"** is a copy of the proposed Contract for Representation between the Receiver and the Law Firms.

5.      While certain Cryptsy assets have been identified and secured by the Receiver and counsel for the Plaintiff class in this action, those assets will be distributed to the Plaintiff class per Court approval, thus leaving no assets to fund additional litigation.  As such, it is difficult to engage legal counsel who would be willing to provide legal counsel and assistance to the Receiver.  However, after consultation with the Law Firms, the Receiver believes that both have the expertise (and are willing to assume the financial risk) associated with identifying and pursuing claims on a contingency fee basis, which is the most cost effective manner for the receivership to pursue additional assets for the estate.

6.      Silver Law Group has represented Court-appointed receivers, trustees, liquidators, and office holders in multi-jurisdictional asset recovery matters involving Ponzi schemes and other frauds.  A copy of Silver Law Group's resume is attached hereto as **Exhibit "B."**

7.      Wites & Kapetan, P.A. has likewise represented Court-appointed trustees, corporations, investors, and shareholders in numerous multi-jurisdictional litigation matters involving securities, commodities, precious metals, asset recovery matters, Ponzi schemes and other investment frauds.   A copy of Wites & Kapetan, P.A.'s resume is attached hereto as **Exhibit "C."**

8.      In consideration for the Law Firms' services to the Receiver, the Receiver shall pay the Law Firms a contingency fee of thirty-three-and-one-third percent (33.33%) of any monies or other valuable assets recovered through their efforts pre-trial and forty percent (40%)

Civil Action No. 9:16-cv-80060-MARRA

of any monies or other valuable assets recovered through their efforts if the matter leading to the recovery is tried to a successful conclusion or otherwise resolves after the beginning of trial, and, additionally, reimbursement of all costs and expenses incurred in such litigation.

9.      The Law Firms are well aware that, at the present time, no Cryptsy assets other than those already planned to be distributed to the Plaintiff class have been identified and secured, thus leaving no receivership assets to fund additional litigation.  Nevertheless, the Law Firms have agreed to assist the Receiver on a contingency fee basis in aggressively locating and recovering any assets rightfully belonging to the receivership estate.  *See* **Exhibit "A."**

10.     A proposed Order granting this Motion is attached as **Exhibit "D."**  Defendant Lorie Ann Nettles has no objection to this Motion.  As of this filing, Defendant Paul Vernon has not appeared in this action and continues to refuse to cooperate with the Receiver.

WHEREFORE, for the foregoing reasons, JAMES D. SALLAH, ESQ., the Court-appointed Receiver, respectfully requests the Court enter an Order approving the Contract for Representation and permitting him to engage as his Special Litigation Counsel the law firms of Silver Law Group and Wites & Kapetan, P.A.; and entering such other relief as this Court deems just and proper.

Dated: October 18, 2016.                     Respectfully submitted,

**PAYTON & RENGSTL, LLC**
*Counsel for the Receiver*
2 South Biscayne Blvd., Suite 1600
Miami, Florida 33131
Telephone:    (305) 372-3500
Facsimile:     (305) 577-4895

By: Patrick J. Rengstl, Esq.
      Patrick J. Rengstl
      FL Bar No. 0581631

Civil Action No. 9:16-cv-80060-MARRA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

**PAYTON & RENGSTL, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500

Civil Action No. 9:16-cv-80060-MARRA

## <u>SERVICE LIST</u>

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Paul Vernon**
(Via Email)

**PAYTON & RENGSTL, LLC**
One Biscayne Tower, 2 So. Biscayne Blvd., Suite 1600, Miami, FL 33131  305.372.3500



www.**silverlaw**.com

11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 755-4799
Fax: (954) 755-4684

October 18, 2016

**VIA ELECTRONIC MAIL ONLY**
James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
*for Project Investors, Inc. d/b/a Cryptsy*
One Boca Place
2255 Glades Road - Suite 300E
Boca Raton, FL 33431
E-mail: JDS@SallahLaw.com

Re:    Brandon Leidel, *et al.* v. Project Investors, Inc. d/b/a Cryptsy, Paul Vernon, *et al.*
       U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:16-cv-80060-MARRA/Matthewman
       **\*\*CONTRACT FOR REPRESENTATION\*\***

Dear Mr. Sallah:

Many thanks for the opportunity to represent you in your capacity as Receiver/Corporate Monitor of Project Investors, Inc. d/b/a Cryptsy (hereinafter "you" or "the Receivership Estate") in connection with asset recovery work and other tasks consistent with the Court's April 4, 2016 Order Granting Plaintiff's Motion to Appoint Receiver [Docket Entry No. ("DE") 33] in the above-referenced case.

The purpose of this letter is to memorialize the fee agreement between you, Silver Law Group ("SLG") and Wites & Kapetan, P.A. ("Wites & Kapetan"), with respect to the above-referenced matter.

As discussed previously, it is not possible to predict the outcome of asset recovery work or litigation in general. SLG and Wites & Kapetan make no representation or guarantees of any kind, including, without limitation, as to the validity, merits, or probability of success of any of the claims or proceedings that might be pursued under the terms of this agreement.

SLG's and Wites & Kapetan's compensation, and the terms of their representation with regard to the above-referenced matter, shall be as follows:

1.    Subject to approval by the Court, the Receivership Estate shall be obligated to pay and reimburse SLG and Wites & Kapetan for all out-of-pocket costs and expenses reasonably incurred by SLG and Wites & Kapetan in representing you pursuant to this engagement, including but not limited to, photocopy expenses, telephone charges, mail and other delivery expenses, travel expenses, filing and recording fees and other incidental expenses. Attached hereto as **Exhibit "1"** is a summary of the current rates and policies of SLG and Wites & Kapetan regarding client disbursement charges. SLG and Wites & Kapetan will each provide you with detailed statements of such costs and expenses with each invoice. As this matter may last an extended period of time, please note that such rates and policies are adjusted from time to time.

