UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

      Defendants.

_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
APPROVAL OF NOTICE TO CLASS MEMBERS, AND SCHEDULING
OF A FINAL APPROVAL HEARING, AND INCORPORATED REQUEST
<u>FOR ORAL ARGUMENT ON MOTION FOR PRELIMINARY APPROVAL</u>**

Plaintiffs Brandon Liedel and Michael Wilson ("Class Representatives") hereby move this Court for: (1) preliminary approval of the settlement ("Settlement") of this certified class action (the "Class Action") against the Settling Defendant, Lorie Ann Nettles (the "Settling Defendant"); (2) approval of the form and manner of notice to putative Class Members; (3) the scheduling of a hearing (the "Settlement Hearing") on final approval of the Settlement; and (4) request for oral argument on Plaintiffs' instant Motion for Preliminary Approval.

In support of this motion, Class Representatives state as follows:

1.    Class Representatives, the Receiver and the Settling Defendant have entered into a Settlement Agreement (the "Settlement"), a copy of which is attached hereto as Exhibit "A."

2.    Class Representatives respectfully request that the Court grant preliminary

approval of the Settlement as fair, adequate, and reasonable.

3. Class Representatives respectfully request that the Court approve the form, manner and content of: (i) the Notice of Proposed Settlement of Class Action and Settlement Hearing ("Notice"); and (ii) Class Proof of Claim form ("Class Proof of Claim"), attached to the Settlement Agreement as Exhibits A & B.

4. Class Representatives respectfully request that the Court schedule a hearing as soon as practicable to consider the Settlement and to enter a Preliminary Approval Order. *See* Proposed Preliminary Approval Order attached hereto as Exhibit B.

## INTRODUCTION

Class Representatives and the Receiver have reached an agreement to settle this Class Action against the Settling Defendant, as provided in the Settlement. The Settlement has been entered into by and among the following: (i) Class Representatives on behalf of themselves and as representatives of the Class Members; (ii) James D. Sallah (the "Receiver"); and (iii) Defendant Lorie Ann Nettles. The proposed settlement specifically excludes Defendants Paul Vernon and Cryptsy.

The proposed Settlement provides a substantial monetary benefit to the Class that the settling parties reasonably believe will be in excess of one million dollars, depending on the final proceeds from the liquidation of the assets included in the Settlement. The Settlement, if approved, will resolve all claims asserted against the Settling Defendant in the Class Action, thereby providing partial relief to the Class Members while the Class Representatives and the Receiver continue to pursue their claims against the non-settling Defendants – namely Cryptsy and Vernon.

The Settlement was reached at a time when the Settling Parties understood the strengths

and weaknesses of their respective positions, and only after (i) the Class Representative and Receiver engaged in significant preliminary injunction and asset seizure proceedings to secure and protect the known and readily discoverable assets available to satisfy the Class Members' claims, and (ii) the Settling Parties engaged in extensive arm's length negotiations mediated by the Honorable Howard Tescher (ret.), a well-respected retired state court judge and mediator with over 10 years of experience mediating complex commercial cases, many involving financial services, banking and securities disputes.

Class Representatives and Class Counsel believe the proposed Settlement is an excellent result that is in the best interests of the Class, providing an immediate benefit to the Class. This is particularly the case given that the principal Defendant, Vernon, has fled the country, is presently believed to be residing in the Peoples Republic of China, and is believed to have hidden additional assets outside the United States. Accordingly, the Settlement must be considered in the context of the risk that protracted and costly litigation may be required to secure additional assets from the non-settling Defendants that may result in a lesser recovery or no recovery at all.

At the Settlement Hearing, Class Representatives will submit detailed papers supporting the proposed Settlement, and will ask the Court to determine whether the Settlement is fair, reasonable and adequate. At this time, however, Class Representatives request only that the Court grant preliminary approval of the Settlement so that notice may be provided to the Class.

