EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

      Defendants.

_____/

## CLASS ACTION AND RECEIVERSHIP SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered as of October 19, 2016, subject to approval of the United States District Court for the Southern District of Florida, among and between Plaintiffs Brandon Leidel and Michael Wilson, for themselves and on behalf of the putative Settlement Class as defined below ("Plaintiffs"), James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver, (the "Receiver"), and Defendant Lorie Ann Nettles ("Defendant Nettles")(collectively, "Parties").

## RECITALS

**WHEREAS,** Plaintiffs filed the above-captioned class action lawsuit against Defendant Nettles and Defendants Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") and Paul Vernon ("Vernon)(the "Action");

**WHEREAS,** Plaintiffs and the Settlement Class, as defined below, maintained customer accounts at Cryptsy into which Plaintiffs and the Settlement Class had deposited digital currency

1

and other valuable assets (*i.e.,* cryptocurrency);

**WHEREAS,** in the Action, Plaintiffs alleged that Defendants Cryptsy and Vernon (referred to herein collectively as the "Cryptsy Defendants") acted unlawfully by denying account holders, including Plaintiffs and the Settlement Class, as defined below, the ability to withdraw or use the funds in their accounts and by stealing for the Cryptsy Defendants' own use and benefit the cryptocurrency held in the Cryptsy customer accounts;

**WHEREAS,** in total, Plaintiffs allege that the Cryptsy Defendants stole approximately $5 million from Plaintiffs and the Class, of which Plaintiffs alleged $1.375 million was used by Vernon and Defendant Nettles to purchase a property located at 16832 Charles River Drive, Delray Beach, Florida 33446 (the "Property"); the Property was transferred to Nettles as part of a divorce settlement.;

**WHEREAS,** Plaintiffs asserted in their Amended Class Action Complaint claims for Conversion, Negligence, Unjust Enrichment, Specific Performance, violation of Florida's Deceptive Unfair Trade Practices Act ("FDUPTA"), Fraudulent Conveyance, and Civil Conspiracy;

**WHEREAS,** Plaintiffs served Defendants Cryptsy and Vernon as ordered by the Court (DE 16 and 20), but those Defendants failed to file any response to the Amended Class Action Complaint or otherwise appear in the case such that a default was entered against each of them (DE 25; DE 51);

**WHEREAS,** Defendant Nettles filed a motion (DE 19) seeking to have the Court dismiss the Amended Class Action Complaint, and such motion to dismiss is currently pending before the Court;

**WHEREAS,** at the request of Plaintiffs (DE 18), and pursuant to the April 4, 2016 Order

2

Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy (the "Appointment Order") (DE 33), the Receiver was appointed by the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida to, *inter alia*, initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any lawsuits or arbitrations in state, federal or foreign jurisdictions necessary to preserve or increase the assets of Cryptsy and/or on behalf of Cryptsy and for the benefit of its investors and customers;

**WHEREAS,** one of the Receiver's duties is to attempt to recover assets or monies on behalf of Cryptsy and for the benefit of its account holders/users – *i.e.*, Plaintiffs and the Settlement Class – from anyone whom the Receiver contends improperly received assets or monies derived from Cryptsy and whom the Receiver contends owe such back to Cryptsy and/or its account holders/users, and Receiver, Receiver's Counsel, and Plaintiffs' Lead Counsel worked cooperatively to do so;

**WHEREAS,** Defendant Nettles is the title owner of the Property;

**WHEREAS,** Plaintiffs and the Receiver contend that the Property is a receivership asset subject to turnover to the Receiver for the benefit of the Settlement Class and the receivership estate;

**WHEREAS,** Defendant Nettles is the owner of the Tiffany ring bearing Tiffany & Co. Diamond Certificate 32189091/003200016 (the "Diamond Ring");

**WHEREAS,** Plaintiffs and the Receiver contend that the Diamond Ring is a receivership asset subject to turnover to the Receiver for the benefit of the Settlement Class and receivership estate;

**WHEREAS,** Plaintiffs, Receiver, and Defendant Nettles attended a court-ordered

3

mediation on August 15, 2016 before Judge (Retired) Howard Tescher and reached an agreement to resolve Plaintiffs' and Receiver's claims against Defendant Nettles;

**WHEREAS**, the terms and conditions of the Mediation Settlement Agreement are incorporated herein by reference.

**WHEREAS,** neither the Mediation Settlement Agreement nor this Agreement concern, impact or otherwise affect Plaintiffs' and Receiver's claims against the Cryptsy Defendants or any other person or entity not yet sued by Plaintiffs and Receiver;

**WHEREAS,** on August 5, 2016, the Court entered an order (DE 65) granting Plaintiffs' Motion for Class Certification (DE 59);

**WHEREAS,** the Parties recognize that the outcome of the action is uncertain, and that a final resolution through the litigation process would require several years of protracted adversarial litigation and appeals; involve substantial risk and expense; cause the distraction and diversion of Defendant Nettles' resources; and result in additional expenses associated with possible future litigation raising similar or duplicative claims.  Plaintiffs' Lead Counsel, Receiver, and Receiver's counsel have concluded, after inquiry and investigation of the facts, that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class and receivership estate; and the Parties and their counsel have agreed to resolve the action as a class action settlement according to the terms of this Settlement Agreement;

**WHEREAS,** Defendant Nettles denies wrongdoing and liability but has concluded that she will enter into this Settlement Agreement, among other reasons, to avoid the further expense, inconvenience, burden, distractions, uncertainty, and risk of litigation and any other present or future litigation arising out of the facts that gave rise to the litigation in the Action;

**NOW, THEREFORE,** without (a) any admission or concession whatsoever on the part

of Plaintiffs or Receiver as to the strength or weakness of the merits of the Action, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant Nettles, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs, Receiver, the Settlement Class, and Defendant Nettles that all Claims against Defendant Nettles be forever settled, compromised, released, and dismissed on the merits with prejudice on the following terms and conditions, subject to the Court's approval:

## I.     DEFINITIONS

Under this Settlement Agreement, the defined terms above, and following terms set forth below, shall have the meanings as respectively indicated:

A.     "Action" means all claims by Plaintiffs, the Settlement Class, and Receiver against Defendant Nettles in the above-captioned action, and explicitly excludes all claims against the Cryptsy Defendants and any other person or entity not currently named in the Action.

B.     "Agreement" and "Settlement Agreement" means this Settlement Agreement, inclusive of all exhibits and the addendum hereto.

C.     "CAFA Notice" means the notice of this settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

D.     "Claim" and "Claims" mean all claims, demands, actions, suits, causes of action, allegations of wrongdoing, and liabilities by a Settlement Class Member against a Released Party that was or could have been brought in the Action.

E.     "Claims Administration" means any and all actions taken by the Claims Administrator in furtherance of the terms of this Settlement Agreement.

F.     "Claims Administrator" means a third-party claims administrator agreed upon by

Receiver and Plaintiffs' Lead Counsel, as defined herein

      G.      "Claims Deadline" shall be ninety (90) days after the Notice Date.

      H.      "Claim Form" means the Court-approved form to be submitted by Settlement Class Members to the Claims Administrator in the form of Exhibit A hereto.

      I.      "Class Member" means a person or entity belonging to the Settlement Class.

      J.      "Class Notice" means the forms of notice, attached hereto as Exhibits B agreed to by the Parties, or such other form as may be approved by the Court that, among other things, informs the Class Members of: (i) the certification of the Action; (ii) the date and location of the Final Approval Hearing; (iii) the elements of the Settlement Agreement; (iv) the process by which Class Members may Opt Out of the Settlement Class or object to the Settlement Agreement; and (v) the process by which Settlement Class Members may apply to obtain compensation from the Settlement.

      K.      "Court" means the United States District Court for the Southern District of Florida.

      L.      "Defendant Nettles' Counsel" means Mark A. Levy, Esq. of Brinkley Morgan.

      M.      "Effective Date" shall mean the next business day following the last date on which a notice of appeal directed to the entry of the Final Approval Order and Judgment could have been timely filed but with no notice of appeal having been filed; or, should an appeal be filed, it shall mean the next business day after the Final Order and Judgment is affirmed, all appeals are dismissed, and no further appeal is permitted.

      N.      "Escrow Agent" means the Receiver.

      O.      "Final Approval Hearing Date" shall mean the hearing date set by the Court on which the Court takes up for consideration Plaintiffs' motion for final approval of the Settlement

Agreement.

