UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

      Defendants.

_____/

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

**THIS CAUSE** is before the Court upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, [DE 73] (the "Motion"). The Court has carefully reviewed the Motion, the parties' Settlement Agreement, [DE 73-1] (the "Settlement Agreement") and all exhibits thereto, the record in this case and applicable law, and is otherwise fully advised in the premises. It is hereby **ORDERED AND ADJUDGED** that:

**1. Settlement.** Plaintiffs, the Receiver James Salah, acting on behalf of Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") and Defendant Lorie Ann Nettles ("Nettles") have negotiated a potential settlement of this action as against Defendant Nettles (the "Cryptsy Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined herein and in the Settlement Agreement) against Defendant Nettles.

1

2. **Review.** Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient use of judicial resources, and achieve the speedy resolution of justice[.]" *Turner v. Gen. Elec. Co.*, No. 2:05–CV–186–FTM–99DNF, 2006 WL 2620275, at *2 (M.D.Fla. Sept. 13, 2006). For these reasons, "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir.1992). "Approval of a class action settlement is a two-step process." *Fresco v. Auto Data Direct, Inc.*, No. 03–cv–61063, 2007 WL 2330895, at *4 (S.D.Fla. May 14, 2007). Preliminary approval is the first step, requiring the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* In the second step, after notice to the class and time and opportunity for absent class members to object or otherwise be heard, the court considers whether to grant final approval. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Id.* At the preliminary approval stage, district courts consider whether the proposed settlement appears to be " 'the result of informed, good-faith, arms'-length negotiation between the parties and their capable and experienced counsel' and not 'the result of collusion[.]' " *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1341 (S.D.Fla.2011). Applying this standard, the Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.  **Preliminary Approval.** The Court hereby preliminarily approves the Settlement entered into by the Parties, and the exhibits appended to the Motion. The Court finds that the Settlement was of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel and was completed with the assistance of the Hon. Howard Tescher (ret.), an experienced mediator with particular expertise in complex commercial and financial disputes. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

4.  **Settlement Class Relief.** The proposed Settlement Relief to the Settlement Class Members, as identified in Section I of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

(a) All CRYPTSY account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY as of November 1, 2015 to the present. Excluded from the Class are: (1) employees of CRYPTSY, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class.

(b) The Settlement Class Period shall commence on November 1, 2015 and shall continue through and including the date of this Preliminary Approval Order.

5.  **Preliminary Certification of Settlement Class.** The Court makes the following

preliminary determinations, for purposes of a settlement class only under Fed.R.Civ.P. 23(e), as to certification of the Settlement Class:

(a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed.R.Civ.P. 23(a) and (b)(3);

(b) The Settlement Class is so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Class;

(d) The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e) Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f) For purposes of settlement, in which there will be no trial and the Court is not presented with trial manageability issues, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable; and

(h) Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. **Designation of Class Representative.** Brandon Liedel and Michael Wilson are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Wilson Litigation.

7. **Designation of Class Counsel.** The law firms of Wites & Kapetan, P.A. and Silver Law Group are hereby designated as Class Counsel for the Settlement Class.

8. **Final Approval Hearing.** A hearing regarding final approval of the Settlement

4

("Final Approval Hearing") will be held at 10:30am on Feb 17, 2017 before the **Honorable Kenneth A. Marra in Courtroom #4 at the Paul G. Rogers Federal Building and US Courthouse, 701 Clematis Street, West Palm Beach, FL 33401**, to determine, among other things: (i) whether the Settlement of the Cryptsy Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Cryptsy Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement as against the Settling Defendant; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members, or any persons who would otherwise fall within the definition of the Settlement Class but who exclude themselves from the Settlement, to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

The Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

9. **Class Notice.**

(a) The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit B to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section IV of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Settlement Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Settlement Class of their right to exclude themselves from the proposed Settlement Class, and to apprise Settlement Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Mail Notice shall be mailed **so as to be received** not less than **ninety (90) days** before the date set by the Court for a Final Approval Hearing regarding the Settlement. The Mail Notice shall include the Claim Instructions and Proof of Claim Form (attached as Exhibit A to the Settlement Agreement).

