UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

    Defendants.

_____/

**PLAINTIFFS' UNOPPOSED AND VERIFIED MOTION FOR
STATUS CONFERENCE AND TO CONTINUE DATE OF
FINAL APPROVAL HEARING FOR CLASS ACTION SETTLEMENT**

Plaintiffs Brandon Liedel and Michael Wilson ("Class Representatives") hereby file this Unopposed Motion for Status Conference and to Continue Date of Final Approval Hearing for Class Action Settlement, and state as follows:

1. On October 27, 2016, this Court entered an order (D.E. 74) granting Plaintiff's motion preliminary approval to Plaintiffs' class action settlement with Defendant Nettles (D.E. 73), and setting the final approval hearing date for February 17, 2017 (DE 74 at p. 5)(the "Final Approval Hearing Date").

2. Plaintiffs wish to address the Court at a status conference concerning certain mechanics in, and the time table for, the settlement process, and for these (and one unrelated reason), continue the Final Approval Hearing Date.

3. As set forth in Plaintiffs' Motion for Preliminary Approval, the instant settlement

fund is compromised largely of assets that Plaintiffs' Counsel and the Receiver are in the process of liquidating. Specifically, the Settlement Fund includes the following assets, which Class Counsel and the Receiver obtained in this settlement from Defendant Nettles and from Cryptsy through the powers of the Receiver:

1. A Diamond Ring. *See* Settlement Agreement (D.E. 73-1) at Sections II(A)(1) and III.

2. The Property. *See* Settlement Agreement at Sections II(A)(2) and III(B)-(I).

3. All monies received from the sale of the cryptocurrency marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). *See* Settlement Agreement at Section II(A)(3).

4. All monies received from the sale of personal property marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). *See* Settlement Agreement at Section II(A)(4).

5. All monies received from the sale of an Infiniti QX60, as detailed in the Receiver's Motion for Authority to Liquidate Infiniti QX60 (*see* D.E. 64). *See* Settlement Agreement at Section II(A)(5).

6. Any other assets and monies obtained by Plaintiffs' Lead Counsel or Receiver for the benefit of the Settlement Class. *See* Settlement Agreement at Section II(A)(6).

The parties require time to liquidate these assets and fund the Settlement Fund. For example, and to this end, the Receiver, through counsel, will soon file a Motion to Approval Settlement with Defendant Lorie Ann Nettles, which will serve to authorize Nettles to transfer the Property to the Receiver, which the Receiver will then sell subject to further approvals and authorization for the Court.[1]

---

[1] As set forth in Plaintiffs' Motion for Preliminary Approval, Class Counsel also wishes to discuss and explain other aspects of the Settlement with the Court:

> Pursuant to Local Rule 7.1(b)(2), Plaintiffs request oral argument on the instant motion. Oral argument is desired and would be helpful to the Court for several reasons. First, the case involves cryptocurrency, which is a somewhat unique and

4.      While Plaintiffs and Class Counsel wish to move the notice and claims process forward, they likewise wish to ensure that they will be in a position to answer any inquiries from the Court and class members about the settlement during the settlement process and at the Final Approval Hearing.  As a result, Plaintiffs and Class Counsel wish to continue the Final Approval Hearing Date to allow for sufficient time to work with the Receiver to liquidate assets to fund the Settlement Fund.

5.      Further, Class Counsel Marc A. Wites has a pre-planned vacation that conflicts with the Final Approval Hearing Date.  Specifically, Mr. Wites' son Asher Wites, who plays on the no. 3 ranked U12 hockey team in the United States[2] is playing in the most prestigious youth hockey tournament, which is held annually in Quebec City, Canada, known as Pee Wee Quebec.[3]  The tournament runs from February 8 through February 19, 2017.  Mr. Wites is attending the tournament with his son, and his entire immediate family.

6.      To satisfy the requirements of Local Rule 7.6, S.D.Fla.L.R., which requires that

---

novel litigation subject matter.  Second, this case includes both a class action and receiver/corporate monitor. Third, the settlement fund is comprised of assets that Plaintiffs, Class Counsel, and the Receiver have or will receive from Defendant Nettles, including the Property and a diamond ring, and cryptocurrency and a car recovered from Defendant Cryptsy. *See* Settlement Agreement at p. 10. These assets are in the process of being, or will be, sold to fund the settlement fund. Fourth, the settlement involves only Defendant Nettles, and excludes Defendants Vernon and Cryptsy.  Finally, the parties and the Court can discuss the inclusion within notice for the instant settlement the notice required of the certification of the Class as to the non-settling defendants, Vernon and Cryptsy. For these reasons, Plaintiffs believe that a hearing to discuss the settlement agreement and settlement process will be beneficial to the Court and the process.

[2]     http://www.myhockeyrankings.com/rank.php?y=2016&a=2&v=114

[3]     http://www.tournoipee-wee.qc.ca/fr/index.html; https://www.quebecoriginal.com/en-us/listing/events/sports-events/quebec-international-pee-wee-hockey-tournament-1399607

motions to continue hearings be supported by affidavit setting forth a full showing of good cause", this is verified motion signed under penalty of perjury by Class Counsel Marc A. Wites.

7. Finally, pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he conferred with counsel for Defendant Nettles who has authorized the undersigned to represent that Defendant Nettles does not oppose the relief sought herein.

PURSUANT TO 28 U.S.C. §1746, I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED ON THIS 31st DAY OF OCTOBER, 2016.

Respectfully submitted,

**/s/ Marc A. Wites**
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205
**Attorneys for Plaintiffs and the Class**

SILVER LAW GROUP
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684

- and -

By: **/s/ David C. Silver**
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 31th day of October, 2016 by using the CM/ECF system and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; and **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; and **PATRICK RENGSTL, ESQ**., Payton & Rengstl, LLC, Counsel for the Receiver, 2 South Biscayne Blvd. Suite 1600, Miami, FL 33131.

*/s/ Marc A. Wites*
Marc A. Wites