UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

      Plaintiffs,
v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation,
PAUL VERNON, an individual, and
LORIE ANN NETTLES, an individual,

      Defendants.
_____/

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated ("Plaintiffs"), pursuant to Fed. R. Civ. P. 15 and S.D. Fla. L.R. 15.1, respectfully move for leave to file a Second Amended Class Action Complaint that adds two additional defendants and one additional count against such defendants for unjust enrichment. *See* Proposed Second Amended Complaint attached hereto as Exhibit A. The new defendants have already executed a settlement agreement with Plaintiffs and the Receiver in which the defendants have agreed to the amendment, the certification of a class for settlement purposes, and to settle the claims against them.

In support of this Motion, Plaintiffs state as follows:

1.    On January 13, 2016, Plaintiffs initiated this class action. [DE 1].

2.    On February 22, 2016, Plaintiffs filed an Amended Complaint, asserting claims for conversion, negligence, unjust enrichment, specific performance, violation of Florida's

Deceptive and Unfair Trade Practices Act, preliminary and permanent injunction, fraudulent conveyance and conspiracy. [DE 8].

3. On March 24, 2016, a Clerk's Default was entered against Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") for Cryptsy's "failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." [DE 25].

4. On April 4, 2016, the Court granted Plaintiffs' Motion to Appoint Receiver and appointed James D. Sallah, Esq. as the Receiver/Corporate Monitor over Defendant Cryptsy. [DE 33].

5. On May 20, 2016, a Clerk's Default was entered against Defendant Paul Vernon ("Vernon") for his "failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." [DE 51].

6. On July 27, 2016, Plaintiffs filed an Unopposed Motion for Class Certification. [DE 59].

7. On August 25, 2016, the Court granted the Motion for Class Certification, certifying the following class:

> All CRYPTSY account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY as of November 1, 2015 to the present. Excluded from the Class are: (1) employees of CRYPTSY, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class.

[DE 65]. The Court also appointed Brandon Liedel and Michael Wilson as Class Representatives and appointed Marc A. Wites and Wites & Kapetan, P.A. and Scott L. Silver and David C. Silver of Silver Law Group as Class Counsel. *Id.*

8. On August 15, 2016, Class Representatives, the Receiver, and Defendant Lorie Ann Nettles ("Nettles") attended mediation before Judge Howard Tescher (ret.), at which they

1

reached an agreement to resolve Plaintiffs' and Receiver's claims against Defendant Nettles. That agreement was subsequently documented by the Nettles Settlement Agreement.

9. On October 27, 2016, the Court entered an order granting preliminary approval of the Nettles Settlement Agreement. [DE 74].

10. On November 17, 2016, Plaintiffs and the Receiver attended a second mediation before Judge Howard Tescher (ret.) with two parties that Plaintiffs intended to add, but had not yet added, to the case, *to wit*: Ridgewood Investments, Inc. ("Ridgewood") and Kaushal ("Ken") Majmudar ("KM"). At the mediation, the parties reached a settlement to resolve the claims of Plaintiffs and the Class, and the Receiver, against Ridgewood and KM. That agreement was subsequently documented by the Ridgewood Settlement Agreement, a copy of which is attached hereto as Exhibit B.

11. The Ridgewood Settlement Agreement has now been fully executed, with the last signatory signing the document on January 4, 2017.

12. Pursuant to Section III(B) of the Ridgewood Settlement Agreement, Plaintiffs hereby seek to file the Second Amended Complaint that is attached hereto as Exhibit A. The Second Amended Complaint names Ridgewood and KM as defendants, and adds one additional count for unjust enrichment which is plead against only Ridgewood and KM.

13. In the Ridgewood Settlement Agreement, Ridgewood and KM consented to the filing of the Second Amended Complaint. Defendant Nettles does not oppose the filing of this pleading and, as detailed above, the other current defendants have defaulted. Thus, the Motion is unopposed.

14. As detailed in the Ridgewood Settlement Agreement, upon the entry of the Court's order granting the instant Motion, Plaintiffs will file a motion for preliminary approval

2

of the Ridgewood Settlement Agreement, which will seek to combine the class action settlement approval process for both the Nettles Settlement Agreement and the Ridgewood Settlement Agreement. The Ridgewood Settlement Agreement serves to add an additional $220,000.00 to the settlement fund initially established through the Nettles Settlement Agreement. *See* Ridgewood Settlement Agreement at Pages 18 - 22.

15. At the November 22, 2016 Status Conference [DE 83], counsel for Plaintiffs and the Receiver advised the Court of the Ridgewood Settlement Agreement, and the forthcoming – and now instant - motion for leave to amend.

16. On November 28, 2016, the Court entered an order setting the date for the final approval hearing as to the Nettles Settlement Agreement for April 21, 2017, and Plaintiffs are working towards completing a schedule that will allow for the final approval hearing as to both settlement agreements to occur on that date.

## MEMORANDUM OF LAW

17. Plaintiffs are filing this Motion in an abundance of caution, and because the Ridgewood Settlement Agreement so requires. Because the Court has not yet issued a Scheduling Order, no deadline has been set to amend pleadings. Moreover, Defendant Nettles, through her counsel, has consented in writing to the proposed amendment. See Rule 15(a)(2), Fed.R.Civ.P. However, the October 6, 2016 deadline the parties had proposed in their Joint Conference Report [DE 58] as the deadline to file amended pleadings has passed.

18. Courts should grant leave to amend when justice so requires. *Retterath v. Homeland Energy Solutions, LLC*, 2014 WL 1515522, *6 (S.D. Fla. - April 17, 2014). "Courts should only deny leave to amend a pleading when: (1) such amendment would prejudice the opposing party, (2) the moving party has demonstrated bad faith or undue delay, or (3) such

3

amendment would be futile." *Id*. (citation omitted).

19. Here, there is no prejudice to the current Defendants, as Defendant Nettles consents to the amendment, and Defendants Cryptsy and Vernon have defaulted.

20. Further, Plaintiffs have not demonstrated bad faith or undue delay. In fact, they are filing this Motion promptly after the execution of the Ridgewood Settlement Agreement, which calls for the instant amendment and the settlement of claims against the two new defendants.

21. Moreover, the amendment is not futile. Rather, the amendment has been agreed to, asserts a valid claim, and will allow for a settlement with the newly added parties.

22. Although a Scheduling Order has not been entered, Plaintiffs have demonstrated good cause (*see, e.g., Arnold v. Wausau v. Underwriters Ins. Co*., 2014 WL 710104 (S.D. Fla. 2014)), as the amendment sought will serve to increase the size of the settlement fund in the instant settlement of the instant class action, which serves to benefit Plaintiffs and the Class.

**WHEREFORE,** Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the Second Amended Complaint attached hereto as Exhibit A, and deem filed the proposed Second Amended Complaint attached hereto as Exhibit A or, in the alternative, instruct and authorize Plaintiffs to file the proposed Second Amended Complaint.

## CERTIFICATION OF GOOD FAITH

Pursuant to Rule 7.1(a)(3), S.D.Fla. L.R., Plaintiffs represent that they conferred with Defendant Nettles as to the relief sought herein, and Defendant Nettles' counsel has authorized the undersigned to represent that the instant Motion is unopposed.

Respectfully submitted,

*/s/ Marc A. Wites*
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com
**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205

**SILVER LAW GROUP**
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684

By: */s/ David C. Silver*
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

*Attorneys for Plaintiffs and the Class*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 6th day of January, 2017 by using the CM/ECF system and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; and **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN,

5

*Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com.

*/s/ Marc A. Wites*
Marc A. Wites