# EXHIBIT "A"

James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
  *for Project Investors, Inc. d/b/a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 2 of 8 -

     2.     Upon recovery by the Receivership Estate of any funds or assets in excess of $10,000.00 USD as part of this representation, the Receivership Estate shall be obligated to transfer the sum of $2,500.00 for deposit into the Silver Law Group Trust Account and a separate sum of $2,500.00 for deposit into the Wites & Kapetan, P.A. Trust Account (the "Trust Accounts"), to secure payment of costs and expenses to be incurred in furtherance of and in connection with the above-referenced representation, and to secure payment of attorney's fees due and owing SLG and Wites & Kapetan at the conclusion of the case per the terms of this agreement.  Any balance remaining in the Trust Accounts upon the conclusion of this engagement after the payment of all sums due to SLG and Wites & Kapetan shall be returned to you.  You acknowledge that the costs and expenses to be incurred in connection with the above-referenced matter may exceed $5,000.00.  SLG and Wites & Kapetan agree to inform you prior to incurring costs and expenses in excess of $1,000.00, inclusive of costs associated with the retention of any expert witness.

     3.     SLG and Wites & Kapetan shall also be entitled to receive payment of a "Contingency Fee."  The "Contingency Fee" shall be thirty-three and one-third percent (33.33%) of the "Total Recovery Value" (as defined below) if the matter leading to the recovery settles pre-trial and forty percent (40%) of the Total Recovery Value if the matter leading to the recovery is tried to a successful conclusion or otherwise settles after the beginning of trial.  SLG and Wites & Kapetan agree to split the Contingency Fee among them with SLG being entitled to fifty percent (50%) of any Contingency Fee and Wites & Kapetan being entitled to fifty percent (50%) of any Contingency Fee.

     As used herein, "Total Recovery Value" means all gross amounts of monies and value recovered or received by you in connection with the claims, by settlement, arbitration, litigation, and in any other manner.  In the event that you receive value in kind or some form other than immediately payable money, the Total Recovery Value upon which SLG and Wites & Kapetan shall be entitled to recover their Contingency Fee shall include the fair present value of such value received by you.

     The Total Recovery Value shall include the gross value of all amounts received or recovered and shall not be diminished by: (a) costs or expenses incurred in connection with the claims, or (b) any legal or other professional fees that you may incur or have incurred with other professionals in connection with the claims.

     In evaluating this Contingency Fee component, please consider the Florida Bar's Statement of Client's Rights for Contingency Fees, which we attach hereto as **Exhibit "2,"** but which does not form part of this agreement with you.

     4.     SLG and Wites & Kapetan shall submit their invoices for costs and expenses to you periodically, usually monthly.  SLG and Wites & Kapetan shall be authorized to draw payment from the Trust Account upon the Court's approval.

     5.     Although you ultimately shall control and decide whether to accept any proposed settlement made in connection with this representation, you agree neither to engage directly with the opponents or their representatives to settle or compromise the matter nor to make any settlement of the matter without prior knowledge of SLG and Wites & Kapetan.  All payments and recoveries received or recovered in connection with the Receivership Estate's claims shall be paid into the Silver



James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
*for Project Investors, Inc. d/b/a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 3 of 8 -

Law Group Trust Account, and you agree that you shall immediately upon receipt remit to the Silver Law Group Trust Account all Total Recovery Value you may receive. You agree that all Total Recovery Value shall be applied toward the payment in full of all fees due and owing to SLG and Wites & Kapetan hereunder (and toward the payment in full and/or reimbursement in full of all costs and expenses incurred by SLG and Wites & Kapetan as provided herein), before the balance is disbursed from the Trust Account to you or the receivership estate.

6.      We have disclosed to you that SLG and Wites & Kapetan have jointly served as lead counsel in the class action against Project Investors, Inc. d/b/a Cryptsy, Paul Vernon, and Lorie Ann Nettles (Case No. 9:16-cv-80060-MARRA/Matthewman), and obtained a settlement with Lorie Ann Nettles valued at approximately $1,500,000.00. You agree that the Receiver waives any actual or potential conflict of interest in SLG and Wites & Kapetan's representation of the Receiver and the named class action Plaintiffs. In the event the Receiver discovers any claims against the lead Plaintiffs in Case No. 9:16-cv-80060-MARRA/Matthewman, the Receiver agrees to hire special counsel, separate from SLG and Wites & Kapetan, to represent the Receiver's interests. Neither SLG nor Wites & Kapetan shall represent the lead Plaintiffs in any action adverse to the Receiver, such as the defense of any fraudulent transfer claims. It is represented by SLG and Wites & Kapetan that the lead Plaintiffs also provided their waiver of any conflict of interest so that SLG and Wites & Kapetan can assist you in recovering assets for the Receivership Estate.

7.      SLG or you may each terminate SLG's representation at any time and for any reason (including without limitation non-payment of SLG's invoices) by giving written notice of termination to the other party. Likewise, Wites & Kapetan or you may each terminate Wites & Kapetan's representation at any time and for any reason (including without limitation non-payment of Wites & Kapetan's invoices). In the event of a termination, you agree to pay all outstanding fees and expenses advanced or incurred by SLG and/or Wites & Kapetan to the date of the termination subject to approval by the Court, which approval you agree to seek. Any termination of representation does not relieve you of the obligation to pay amounts owed for fees and expenses incurred through the date of termination. You shall not be liable for any contingency fee to SLG if SLG terminates its representation without cause, withdraws as counsel without cause, or is terminated for cause. Likewise, you shall not be liable for any contingency fee to Wites & Kapetan if Wites & Kapetan terminates its representation without cause, withdraws as counsel without cause, or is terminated for cause. In all other circumstances, in which they individually or collectively cease to serve as counsel, SLG and/or Wites & Kapetan shall each have the right to collect its or their full contingency fee from the Total Recovery Value received at any time by you, or at SLG's and/or Wites & Kapetan's option and discretion, to collect the reasonable value of the services rendered through the date it ceases to serve as counsel. Non-payment of invoices for costs and expenses as they become due shall constitute cause for SLG or Wites & Kapetan to terminate their representation.