Specifically, Class Representatives request that the Court enter the proposed Preliminary Approval Order providing for notice and hearing in connection with proposed Class Action Settlement (the "Preliminary Approval Order"), attached as Exhibit B, which, inter alia, will:

(i)     preliminarily approve the Settlement on the terms set forth in the Settlement Agreement;

(ii) approve the form and content of the Notice of Proposed Settlement of Class Action and Settlement Hearing ("Notice") and Class Proof of Claim form ("Class Proof of Claim");

(iii) find that the procedures established for distribution and publication of the Notice and Class Proof of Claim in the manner and form set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Class Action Fairness Act of 1995, 28 USC §1711, et. seq.; and

(iv) schedule the Settlement Hearing and set out a schedule and procedures for: disseminating the Notice and Class Proof of Claim; requesting exclusion from the Class; objecting to the Settlement; the proposed Plan of Allocation; Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses or Class Representatives' request for reimbursement of costs and expenses; and submitting papers in support of final approval of the Settlement.

## BACKGROUND OF THE CASE

1. On January 13, 2016, Plaintiffs initiated this class action. [DE 1].

2. On February 22, 2016, Plaintiffs filed an Amended Complaint, asserting claims for conversion, negligence, unjust enrichment, specific performance, violation of Florida's Deceptive and Unfair Trade Practices Act, preliminary and permanent injunction, fraudulent conveyance and conspiracy. [DE 8].

3. Plaintiffs filed this nationwide class action on behalf of themselves and a class of similarly situated CRYPTSY users (the "Class"). CRYPTSY and VERNON ("the CRYPTSY Defendants") operated an online business for general consumers and the public to exchange,

invest, and trade in digital cryptocurrencies, including "Bitcoin" and "Litecoin." Similar to a bank, but existing only in the "virtual" world, CRYPTSY customers, including Plaintiffs, deposited their digital currency in accounts held at, and purportedly protected and managed by, CRYPTSY. The CRYPTSY Defendants acted unlawfully by denying account holders, including Plaintiffs, the ability to withdraw or use the funds in their accounts and by stealing for the CRYPTSY Defendants' own use and benefit the digital currency held in the CRYPTSY customer accounts. In total, Defendants stole approximately $5 million from the Plaintiff Class. Among the benefits obtained by the CRYPTSY Defendants is the purchase of a $1.375 million waterfront home located in Palm Beach County, Florida (the "Property") with funds unlawfully obtained from Plaintiffs and the Class. Plaintiffs' alleged that the Property was fraudulently transferred to Defendant NETTLES as part of a divorce settlement between VERNON and NETTLES.

4. Contemporaneously with filing the Amended Complaint, because Vernon had fled the jurisdiction and due to the imminent threat that Defendants were dissipating and/or spiriting away assets, Plaintiffs filed an Emergency Motion for Appointment of a Receiver to take over the operations and marshal the assets of Defendant Cryptsy. [DE 9].

5. On February 22, 2016, the Court denied the Motion to Appoint Receiver pending service of Defendants. [DE 13].

6. On February 26, 2016, Plaintiffs filed an Acknowledgment of Service confirming Defendant Nettles had been served. [DE 14].

7. On March 1, 2016, Plaintiffs filed a Motion for Service by Alternative Means to allow Plaintiffs to serve Defendant Vernon by email and US Mail to his last known email and physical address.

8. On March 11, 2016, Plaintiffs filed an Acknowledgment of Service confirming Defendant Cryptsy had been served. [DE 17].

9. On March 15, 2016, Plaintiffs renewed their Motion to Appoint Receiver. [DE 18].

10. On March 24, 2016, Plaintiffs moved for entry of a Clerk's Default against Cryptsy. [DE 22]. The Clerk entered the Default the same day. [DE 25].