P.      "Final Approval Order and Judgment" shall have the meaning assigned in §VII(F) of this Settlement Agreement.

Q.      "Mediation Agreement" means the document dated August 15, 2016, that set forth the terms of the settlement reached by the Parties, which is superseded by this Settlement Agreement.

R.      "Net Settlement Fund" means the Settlement Fund less any attorneys' fees, costs and expenses paid to Plaintiffs' Lead Counsel, Receiver, and Receiver's Counsel, any award to Plaintiffs Brandon Leidel and Michael Wilson provided for herein or approved by the Court, Notice and Administration Expenses, Taxes and Tax Expenses, and any other Court-approved deductions.

S.      "Notice" means the notice provided to the Class Members pursuant to the Federal Rules of Civil Procedure and the mechanisms set forth in §IV of this Settlement Agreement.

T.      "Notice Date" means the date on which the Claims Administrator publishes the Notices provided for in § IV(A)(2)(a) of this Settlement Agreement.

U.      "Objection Date" means the date by which Class Members must file with the Court written notice of any objection or opposition to this Settlement Agreement or any part or provision thereof as set forth in Section VII(E) below.

V.      "Opt Out" shall have the meaning assigned to it §VII(D) of this Settlement Agreement.

W.      "Opt Out Deadline" shall be sixty (60) days after the Notice Date.

X.      "Parties" shall have the meaning assigned to it in the preamble of this Settlement Agreement.

Y.      "Person" or "Persons" means all persons and entities including without limitation natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, and their predecessors, successors, administrators, executors, heirs and assigns.

Z.      "Plaintiffs" means Brandon Leidel and Michael Wilson.

AA.     "Plaintiffs' Lead Counsel" and "Class Counsel" means Wites & Kapetan, P.A. and Silver Law Group.

BB.     "Plan of Allocation" means the plan and formula of allocation of the Net Settlement Fund by which the Net Settlement Fund shall be distributed to Authorized Claimants.

CC.     "Preliminary Approval" means the entry by the Court of the Preliminary Approval Order.

DD.     "Preliminary Approval Order" means the Order to be presented to the Court which, if entered by the Court, will preliminarily approve the Settlement Agreement, and approve the Claim Form and Class Notice in substantially the same form as Exhibits A and B.

EE.     "Receiver's Counsel" means Patrick J. Rengstl, Esq. of Payton & Rengstl.

FF.     "Released Claims" are defined in §VIII below.

GG.     "Released Party" means Defendant Nettles, her agents, attorneys, successors and assigns, but **_expressly excludes_** the Cryptsy Defendants (including without limitation natural persons, firms, corporations, officers, directors, shareholders, limited liability companies, members, managers, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, partners, and their predecessors, successors, administrators, executors, heirs and assigns) and any other person or

entity not yet sued in the Action by Plaintiffs and Receiver, including but not limited to Defendant Paul Vernon.

HH.    "Releasing Party" means the Receiver, each Plaintiff and each Settlement Class Member and any Person claiming by or through him/her/it as his/her/its spouse, child, ward, next friend, heir, devisee, beneficiary, legatee, invitee, employee, customer, associate, co-owner, attorney, agent, administrator, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, or affiliate.

II.    "Settlement Amount" means the monies, real property (including but not necessarily limited to the Property), personal property described and defined in Section II(A) below.

JJ.    "Settlement Class" means all Cryptsy account holders who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy at any point in time between November 1, 2015 and the present date.   Excluded from the Class are: (1) employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Settlement Class.

KK.    "Settlement Class Member" is a person or entity fitting the definition of the Settlement Class and who has not validly and timely sought to Opt Out of the Settlement Class.

LL.    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

## II.      THE SETTLEMENT

A.      The Settlement Amount consists of the following:

  1.      All monies received from the sale of the Diamond Ring, as defined
  and detailed in Section IIIA below;

  2.      All monies received from the sale of the Property, as defined and
  detailed in Section IIIB below;

  3.      All monies received from the sale of the cryptocurrency
  marshalled by the Receiver and as initially described in Second
  Report of Receiver James D. Sallah (D.E. 60);

  4.      All monies received from the sale of personal property marshalled
  by the Receiver and as initially described in Second Report of
  Receiver James D. Sallah (D.E. 60);

  5.      All monies received from the sale of an Infiniti QX60, as detailed
  in the Receiver's Motion for Authority to Liquidate Infiniti QX60
  (*see* D.E. 64); and

  6.      Any other assets and monies obtained by Plaintiffs' Lead Counsel
  or Receiver for the benefit of the Settlement Class.

B.      The Escrow Agent shall deposit the Settlement Amount plus any accrued interest
thereon in a segregated escrow account (the "Escrow Account") established and maintained by
the Escrow Agent. Any interest earned on the Settlement Amount shall become and remain part
of the Settlement Amount.

C.      The Settlement Fund shall be applied as follows:

  1.      To pay all the costs and expenses reasonably and actually incurred in

connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Claim Forms, and paying escrow fees and costs, if any;

2.      To pay the Taxes and Tax Expenses of the Escrow Account;

3.      To pay attorneys' fees and expenses of Plaintiffs' Lead Counsel, Receiver, Receiver's Counsel, and to pay Plaintiffs Brandon Leidel and Michael Wilson their incentive awards, if and to the extent allowed by the Court;

4.      After the Effective Date, to distribute the Net Settlement Fund to the Settlement Class Members as allowed by this Agreement in the Plan of Allocation and subject to the approval of the Court; and

5.      To pay the balance which still remains in the Net Settlement Fund, if any, to an appropriate non-profit organization as allowed by this Agreement in the Plan of Allocation and subject to the approval of the Court.

**III.     DEFENDANT NETTLES' OBLIGATIONS**

A.      Following the August 15, 2016 mediation, Defendant Nettles relinquished possession of the Diamond Ring to the Receiver. The Receiver shall continue to hold the Diamond Ring in escrow pending the Court's final approval of this Agreement. At the appropriate time following the Effective Date, the Receiver shall file a separate motion regarding the proposed sale of the Diamond Ring for the benefit of the Class and the receivership estate.

B.      Upon the Court's order approving the Receiver's Motion to Approve Settlement Agreement as to the Conveyance of the Property becoming final, Defendant Nettles shall deed by Quit Claim Deed, or other necessary conveyance, the Property to the Receiver, and the

Receiver shall be permitted, subject to the instructions and order of the Court, to sell and close on the sale of the Property for the benefit of the Class and the receivership estate. At the appropriate time, the Receiver shall file a separate motion(s) regarding the proposed sale of the Property.

C.      Defendant Nettles may continue to occupy the Property until closing date of the sale of the Property. The proceeds from such sale, less all commission, fees and expenses associated with the maintenance and sale of the Property, and the payment to Defendant Nettles referenced below (the "Net Property Sale Proceeds"), shall be part of the Settlement Fund as defined herein.

D.      Defendant Nettles shall receive from the proceeds of the sale of the Property a total of Two Hundred and Fifty Thousand Dollars ($250,000.00), which shall be paid to the trust account of Defendant Nettles' Counsel in connection with the closing, provided, however, that if Defendant Nettles has in any way encumbered the Property, or failed to pay any taxes, insurances, fees or other monies due on or for the Property before or on the date of the closing, such amounts in arrears or owed shall be included on the HUD-1/closing disclosure statement and shall be deducted from the $250,000.00 otherwise due to Defendant Nettles. Defendant Nettles shall be responsible for paying only the prorated amount of real estate taxes and other expenses incurred or otherwise due through and including the date of the closing.

E.      Defendant Nettles shall sign whatever documents are necessary at or before closing of the sale of the Property to effectuate the terms of this Agreement.

F.      Through the date of closing the sale of the Property, Defendant Nettles and her daughters may continue to occupy and live in the Property.  Therefore, Defendant Nettles and her daughters shall vacate the Property on or before the closing date.

G.      Through the date of closing the sale of the Property, Defendant Nettles shall continue to maintain the Property, and shall be responsible and pay for all expenses to maintain the Property, including, but not limited to, real estate taxes, adequate home owner's and hurricane insurances, homeowner's association fees, pool care, lawn and landscaping, and all other expenses for maintaining the Property.

H.      Other than the above-described deed to the Receiver, Defendant Nettles shall not transfer, sell, convey or encumber the Property and therefore the prior agreed-to preliminary injunction that prohibits Defendant Nettles from transferring, selling, conveying, or encumbering the Property shall remain in full force and effect.