(c) No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settlement Agreement and Exhibits and the Mail Notice. The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website. Settlement Class Members may complete, sign and upload a Claim Form to the Settlement Website, provided that for those Claims requiring verification documents, scanned

copies of those verification documents are uploaded to the Settlement Website with the appropriate Claim number to associate the upload with the Claim. In addition, the Settlement Website shall allow for the option of completing Claim Forms online within the Settlement Website, utilizing an e-signature format. However, when the Claim Form is completed online, the Settlement Class Member must separately upload the required verification documents to the Settlement Website pursuant to the instructions on the Settlement Website no later than the Claim Deadline. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.CryptsySettlement.com. The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief.

(d) Not less than **forty-five (45) days** before the date set by the Court for the Final Approval Hearing regarding this Settlement, the Settlement Administrator shall have caused the summary notice provided for in Section IV.A.2 of the Settlement Agreement to have been published twice.

(e) The Settlement Administrator shall establish a toll-free phone number through which settlement class members can obtain information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The phone number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; provided however, the Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the

messages requests a blank Claim Form or other similar administrative assistance only, then the Administrator shall handle such administrative request(s), but the Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.

(f) No later than **ten (10) days** prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice, proof of publication of the summary notice two times, proof of establishment of the Settlement Website, and proof of the establishment of the toll-free phone number required under Paragraphs 9(a)-(e) above.

10. **Administrators.** The Court authorizes and directs the Receiver and Plaintiffs' Settlement Counsel to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail and email, as applicable, the Mail Notice and publish the summary notice, (ii) establish the toll free phone line system, (iii) establish the Settlement Website, (iv) receive and process settlement claims, and (v) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any person who would otherwise fall within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than **thirty (30) days** before the Final Approval Hearing.

(a) To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the person requesting exclusion; (c) be personally

8

signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Cryptsy Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Cryptsy Class Action." Mass or class opt outs shall not be allowed.

(b)  A person who would otherwise fall within the definition of the Settlement Class who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the person desiring to opt out of the Settlement Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)  Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, including, but not limited to, the Releases in Section VIII of the Settlement Agreement.

(d)  If the proposed settlement is approved, Settlement Class Members shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against the Settling Defendant relating to any of the Released Claims to Settlement Agreement.

12. **Objections and Appearances.** Settlement Class Members who comply with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than **thirty (30) days** before the Final Approval Hearing:

*For Plaintiff and Settlement Class*

Marc Wites, Esq.
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205

*For Receiver James Salah, on behalf of Cryptsy*

Patrick Rengstl, Esq.
PAYTON & RENGSTL, LLC
2 South Biscayne Blvd.
Suite 1600
Miami, FL 33131

*For Defendant Lorie Ann Nettles*

Mark A. Levy, Esq.
Brinkley Morgan
200 East Las Olas Blvd. - 19th Floor
Fort Lauderdale, FL 33301

(a)     The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall include: (a) the case name and number; (b) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

(b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause

why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in support of their objection at the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is Finally Approved, the Releasing Persons shall release the Released Persons from all Released Claims (the definitions of "Releasing Persons," "Released Persons" and "Released Claims" set forth in Sections I and VIII of the Settlement Agreement are hereby adopted and incorporated by reference), including, inter alia, and without limitation, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning all allegations and any and all claims and/or causes of action that were or could have been asserted against the Settling Defendant in the Cryptsy Litigation.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards.** Defendants

agree not to oppose an application for the award of Attorneys' Fees not to exceed 1/3 of the Settlement Fund, plus Expenses. Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees greater than 1/3 of the Settlement Fund, plus costs and expenses in the Action. Defendants also agree not to oppose the application for a Case Contribution Award of $500.00 each for the Named Plaintiffs Brandon Liedel and Michael Wilson for their work and assistance in this Action. Plaintiffs and Class Counsel agree not to seek a Case Contribution Award in excess of $500.00 for each Named Plaintiff.

**15.** **Preliminary Injunction.** All Settlement Class Members are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

**16.** **Service of Papers.** Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

**17.      Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

**18.      Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, liability, or appropriateness of contested class certification, or by or against any Plaintiff or the Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, that their claims lack merit or that the relief requested in the Second Amended Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE AND ORDERED** in Chambers this 26th day of October, 2016, at West Palm Beach, Palm Beach County in the Southern District of Florida.

                                                KENNETH A. MARRA
                                                UNITED STATES DISTRICT COURT JUDGE