8.      This agreement shall be governed by and construed under the laws of the State of Florida, without regard to the conflicts of law thereto.

9.      If a fee dispute were to arise, the Florida Bar has procedures to resolve such disputes through arbitration that SLG, Wites & Kapetan, and you could decide jointly to request. **SLG, Wites & Kapetan, and you each knowingly, voluntarily, and intentionally waive all right to a trial by**



www.**silver**law.com

11780 W. Sample Road
Coral Springs, FL 33065

Tel: (954) 755-4799
Fax: (954) 755-4684

James D. Sallah, Esq.
*Court-Appointed Receiver/ Corporate Monitor*
  *for Project Investors, Inc. d/b/a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 4 of 8 -

**jury in respect of any suit, action, dispute or proceeding based on or arising out of, under, or in connection with this agreement, and/or any agreement contemplated to be executed in conjunction herewith**. SLG, Wites & Kapetan, and you each agree that, prior to filing any suit, action, or proceeding arising out of, under, or in connection with this agreement, the parties shall submit such dispute to non-binding mediation with The Honorable Howard A. Tescher (Fort Lauderdale, FL). SLG, Wites & Kapetan, and you each agree that any suit, action, or proceeding arising out of, under, or in connection with this agreement shall have as its venue the United States District Court for the Southern District of Florida, Fort Lauderdale Division. SLG, Wites & Kapetan, and you each irrevocably waive, to the fullest extent permitted by law, any objection which any of them may have to the exclusive jurisdiction of the United States District Court for the Southern District of Florida for the purpose of any suit, action, or proceeding, and hereby further irrevocably waive any claim that any suit, action, or proceeding brought in that court has been brought in an inconvenient forum, so long as such suit, action, or proceeding is filed with the Fort Lauderdale Division of the United States District Court for the Southern District of Florida.

10.     SLG and Wites & Kapetan are delighted to represent you. SLG and Wites & Kapetan believe that the caliber of their clients is indicative of the quality of their services and reputation. Unless you advise SLG and Wites & Kapetan otherwise, SLG and Wites & Kapetan will deem themselves free to disclose that you are a client of the firms. SLG and Wites & Kapetan will not, of course, disclose any confidential information.

11.     We are not undertaking to represent you in connection with any other disputes you might have, including without limitation any disputes arising out of your professional services as Receiver for Project Investors, Inc. d/b/a Cryptsy.

12.     Please note that litigation, arbitration, and the settlement of disputes can have significant tax consequences. We do not render any form of tax advice. You should consult a tax professional throughout the entire process to assure that you have considered and adequately addressed all tax consequences.

13.     As we have previously informed you, the rules of litigation require that a party preserve evidence when litigation proceedings are contemplated. Accordingly, you should take all necessary steps to ensure that all evidence pertinent to this dispute, including without limitation e-mail and electronic documents and paper files of the entities in receivership, are preserved.

Marc Wites and I will gladly answer any questions you might have in connection with this matter. If the terms of this agreement are acceptable to you, please sign and date two copies of this letter and return one each to SLG and Wites & Kapetan for our records.

Again, thank you for the opportunity to represent you. We look forward to working with you.



James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
 *for Project Investors, Inc. d/b/a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 5 of 8 -

_____

Silver Law Group
By: David C. Silver, Esq.

Date: _____

_____

Wites & Kapetan, P.A.
By: Marc A. Wites, Esq.

Date: _____

Accepted by:

_____

James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
 *for Project Investors, Inc. d/b/a Cryptsy*

Date: _____



www.**silverlaw**.com

11780 W. Sample Road
Coral Springs, FL 33065

Tel: (954) 755-4799
Fax: (954) 755-4684

James D. Sallah, Esq.
*Court-Appointed Receiver/Corporate Monitor*
*for Project Investors, Inc. d/b/a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 6 of 8 -

# EXHIBIT "1"

## Silver Law Group Client Disbursement Charges & Standard Policies

Photocopy and Related Charges:
- $0.20 per page for in-house photocopies.
- Actual costs charged firm by outside vendor for photocopies, indexing, stamping, and collation services.

Mail/Postage Charges:
- No charge for regular class postage (domestic or international) for non-mass mailings.
- Actual cost charged firm for postage/handling for mass mailings.
- Actual cost charged firm for postage/handling for all package deliveries.

Delivery (Hand, Express, and International) Charges:
- Actual cost charged firm for FedEx, UPS, DHL, and other express delivery services
- Actual cost charged firm for hand-deliveries and messenger services.

Telephone Charges:
- Actual cost charged firm for long distance calls.
- Actual cost charged firm for arranged multiparty teleconference.
- Actual costs for cellular phone charges.

Telecopy/Telefax Charges:
- No charge for incoming telecopies/facsimiles.
- No charge for outgoing telecopies/facsimiles.

Travel/Lodging/Meal Expenses:
- Actual cost charged firm for all travel/lodging/meal expenses.
- Mileage at IRS published rate for automobile travel outside of Miami-Dade and Broward Counties.

Computer/Database Charges:
- Allocable portion of actual cost charged to firm (not to exceed standard vendor charges) for

Westlaw, Lexis, and other legal search engines:
- No charge for access to internet.
- Actual cost charged to firm for all computerized court docket systems (*e.g.*, PACER, Courtlink).
- Actual cost charged to firm for all computerized database asset search systems (*e.g.*, Autotrack).