11. On March 29, 2016, the Court entered an Order granting Plaintiffs' Motion to Serve Defendant Vernon by alternate means. [DE 29]

12. On March 31, 2016, Plaintiffs certified compliance with the Court's March 29 Order, verifying completion of service as authorized by the Court on Defendant Vernon. [DE 31]

13. On April 4, 2016, the Court granted Plaintiffs' Motion to Appoint Receiver and appointed James Sallah as the Receiver/Corporate Monitor over Defendant Cryptsy. [DE 33].

14. Upon his appointment the Receiver engaged Patrick Rangstl as counsel for the Receiver and immediately began efforts to secure and marshal Cryptsy's assets.

15. On May 20, 2016, Plaintiffs moved for entry of a Clerk's Default against Defendant Vernon. [DE 50]. The Clerk entered the Default the same day. [DE 51].

16. On July 27, 2016, Plaintiffs filed an Unopposed Motion for Class Certification. [DE 59].

17. On August 25, 2016, the Court granted the Motion for Class Certification, certifying the following class:

> All CRYPTSY account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY as of November 1, 2015 to the present. Excluded from the Class are: (1) employees of CRYPTSY, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class.

[DE 65]. The Court also appointed Brandon Liedel and Michael Wilson as Class Representatives and appointed Marc Wites and Scott Silver as Class Counsel. *Id.*

18.     On August 15, 2016, Class Representatives, the Receiver and Defendant Nettles attended mediation before Judge Howard Tescher (ret.), at which they reached an agreement to resolve Plaintiffs' and Receiver's claims against Defendant Nettles. That agreement was subsequently documented by the Settlement Agreement.

19.     Plaintiffs now seek the Court's approval of the Settlement Agreement, which approval is not opposed by the Receiver or Defendant Nettles.

## ARGUMENT

### I.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The settlement of complex class action litigation is favored by public policy and strongly encouraged. *See Behrens v. Wometco Enters., Inc*., 118 F.R.D. 534, 538 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (there is a "strong judicial policy that favors settlements."); *see also Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 466 (S.D. Fla. 2002) (determining that "[t]here is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex.") (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). "Determining the fairness of the settlement is left to the sound discretion of the trial court...." *See Bennett v. Behring Corp*., 737 F.2d 982, 986 (11th Cir. 1984). The Court's exercise of discretion in this regard should be "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Perez v. Asurion Corp*., 501 F. Supp. 2d 1360, 1379 (S.D. Fla. 2007). The law has long been settled in this Circuit that, "[i]n determining whether to approve a proposed [class action] settlement, the cardinal rule is that the district court must find that the

settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Id.* at 1379 (citing *Cotton*, 559 F.2d at 1330).

Judicial review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing. *Smith v. Wm. Wrigley Jr. Co.,* No. 09-60646, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). During this first-step, a court must consider whether the settlement warrants preliminary approval, providing notice to the proposed class and the scheduling of a final settlement hearing. *Id.* In the second-step, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness and adequacy of the proposed settlement, the court considers whether the settlement warrants "final approval." *Id*. at 6.[1]

Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason. *Almanzar v. Select Portfolio Servicing, Inc.*, Case No. 14-22586-FAM, 2015 WL 10857401 *1 (S.D. Fla. Oct. 15, 2015). At the preliminary-approval step, the Court is required to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *See* Manual for Complex Litigation (Fourth) § 21.632 (2004). A proposed settlement should be preliminarily approved if it "is 'within the range of possible approval' or, in other words, [if] there is 'probable cause' to notify the class of the proposed settlement." *Fresco v. Auto Data Direct, Inc.*, No. 03-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007).

The terms of the proposed Settlement here are clearly "within the range of

---

[1] A final approval determination is based on an analysis of six factors established in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir.1984). The Bennett factors are: 1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *See Id.* at 986.

8

reasonableness." *In re Checking Account Overdraft Lit.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011). Although Class Representatives and Class Counsel believe that the claims asserted in the Litigation against the Settling Defendant are meritorious, continued litigation poses the real risk that, following contested motions, a trial or further appeals, a lesser recovery (or no recovery at all) would result. Indeed, it is unlikely that additional litigation, even if successful, would result in any significant additional net recovery as against the Settling Defendant.