I.      As of August 15, 2016, Defendant Nettles shall provide the Receiver with reasonable access to the Property on 24-hours notice.

J.      Defendant Nettles represents and promises that she has not, directly or indirectly, held and is not, directly or indirectly, holding any monies or assets on behalf of Vernon.

K.      Defendant Nettles represents and promises that she has not transferred any monies or assets to Vernon or his designees.

L.      As of August 15, 2016, Defendant Nettles represents and promises that she has not received any additional monies or assets, directly or indirectly, from Vernon, or anyone on his behalf, beyond what she has disclosed in the Action, including in documents bates labeled NET 00001 – NET 02096.

M.      If the Court does not enter the Final Approval Order and Judgment, or if such Final Approval Order and Judgment is reversed on Appeal, and the reasons for such order(s) are based on procedural or mechanical issues that can be resolved through changes and/or amendments to the Notice, Class Notice, Claim Form, Claims Process, the calculation of

payments to Settlement Class Members, attorney's fees, incentive awards, costs, expenses, or any other issues concerning notice or the administration of any aspect of this Settlement Agreement, the parties hereto will make such changes to this Settlement Agreement to comply with such orders and seek again an order granting final approval of such revised settlement agreement and a Final Approval Order and Judgment. However, if this Settlement Agreement is not approved because a court determines that the Settlement Fund, as to the consideration provided by Defendant Nettles, does not provide fair and meaningful relief to the Class, than the Net Property Sale Proceeds and the Diamond Ring shall be returned to Defendant Nettles within ten (10) days of that order becoming final.

N.     Defendant Nettles waives any right to submit a claim form or a claim of any kind in the receivership or class action proceeding.

O.     Defendant Nettles shall not oppose any application by the Receiver or Plaintiffs' Lead Counsel for attorney's fees and costs in the Action.

P.     Defendant Nettles shall continue to be bound by the provisions and requirements in the Appointment Order.

Q.     The motion to approve this Agreement shall be filed before the Court in the Class Action Lawsuit.

IV.    **NOTICE AND CLAIMS PROCEDURES**

A.     <u>Notice</u>

1.     <u>Form of Class Notice</u>:  Subject to approval of the Court, Class Notice shall be made by publication, and to the extent reasonably possibly be email or U.S. mail (*i.e.,* direct mail) where no email address is available, as set forth below in the forms attached hereto as Exhibit B.

2.    <u>Dissemination of Notice</u>:

(a)    <u>Notice Date</u>: Subject to approval by the Court, the Class Notice shall be reasonably disseminated within forty-five (45) days of the entry of the Preliminary Approval Order by the Court.

(b)    <u>Notice by Email</u>: The Claims Administrator shall cause Notice to be disseminated by email to: (1) all persons who provided their contact information to Plaintiffs' Lead Counsel and Receiver and (2) who can be identified from the records of Cryptsy.

(c)    <u>Notice by Direct Mail</u>: The Claims Administrator shall cause Notice to be disseminated by direct mail to: (1) all persons who provided their contact information to Plaintiffs' Lead Counsel and Receiver and such information does not include a valid email address, and (2) who can be identified from the records of Cryptsy where such records do not include a valid email address.

(d)    <u>Notice By Publication</u>:  Subject to approval by the Court, the Class Notice shall be published as follows: a web-based banner ad program on at least two  websites that, according to Lead Plaintiffs' Counsel and Receiver, are the amongst the high ranking websites for cryptocurrency investors.  Further, the Class Notice will be posted on the Settlement Website, Plaintiffs' Lead Counsel's Websites, and at the Cryptsy Receivership Website.

(e)    <u>Website</u>:  The Claims Administrator shall cause a website to be created containing Claims information and relevant documents. The cost of creating and maintaining this website shall be paid from the Settlement Fund.

3.    <u>Cost of Notice</u>:  Costs of the Class Notice, as detailed above, and Claims Administration, shall be paid from the Settlement Fund.

4.    <u>Claims Administrator to Effect Notice</u>: The Claims Administrator shall be responsible for placing and mailing the Class Notice pursuant to §IV and implementing the notice plan approved by the Court.

5.    <u>Certification Notice Given</u>: Within thirty (30) days of completion of the dissemination and publication of the Class Notice as described above, the Claims Administrator shall certify to the Court that it disseminated and

published the Class Notice pursuant to the approved notice plan. The Claims Administrator shall also certify the dates that Class Notices were actually published as described above, provide a true copy of each Class Notice in each publication, and provide any other information relevant to the publication and mailing of the Class Notice and other Notices.

6.    <u>CAFA Notice</u>: The Claims Administrator shall serve notice of this Settlement Agreement that meets the requirements of the Class Action Fairness Act of 1995, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than 10 days after the filing of this Settlement Agreement with the Court.

B.    <u>Claims Procedures Applicable to All Claims</u>

1.    All Settlement Class Members shall be bound by the claims procedures set forth below to submit a claim for a distribution under the Plan of Allocation.

2.    <u>Submission of Claim Form</u>: Each Settlement Class Member shall sign and submit a completed Claim Form in the form of Exhibit A hereto together with all other documentation, if any, set forth below either online or on the Settlement Website.  A Claim Form must be submitted by regular First Class U.S. Mail, fax, or by electronic mail in Portable Document Format ("PDF") to the Claims Administrator, or such other method approved by the Court. Claim Forms will be made available by mail and for downloading from the Settlement Website maintained by the Claims Administrator and may be made available on the websites of Plaintiffs'

Lead Counsel.  Defendant Nettles' Counsel agrees to keep confidential the information provided by Class Members on Claim Forms and to not share, distribute, or otherwise make available to Vernon or any person or entity acting on their behalf of otherwise representing them such materials. Defendant Nettles shall not be allowed to view or receive copies of any information provided by Class Members.

3.      Verification: The Settlement Class Member shall sign the verification by hand on the Claim Form that states as follows:

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct

4.      Claims Administration and Deadlines:

    (a)      Receiver and Plaintiffs' Lead Counsel shall supervise the Claims Administrator and Claims Administration process.

    (b)      All Claim Forms must be received by the Claims Administrator by the Claims Deadline unless such period is extended by Order of the Court. The Claims Deadline shall be set forth in the Class Notice, the websites of the Claims Administrator, and Plaintiffs' Lead Counsel, as well as on the front page of all Claims Forms.

    (c)      Any Class Member who fails to timely submit a Claim Form shall be forever barred from receiving any payment pursuant to this Agreement (unless, by Order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Agreement and the Settlement. A Claim Form shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed first-class postage prepaid, or when it is received by the Claims Administrator.

    (d)      Subject to the discretion of the Court, Class Members who do not timely submit a completed Claim Form shall not be eligible to participate in the settlement consideration unless such period is extended by Order of the Court. Any Class Member who fails to timely submit a completed Claim Form shall be forever barred

from receiving any payment pursuant to this Settlement Agreement (unless, by Order of the Court, a later submitted Claim Form by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement.  However, the Claims Administrator may, in its discretion, permit a Class Member who makes a timely Claim to remedy deficiencies in such Class Member's Claim Form or related documentation.

(e)    The Claims Administrator shall maintain records of all Claim Forms submitted. The Claims Administrator shall maintain all such records until all Claim Forms have been finally resolved, and such records will be made available upon request to Defendant Nettles' Counsel or Plaintiffs' Lead Counsel.

(f)    Class Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Claim Form, the Third-Party Administrator shall communicate with the Settlement Class Member in order to afford the Settlement Class Member an opportunity to remedy curable deficiencies in the Claim Form submitted. The Third-Party Administrator shall notify in a timely fashion and in writing, by email or by U.S. Mail, all Settlement Class Members whose Class Proofs of Claim or Allowed Claims it proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Settlement Class Member has the right to a review by the Court if the Settlement Class Member so desires and complies with the requirements of subparagraph 4g immediately below;

(g)    If any Settlement Class Member whose claim has been rejected in whole or in part desires to contest such rejection, the Settlement Class Member must, within twenty (20) days after the date of mailing of the notice required in subparagraph 4f immediately above, serve upon the Third-Party Administrator a notice and statement of reasons indicating the Settlement Class Member's grounds for contesting the rejection along with any supporting documentations, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel Class Counsel shall thereafter present the request for review to the Court;

(h)    Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to a Settlement Class Member's claim.