Miscellaneous:
- Recordation/Filing Fees: Actual cost charged firm.
- Court Reporter/Transcription Fees: Actual cost charged firm.
- Process Server/Private Investigator: Actual costs charged firm.
- Expert Witness Fees: Payable by client directly unless otherwise agreed.



www.silverlaw.com | 11780 W. Sample Road
Coral Springs, FL 33065 | Tel: (954) 755-4799
Fax: (954) 755-4684

James D. Sallah, Esq.
*Court-Appointed Receiver/ Corporate Monitor*
 *for Project Investors, Inc. d/ b/ a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 7 of 8 -

## EXHIBIT "2"

**FLORIDA BAR'S STATEMENT OF CLIENT'S RIGHTS FOR CONTINGENCY FEES**

Before you, the prospective client, enters into a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights.

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentages as in any other contract. If you do not reach an agreement with one lawyer, you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you do withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee, although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you and allowing you time to employ another lawyer. Often, your lawyer must obtain court approval before withdrawing from a case. If you discharge your lawyer without good cause after a three (3) day period, you may have to pay a fee for the work the lawyer has performed.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training, experience. If you ask, the lawyer should tell you specifically about his or her actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about specific training or knowledge and give you this information in writing if you request it.

4. Before signing a contingency fee contract with you, a lawyer must advise you whether he or she intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, he or she should tell you what kind of fee sharing agreement will be made with other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract which includes each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.



www.silverlaw.com                11780 W. Sample Road          Tel: (954) 755-4799
                                 Coral Springs, FL 33065        Fax: (954) 755-4684

James D. Sallah, Esq.
*Court-Appointed Receiver/ Corporate Monitor*
  *for Project Investors, Inc. d/ b/ a Cryptsy*
October 18, 2016
CONTRACT FOR REPRESENTATION
- Page 8 of 8 -

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyers should give a reasonable estimate about future necessary costs. If your lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose your case. Those adverse consequences might include money that you might have to pay to your lawyers for costs, and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses and a precise statement of your lawyer's fee. Until you approve the closing statement, you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer or law firm working on your case sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of the lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all other settlements before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you the client believe that your lawyer has charged an excessive or illegal fee, you the client, have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach The Florida Bar, call 1-800-342-8060 or contact the local bar association. Usually fee disputes must be handled in a separate lawsuit.



Case 9:16-cv-80060-KAM Document

A National Securities Arbitration & Investment Fraud Law Firm    CONTACT US (800) 975-4345

En Español

**SILVER** LAW GROUP

MENU

# Class Actions

Silver Law Group has handled class action lawsuits throughout the country. A class action lawsuit is an important tool which allows multiple plaintiffs to combine together, frequently against a large, well-capitalized corporate defendant. Securities class action lawsuits are filed when a group of investors known as a "class" suffer economic losses as the result of the same cause affecting the members of the class. Silver Law Group is also experienced pursuing claims against the investment banks and brokerage firms which act as the selling agent or underwriter of these securities. In 2011, Silver Law Group helped a class of investors recover $150 million against a large national brokerage firm. In recent Years, Wall Street firms have created their own alternative investments to sell to investors. These alternative investments include, private placements, principal protected notes, and managed futures funds. Investment losses in these proprietary investment products frequently lead to class actions and securities arbitration claims. According to a NERA Economic Consulting study, federal class action lawsuits during the period from January 2005 – June 2012 have been filed in the following type of case categories:

- Merger Objection Cases;
- Securities and Exchange Act Violations; including 10b(5);
- Credit Crisis Related;
- Ponzi Schemes;
- Option Backdating;
- Accounting Fraud; and
- Other Causes.

# EXHIBIT "B"

subject to new class action filings during the period from January 2000 – June 2013:

- Consumer Discretionary (5.5%)

- Consumer Staples (4.0%)

- Energy (2.5%)

- Financials (11.1%)

- Health Care (9.7%)

- Industrials (3.4%)

- Information Technology (6.9%)

- Materials (1.2%)

- Telecommunication Services (7.9%)

- Utilities (7.2%)



Silver Law Group has extensive experience advising clients regarding their options about underlined participating in a class action or opting out the class action and instead pursuing their individual claims as stand-alone plaintiffs against a variety of potentially liable defendants. There are advantages to both options, depending on the factual scenario in which they arise; and we carefully advise our clients regarding which path would best suit their legal interests.



# Securities Litigation

The firm routinely represents investors in claims against issuers, underwriters, third-party professionals, and others in state and federal court for violations of the securities laws. We have significant experience representing investors who have been victimized by a variety of wrongful conduct, including violations of the federal securities laws, state "Blue-Sky" statutes, and breaches of fiduciary duty. Silver Law Group frequently agrees to represent investors on a contingency fee basis. Accordingly, we are often sought out by other law firms to work with their clients in an effort to recover all possible damages those clients have suffered. Our track record is one marked with great success, and we will gladly confer with you to determine if and how we can assist you in recouping losses you or your client(s) have suffered.

OUR FREE PROMISE

## NO RECOVERY, YOU OWE US NOTHING

To contact our experts please fill out the form below.

FIRST NAME

LAST NAME

EMAIL ADDRESS



A National Securities Arbitration & Investment Fraud Law Firm | CONTACT US (800) 975-4345

COMMENTS

CONTACT SILVER LAW →

# Awards & Certifications
















Scott L. Silver - Silver Law Group



**A National Securities Arbitration & Investment Fraud Law Firm**   **CONTACT US (800) 975-4345**

En Español

MENU



# Scott L. Silver

## Managing Partner

Scott L. Silver is the managing partner of Silver Law Group, a nationally recognized law firm representing investors worldwide to recover their investment losses. Scott has received a Martindale Hubbell Preeminent "AV" Rating, the highest ratings given for general ethical standards and legal ability. Scott has spent his entire legal career practicing securities and financial services law. Scott focuses his law practice on securities arbitration and litigation and plaintiff-side class action litigation, representing individual investors and institutions in claims against brokerage firms, investment advisors, commodities firms, hedge funds and others. Scott also routinely serves as counsel to receivers and trustees in matters relating to the recovery of investor losses in Ponzi schemes.