The Settlement Fund includes the following assets, which Class Counsel and the Receiver obtained in this settlement from Defendant Nettles and from Cryptsy through the powers of the Receiver:

1. A Diamond Ring. *See* Settlement Agreement at Sections II(A)(1) and III.

2. The Property. *See* Settlement Agreement at Sections II(A)(2) and III(B)-(I).

3. All monies received from the sale of the cryptocurrency marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). *See* Settlement Agreement at Section II(A)(3).

4. All monies received from the sale of personal property marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). *See* Settlement Agreement at Section II(A)(4).

5. All monies received from the sale of an Infiniti QX60, as detailed in the Receiver's Motion for Authority to Liquidate Infiniti QX60 (*see* D.E. 64). *See* Settlement Agreement at Section II(A)(5).

6. Any other assets and monies obtained by Plaintiffs' Lead Counsel or Receiver for the benefit of the Settlement Class. *See* Settlement Agreement at Section II(A)(6).

As it relates to attorney's fees, Class Counsel have committed that while the Settlement

Agreement allows for an application for attorney's fees of up to 33.33% of the Settlement, Class Counsel will reduce their fee application so that the total amount of attorney's fees awarded to Class Counsel, the Receiver and Receiver's Counsel does not exceed 33.33%.

The Settlement provides that Defendant Nettles will turn over all assets reasonably subject to the claims asserted against her as part of the Settlement, leaving her only with a small portion of the assets to provide basic living necessities for herself and her children. *See* Settlement Agreement at Section III(D). Even if continued litigation resulted in a larger judgment being entered against her, the likelihood that the actual monetary recovery obtained against her would be significantly larger than what is provided in the Settlement is small. The total available assets against which any judgment might be enforced will likely have been dissipated by the costs of the additional litigation.

Moreover, the risk of proceeding without the Settlement is particularly problematic here because the non-settling Defendant Vernon has fled the country and appears to have secreted his remaining assets. If the Settling Defendant were able to successfully defend the claims asserted against her, the likelihood of the Class Members receiving a recovery greater than the Settlement would be virtually eliminated. First, Vernon has fled to China. It will therefore be extremely difficult to track and locate whatever physical assets he may still possess. Moreover, based on the information available to Class Counsel and the Receiver, any additional assets Vernon may possess are likely to be in the form of virtual currencies that are extremely difficult to track and seize. As a result, even though a Default has been entered against Vernon, recovering any relief from him will likely require extensive, costly and time-consuming post-judgment litigation to locate and secure assets, even assuming such assets could ever be located, seized and converted into US Dollars.

Therefore, the Settlement, when viewed in the context of these risks and the uncertainties involved with any litigation, makes the Settlement a strong result for the Class. The Settlement was negotiated at arm's length, by counsels who are well-informed of the issues in the Litigation, and are experienced in complex securities litigation. The Litigation was actively prosecuted in the Southern District of Florida.

Moreover, the Settlement was achieved with the assistance of Howard Tescher, an experienced mediator. These factors further support approval of the Settlement. See *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"). Accordingly, Class Representatives respectfully submit that the Court should preliminarily approve the Settlement.

## II. THE COURT SHOULD APPROVE THE PROPOSED NOTICE AND PROOF OF CLAIM FORM

Federal Rule of Civil Procedure 23(e) provides that "notice of the proposed dismissal or compromise . . . shall be given to all members of the class in such manner as the court directs." The purpose of notice is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (*citing Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)). Accordingly, the notice provided to the settlement class must fairly inform class members of the terms of the proposed settlement and their options. *See Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314-15 (1950); *Twigg v. Sears Roebuck & Co.,* 153 F.3d 1222, 1226 (11th Cir. 1998). The Notice need provide "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable efforts." Rule

23(c)(2), Fed. R. Civ. P.