(i)    Payment pursuant to this Settlement Agreement shall be made pursuant to the Plan of Allocation set forth in this Settlement

Agreement, and shall be deemed final and conclusive against all Class Members with regard to the Released Claims. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement Agreement.

B.    <u>Notification to Claimants</u>: The Claims Administrator shall notify a Settlement Class Member within forty-five (45) days of receiving the Claim Form and all necessary information, or as soon thereafter as reasonably practicable, whether the Claim will be accepted and paid pursuant to the terms of this Settlement Agreement and its Plan of Allocation or rejected.

## V.    ATTORNEY'S FEES AND INCENTIVE AWARDS

A.    <u>Application</u>: Plaintiffs' Lead Counsel, Receiver, and Receiver's Counsel may submit an application or applications to the Court (the "Fee and Expense Application(s)") for distribution to them from the Settlement Fund, and Defendant Nettles shall not oppose such applications.

B.    <u>Plaintiff's Lead Counsel</u>: Plaintiffs' Lead Counsel may submit a Fee and Expense Application which includes (a) a request for attorney's fees not to exceed 33.33% of the Settlement Fund and (b) reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award").

C.    <u>Receiver and Receiver's Counsel</u>: Receiver and Receiver's Counsel may separately submit a Fee and Expense Application for the payment of their respective attorney's fees, expenses and costs from the Net Settlement Fund pursuant to the Appointment Order.

D.    <u>Consideration by the Court</u>: The procedure for, and the allowance or disallowance

by the Court of, the application(s) for the Fee and Expense Award to be paid out of the Settlement Fund, and any plan for distribution of the Settlement Fund to the Settlement Class, are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement; and any order or proceeding relating to the Fee and Expense Application(s) or any plan of distribution, or any appeal from any such orders, shall not operate to terminate or cancel this Agreement or affect or delay the finality of the judgment approving the Settlement.

E.    Timing of Payment:  Plaintiffs' Lead Counsel, Receiver, and Receiver's Counsel are permitted to withdraw funds in the escrow account for the amounts awarded by the Court for the Fee and Expense Application seven (7) business days after the Effective Date or upon such date set forth in any order of this Court, whichever shall occur first.

F.    Incentive Awards: Each of the named Plaintiffs (i.e., Brandon Leidel and Michael Wilson) shall receive from the Net Settlement Fund five hundred dollars ($500) as an incentive award for the inconvenience and time spent in bringing this Action. The incentive awards shall be paid by from the Settlement Fund at the same time all Authorized Claims are paid.

**VI.    PLAN OF ALLOCATION**

A.    Establishing the Plan of Allocation

1.    The Net Settlement Fund shall be distributed to all Settlement Class Members who submit timely, valid and acceptable Proof of Claim Forms ("Authorized Claimants").

2.    The Net Settlement Fund will be available to pay claims for losses incurred by Authorized Claimants based upon Plaintiffs' Lead Counsel's and the Receiver's determination, of the merits and the relative strengths

and weaknesses (including recoverable damages) of the Settlement Class Members' claims and the establishing of a fair and reasonable Plan of Allocation based on the facts and circumstances of this Action, including but not limited to the fact that Vernon destroyed all records of the Settlement Class members' holdings at Cryptsy and have refused by their silence all requests to provide such information to Plaintiffs' Lead Counsel and the Receiver.

3.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim" as set forth below in Section VIB & C. The Recognized Claim formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to this Plan of Allocation. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. All payments made to Authorized Claimants from the Net Settlement Fund pursuant to this Plan of Allocation shall be made in United States Dollars ($).

B.    <u>Determination of Recognized Claims</u>

1.    Authorized Claimants who submit documentation sufficient to identify the type, and determine the quantity of, cryptocurrency held at Cryptsy between November 1, 2015 and the present date, such as account statements or screen shots of account holdings, shall have a Recognized

Claim in the amount equal to the Market Value of such cryptocurrency between November 1, 2015 and the present date.  <u>NOTE</u>:  Persons in the Settlement Class who do not submit documentation sufficient to identify the type, and determine the quantity of, cryptocurrency held at Cryptsy between November 1, 2015 and the present date shall not have a Recognized Claim.

2. The Market Value of cryptocurrency shall be based on the closing price of such cryptocurrency as of November 1, 2015, or the date such cryptocurrency was deposited at Cryptsy, as applicable, based on the historical pricing of cryptocurrency as provided by CoinBase, Inc., or such other course of historical cryptocurrency pricing approved by the Court.

C. <u>Distribution of the Net Settlement Fund</u>

1. The Distribution from the respective share of the Net Settlement Fund, as described immediately above in Sections VI(A) and (B), shall be determined as follows: Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants.  The pro rata shares shall be determined by multiplying each Authorized Claimant's "Recognized Claim" by a fraction, the numerator of which shall be the amount of the Net Settlement Fund and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.  Settlement Class Members who do not submit acceptable Proof of Claim forms will not share in the proceeds of the Net

Settlement Funds, but will nevertheless be bound by the Settlement and the Court's Final Judgment and Order of Dismissal dismissing this Action.

2.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund, by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distributions, and after Plaintiffs' Lead Counsel and Receiver have exhausted all efforts to recover monies from third-parties for the benefit of the Settlement Class, any balance remaining in the Net Settlement Fund six months after the initial distribution of such funds shall be re-distributed to Authorized Claimants who have cashed their initial distributions and who would receive, based on their Recognized Claim, a pro rata share of at least $5.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If, six (6) months after such re- distribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organizations proposed by the parties and approved by the Court.

3.    If Plaintiffs' Lead Counsel and the Receiver recover additional monies or other assets for the benefit of the Settlement Class following the distributions detailed above (the Potential Future Settlement Fund, such Potential Future Settlement Fund shall be distributed to the Settlement

Class as set forth in this Settlement Agreement, subject to approval of the Court.

4.　Plaintiffs, Defendant Nettles, the Receiver, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund or any portion thereof, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## VII.　COURT APPROVAL AND OBJECTION PROCEDURES

A.　<u>Reasonable Efforts</u>: Plaintiffs' Lead Counsel and Defendant's Counsel agree that they will use reasonable efforts to: (i) recommend and obtain approval of this Sett1ement Agreement by the Court pursuant to Rule 23(e); (ii) carry out the terms of this Settlement Agreement; (iii) support this Settlement Agreement in all public statements; and (iv) secure the prompt, complete and final dismissal with prejudice of the Action against the Released Party.

B.　<u>Motion for Preliminary Approval:</u>  Following the execution of this Agreement, Plaintiffs' Lead Counsel shall file in the Court a motion for Preliminary Approval that seeks entry of a proposed Preliminary Approval Order that would, for settlement purposes only:

1.　Preliminarily approve this Settlement Agreement;

2.　Approve the proposed Class Claim Form and Notice in the form substantially similar to the form attached hereto as Exhibits A and B; and

3.　Allow Receiver and Plaintiffs' Lead Counsel to retain the Claims

24

Administrator for the Notice and administration of the Settlement Agreement and to allow the Receiver to act as the Escrow Agent.

Defendant Nettles shall join in this motion, and will agree that the Settlement Agreement should be preliminarily approved.

        D.    <u>Voluntary Exclusion of Class Members from Settlement Class</u>

            1.    <u>Opt Out Rights</u>:  Class Members have the right to exclude themselves ("Opt Out") from this Agreement and from the Settlement Class by timely submitting a request to Opt Out pursuant to §VIID(3) below.  Class Members who so timely request to Opt Out shall be excluded from this Agreement and from the Settlement Class.  Any Class Member who does not timely submit a request to Opt Out or does not otherwise comply with the agreed upon Opt Out procedure approved by the Court shall be bound by the terms of this Agreement and the Final Approval Order and Judgment.  Any Class Member who does not Opt Out of this Agreement shall be deemed to have taken all actions necessary to withdraw and revoke the assignment to any Person of any Claim against the Released Party.

Any Class Member who timely submits a request to Opt Out shall have until seven (7) days prior to the Final Approval Hearing Date in the Court to deliver to Plaintiffs' Lead Counsel and the Claims Administrator a written revocation of such Class Member's request to Opt Out.  Plaintiffs' Lead Counsel shall timely apprise the Court of such revocations.