 Email

📧 VCard

Scott has extensive experience in arbitration before the Financial Industry Regulatory Authority (FINRA), the National Futures Association (NFA), and the American Arbitration Association (AAA). He has recovered millions of dollars on behalf of aggrieved investors through arbitration and the courts. Scott has represented clients throughout the United States as well as in Europe, South America, Israel and elsewhere.

Scott is a frequent lecturer and author on securities and investment fraud matters, as well as a regular commentator in leading publications. Scott has been invited to lecture at law schools, industry conferences and investor rights groups. In addition, Scott frequently contributes to various publications and has authored numerous articles

# Professional Experience

Scott graduated from the University of Miami, School of Law in 1996. Soon after, Scott joined Gusrae Kaplan, a Wall Street law firm founded by a former Chief Attorney of the SEC's Division of Enforcement, specializing in the defense of brokerage firms in FINRA, SEC, NYSE, and court matters. It is during his tenure at the law firm where Scott learned the strategies employed by brokerage firms to defend against investor claims.

In 2002, Scott relocated to South Florida where he brought his insight and understanding of the inner workings of Wall Street, becoming a named partner in a leading Plaintiff's firm. In April 2011, the Silver Law Group was formed with a team of litigators, all with experience in the securities industry. Scott still maintains strong ties to New York and regularly represents investors in and around New York through the firm's New York office.

Scott has served as trial counsel in several cases and arbitrations including a \$7 million FINRA arbitration award against former UBS Financial Services, Inc.'s broker Gary Gross in 2009. Scott was awarded the 2009 Daily Business Review's Most Effective Lawyer award for securities litigation for his work on the Gary Gross case. Scott is an AV rated attorney by Martindale-Hubbell. In 2010 and 2011, Scott was nominated for inclusion in Florida Trend magazine's Legal Elite. In 2011, Scott became co-chair of the American Association for Justice ("AAJ") Securities Litigation Group.

# Professional Recognition

- Legal Elite" by Florida Trend Magazine 2010, 2011
- "AV"® Preeminent™ rating, Martindale-Hubbell 2010
- Florida Super Lawyers 2009
- Daily Business Review's Most Effective Securities Lawyer 2009
- Multi-Million Dollar Advocates Club
- Co-chair for the American Association for Justice ("AAJ") Securities Litigation Group
- Scott Silver is a featured speaker at AAJ's Hot Topics in Business Torts seminar
- Florida Justice Association 2015 Seminar – Business Torts speaker on the ABC's of FINRA arbitration

http://silverlaw.com/attorney-profiles/scott-l-silver/

SEC Whistleblower Incentives Under the Dodd-Frank Wall Street Reform Act,
18 PIABA Bar Journal 169 (2011)

Brokerage Firms' Liability When They Fail To Warn About Bad Brokers,
PLI Securities Arbitration, Vol. 1 at Pg. 437 (Aug. 2009)

Non-Customer 'Customers' and Compulsory NASD Arbitration,
PLI Securities Arbitration, Vol. 1 at Pg. 601 (Aug. 2002)

# Receivership Practice

Scott routinely represents Ponzi scheme victims and others in bankruptcy or SEC
receiverships. On multiple occasions, the Receiver has retained Scott to pursue claims
on behalf of the receivership. Representations include:

*Corporate Monitor v. Gignesh Movalia, et al.*, Case No. 13-18620 CA 13 (Miami-Dade County
Circuit Court, Florida)

*In re: Certified, Inc., et al.*, Case No. 09-33115-BKC-RAM (U.S. Bankruptcy Court –
Southern District of Florida)

*Goldberg, et al. v. D&E Communications, Inc., et al.*, Case No. 11-cv-22177-WPD (U.S. Dist.
Ct. – Southern District of Florida)

## Bar Admissions:

Florida Bar, 1996

New York Bar, 1997

U.S. District Court, Southern District of New York, 1997

U.S. District Court, Eastern District of New York, 1997

U.S. District Court, Southern District of Florida, 2002

## Education:

J.D., University of Miami School of Law, 1996

B.A., State University of New York at Albany, 1993

**A National Securities Arbitration & Investment Fraud Law Firm**     CONTACT US (800) 975-4345

Selected for inclusion in Florida Trend's Florida Legal Elite, 2010–2011

Florida Super Lawyer, 2009

Daily Business Review, Most Effective Lawyer in Securities Litigation, 2009

Member, CLI Securities Exchange Commission, 1995–1996

## MEMBERSHIPS

American Association of Justice (Chairman of the Securities Committee)

Public Investors Arbitration Bar Association

Multi-Million Dollar Advocates Forum

Entrepreneurs' Organization (EO)

## OFFICES

Florida

New York

# Awards & Certifications

http://silverlaw.com/attorney-profiles/scott-l-silver/

David C. Silver - Silver Law Group



A National Securities Arbitration & Investment Fraud Law Firm        CONTACT US (800) 975-4345

En Español

MENU



**Email**

**VCard**

# David C. Silver

## Founding Partner

David C. Silver is a founding partner of Silver Law Group, a nationally recognized law firm representing investors worldwide to recover their investment losses. David has received a Martindale Hubbell Preeminent "AV" Rating, the highest ratings given for general ethical standards and legal ability. David has spent his entire legal career in complex commercial litigation. David concentrates his practice in a wide variety of civil litigation, including business, securities, class actions, white-collar crime, and government investigations, with an emphasis on business-related disputes. David has also handled several high profile catastrophic injury and wrongful death cases. David practices at the trial and appellate court levels across the United States.

As an established trial attorney, David focuses on implementing innovative and aggressive strategies to change the dynamics of a case and to obtain the best possible result in settlement or trial. David has litigated a wide variety of commercial disputes involving professional negligence, fraud, breach of fiduciary duty, securities litigation, conversion, breach of contract, negligence, accountant malpractice, negligent misrepresentation, misappropriation of trade secrets, violation of consumer protection statutes, and tortious interference with contract and prospective business relationships.