The content of the proposed Notice and Proof of Claim Form satisfies the Rule 23 standard.[2] Rule 23(c)(2)(B) requires the notice to fairly describe the litigation and the proposed settlement and its legal significance. The Parties' proposed Class Notice describes, in plain terms, a description of the case, a definition of the class, the reasons for the settlement, the amount of attorneys' fees and expenses that Class Representatives' counsel will seek to recover, the Settlement Class Members' legal rights and options, the manner and deadlines for filing objections to or exclusion from the settlement, the consequences of opting out of the class settlement, the date and significance of the fairness hearing and where the class can get additional information about the settlement.

The Notice also satisfies Rule 23(c)(2)(B) because it will be sent by email and/or first-class mail to all potential class members whose contact information has already been provided to Class Counsel or can be reasonably identified from Cryptsy's available records. Notice will also be published as web-based banner ads on at least two websites that are amongst the highest ranking websites for cryptocurrency investors. Notice will also be posted on Class Counsel's websites and at Cryptsy's URL. The Claims Administrator[3] will also establish a website containing the Notice, making the Proof of Claim form available for download, and providing other relevant Claims information and documentation. Accordingly, the Parties' proposed notice to the Settlement Class Members is reasonably calculated to notify the Class of the Parties'

---

[2] To the extent the parties make any changes to the proposed notice and claim form prior to the oral argument requested herein, or to the dissemination of such notice and claim form, the parties will notify the Court and seek appropriate approval. At a minimum, the notice and class form will change in format when they are prepared for printing by the Claims Administrator.

[3] Plaintiffs' Counsel is presently interviewing and obtaining quotes from potential claims administrators who will, *inter alia*, handle the tasks of notice, claims administration, and the CAFA notice requirement.

settlement, provides the Class with the best notice practicable under the circumstances, and otherwise satisfies Due Process. *See Wilson v. Everbank, N.A.*, Case No. 14-22264, 2015 WL 10857344 *3 (S.D. Fla. Aug. 31, 2015); *Fresco v. Auto Data Direct, Inc.*, Case No. 03-61063, 2007 WL 2330895 *7 (S.D. Fla. May 14, 2007).

### III.    REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(b)(2), Plaintiffs request oral argument on the instant motion. Oral argument is desired and would be helpful to the Court for several reasons. First, the case involves cryptocurrency, which is a somewhat unique and novel litigation subject matter. Second, this case includes both a class action and receiver/corporate monitor. Third, the settlement fund is comprised of assets that Plaintiffs, Class Counsel, and the Receiver have or will receive from Defendant Nettles, including the Property and a diamond ring, and cryptocurrency and a car recovered from Defendant Cryptsy. *See* Settlement Agreement at p. 10. These assets are in the process of being, or will be, sold to fund the settlement fund. Fourth, the settlement involves only Defendant Nettles, and excludes Defendants Vernon and Cryptsy. Finally, the parties and the Court can discuss the inclusion within notice for the instant settlement the notice required of the certification of the Class as to the non-settling defendants, Vernon and Cryptsy. For these reasons, Plaintiffs believe that a hearing to discuss the settlement agreement and settlement process will be beneficial to the Court and the process.

**WHEREFORE,** Class Representatives and the Settling Defendant, request that the Court: (i) approve the Settlement Agreement among the Parties; (ii) approve the Class Notice for mailing and publication; (iii) approve the Proof of Claim Form; (iv) schedule a Final Approval Hearing; and (v) grant such further relief as it deems just and proper.

Respectfully submitted,

**/s/ Marc A. Wites**
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205
**Attorneys for Plaintiffs and the Class**

SILVER LAW GROUP
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684

- and -

By: **/s/ David C. Silver**
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 26th day of October, 2016 by using the CM/ECF system and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; and **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; and **PATRICK RENGSTL, ESQ**., Payton & Rengstl, LLC, Counsel for the Receiver, 2 South Biscayne Blvd. Suite 1600, Miami, FL 33131.

        */s/ Marc A. Wites*
        Marc A. Wites