Within ten (10) days after the Opt Out Deadline, the Claims

Administrator shall furnish Plaintiffs' Lead Counsel and Defendant's Counsel with a complete list of all Opt Out requests submitted by the Opt-Out Deadline and not timely revoked.

2.    Deadline to Opt Out from Settlement Class: All Class Members will be given sixty (60) days after the Notice Date (the "Opt Out Deadline") to Opt Out.

3.    Request to Opt Out:  A Class Member must Opt Out of the Settlement Class by notifying the Claims Administrator in writing postmarked on or before the Opt Out Deadline of his/her intention to exclude himself/herself from the Settlement Class.  The Class Member seeking to Opt Out must include his/her name, address, telephone and signature in his/her written request to Opt Out and otherwise comply with the requirements set forth in this Agreement.   The initial determination that each request to Opt Out by a Class Member complies with the Opt Out procedures in this Agreement will be made by the Claims Administrator and is subject to final approval by the Court as part of the Final Approval of the Settlement Agreement. The Court may disallow any request for exclusion that fails to comply with the provisions of Preliminary Approval Order or the Opt Out procedures otherwise approved by the Court.

E.    Procedures for Objecting to the Settlement: Any objection to this Settlement Agreement, including any of its terms or provisions, must be served on Marc A. Wites, Esq., Wites & Kapetan, P.A., 4400 North Federal Highway, Lighthouse Point, FL 33064 and Mark Levy, Esq., Brinkley Morgan, 200 East Las Olas Boulevard, 19th Floor, Fort Lauderdale, FL

33301, and filed with the Court in writing no later than thirty (30) days prior to the Final Approval Hearing Date as set forth in the Class Notice (the "Objection Date"). Any person or entity filing an objection in the Court shall, by doing so, submit himself, herself or itself to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida.

      F.    <u>Motion for Entry of Final Approval Order and Judgment</u>

          1.    Hearing on Motion for Final Approval Order and Judgment:  The Motion for Entry of Final Approval Order and Judgment of this Settlement Agreement will be set for hearing by the Court as soon as is practical. The Parties shall seek entry of a "Final Approval Order and Judgment" that, *inter alia*:

           (a)    Approves finally this Settlement Agreement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and other applicable law;

           (b)    Determines that the Class Notice, as approved by the Preliminary Approval Order, constitutes reasonable and the best practicable notice reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, the right to object or opt-out, and the right to appear at the hearing on Final Approval, the claims procedure, that the Class Notice is adequate and sufficient to all persons entitled to receive such notices, and meets the requirements of due process and other applicable rules or laws; and

           (c)    Determines that there is no just reason for delay and that the Final Approval Order and Judgment shall be final and entered.

Defendant Nettles shall join in this motion, and will agree that the Settlement Agreement should receive final approval.

          2.    <u>Effect of Entry of a Final Approval Order and Judgment</u>:  The Claims

Administrator's distribution procedures under the Settlement Agreement shall commence no earlier than seven (7) business days after the Effective Date or the receipt of good and cleared funds from the sale of the monies, personal and real property that comprise the Settlement Amount, whichever shall occur first.

**VIII.   RELEASE OF CLAIMS**

Upon entry of the Final Approval Order and Entry of Judgment by the Court, the Releasing Parties forever release and discharge all Released Claims against the Released Party. For purposes of this Settlement Agreement, "Released Claims" means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory, and regardless of the type of relief or amount of damages claimed, against any of the Released Party, arising from allegations in the Action and occurring prior to August 15, 2016.

**IX.   <u>OTHER PROVISIONS</u>**

A.   <u>No Admission</u>: Nothing herein shall constitute any admission as to any assertion, claim, or allegation made by any party, or as to the scope of liability.   Defendant Nettles specifically denies any wrongdoing or liability, and this Settlement Agreement is entered to resolve all claims amicably and does not imply or suggest in any way fault or wrongdoing. The Parties hereto agree that this Settlement Agreement and its Exhibits, and any and all associated negotiations, documents, discussions, shall not be deemed or construed by anyone to be an

admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendant Nettles.

      B.    <u>Press Releases and Other Disclosures</u>: Any party is permitted to further publicize the Settlement.

      C.    <u>Right to Rescind the Settlement Agreement</u>: Defendant Nettles has the unilateral right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement by delivering a written notice of termination to all other Parties if any of the following conditions subsequent occurs:

      1.    The Parties fail to obtain and maintain Preliminary Approval of the proposed settlement;

      2.    The Court fails to enter a Final Approval Order and Judgment consistent with the provisions in Section VII(F); or

      3.    The settlement is not upheld on appeal, including review by any appellate court.  The failure of the Court or any appellate court to approve in full the request by Plaintiffs' Lead Counsel for attorneys' fees and other expenses shall not be grounds for the Plaintiffs' Lead Counsel or the Settlement Class to cancel or terminate this Settlement Agreement.

      4.    If the Settlement Agreement is not granted Final Approval or if the Settlement is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Released Party and shall not be deemed or

construed to be an admission or confession by any Released Party of any fact, matter, or proposition of law; and all Parties and Released Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

D.    <u>Binding Effect</u>: Upon the Effective Date, , this Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including each Settlement Class Member and their successors and assigns.

E.    <u>Defendant Nettles' Solvency</u>: Defendant Nettles warrants, as to the payments made by or on behalf of the Defendant, that at the time of such payment that Defendant was not insolvent nor will the payment required to be made by the Defendant render such Defendant insolvent within the meaning and/or for the purposes of the United States Bankruptcy Code, including §§101 and 547 thereof.

F.    <u>Choice of Law</u>: Claims for breach of this Settlement Agreement shall be governed by and interpreted according to the substantive law of the State of Florida without regard to choice of law principles.

G.    <u>Execution of Counterparts</u>: The signatories may execute this Settlement Agreement in counterparts, each of which shall be deemed an original.

H.    <u>Entire Agreement; Amendment:</u> This Settlement Agreement, with its Exhibits, constitutes the entire and complete agreement among the Parties and supersedes all prior agreements, documents and understanding of the Parties related to the subject matter of this Settlement Agreement, including the Mediation Agreement.   This Agreement shall not be modified in any respect except by writing executed by Defendant's Counsel and Plaintiffs' Lead Counsel.

I.      <u>Continuing Jurisdiction and Exclusive Venue:</u> Except as otherwise provided in this Agreement, each of the Parties, including each member of the Settlement Class, and Releasing Parties that are otherwise subject to the jurisdiction of a United States court hereby irrevocably submits to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Florida for any suit, action, proceeding, case, controversy, or dispute arising in the United States and relating to this Agreement and/or Exhibits hereto and negotiation, performance, or breach of same.

J.      <u>Authority:</u>      Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement. Each of the undersigned shall use his or her reasonable efforts to effectuate this Settlement Agreement.

K.      <u>No Party is the Drafter</u>: None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

L.      <u>Computation of Time</u>: In computing any period of time prescribed or allowed by this Settlement Agreement, the provisions of United States Federal Rule of Civil Procedure 6 shall govern.

M.      <u>Signatures</u>: The signatories to this Settlement Agreement may execute it in counterparts, each of which shall be deemed an original.  Signatures may be provided via facsimile or in PDF.

By: _____                    Dated: October 2l, 2016.
Brandon Leidel


By:_____                     Dated: October ___, 2016.
Michael Wilson

By:_____                     Dated: October ___, 2016.
Marc A. Wites, Wites & Kapetan, P.A.


By:_____                     Dated: October___, 2016.
David C. Silver, Silver Law Group


By:_____                     Dated: October___, 2016.
James D. Sallah, Receiver


By:_____                     Dated: October___, 2016.
Patrick J. Rengstl, Receiver's Counsel


By:_____                     Dated: October___, 2016.
Mark A. Levy, Defendant Nettles' Counsel


By:_____                     Dated: October___, 2016.
Lorie Ann Nettles

By:_____                    Dated: October ___, 2016.
Brandon Leidel

By:_____                    Dated: October 2 /, 2016.
Michael Wilson

By:_____                    Dated: October ___, 2016.
Marc A. Wites, Wites & Kapetan, P.A.


By:_____                    Dated: October___, 2016.
David C. Silver, Silver Law Group


By:_____                    Dated: October___, 2016.
James D. Sallah, Receiver


By:_____                    Dated: October___, 2016.
Patrick J. Rengstl, Receiver's Counsel


By:_____                    Dated: October___, 2016.
Mark A. Levy, Defendant Nettles' Counsel


By:_____                    Dated: October___, 2016.
Lorie Ann Nettles

By:_____          Dated: October ___, 2016.
Brandon Leidel


By:_____          Dated: October ___, 2016.
Michael Wilson

By:_____          Dated: October _19_, 2016.
Marc A. Wites, Wites & Kapetan, P.A.