In addition, on behalf of the Federal Deposit Insurance Corporation (FDIC), David has led multiple investigations into wrongdoing on the part of officers and directors of various closed financial institutions as well as investigations into D&O insurance carriers, fidelity

# Professional Experience

David began his legal career at Wicker Smith O'Hara McCoy Graham & Ford, a large Florida-based law firm. In April 2004, David joined the international law firm of Patton Boggs (now Squire Patton Boggs) LLP in Washington, D.C., where his practice as a trial lawyer involved all aspects of civil litigation, including noteworthy pro bono work. In 2010, David left Patton Boggs LLP and returned to Florida. He was a Partner at Blum & Silver, LLP until he co-founded Silver Law Group in 2011.

# Professional Recognition

- *Acker, et al. v. Doeren Mayhew*, Case No. 2:08-cv-11161-AJT-MAR (U.S. Dist. Ct. – Eastern District of Michigan): Obtained a favorable settlement as lead plaintiffs' counsel to over 400 claimants in an action against Doeren Mayhew, a large Midwest accounting firm, wherein the firm was alleged to have failed to perform due diligence so as to recognize that its partners were running a Ponzi scheme. The accounting malpractice lawsuit alleged that Doeren Mayhew and two of its directors, along with their spouses, were a de facto part of the management of the Ponzi scheme, thus costing the unsuspecting investors in excess of $25 million.

- *FDIC v. [Confidential]*: Led numerous investigations into wrongdoing on the part of officers, directors, and professionals of various closed financial institutions.

- *TANDI Partners LLC v. CRL Management LLC, et al.*, Case No. 1:13-cv-23900-KMM (U.S. Dist. Ct. – Southern District of Florida): Obtained a favorable settlement for a non-U.S.-based investor.

- *Burt v. Key Trading LLC, et al.*, Case No. 2:12-cv-06333-KM-MCA (U.S. Dist. Ct. – District of New Jersey): Obtained $1.8 million Final Judgment for former professional football player against several individuals, and their corporate entity, who had misappropriated the $1.8 million. After having obtained the judgment in the full amount of our client's loss, Silver Law Group secured an injunction freezing assets of one of the defendants in an effort to avoid dissipation of those assets before the Final Judgment could be satisfied.

- *Gaines v. Krawczyk*, Case No. 2:03-cv-01957-DSC (U.S. Dist. Ct. – Western District of Pennsylvania): Served as a member of the Patton Boggs LLP team that negotiated a

Pittsburgh football star.

- *Talisman Capital Talon Fund, Ltd. v. Rudolf W. Gunnerman and SulphCo, Inc.*, Case No. 3:05-cv-354 (U.S. Dist. Ct. – District of Nevada): Served as a member of the Patton Boggs LLP team that won intellectual property/corporate opportunity case preserving company's right to ownership of process at issue and zeroing out plaintiffs' claim for more than $100 million in damages.

- *Bauer v. Hines Nurseries Inc.*, Case No. 05-2002-CA-9235 (Brevard County Circuit Court, Florida): Led the Patton Boggs LLP team that orchestrated a successful defense and reduction of jury verdict in a wrongful death lawsuit wherein the family of a woman who died in a collision with a tractor-trailer was awarded $5.08 million by a jury. The judge significantly reduced that amount because of a novel "phantom vehicle" defense.

- *In the Matter of Marsh & McLennan Company*: Served as a member of the Patton Boggs LLP team that negotiated a settlement in connection with an investigation by the District of Columbia Attorney General into the business practices of Marsh & McLennan Company. This was the first settlement following New York Attorney General Elliot Spitzer's investigation of, and subsequent settlement with, Marsh & McLennan in connection with alleged antitrust and other violations.

- *In re Black Farmers Discrimination Litigation*, Case No. 1:08-mc-00511-PLF (U.S. Dist. Ct. – District of Columbia): Served as a member of the Patton Boggs LLP team as counsel for Plaintiffs in connection with 23 lawsuits that were filed on behalf of more than 35,000 African-American farmers. The lawsuits asserted that the U.S. Department of Agriculture had systematically discriminated against African-American farmers on the basis of race in violation of the Fifth Amendment of the United States Constitution, the Equal Credit Opportunity Act, Title VI of the Civil Rights Act, and the Administrative Procedure Act. On December 8, 2010, President Barack Obama signed into law the Claims Resolution Act of 2010, which provided $1.15 billion (in addition to the $100 million already provided in the 2008 Farm Bill) to fund a settlement of the litigation.

## Recent Complaints

Acker, et al. v. Doeren Mayhew, et al. – Complaint/Settled

Bates v. Amerifirst Management LLC, et al. – Complaint/Settled

**A National Securities Arbitration & Investment Fraud Law Firm**     **CONTACT US (800) 975-4345**

D'Netto v. Prime Asset Metal Investments – Complaint/Settled

In Re: Certified Inc., et al. – Complaint/Settled

Jennings, et al. v. Nationwide Pharmassist, et al. – Complaint

Liquid Bits, Corp. v. T. Shavers and Bitcoin Savings and Trust – Complaint/Final Judgment

Bounty Gain Enterprises, Inc. v. John C. Textor, et al. – Complaint

Bair v. Christensen Design Group, et al. – Complaint

# Press Releases

CFTC Charges Gold Coast Bullion and Anthony Lauria in precious metals fraud scheme

Silver Law Group Files FINRA Arbitration Claim Against LPL on Behalf of an Elderly Investor for Losses in Alternative Investments

Silver Law Group Awarded $750,000 in Punitive Damages in FINRA Arbitration

Silver Law Group Continues to Pursue FINRA Arbitration Claims for Investors in UBS Willow Fund

Silver Law Group Continues to Investigate and Pursue Claims Against UBS Puerto Rico for Investment Losses in UBS Proprietary Closed-End Bond Funds

Silver Law Group Issues Investor Alert Regarding Claims Against UBS of Puerto Rico Involving Puerto Rico Bonds