By:_____          Dated: October _19_, 2016.
David C. Silver, Silver Law Group


By:_____          Dated: October ___, 2016.
James D. Sallah, Receiver


By:_____          Dated: October ___, 2016.
Patrick J. Rengstl, Receiver's Counsel


By:_____          Dated: October ___, 2016.
Mark A. Levy, Defendant Nettles' Counsel


By:_____          Dated: October ___, 2016.
Lorie Ann Nettles


32

By:_____       Dated: October ____, 2016.
Brandon Leidel


By:_____       Dated: October ____, 2016.
Michael Wilson

By:_____       Dated: October ____, 2016.
Marc A. Wites, Wites & Kapetan, P.A.


By:_____       Dated: October ____, 2016.
David C. Silver, Silver Law Group


By:_____       Dated: October _18_, 2016.
James D. Sallah, Receiver

By:_____       Dated: October _19_, 2016.
Patrick J. Rengstl, Receiver's Counsel


By:_____       Dated: October ____, 2016.
Mark A. Levy, Defendant Nettles' Counsel


By:_____       Dated: October ____, 2016.
Lorie Ann Nettles

By:_____        Dated: October ___, 2016.
Brandon Leidel

By:_____        Dated: October ___, 2016.
Michael Wilson

By:_____        Dated: October ___, 2016.
Marc A. Wites, Wites & Kapetan, P.A.

By:_____        Dated: October___, 2016.
David C. Silver, Silver Law Group

By:_____        Dated: October___, 2016.
James D. Sallah, Receiver

By:_____        Dated: October___, 2016.
Patrick J. Rengstl, Receiver's Counsel

By:_____        Dated: October 21, 2016.
Mark A. Levy, Defendant Nettles' Counsel

By:_____        Dated: October 20, 2016.
Lorie Ann Nettles

32

Exhibit A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

      Defendants.

_____/

### PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.    To recover as a Member of the Class based on your claims in the action entitled
_____ (the "Litigation"), you must complete and, on page __ hereof, sign this
Proof of Claim and Release form, and include the required supporting documents. If you fail to
submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and
Release form, your claim may be rejected and you may not receive any recovery from the Net
Settlement Fund created in connection with the proposed settlement.

2.    Submission of this Proof of Claim and Release form, however, does not assure that
you will share in the proceeds of the settlement of the Litigation.

3.    **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND
SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES
OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 201X,
ADDRESSED AS FOLLOWS:**

*Cryptsy* Claims Administrator
P.O. xxxxxx
CITY STATE ZIP

If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of
Class Action ("Notice")) DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class and you did not timely request exclusion in
response to the Notice of Proposed Settlement dated _____, 201X, you are bound by the
terms of any judgment entered in the Litigation, including the releases provided therein,
WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.   CLAIMANT IDENTIFICATION

You may submit a Claim if you are a member of the Class. You are a member of the Class if between November 1, 2015 and the present date, you were a Cryptsy account holder, and held at Cryptsy Bitcoins, alternative cryptocurrencies, or any other form of monies or currency that you are unable to access, trade or otherwise obtain, your cryptocurrency.

Use Part A of this form entitled "Claimant Identification" to yourself.

You must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.   CLAIM FORM

Use Part B of this form entitled "Schedule of Holdings" to supply all required details of your holdings at Cryptsy between November 1, 2015 and the present date.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to all of your holdings.  You must also provide proof of your holdings, such as an account statement, screen shots, trade verifications or other documents that establish that you held such cryptocurrency at Cryptsy between November 1, 2015 and the present date.  Failure to report all such transactions may result in the rejection of your claim.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-8xx-xxx-xxxx to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART A: CLAIMANT IDENTIFICATION

LAST NAME:                              M.I.     FIRST NAME


SOCIAL SECURITY NUMBER             OR      TAXPAYER ID


TELEPHONE NUMBER

EMAIL ADDRESS

MAILING INFORMATION

ADDRESS

CITY                                    STATE            ZIP CODE

FOREIGN PROVINCE                        FOREIGN POSTAL CODE   FOREIGN
COUNTRY NAME/ABBREVIATION

_____          _____
Passport Number or Personal Identification Number, and country          Date of Birth
where issued.  Please provide a complete copy of your passport          (Day/Month/Year)
and any other personal identification you may have.

## PART B: SCHEDULE OF HOLDINGS

| CRYPTOCURRENCY | DATE PURCHASED/ QUANTITY PURCHASED | QUANTITY HELD BETWEEN 11/1/2015 AND THE PRESENT DATE |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Please identify any redemptions, returns, transfers or any other return or recovery of money or cryptocurrencies that you have already received associated with your holdings at Cryptsy held between November 1, 2015 and the present date.  Such would include, but not be limited to, recoveries from claims and/or lawsuits that you threatened or filed, or any other source.  For each return/recovery of money or cryptocurrencies, provide the date you received same, from whom you received same, and the amount of money or cryptocurrencies recovered/returned.

        Date                Amount              From Whom Did You Receive

        _____         _____         _____

        _____         _____         _____

        _____         _____         _____

## IV.   SUBMISSION TO JURISDICTION
## OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Florida, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same Cryptsy holdings and know of no other person having done so on my (our) behalf.

### V.   RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims the "Released Party," which means Defendant Nettles, her agents, attorneys, successors and assigns, but **expressly excludes** the Cryptsy Defendants (including without limitation natural persons, firms, corporations, officers, directors, shareholders, limited liability companies, members, managers, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, partners, and their predecessors, successors, administrators, executors, heirs and assigns) and any other person or entity not yet sued in the Action by Plaintiffs and Receiver, including but not limited to Defendant Paul Vernon.

2.      "Released Claims" means means any individual, class, representative, group or collective claim, liability, right, demand, suit, matter, obligation, damage, loss, action or cause of action, of every kind and description, that a Releasing Party has or may have, including assigned claims, whether known or unknown, asserted or unasserted, latent or patent, that is, has been, could reasonably have been or in the future might reasonably be asserted by the Releasing Party either in the Court or any other court or forum, regardless of legal theory, and regardless of the type of relief or amount of damages claimed, against any of the Released Party, arising from allegations in the Action and occurring prior to August 15, 2016.

This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement Agreement becomes effective on the Effective Date (as defined in the Settlement Agreement).

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

A.      I (We) hereby warrant and represent that I (we) have included the information requested about all of Cryptsy holdings which are the subject of this claim.

       B.     I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this \_\_\_\_\_ day of _____ in _____
                                                    (city, state zip)


_____      _____
(Sign your name here)                         (Sign your name here)


_____      _____
(Type or print your name here)          (Type or print your name here)


_____      _____
Capacity of Person Signing                Capacity of Person Signing
(e.g., Beneficial Purchaser, Executor or     (e.g., Beneficial Purchaser, Executor or
Administrator)                            Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**REMINDER CHECKLIST**

**1. Please sign the above release and declaration.**

**2. If this Claim is being made on behalf of Joint Claimants, then both must sign.**

**3. Remember to attach copies of supporting documentation.**

**4. Do not send original documents.**

**5. Keep a copy of your claim form and all supporting documentation for your records.**

**6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.**

**7. If you move, please send your new address to the address below.**

**8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.**

THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF
MAILED, POSTMARKED NO LATER THAN _____, 201X,
ADDRESSED AS FOLLOWS:

CRYPTSY CLAIMS ADMINISTRATOR
ADDRESS
CITY STATE ZIP

Exhibit B

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL and MICHAEL WILSON, individually and on behalf of
all others similarly situated, v. PROJECT INVESTORS, INC., D/B/A CRYPTSY,
a Florida Corporation, PAUL VERNON, an individual, and LORI ANN NETTLES,
an individual, CASE NO.: 9:16-cv-80060-MARRA

# If you are a CRYPTSY account holder and are unable to access your cryptocurrency,
# PLEASE READ THIS NOTICE CAREFULLY.
# This Notice Is To Inform You of a Proposed Settlement That May Affect Your Rights.

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer or a notice of a lawsuit against you.*

- The Settlement will provide payments to Class Members who are Cryptsy account holders who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy at any point in time between November 1, 2015 and the present date.