Silver Law Group Files FINRA Arbitration Claim Against LPL on Behalf of an Elderly Investor for Losses in Alternative Investments

The Silver Law Group Files FINRA Arbitration Claim Against UBS Financial Services of Puerto Rico on Behalf of Business Owners in Puerto Rico

David C. Silver Silver Law Group

A National Securities Arbitration & Investment Fraud Law Firm     CONTACT US (800) 975-4345

**Bar Admissions:**

Florida, 2003
District of Columbia, 2004
U.S. District Court, Middle District of Florida, 2004
U.S. District Court, Eastern District of Michigan, 2008
U.S. District Court, District of Columbia, 2008
U.S. District Court, Southern District of Florida, 2012
U.S. District Court, District of Colorado, 2012
U.S. District Court, Eastern District of Texas, 2014

**Education:**

J.D., University of Miami School of Law, 2002
B.A., University of Michigan, 1999

**Honors & Awards:**

Multi-Million Dollar Advocates Forum
Martindale-Hubbell AV® Preeminent Rating

**Community Involvement**

Jewish Federation of Broward County
• Board of Directors
• Ben-Gurion Society
Heron Bay Community Association
• Board of Directors

http://silverlaw.com/attorney-profiles/david-c-silver/



**WITES & KAPETAN, P.A.**
ATTORNEYS AT LAW

<u>**WITES & KAPETAN, P.A.**</u>

Wites & Kapetan, P.A., is a law firm that has represented plaintiffs in class actions since the firm was founded in 2001. Marc A. Wites is a founding shareholder of the Firm, and he directs the Firm's class action practice.

Marc has achieved great success for his clients in his core practice areas. This includes multi-million dollar jury verdicts and settlements in personal injury and wrongful death actions, the recovery of investment losses of individuals and families against brokerage firms, banks and investment advisors, and industry changing class actions that have returned monies to class members and changed the way in which companies do business. These victories have been achieved in state and federal trial and appellate courts throughout the country, as well as arbitration proceedings.

Marc is a graduate of The University of Florida College Law, where he served as a board member of The University of Florida Law Review and the Justice Thornal Campbell National Moot Court Board. Marc earned a Bachelor of Business Administration from The University of Michigan.

He is admitted to the Florida Bar, the United States District Courts for the Southern and Middle Districts of Florida, the United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court.

Marc was named as part of Florida's Legal Elite for 2006-2012 by Florida Trend magazine, and as a Florida Super Lawyer in 2009-2012. These honors were the result of voting by members of the Florida Bar.

Marc authored *The Florida Civil Litigation Handbook: Actions, Defenses and Evidence and Rules*, which was published annually by Matthew Bender & Co., Inc. from 1997 through 2000. He now publishes the original content of the Handbook, for which he owns the copyright, through his own publishing company, in an annual series entitled The Florida Litigation Guide (www.flalitguide.com). The Guide contains a listing of the elements of popular common law causes of action, citations for the most recent state and federal court cases listing the elements of the actions and various defenses to the actions. Lawyers from virtually every major Florida law firm, as well as countless practitioners from medium and small firms, solo practitioners and

# EXHIBIT "C"

government attorneys, as well as members of the judiciary, routinely rely on Marc's publication in Florida litigation matters.

In 2007 Marc became the author of *Florida Causes of Action*, an annual treatise published by James Publishing. This publication provides a detailed analysis of Florida common law and statutory causes of action.

Marc also has published several articles, including *Do Equine Immunity Acts Provide a False Sense of Security, The Chronicle of the Horse*, Vol. LXI, Number 33, August 14, 1998; *Back in the Saddle Again: An Analysis of Florida's Equine Immunity Act*, Florida Bar Journal, Volume LXXI, Number 10, November 1997; and *The Franchisor as Predator: Encroachment and the Implied Covenant of Good Faith*, The University of Florida Journal of Law and Public Policy, Volume VII, Issue 2, Spring 1996.

Prior to founding Wites & Kapetan, P.A., Marc practiced law with Homer & Bonner P.A. (f/k/a Greer, Homer, Cope & Bonner, P.A.), a well-known Miami law firm, for over 5 years. There, his practice included the prosecution and defense of class actions, commercial litigation and transactions on behalf of brokerage firms, corporations, general contractors, aviation companies and banks, and equine litigation and transactions. During 2000, Marc served as Associate General Counsel and General Counsel for Link2Gov Corp. and HostLogic, Inc.

Marc was born in Queens, New York, and raised in Coral Springs, Florida. He lives in Boca Raton with his wife, Jennifer, and sons, Asher and Leo.

_____

The following is a list of some of the class actions in which Marc has represented a party as counsel, as well as a case where Marc was counsel for the defense:[2]

- *Magill v. Ford Motor Company,* In the Circuit Court in and for Miami-Dade County, Florida, Case No.: 95-06523 (counsel for plaintiff and the class that was certified by the trial court based on defective liftgates in Ford Explorers; reversed on appeal: Ford Motor Co. v. Magill, 698 So. 2d 1244 (Fla. 3rd DCA 1997))(litigated at Homer & Bonner, P.A.).

- *Waters v. IPMC,* In the United States District Court for the Southern District of Florida, Case No.: 90-6863-Civ-Ungaro-Benages (counsel for defendants in trial and appellate levels of commodities class action: Waters v. IPMC, 190 F.3d 1291 (11th Cir. 1999)) (litigated at Homer & Bonner, P.A.).

[2] Unless otherwise indicated, in each listed case Marc served as class counsel at Wites & Kapetan, P.A.

- *Berns v. CCS Financial Services, Inc., d/b/a The Check Cashing Stores, In the United States District Court of the Southern District of Florida,* Case No. 02-61633-CIV-DIMITROULEAS (class certified and final settlement approved based on violations of The Fair Debt Collection Practices Act).