- This proposed Settlement is with Defendant Lori Ann Nettles **only**. Defendants Project Investors, Inc., d/b/a Cryptsy, a Florida Corporation, and Paul Vernon did not respond to the lawsuit, and the Court entered a default against them. The Court appointed a Receiver to act on behalf of Cryptsy, and Mr. Vernon has fled to China and failed to participate in this lawsuit or respond to any inquiries.

- Mr. Vernon is not part of this Settlement and is not receiving a release of liability in this settlement.

- Your legal rights are affected whether you act or not.  Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| YOUR OPTIONS | THE RESULT OF YOUR CHOICE |
|---|---|
| **SUBMIT A CLAIM** | The only way to get a payment is to submit a claim.  Claims must be **postmarked on or before _____, 201_.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment.  This is the only option that will allow you to sue in the future about the claims in this lawsuit.  **Exclusions must be received by _____, 201_.** |
| **OBJECT** | You can write to the Court about why you don't like the Settlement, or any part of the Settlement.  **Objections must be received by _____, 201_.** |
| **GO TO A HEARING** | You can ask to speak in Court about the fairness of the Settlement.  **The Fairness Hearing will be held on _____, 201_, at _:__ a.m./p.m.** |
| **DO NOTHING** | Get no payment.  Give up your rights.  **You are strongly encouraged not to choose this option.** |

- These rights and options – **and the deadlines to exercise them** – are explained below.

## WHAT THIS NOTICE CONTAINS

**Basic Information**......................................................................................................................Pages x - x
Why did I get this Notice?.........................................................................................................
What is a class action?
Who is included in this Class Action?
What is this Class Action about?
 What is a Receiver and Why Did the Court Appoint One?


**Benefits of the proposed settlement – what you may get** ...............................................Pages x - x
What does the proposed Settlement provide?
What Claims Are Being Released?
What Can I Get by Making a Claim?
What happens if there is money left over in the Settlement Fund?
How do I submit a claim?
How Do I Exclude Myself from the Settlement?
If I don't exclude myself, can I sue Defendant Nettles for the same thing later?
If I exclude myself, can I get money from this settlement?

**Objecting to the Settlement**....................................................................................................Pages x - x
How do I tell the court that I do not like the settlement?
What is the difference between objecting and excluding?

**The Lawyers Representing You**..............................................................................................Pages x - x
Do I have a lawyer in this case?
How will the lawyers be paid?
Should I get my own lawyer?


**The Final Fairness Hearing**...................................................................................................Pages x - x
When and where will the court decide whether to approve the settlement?
Do I have to come to the hearing?
May I speak at the hearing?

**Getting More Information** .....................................................................................................Pages x - x

## BASIC INFORMATION

**Why did I get this Notice?**

You received this Notice because: you requested a copy of the Notice through a toll-free number or contacted the lawyers involved in this case or the Claims Administrator, or your information appears in records obtained by the lawyers in this case.

The Court directed the parties to send to you this Notice because you have the right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to approve the Settlement and to award attorneys' fees.  If the Court approves the Settlement, you will receive a payment if you have submitted a valid and timely Claim Form, which is enclosed with this package.

This package explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them.

**What is a class action?**

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. The people together are a "class" or "class members." A court must determine if a lawsuit or a settlement should proceed as a class action. If it does proceed as a class action, there may be a trial. A trial then decides the lawsuit for everyone in the class. Sometimes, the parties may settle without a trial.

**Who is included in this Class Action?**

This Class Action includes all Cryptsy account holders who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy at any point in time between November 1, 2015 and the present date.  Such persons are identified in this Notice as the Class.

**What is this Class Action about?**

Plaintiffs filed this class action on behalf of themselves and the Class against Cryptsy and its majority shareholder, Paul Vernon (the Cryptsy Defendants") and Lori Ann Nettles.  The Cryptsy Defendants operated an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies, including "Bitcoin" and "Litecoin." Similar to a bank, but existing only in the "virtual" world, Cryptsy customers, including Plaintiffs and the Class, deposited their digital currency in accounts held at, and purportedly protected and managed by, Cryptsy. Plaintiffs alleged that the Cryptsy Defendants acted unlawfully by denying the Class the ability to withdraw or use the funds in their accounts and by stealing for the Cryptsy Defendants' own use and benefit the digital currency held in the Cryptsy customer accounts.

As to Defendant Nettles, Plaintiffs alleged that monies stolen from the Class were used to purchase real estate in Palm Beach County, Florida for $1,375,000 (the "Property"), and that the Property was subsequently transferred to Defendant Nettles in a divorce settlement with her now ex-husband, Paul Vernon.

**What is a Receiver and Why Did the Court Appoint One?**

A Receiver is a person appointed by the Court to typically preserve the assets and property of a company in financial distress or subject to claims of wrongdoing. In this case, the Court appointed a Receiver at the request of Plaintiffs and their lawyers (known as Class Counsel, as described below). Plaintiffs filed a motion to ask the Court to appoint a Receiver because Plaintiffs wanted to ensure that the Cryptsy Defendants and Defendant Nettles did not attempt to hide, sell or otherwise keep from Plaintiffs and the Class monies and assets to satisfy any judgment obtained in this case, and likewise to recover monies and assets for the benefit of the Class.

Class Counsel and the Receiver worked cooperatively on this matter and, as described in paragraph ___ below, obtained and recovered assets for the benefit of the Class.

# BENEFITS OF THE PROPOSED SETTLEMENT – WHAT YOU MAY GET

Plaintiffs, the Class and the Receiver entered a Settlement Agreement with Defendant Nettles.  The Settlement Agreement is available for your review.  The following pages provide a summary of the Settlement Agreement, and your rights and options under the Settlement Agreement.

**What does the proposed Settlement provide?**

A Settlement Fund has been created in this action which includes the following items:

1.  As part of this Settlement, Defendant Nettles agreed to convey to the Receiver for the benefit of the Class:

    a.  Real estate located in Palm Beach County, Florida that Defendants Vernon and Nettles purchased in 2015 for $1,375,000 (the Property), and was subsequently transferred to Defendant Nettles in a divorce settlement; and

    b.  A Tiffany ring that Defendant Vernon purchased for Defendant Nettles for over $104,000;

2.  In addition, the Receiver and Class Counsel obtained for the benefit of the Class:

    a.  Cryptocurrency held by Cryptsy with a market value of approximately $_____ as of September 2016;

    b.  An Infiniti QX60 from Defendant Cryptsy with an appraised used value of approximately $28,000; and

    c.  Personal property, such as computers, art work, and household furnishings, from Defendant Cryptsy.

Upon the Court's approval, the Receiver will liquidate the above-described items, the proceeds from which will also become part of the Settlement Fund, with the exception of $250,00 from the sale of the Property which shall be retained by Defendant Nettles.

Plaintiffs' Counsel and the Receiver cannot predict with certainty the gross liquidation value of all of the assets described above, but have provided values or purchase amounts where possible above. As detailed in the parties' Settlement Agreement, certain administrative costs, attorney's fees and expenses shall be deducted from the Settlement Fund, and the Net Settlement Fund shall be distributed to eligible members of the Settlement Class.

**What Claims Are Being Released?**

In exchange for the Settlement Benefits described above, Plaintiffs, the Class and the Receiver are providing Defendant Nettles with a release of liability. Defendant Vernon is not part of, and is expressly excluded from the release of liability.

**What Can I Get by Making a Claim?**

The Claims Administrator, with the assistance of the Receiver and Class Counsel, will determine the market value, as of November 1, 2015, or the date such cryptocurrency was deposited at Cryptsy, as applicable, of the cryptocurrency(ies) held by Class Members that submit valid claims. Each Class Member submitting a valid claim shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its claim compared to the total number of valid claims. There is no way to determine, in advance, how many Class Members will make claims from the Net Settlement Fund. Class Members who do not submit valid claims will not share in the proceeds of the Net Settlement Funds, but will nevertheless be bound by this Settlement.

**What happens if there is money left over in the Settlement Fund?**

If at such time, all valid Claims are paid in full from the Settlement Fund by the Claims Administrator, and there is a balance remaining in the Settlement Fund 180 days after the last check is issued, the Claims

Administrator will, if feasible, distribute any such balance by way of *pro rata* payments to Class Members who submitted valid Claims and who cashed their checks in an equitable and economical fashion. Thereafter, any remaining balance will be paid to INSERT NAME OF non-sectarian, not-for-profit, 501(c)(3).