- *Cohen and Zeiger v. DeConna Ice Cream Co.,* In the Circuit Court in and for the 17th Judicial Circuit of Broward County, Florida, Case Nos. 01-010780 (14) and 02-001336 (14)(class certified and final settlement approved, based on the mislabeling of the nutrition label of an ice cream product).

- *Rilling v. Republic Security Bank,* In the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. CL 01-3545-AE (counsel for plaintiff)(class certified, final settlement approved, and plaintiff and the class received 100% of their damages plus interest based on improper charging of interest rates on credit cards).

- *Coto v. Countrywide Home Loans, Inc.,* In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 01-7276 CA 30 ( class certified, and final settlement approved, based on overcharging of fees in real estate transactions).

- *In re Merrill Lynch & Co., Inc.,* Research Reports Securities Litigation, In the United States District Court for the Southern District of New York, Case No. 02-MDL-1484 (MP)(counsel to lead plaintiffs in 2 of 26 consolidated actions based on fraudulent reports from securities analysts).

- *Rhodes v. Old Republic National Title Insurance Company, In the 15th Judicial Circuit in and for Miami-Dade County, Florida,* Case No.: 50 2004 CA 004073 X XXX MB (class action settlement approved based on overcharges for title insurance).

- *Rivera v. Amalgamated Debt Collection Services, The United States District Court for the Southern District of Florida,* Case No.: 05-CIV-20176-LENARD/TORRES ( (class certified and final settlement approved based on violations of The Fair Debt Collection Practices Act).

- *Sifford v. Ashland, Inc. d/b/a/ The Valvoline Oil Co. and Valvoline Instant Oil Change,* In the Circuit Court of St. Louis County, Missouri, Case No.: 04CC-004724 (settlement of consumer class action based on charging of improper used oil disposal fees).

- *In re High Sulfur Content Gasoline Products Liability Litigation,* The United States District Court for the Eastern District of Louisiana, Case No.: 2:04-md-01632-IRLR-KWR (class settlement approved based on sale of gasoline with excessive sulfur content).

- *Hawley v. American Pioneer Title Insurance Company,* In the 17th Judicial Circuit in and for Broward County, Florida, Case No.: CA-03-016234 ( 11)(class action settlement approved based on overcharges for title insurance).

- *Thula v. Lawyers Title Insurance Corporation,* In the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 04-05324 (11)(class action settlement approved based on overcharges for title insurance).

- *Devick v. Attorney's Title Insurance Fund,* In the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 04-06633 (08) (class action settlement approved based on overcharges for title insurance).

- *Glassman v. Suntrust Merchant Services, LLC,* In the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 04-05042 CA 22 (class action settlement including Florida residents based on defendant's violation of the Telephone Consumer Protection Act).

- *Irwin v. Hyundai/Kia,* Superior Court of the State of California, County of Orange, Case No.: 02CC00287 (class certified, final settlement approved, based on misrepresentation of horsepower ratings of automobiles).

- *Penzer v. Southeast Wireless,* In the Circuit Court in and for the 17th Judicial Circuit of Broward County, Florida, Case No.: 03-010994 (02) (certified class of Florida residents based on defendant's violation of the Telephone Consumer Protection Act, which included litigation in state and federal court, multiple appeals, and ultimately a class action settlement, after eight years of litigation)(*see Penzer v. Transportation Ins. Co.*, 29 So.3d 1000, 1005 (Fla. 2010)).

- *Evans v. Stewart Title Guaranty Company,* In the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 04-06630-05 (class action settlement approved based on overcharges for title insurance).

- *Jackson v. Milestone Title,* In the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 07-24806 (11) (class action settlement approved based on overcharges for title insurance).

- *Rhodes v. Resource Title Co.,* In the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No.: 502007CA14069XXXXMBAE (class action settlement approved based on overcharges for title insurance).

- *Nolan v. Integrated Real Estate Processing, LLP,* In the United States District Court for the Middle District of Florida, Case No. 3:08-cv-00642 (class action settlement approved based on overcharges for title insurance).

- *Bleich v. Chicago Title Insurance Company,* In the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No.: 07-15721-27 (appointed as class counsel in certified class action, which is still pending).

- *Berry v. Mega Brands, Inc., et al.,* United States District Court, District of New Jersey, Case No.: 2:08-cv-01750 (counsel for lead plaintiff in approved class action settlement concerning defective toys).

- *Winward Builders, LLC v. Delos Insurance Group,* In the Supreme Court of the State of New York, Nassau County, Case No.: 09-015214 (co-lead counsel in approved class action settlement based on insurance overcharges).

- *In re Groupon, Inc. Marketing and Sales Practices Litigation*, United States District Court of the Southern District of Florida, Case No.: 11 md 2238 (Executive Committee Member in approved class action settlement)

- *In re TFT-LCD (Flat Panel) Antitrust Litigation,* United States District Court, Northern District of California, Case No.: 3:07-md-1827 (counsel for lead plaintiff in approved indirect purchaser antitrust class action settlement).

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

    Defendants.

_____/

**ORDER GRANTING RECEIVER'S MOTION
TO APPROVE APPLICATION TO ENGAGE
SILVER LAW GROUP AND WITES & KAPETAN, P.A.
AS RECEIVER'S SPECIAL LITIGATION COUNSEL**

**THIS MATTER** is before the Court on the motion (the "Motion") [DE 72] filed by

JAMES D. SALLAH, ESQ., the Court-appointed Receiver (the "Receiver") in the above-

captioned matter, for authorization to engage Silver Law Group and Wites & Kapetan, P.A.

(collectively "the Law Firms") as Receiver's Special Litigation Counsel in this matter.  Having

reviewed the Motion [DE 72], and being otherwise duly advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that said Motion [DE 72] is **GRANTED**.  The Contract

for Representation attached to the Motion is approved.  The Receiver is hereby authorized to

employ the Law Firms as Receiver's Special Litigation Counsel in this matter.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida this _____ day of

_____, 2016.

_____
JUDGE KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE



Copies:  All Counsel of Record