**How do I submit a claim?**

Attached to this Notice (and available on the settlement website or by contacting the Claims Administrator or Class Counsel) is a Claim Form. **YOU MUST COMPLETE AND SIGN THE CLAIM FORM AND SUBMIT IT TO THE CLAIMS ADMINISTRATOR, POSTMARKED, FAXED OR EMAILED (IN .PDF FORMAT) ON OR BEFORE _____, 201x** at the following address:

Cryptsy Cryptocurrency Settlement
Claims Administrator
PO Box xxxx
INSERT CITY, STATE AND ZIP
Fax Number: 1-8XX-XXX-XXXX
Email Address: info@cryptsysettlement.com

**IF YOU DO NOT SUBMIT YOUR SIGNED CLAIM FORM WITH THE REQUIRED SUPPORTING DOCUMENTS BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND.**

As part of your Claim, you should provide as much documentation as you can supporting your claim, and specifically the type and amount of cryptocurrency you held at Cryptsy between November 1, 2015 and the present date. All information provided will be treated as confidential and will be used only for the purpose of reviewing and administering your Claim.

Examples of documentation you might have to support your claim include screen shots of your holdings at Cryptsy or account statements. You may have other types of supporting documentation. You should submit whatever you have. Please note that it appears that Defendant Vernon or someone under his direction destroyed all of Cryptsy database records and, as a result, the only way to establish your claim is through your submission of records that evidence your ownership of Cryptocurrency held at Cryptsy between November 1, 2015 and the present date. Class Counsel and the Receiver have asked, and continue to ask, Defendant Vernon to provide copies of the records that show all of the holdings of the Class, and likewise continue to search for such records. To date, Defendant Vernon has failed to respond to or comply with such requests.

*Please note that the Claim Form must be signed.*  By signing your Claim Form, you will be swearing that the information you submit is true and accurate.  You will also be authorizing the Claims Administrator to contact you for more information to help evaluate your Claim.

**How Do I Exclude Myself from the Settlement?**

If you do not wish to be included in the Class and participate in the Settlement benefits discussed above, you must send a letter stating that you want to be excluded from Cryptsy Cryptocurrency Litigation, Case No.: 9:16-cv-80060. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, 201X to:

Cryptsy Cryptocurrency Litigation
EXCLUSIONS
Claims Administrator
ADDRESS
CITY, STATE ZIP1

You cannot exclude yourself on the phone or by fax or e-mail – you must do so in writing. If you request to be excluded, you will not receive any Settlement payment, and you cannot object to the Settlement. However, you will not be legally bound by anything that happens in this lawsuit, and you will keep your right to separately pursue claims against Defendant Nettles relating to the subject matter of this lawsuit.

**If I don't exclude myself, can I sue Defendant Nettles for the same thing later?**

No. Unless you exclude yourself, you give up the right to sue Defendant Nettles for the claims that this Settlement resolves. You must exclude yourself from this Class to pursue your own lawsuit. Remember, your exclusion must be postmarked on or before _____, 201_.

**If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money. Do not send in a Proof of Claim.

# OBJECTING TO THE PROPOSED SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

**How do I tell the court that I do not like the settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the proposed award of attorneys' fees and expenses and proposed service awards to Plaintiffs, and the Court will consider your views. To object, you must send a letter to the Court, Class Counsel, and Defendant's Counsel saying that you object to the Settlement in Cryptsy Cryptocurrency Litigation, Case No.: 9:16-cv-80060. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement. You also must affirm under penalty of perjury that you are a Class Member and provide proof of Class Membership. If you are represented by counsel, be sure to include the name, address, and telephone number of that lawyer.

Your objection **must be mailed to and actually received** at all of the following different **locations no later than _____, 201X**. Send your objection to:

| Clerk of Court | Class Counsel: | Defendant's Counsel: |
|---|---|---|
| Paul G. Rogers Federal Building and U.S. Courthouse 701 Clematis Street, Room 202 West Palm Beach, FL 33401 | Marc A. Wites Wites & Kapetan, P.A. 4400 N. Federal Highway Lighthouse Point, Florida 33064 | Mark A. Levy Brinkley Morgan 200 East Las Olas Blvd., 19th Floor Fort Lauderdale, FL 33301 |

**What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. If you object, you will remain in the Class and will be bound by the proposed Settlement if the Court approves the Settlement, despite your objection. If you object, you can also participate in the Settlement benefits described above. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. You cannot request exclusion and object to the Settlement. If you exclude yourself, you have no

basis to object because the case no longer affects you. Class Members who do exclude themselves may, if they wish, enter an appearance through their own counsel.

# THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**

The Court appointed the law firms of Wites & Kapetan, P.A., and The Silver Law Group to represent you and other Class Members. These lawyers are called Co-Lead Counsel. The Court also appointed James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver, to act as the Receiver in this matter. If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

**How will the lawyers be paid?**

The Settlement Agreement authorizes Co-Lead Counsel to seek an award of attorney's fees of up to 33.33% of the Settlement Fund, plus expenses and costs, which also will be paid from the Settlement Fund. According to the laws and rules that govern receivers, the Receiver and Receiver's Counsel may separately submit a Fee and Expense Application for the payment of their respective attorney's fees, expenses and costs from the Settlement Fund. Co-Lead Counsel and the Receiver (including the Receiver's counsel and all other lawyers working on behalf of the Receiver) are extremely cognizant of the issue of legal fees and expenses, and have agreed that they collectively will do everything within reason to limit their legal fees, expenses and costs, including Co-Lead Counsel's intention to reduce their contingency fee percentage and the Receiver's intention to discount certain billing. Further, Co-Lead counsel have committed to reduce their attorney's fee application such that that the amount Co-Lead Counsel seeks in attorney's fees, when coupled with the attorney's fees sought by the Receiver and Receiver's Counsel, will not cause the total amount of attorney's fees paid from the Settlement Fund to exceed 33.33% of the Settlement Fund.

In addition, Co-Lead Counsel will ask the Court to award the Plaintiffs in this Action a service award of $500 each for their time and effort acting as Class Representatives.

**Should I get my own lawyer?**

You do not need to hire your own lawyer.  However, if you want your own lawyer to speak for you or appear in Court, you must file a Notice of Appearance. Hiring a lawyer to appear for you in the lawsuit will be at your own expense.

# THE FINAL SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.

You may attend, and you may ask to speak, but you don't have to.

**When and where will the court decide whether to approve the settlement?**

The Court will hold a Final Settlement Hearing at  _:_  a.m./p.m. on _____, 201x at the Courtroom of the Honorable Kenneth A. Marra, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom #4, West Palm Beach, FL 33401. The hearing date may be changed by the Court, and you should check www.cryptsysettlement.com for any updates. At this hearing, the Court will consider whether the

Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. The Court also may consider how much to award Co-Lead Counsel and the amount of the service awards for Plaintiffs. We do not know how long this decision will take.

**Do I have to come to the hearing?**

No. Co-Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may pay your own lawyer to attend, but it is not necessary.

**May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Settlement Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to include your name, address, telephone number, and your signature. You may be required also to provide proof that you are a Class Member. Your Notice of Intention to Appear must be filed no later than _____, 201x, and must be served on the Clerk of the Court, Co-Lead Counsel, and Defendants' counsel at the addresses listed on page __, above. You cannot speak at the hearing if you exclude yourself.

# GETTING MORE INFORMATION

**Where do I obtain more information?**

You can look at and copy the legal documents filed with the Court at any time during regular office hours at the Office of the Clerk of Court, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, FL 33401.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- ☐ Visit the Settlement website at www.cryptsysettlement.com

- ☐ Visit the Receivership website at www.cryptsyreceivership.com

- ☐ Contact Co-Lead Class Counsel at:
  Marc A. Wites
  Wites & Kapetan, P.A.
  4400 N. Federal Highway
  Lighthouse Point, Florida 33064
  (954) 570-8989

- ☐ Call the Claims Administrator toll free 1-8xx-xxx-xxxx

- ☐ Write or fax to:

  Cryptsy Cryptocurrency Administrator
  PO Box xx
  City state zip

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

DATED: _____, 201x               /s/ _____
                                   THE HONORABLE KENNETH A. MARRA
                                   UNITED STATES DISTRICT COURT JUDGE