<u>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA</u>

**NOTICE OF PROPOSED PARTIAL SETTLEMENTS OF CLASS ACTION, PENDENCY OF CLASS ACTION, FAIRNESS HEARING, AND RIGHT TO APPEAR**

**If you are a CRYPTSY account holder and are unable to access your CRYPTOCURRENCY, you could get money from two different class action settlements, and an ongoing class action lawsuit may affect your rights.**

<u>**Please read this notice carefully**</u>.

*A court authorized this notice. This is not a solicitation from a lawyer.*

<u>**Overview**</u>

**This Notice describes two partial settlements of a lawsuit and how you can get money from those settlements or exclude yourself from one or both of them. This Notice also describes the portion of the lawsuit that is continuing and how you can continue in that lawsuit or exclude yourself from that lawsuit.**

<u>**Background**</u>

- On August 25, 2016, the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida entered an order certifying a class of Cryptsy account holders who are unable to access their cryptocurrency in a class action lawsuit.

- The class action lawsuit claims that:

  1. Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") and Paul Vernon ("Vernon") stole and converted for their own use the cryptocurrencies of the Cryptsy account holders;
  2. Defendant Lori Ann Nettles ("Nettles") was unjustly enriched as a result of assets that she received that were purchased with the proceeds of cryptocurrency taken from the Cryptsy account holders during her marriage to, and in her divorce from, Vernon; and
  3. Defendants Ridgewood Investments, Inc. ("Ridgewood") and Kaushal Majmudar ("KM") were unjustly enriched as a result of consulting fees they received from Cryptsy.

- On April 24, 2016, the Court also appointed James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver, to act as the Receiver in this matter. The Receiver took control of Cryptsy, and worked with the lawyers for the plaintiffs in this class action to recover monies and assets for the Cryptsy account holders, which are part of the Settlements.

- Certain of the defendants have settled, and the litigation is proceeding against the remaining defendants. **The purpose of this notice is to advise you of your rights with respect to (A) the settlement with certain defendants and (B) the continuing litigation against the remaining defendants.**

- If you are a Class Member, you have a right to participate in the settlements, and you have a right to participate as a class member in the continuing lawsuit against the remaining defendants. You do not have to choose between the settlement and the continuing litigation, and your rights with respect to each are independent.

- This is **not** a lawsuit against you. Your participation in this lawsuit or acceptance of money from either or both of the settlements will not affect your employment status or compensation in any way.

- Please read this Notice carefully. **This Notice explains your legal rights and options—and the deadlines to exercise them.** Your legal rights will be affected whether you act or don't act, and you have choices to

1

- make now.

- This Notice is divided into two parts: The first part discusses the proposed settlement with certain defendants; the second part discusses the continuing litigation against the remaining defendants. Please read both parts of the Notice carefully.

**The Settlement with Certain Defendants**

- Two settlements, (1) a settlement with Defendant Nettles, and (2) a settlement with Defendants Ridgewood and KM (Ridgewood and KM are referred to collectively herein as "Ridgewood"), have been reached in partial settlement of the class action lawsuit. Nettles and Ridgewood deny that they violated any laws or engaged in any wrongdoing. For purposes of this notice, Nettles and Ridgewood are referred to collectively as the "Settling Defendants."

- You are a Class Member if you are a Cryptsy account owner who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and are unable to access your cryptocurrency. Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families.

- The Court in charge of this case still has to approve the settlements with the Settling Defendants. Payments will be made if the Court approves the settlements and orders that the settlement funds be distributed, and if any appeals of the Court's approval of these settlements are resolved in Plaintiffs' favor. Please be patient.

- All references are to "settlements" in the plural. However, understand that the two settlements are independent and separate. The Court may approve one or both of the two settlements. Moreover, you may opt out of, comment on, or object to one or both settlements.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE **SETTLING DEFENDANTS** | |
|---|---|
| DO NOTHING | **Get no payment from the settlements**. Give up your rights to ever recover from the Settling Defendants for the legal claims in this case if the settlements are approved.<br><br>You will remain a Class Member in the lawsuit against Cryptsy and Vernon, which are referred to collectively as the "Non-Settling Defendants," and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement. |
| EXCLUDE YOURSELF FROM EITHER OR BOTH OF THE SETTLEMENTS | **Get no payment from the settlements.** This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Settling Defendants. As described in Question 20, below, you may exclude yourself from one or both settlements.<br><br>Even if you exclude yourself from one or both of the settlements, you will remain in the Class for purposes of the continuing lawsuit against the Non-Settling Defendants and will be bound by the outcome unless you submit a written exclusion request. |
| SUBMIT A CLAIM FORM FOR YOUR SHARES OF THE SETTLEMENTS | **The only way to receive money from the settlements when the funds are distributed is by submitting a claim form by _____, 2017.** |

2

| | |
|---|---|
| **OBJECT TO OR COMMENT ON THE SETTLEMENTS** | **Following the instructions in Question 24, write to the Court about why you like or do not like the settlements by no later than May 5, 2017.** You may also ask to speak to the Court about your written comments or objections about the fairness of either or both of the settlements at the "Fairness Hearing" on **June 2, 2017**, though you do not have to do so. To comment on or object to either or both settlements and request to speak at the "Fairness Hearing," you must act before **May 5, 2017**. |
| **GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENTS** | If you would like, you may ask to speak in Court about the fairness of one or both of the settlements if you follow the instructions in Question 24 of this Notice. You do not need to speak to the Court to receive benefits under the settlements. |

**The Continuing Litigation Against the Non-Settling Defendants**

- The lawsuit is continuing against Cryptsy and Vernon, which are referred to as the "Non-Settling Defendants."

- You are a Class Member if you are a Cryptsy account owner who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and are unable to access your crypto currency. Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families.

- The outcome of the class action lawsuit against the Non-Settling Defendants is unknown. The Non-Settling Defendants have failed and refused to respond to the lawsuit, the Clerk of Court has entered a default against them, and Vernon has fled to China. Thus, it may be unlikely that any additional cryptocurrency or monies will be obtained from the Non-Settling Defendants. You will be notified if money or benefits are obtained from any of the Non-Settling Defendants through settlements or trial. Please be patient.

- You have the right to exclude yourself from the continuing lawsuit against the Non-Settling Defendants. If you choose to do so, you must exercise your right by _____, **2017**. Instructions on how to opt out are set forth in response to Question 21 below. You can receive the benefits of one or both of the settlements with the Settling Defendants even if you opt-out of the continuing lawsuit against the Non-Settling Defendants.

- This Class Action is separate and distinct from the class action lawsuit filed on December 13, 2016 against **COINBASE, INC**., in which Plaintiffs and the Receiver in this Class Action are attempting to recover additional monies for the same class certified by the Court in this Action. **Accordingly, your rights or claims in the Coinbase Class Action will not be impacted by this Action**. For more information about the case against Coinbase, visit www.cryptsysettlement.com.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE **<u>NON-SETTLING DEFENDANTS</u>** ||
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a Class Member in the lawsuit against the Non-Settling Defendants and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement. By remaining in the Class, you will be bound by the outcome of the continuing lawsuit with the Non-Settling Defendants and will give up your right to file your own lawsuit. There is no money available now from Cryptsy or Vernon, and no guarantee that there will be. The outcome of the continuing class action lawsuit against these Non-Settling Defendants is not yet known. If additional money or benefits are obtained from the Non-Settling Defendants, you will be notified again. |
| **EXCLUDE YOURSELF FROM THE ONGOING LAWSUIT** | **If you exclude yourself from the ongoing lawsuit, you will receive no payment from any Non-Settling Defendants even if any monies are collected as the result of a trial or settlement, but you will retain the right to file your own lawsuit.** You will remain in the Class on whose behalf the lawsuit will continue against the Non-Settling Defendants unless you submit a written request to exclude yourself from it as described in the response to Question 21 below. You must submit a timely written request to exclude yourself from the Class, if you wish to do so, by **_____, 2017**. This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Non-Settling Defendants. |

**Detailed Information**

The above bullet points and charts provide summary information regarding the lawsuits against the Settling and Non-Settling Defendants. The remainder of this Notice is designed to provide more information to help you evaluate your options and answer any questions that you may have.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** .................................................................................................................................**PAGE 5**
    1.    Why did I get this Notice?
    2.    What is this lawsuit about?
    3.    Why is this a class action, and who is involved?
    4.    Why are there settlements?
    5.    Why are the settlements "partial" settlements?
    6.    Why is the lawsuit continuing if there are settlements?
    7.    What happens if the Plaintiffs later settle with the Non-Settling Defendants?

**WHO IS IN THE SETTLEMENTS AND THE CLASS ACTION LAWSUIT?** .....................................................**PAGE 7**
    8.    Am I a Class Member who is part of the settlements and the ongoing class action lawsuit against the Non-Settling Defendants?
    9.    I'm still not sure if I am included.
    10.   Does it make a difference whether I work or worked for a Settling Defendant? or a Non-Settling Defendant?
    11.   What are my rights as a Class Member?

**THE SETTLEMENT BENEFITS**........................................................................................................................ **PAGE 8**
    12.   What do the settlements provide?
    13.   How much money can I get from the settlements?

**SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENTS** ................................................... **PAGE 9**
    14.    How can I get money from the settlements?
    15.    When will I get my payments?
    16.    What am I giving up to get payments under the settlements?

**THE LAWYERS REPRESENTING YOU** ................................................................................................ **PAGE 11**
    17.    Who represents me in this case?
    18.    Should I get my own lawyer?
    19.    How will the lawyers be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENTS** ............................................................................. **PAGE 12**
    20.    How do I get out of the settlements?

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT** .................................................................... **PAGE 13**
    21.    How do I get out of the ongoing lawsuit?
    22.    If I don't exclude myself, can I sue the Defendants for the same thing later?
    23.    If I exclude myself, can I get money from this case?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS** .................................................................. **PAGE 14**
    24.    How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?
    25.    What is the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ................................................................................................. **PAGE 15**
    26.    When and where will the Court decide whether to approve the settlements?
    27.    Do I have to come to the Fairness Hearing?
    28.    May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................................................................... **PAGE 15**
    29.    What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................................................... **PAGE 16**
    30.    Are more details about the settlements and the lawsuit available?
    31.    How do I get more information?

## BASIC INFORMATION

### 1. Why did I get this Notice?

You received this Notice because you requested a copy of the Notice through a toll-free number or contacted the lawyers involved in this case or the Claims Administrator.

**The Court directed the parties to send you this Notice for two reasons:**

**(1)** **Class Members have the right to know about two proposed partial settlements of a class action lawsuit, and about their legal rights and options, before the Court holds a "Fairness Hearing" to decide whether to grant final approval to the settlements.**

This Notice explains the lawsuit, the settlements, and your legal rights. It also explains what benefits from the settlements will be available, when they will be available, who is eligible for them, and how to obtain them. If the Court approves the settlements and orders that the settlement funds be distributed and if any appeals of the Court's approval of these settlements are resolved in Plaintiffs' favor, an administrator appointed by the Court will make the payments that the settlement allows.

The Court has preliminarily approved both partial settlements. If you are a Class Member, you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the proposed partial settlements at the "Fairness Hearing." The Court will hold the Fairness Hearing on **June 2, 2017**, to decide whether the proposed partial settlements are fair, reasonable, and provide adequate compensation and benefits to the members of the Class.

If you wish to comment on (including object to) or exclude yourself from one or both of the settlements, you must do so following the procedures described below. If you do nothing, you will not receive any money from the settlements, but you will be bound by any final judgment.

(**2**)     **Class Members have the right to know that the Court has approved, or "certified," this case as a class action lawsuit against the Non-Settling Defendants, and about their legal rights and options before the claims being made on behalf of the Class are evaluated on their merits.**

On August 25, 2016, the Court decided that this lawsuit can proceed as a class action against the Non-Settling Defendants. You will remain as a Class Member in this continuing lawsuit if you do nothing or you can exclude yourself from this continuing lawsuit as explained in the response to Question 21 below. If you decide you want to exclude yourself, or opt-out, you must submit a timely written request to do so by \_\_\_\_\_, 2017.

### 2. What is this lawsuit about?

On January 13, 2016, Plaintiffs filed this class action on behalf of themselves and the Class against Cryptsy and its majority shareholder, Vernon (the "Cryptsy Defendants") and Nettles, the ex-wife of Vernon. The lawsuit was amended on January 9, 2016, to name as additional defendants Ridgewood and KM.

The Cryptsy Defendants operated an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies, such as "Bitcoin" and "Litecoin." Similar to a bank, but existing only in the "virtual" world, Cryptsy customers, including Plaintiffs and the Class, deposited their digital currency in accounts held at, and purportedly protected and managed by, Cryptsy. Plaintiffs alleged that the Cryptsy Defendants acted unlawfully by denying the Class the ability to withdraw or use the funds in their accounts and by stealing for the Cryptsy Defendants' own use and benefit the digital currency held in the Cryptsy customer accounts.

As to Defendant Nettles, Plaintiffs alleged that monies stolen from the Class were used to purchase real estate in Palm Beach County, Florida for $1,375,000 (the "Property"), and that the Property was subsequently transferred to Defendant Nettles in a divorce settlement with her now ex-husband, Vernon.

As to Defendants Ridgewood Investments, Inc., and Kaushal Majmudar, Plaintiffs alleged that they were unjustly enriched as a result of receiving monies from the operations of Cryptsy.

To obtain more information about the claims in this lawsuit, you can view the complaint and other court documents in this case at www.cryptsysettlement.com.

### 3. Why is this a class action, and who is involved?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people who have similar claims. The people with similar claims are a "Class" and are called "Class Members." The Court appointed Named Plaintiffs Brandon Leidel and Michael Wilson as Class Representatives in this case. The Court decided that the claims against Cryptsy, Vernon and Nettles can be a class action, and certified the class, because they meet the requirements of Federal Rule of Civil Procedure 23, which governs class actions. Defendants Ridgewood and KM were added to the case after the Court certified the Class against Cryptsy, Vernon and Nettles, and agreed for purposes of settlement that the case should proceed as a class action, subject to the Court's approval.

| **4. Why are there settlements?** |
|---|

The Court has not found in favor of Plaintiffs or Defendants. While the lawsuit is still pending before the United States District Court, Plaintiffs and the Settling Defendants have agreed to settlements which, if they are approved, will bring the claims against Nettles, Ridgewood and KM to an end. That way, Plaintiffs and Settling Defendants avoid the uncertainty of continuing the case between them and the cost of further litigation, and Class Members will get the benefits of the settlements. The Class Representatives and their attorneys think the settlements are best for everyone who allegedly was harmed by Nettles', Ridgewood's and KM's alleged conduct.

| **5. Why are the settlements "partial" settlements?** |
|---|

Although the settlements with Nettles, Ridgewood and KM fully resolve the Class Members' claims against them as described in Question 16, the settlements only partially resolve the case, which will continue against the Non-Settling Defendants, as discussed in Question 6. Moreover, Plaintiffs and the Receiver have filed a separate lawsuit against Coinbase in an effort to obtain more money for the Class. For this reason, the settlements with Nettles, Ridgewood and KM are "partial" settlements.

| **6. Why is the lawsuit continuing if there are settlements?** |
|---|

Nettles, Ridgewood and KM have agreed to settle this case. The Non-Settling Defendants (Cryptsy and Vernon) have not agreed to settle, so the lawsuit will continue against them. More money may become available in the future as a result of additional settlements with and/or a trial against the Non-Settling Defendants, but there is no guarantee this will happen. While Class Representatives, through their counsel and the Receiver, are continuing their efforts to search for and/or obtain from Cryptsy and Vernon additional cryptocurrency and monies, it is unlikely that such efforts will be successful because Cryptsy is closed and, Defendant Vernon fled to and now lives in China, and has refused to participate in this lawsuit.

The claims against Cryptsy and Vernon are not presently set for trial. As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The Court will set a date for the trial, which can be obtained from Class Counsel, the www.cryptsysettlement.com website, and the Clerk of Court. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs, and Cryptsy and Vernon may present the defenses. You or your own lawyer are welcome to come at your own expense.

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

| **7. What happens if Plaintiffs later settle with the Non-Settling Defendants?** |
|---|

The lawsuit will continue against the Non-Settling Defendants on behalf of all Class Members who do not exclude themselves from the lawsuit as described in Question 21. It cannot be known whether the Plaintiffs would prevail against the Non-Settling Defendants at a trial. If there are additional settlements in the future, there will be notice of those settlements as well. Depending on the timing of the notice and Fairness Hearing for any such settlements, the settlement funds received from the Settling Defendants and from any Non-Settling Defendants who may settle in the future may be distributed at the same or different times, in one or multiple distributions, to Class members who have submitted or will in the future submit claims.

## WHO IS IN THE SETTLEMENTS AND THE CLASS ACTION LAWSUIT?

**8. Am I a Class Member who is part of the settlements and the ongoing class action lawsuit against the Non-Settling Defendants?**

In general, individuals who are Cryptsy account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and are unable to access their cryptocurrency may be Class Members (a) who are eligible for a payment from the settlements when the funds are distributed, and (b) on whose behalf the lawsuit will continue against the Non-Settling Defendants. (Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families.)

**9.  I'm still not sure if I am included.**

If you received this Notice, it is because you contacted Class Counsel and/or the Receiver and provided information that indicates that you may be a potential Class Member. If you are still not sure whether you are included, you can get help at www.cryptsysettlement.com or by calling 1-888-868-4936.

**10. What is a Receiver and Why Did the Court Appoint One?**

A Receiver is a person appointed by the Court to typically preserve the assets and property of a company in financial distress or subject to claims of wrongdoing. In this case, the Court appointed a Receiver at the request of Plaintiffs and their lawyers (known as Class Counsel, as described below). Plaintiffs filed a motion to ask the Court to appoint a Receiver because Plaintiffs wanted to ensure that the Cryptsy Defendants and Defendant Nettles did not attempt to hide, sell or otherwise keep from Plaintiffs and the Class monies and assets to satisfy any judgment obtained in this case, and likewise to recover monies and assets for the benefit of the Class. Class Counsel and the Receiver worked cooperatively on this matter and, as described in Question 12 below, obtained and recovered assets for the benefit of the Class.

**11.  What are my rights as a Class Member?**

With respect to the Settling Defendants, you have the right to (1) do nothing, in which case you will not receive a payment and will waive any rights to pursue a lawsuit of your own against the Settling Defendants, (2) submit a Claim Form to receive a payment from the Settlement Funds (*see* Question 14), (3) exclude yourself from either or both of the settlements (*see* Question 20), (4) comment on or object to one or both of the settlements (*see* Question 24), and/or (5) attend the Court's Fairness Hearing to speak in support of or against the Court's final approval of one or both of the settlements (*see* Question 28).

With respect to the Non-Settling Defendants, you have the right to (1) do nothing, in which case you will be bound by the outcome of the litigation against the Non-Settling Defendants including receiving payment that could result from trial or future settlements in this litigation against Non-Settling Defendants, or (2) exclude yourself from the ongoing lawsuit, in which case you preserve any right you may have to bring a lawsuit of your own against the Non-Settling Defendants but give up the right to receive any payment that could result from trial or future settlements in this litigation with Non-Settling Defendants (*see* Question 21).

## THE SETTLEMENT BENEFITS

Plaintiffs, the Class and the Receiver entered two Settlement Agreements, (1) one with Defendant Nettles, and (2) one with Defendants Ridgewood Investments, Inc., and Kaushal Majmudar. The Settlement Agreements are available for your review at www.cryptsysettlement.com. You can also review the Settlement Agreements by visiting www.pacer.gov, or by contacting the Clerk of Court. The following pages provide a

summary of the Settlement Agreements, and your rights and options under the Settlement Agreements.

**12. What do the settlements provide?**

A Settlement Fund has been created in this action which includes the following items which were obtained by Plaintiffs and Receiver from Cryptsy (after Receiver took over Cryptsy) and in the settlements with Nettles, Ridgewood and KM:

1. As part of this Settlement, Defendant Nettles agreed to convey to the Receiver for the benefit of the Class:

    a. Real estate located in Palm Beach County, Florida that Defendants Vernon and Nettles purchased in 2015 for $1,375,000 (the Property), and was subsequently transferred to Defendant Nettles in a divorce settlement; and

    b. A Tiffany ring that Defendant Vernon purchased for Defendant Nettles for over $104,000;

(Receiver and Class Counsel are in the process of liquidating the real estate and the ring, the proceeds from which will be part of the Settlement Fund).

2. In addition, the Receiver and Class Counsel obtained for the benefit of the Class:

    a. Cryptocurrency from Cryptsy, (i) part of which has been sold for a total of approximately $330,000 and (ii) part of which Receiver is continuing to liquidate;

    b. An Infiniti QX60 from Defendant Cryptsy and was sold for $26,000; and

    c. Personal property, such as computers, art work, and household furnishings, from Defendant Cryptsy.

(Receiver and Class Counsel are in the process of liquidating the remaining cryptocurrency, and personal property, the proceeds from which will be part of the Settlement Fund).

3. Also, Defendant Ridgewood is contributing $220,000 to the Settlement.

The property and monies obtained from Nettles, Ridgewood and KM, and obtained from Cryptsy by the Receiver and Class Counsel, are collectively referred to as the "Settlement Funds." After all of the items that comprise the Settlement Fund are liquidated, and then after deducting attorneys' fees, costs, applicable taxes, and other monies, fees and expenses (*see* Question 19), the Settlement Fund will be distributed to Class Members who file valid claims. You may view more detailed explanations of the properties and monies that comprise the settlement fund, including how such items were obtained and how and when they will be liquidated, by viewing the Settlement Agreements and Receiver's Reports, which are available at www.cryptsysettlement.com and www.cryptsyreceivership.com.

As a Settlement Class Member, you will give up, or "release," your claims against Nettles, Ridgewood and KM. Those releases include any claims made or that could have been made arising from the facts alleged in this lawsuit. The releases are described in more detail in the Settlement Agreements and in Question 16 below.

**13. How much money can I get from the settlements?**

Class Members who submit a Claim Form are called "claimants" and will be eligible to receive a share of the Settlement Funds if and when the Settlement Funds are distributed. The Claims Administrator, with the

9

assistance of the Receiver and Class Counsel, will determine the market value, as of November 1, 2015, of the cryptocurrency(ies) held by Class Members that submit valid claims. Each Class Member submitting a valid claim shall be allocated a pro rata share of the Net Settlement Fund based on his, her or its claim compared to the total number of valid claims. There is no way to determine, in advance, how many Class Members will make claims from the Net Settlement Fund. Class Members who do not submit valid claims will not share in the proceeds of the Net Settlement Funds, but will nevertheless be bound by this Settlement.

The proposed Plan of Allocation is contained in the Settlement Agreements which are available for review at www.cryptsysettlement.com, and will be presented for approval by the Court at the Fairness Hearing (*see* Question 26).

## SUBMITTING A CLAIM FORM FOR A SHARE OF THE SETTLEMENTS

**14. How can I get money from the settlements?**

To receive money from the settlements, you must complete and submit a Claim Form, either online at www.cryptsysettlement.com, or by mail. A copy of the Claim Form is included with this Notice. Please read this Notice and the Claim Form carefully. You must either complete and submit the form online no later than **_____, 2017, or complete the included form manually, sign it, and mail it postmarked no later than _____, 2017, to the Claims Administrator at the address listed in the Claim Form.** If necessary, you may download and print out a Claim Form from the website www.cryptsysettlement.com.

*Please note that the Claim Form must be signed.* By signing your Claim Form, you will be swearing that the information you submit is true and accurate. You will also be authorizing the Claims Administrator to contact you for more information to help evaluate your Claim.

**IF YOU DO NOT SUBMIT YOUR SIGNED CLAIM FORM WITH THE REQUIRED SUPPORTING DOCUMENTS BY THIS DEADLINE, YOU WILL BE DEEMED TO HAVE WAIVED YOUR RIGHT TO RECEIVE ANY PAYMENT FROM THE SETTLEMENT FUND.**

As part of your Claim, you should provide as much documentation as you can supporting your claim, including your status as a Cryptsy account holder and specifically the type and amount of cryptocurrency you held at Cryptsy as of November 1, 2015 and which you can no longer access. All information provided will be treated as confidential and will be used only for the purpose of reviewing and administering your Claim.

Examples of documentation you might have to support your claim include screen shots of your holdings at Cryptsy or account statements. You may have other types of supporting documentation. You should submit whatever you have. Please note that it appears that Defendant Vernon or someone under his direction destroyed all of Cryptsy database records and, as a result, the only way to establish your claim is through your submission of records that evidence your ownership of Cryptocurrency held at Cryptsy as of November 1, 2015. Class Counsel and the Receiver have asked Defendant Vernon to provide copies of the records that show all of the holdings of the Class, and likewise continue to search for such records. To date, Defendant Vernon has failed to respond to or comply with such requests.

If you fall within the Class definition, you may receive money from either or both settlements. If you submit one completed Claim Form, it will be deemed submitted for both settlements unless you separately have written to exclude yourself from one of the settlements by following the instructions on how to exclude yourself in Question 20 below. Therefore, if you did not submit a written request to be excluded from a settlement and timely submit a completed Claim Form, you will be deemed to have submitted a claim to receive money from both settlements. If you have separately written to exclude yourself from one of the two settlements and you timely submit a completed Claim Form, you will be deemed to have submitted a claim to receive money only

under the settlement from which you did not exclude yourself. And if you have separately written to exclude yourself from both settlements and submit a Claim Form, the Claims Administrator will honor your request for exclusion and your Claim Form will be deemed invalid.

If at such time that all valid Claims are paid in full from the Settlement Fund by the Claims Administrator, and there is a balance remaining in the Settlement Fund 180 days after the last check is issued, the Claims Administrator will, if feasible, distribute any such balance by way of *pro rata* payments to Class Members who submitted valid Claims and who cashed their checks. Thereafter, any remaining balance, if any, will be paid to Legal Aid Society of Palm Beach County.

If you have any problems with the Claim Form or questions about how to submit your claim, please call the Claims Administrator at the telephone number printed at the bottom of this page.

### 15. When will I get my payments?

The Court will hold a final Fairness Hearing on **June 2, 2017** to decide whether to approve the settlements. If the Court approves the settlements, there still may be appeals of that decision. If an appeal is filed, it is hard to estimate how long it might take for it to be resolved, but it can take a lot of time, perhaps more than a year. Settlement payments to Settlement Class Members will be distributed if the settlements are approved, and after appeals, if any, are resolved.

Updates regarding the settlements and when payments may be made will be posted on the settlement website, www.cryptsysettlement.com.

### 16. What am I giving up to get payments under the settlements?

If you are a Class Member, unless you exclude yourself from one or both settlements, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Nettles, Ridgewood or KM about the legal claims in this case. It also means that all of the Court's orders will apply to you and legally bind you, and that you agree to the "Releases of Claims" contained in the Settlement Agreements, which describe exactly the legal claims that you give up if you get settlement benefits.

With respect to Nettles, Ridgewood and KM, the Class and the Receiver are providing Defendants Nettles, Ridgewood, and KM with a release of liability. Defendant Vernon is not part of, and is expressly excluded from the release of liability. You may view the release in the Nettles and Ridgewood Settlement Agreements at www.cryptsysettlement.com.

**By participating in either or both of these settlements you are not giving up your right to receive payments from any future settlements or a trial against the Non-Settling Defendants, or in the separate action pending against Coinbase.**

11

## THE LAWYERS REPRESENTING YOU

| 17. Who represents me in this case? |

The Court appointed the law firms of Wites & Kapetan, P.A., and The Silver Law Group to represent you and other Class Members. Their contact information is as follows:

| | |
|---|---|
| Marc A. Wites<br>WITES & KAPETAN, P.A.<br>4400 N. Federal Highway<br>Lighthouse Point, Florida 33064<br>Phone: 954-570-8989<br>mwites@wklawyers.com | David C. Silver<br>SILVER LAW GROUP<br>11780 W. Sample Road<br>Coral Springs, Florida 33065<br>Phone: (954) 755-4799<br>dsilver@silverlaw.com |

These lawyers are called Co-Lead Counsel and Class Counsel. The Court also appointed James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver, to act as the Receiver in this matter. If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

| 18. Should I get my own lawyer? |

You do not need to hire your own lawyer because Plaintiffs' Counsel are working on your behalf. If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your lawyer to appear in Court for you if you want someone other than Plaintiffs' Counsel to speak for you. You may also appear for yourself without a lawyer.

| 19. How will the lawyers be paid? |

The Settlement Agreement authorizes Co-Lead Counsel to seek an award of attorney's fees of up to 33.33% of the Settlement Fund, plus expenses and costs, which also will be paid from the Settlement Fund. According to the laws and rules that govern receivers, the Receiver and Receiver's Counsel may separately submit a Fee and Expense Application for the payment of their respective attorney's fees, expenses and costs from the Settlement Fund. Co-Lead counsel have committed to reduce their attorney's fee application such that that the amount Co-Lead Counsel seeks in attorney's fees, when coupled with the attorney's fees sought by the Receiver and Receiver's Counsel, will not cause the total amount of attorney's fees paid from the Settlement Fund to exceed 33.33% of the Settlement Fund.

In addition, Co-Lead Counsel will ask the Court to award Plaintiffs in this Action a service award of $500 each for their time and effort acting as Class Representatives. The Service Awards shall be paid when the Settlement Funds are distributed to Class members who have submitted valid claims. Plaintiffs' Counsel may seek additional attorneys' fees, costs, and expenses from any future settlement or recovery obtained from Non-Settling Defendants.

You do not have to pay any of Class Counsel's fees, costs, or expenses. If the Court grants Counsel's requests, all fees, costs, and expenses would be deducted from any money obtained for the Class.

**EXCLUDING YOURSELF FROM THE SETTLEMENTS WITH THE SETTLING DEFENDANTS**

| 20. How do I get out of the settlements? |
|---|

If you fall within the Class definition but don't want a payment from one or both of the settlements or you want to keep the right to sue or continue to sue Nettles, Ridgewood, or KM (at your own expense) about the legal issues in this case, then you must "opt out" of one or both of the settlements. This is called excluding yourself from, or opting out of, a settlement Class. Opting out of a settlement Class at this time will not affect your right to remain in the Class for purposes of the continuing litigation against the Non-Settling Defendants.

To exclude yourself from (opt out of) one or both of the settlements, you must send a letter stating that you want to be excluded from Cryptsy Cryptocurrency Litigation, Case No.: 9:16-cv-80060. Be sure to include your name, address, telephone number, and your signature. **You must mail your exclusion request postmarked no later than _____, 2017 to**:

> Cryptsy Cryptocurrency Litigation
> EXCLUSIONS
> Claims Administrator
> 1801 Market Street, Suite 660
> Philadelphia, PA 19103

You cannot exclude yourself on the phone or by fax or e-mail – you must do so in writing. If you request to be excluded, you will not receive any money from the Settlements, and you cannot object to the Settlement. However, you will not be legally bound by anything that happens in this lawsuit, and you will keep your right to separately pursue claims against Defendants Nettles, Ridgewood and KM relating to the subject matter of this lawsuit.

You must also specify if you only seek to exclude yourself from the Nettles settlement only, the Ridgewood Settlement only, or from both settlements. If you do not specify, your exclusion will be deemed submitted for both settlements.

If you request to be excluded from the settlement with Nettles, you will not be legally bound by the settlement with Nettles. You will be able to sue (or continue to sue) Nettles in the future about the legal claims in this case.

If you request to be excluded from the settlement with Ridgewood and KM, you will not be legally bound by the settlement with Intuit.  You will be able to sue (or continue to sue) Ridgewood and KM in the future about the legal issues in this case.

If you ask to be excluded from either of the settlements, you will not get any payment from that settlement, and you cannot object to that settlement.

However, if you ask to be excluded from either or both settlements, you will still remain as a Class Member in the ongoing litigation against the Non-Settling Defendants unless you exclude yourself from the ongoing litigation by following the instructions below.

**EXCLUDING YOURSELF FROM THE ONGOING LAWSUIT
AGAINST THE NON-SETTLING DEFENDANTS**

| 21. How do I get out of the ongoing lawsuit? |
|---|

If you fall within the Class definition but do not want to be included in the ongoing class action against the Non-Settling Defendants, including because you want to retain the right to sue or continue to sue Cryptsy or Vernon about the legal issues in this case, then you must opt out of this lawsuit.

To exclude yourself from (opt out of) the ongoing lawsuit against the Non-Settling Defendants, you must you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Leidel v. Cryptsy,* Case No.: 9:16-cv-80060-MARRA, with your name and address, and sign the letter. **You must mail your Exclusion Request postmarked by _____, 2017, to:**

*Leidel v. Cryptsy Exclusions*
1801 Market Street, Suite 660
Philadelphia, PA 19103

You cannot exclude yourself on the phone or by fax or e-mail – you must do so in writing. You may also get an Exclusion Request form at the website, www.cryptsysettlement.com.

If you have any questions about how to submit this request, please call the Claims Administrator at the telephone number printed at the bottom of this page.

If you request to be excluded from the ongoing lawsuit against the Non-Settling Defendants, you will not be legally bound by the Court's judgments. If the Class gets money or benefits as a result of any settlement or trial between any of the Non-Settling Defendants and the Plaintiffs, you will not receive any of that money or those benefits. You will, however, be able to sue, or continue to sue, any of the Non-Settling Defendants about the same legal claims that are involved in this case. If you do exclude yourself from the ongoing lawsuit and pursue a separate lawsuit, you will have to retain your own lawyer for that case or prosecute the case without a lawyer.

If you choose to exclude yourself from any part of this case, you may include any/all of your exclusion requests in one letter or written request, or you may prepare separate letters and written requests and include them in the same mailing envelope, email or fax; there is no need to send separate letters, emails or faxes, or to use separate envelopes.

### 22. If I don't exclude myself, can I sue the Defendants for the same thing later?

No. If you are a Class member, unless you exclude yourself from the two settlements, you give up the right to sue Nettles, Ridgewood, and KM for the claims that the two settlements resolve as more fully described in Question 16 above.

If you are a Class member, unless you exclude yourself from the ongoing lawsuit against the Non-Settling Defendants, you give up the right to sue Cryptsy and Vernon for the legal claims in this case as more fully described in Question 21 above.

If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that lawsuit immediately, because you may need to exclude yourself to continue your own lawsuit. The process for excluding yourself from the settlements and/or the ongoing lawsuit is described in the preceding sections.

### 23. If I exclude myself, can I get money from this case?

It depends on whether you exclude yourself from both settlements, or only one settlement, and/or from the ongoing lawsuit. If you exclude yourself from only one settlement, you may still submit a Claim Form to receive money under the other settlement. If you exclude yourself from both settlements, you will not receive money under either settlement even if you submit a Claim Form. If you exclude yourself from the continuing litigation, you will not be eligible to receive a share of the money recovered, if any, from Non-Settling Defendants in the future. But, by excluding yourself, you keep any rights to sue on your own about the same legal claims in the lawsuit should you want to do so.

**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS**

**24. How do I tell the Court that I like or don't like a proposed settlement, and may I speak at the hearing?**

If you are a Class Member, you can object to the Nettles and/or Ridgewood Settlements if you do not like any part of them, including the proposed award of attorneys' fees and expenses and proposed service awards to Plaintiffs, and the Court will consider your views. To object, you must send a letter to the Court, Class Counsel, and Defendants' Counsel saying that you object to the Settlement in Cryptsy Cryptocurrency Litigation, Case No.: 9:16-cv-80060. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the Settlement. You also must affirm under penalty of perjury that you are a Class Member and provide proof of Class Membership. If you are represented by counsel, be sure to include the name, address, and telephone number of that lawyer.

Your objection **must be mailed to and actually received** at all of the following different **locations no later than May 5, 2017**. Send your objection to:

| Clerk of Court:<br><br>Paul G. Rogers Federal Building and U.S. Courthouse<br>701 Clematis Street, Room 202<br>West Palm Beach, FL 33401<br><br>Class Counsel:<br><br>Marc A. Wites<br>Wites & Kapetan, P.A.<br>4400 N. Federal Highway<br>Lighthouse Point, Florida 33064 | Defendants' Counsel:<br><br>Mark A. Levy<br>Brinkley Morgan<br>200 East Las Olas Blvd., 19th Floor<br>Fort Lauderdale, FL 33301<br><br>**and**<br><br>Jose G. Sepulveda<br>Stearns Weaver Miller Weissler, Alhadeff & Sitterson, P.A.<br>150 W. Flagler Street, Suite 2200<br>Miami, FL 33130 |
|---|---|

You do not need to attend or speak at the Fairness Hearing (described in Question 26 below) for your comments or objections to be considered. If you would like to speak at the Fairness Hearing about your comments or objections to the settlements, you must add to your letter a statement that you intend to appear and speak at the hearing, for example, by stating "This is my Notice of Intention to Appear in Cryptsy Cryptocurrency Litigation."

You will have no right to speak at the hearing about a settlement or object if you choose to exclude yourself from that settlement, because a settlement no longer affects you if you opt out of it.

**25. What is the difference between objecting and excluding?**

Objecting is telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. If you object, you will remain in the Class and will be bound by the proposed Settlement if the Court approves the Settlement, despite your objection. If you object, you can also participate in the Settlement benefits described above. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. You cannot request exclusion and object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. Class Members who do exclude themselves may, if they wish, enter an appearance through their own counsel.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement.
You may attend, and you may ask to speak, but you don't have to.

### 26. When and where will the Court decide whether to approve the settlements?

The Court will hold a Final Settlement Hearing at **10:00 a.m. on June 2, 2017** at the Courtroom of the Honorable Kenneth A. Marra, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom #4, West Palm Beach, FL 33401. The hearing date may be changed by the Court, and you should check www.cryptsysettlement.com for any updates. At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlements. The Court also may consider how much to award Co-Lead Counsel and the amount of the service awards for Plaintiffs. We do not know how long this decision will take.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this Notice. Be sure to check the website, www.cryptsysettlement.com for news of any such changes.

### 27. Do I have to come to the Fairness Hearing?

No. Co-Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Court will consider it. You may pay your own lawyer to attend, but it is not necessary.

### 28. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Settlement Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to include your name, address, telephone number, and your signature. You may be required also to provide proof that you are a Class Member. Your Notice of Intention to Appear must be filed no later than May 5, 2017, and must be served on the Clerk of the Court, Co-Lead Counsel, and Defendants' counsel at the addresses listed in section 24, above. You cannot speak at the hearing if you exclude yourself.

**IF YOU DO NOTHING**

### 29. What happens if I do nothing at all?

If you are a Class Member and you do nothing, you will get no money from the settlement with Nettles or the settlement with Ridgewood and KM, and claims you have against Nettles, Ridgewood and KM will be released unless you separately write to exclude yourself (following the instructions in Question 20). This means you won't be able to collect any money damages from Nettles, Ridgewood or KM in this lawsuit or another lawsuit for their alleged conduct. To qualify to receive any money from the settlement with Nettles or the settlement with Ridgewood and KM, you must submit a Claim Form, following the instructions in Question 14 and in the Claim Form.

If you are a Class Member and you do nothing, you will remain in the ongoing class action lawsuit and retain the ability to recover money or other benefits, if any, that may come from a trial or a settlement with the Non-Settling Defendants unless you separately request to exclude yourself (following the instructions in Question 21). By staying in the case, you give up your rights to sue any of the Non-Settling Defendants on your own about the same legal claims in this lawsuit and you will be bound by the results in the ongoing lawsuit.

**GETTING MORE INFORMATION**

| **30. Are more details about the settlements and the lawsuit available?** |
|---|

Yes. This Notice summarizes the two settlements and the ongoing lawsuit against the Non-Settling Defendants. More details about the settlements are in the proposed Settlement Agreements themselves. You can see or print copies of the Settlement Agreements at www.cryptsysettlement.com. More information about the ongoing class action lawsuit can also be viewed or printed at www.cryptsysettlement.com and www.cryptsyreceivership.com.

| **31. How do I get more information?** |
|---|

The website www.cryptsysettlement.com provides more information about the lawsuit and the settlements. In addition, if you have any questions about the lawsuit or this Notice, you may:

- ☐ Visit the Settlement website at www.cryptsysettlement.com

- ☐ Visit the Receivership website at www.cryptsyreceivership.com

- ☐ Visit the Public Access to Court Electronic Records ("PACER") website: www.pacer.gov to review the Settlement Agreements by clicking on the "Find a Case" option and searching by Case Number for 9:16-cv-80060

- ☐ Contact Co-Lead Class Counsel at:
  Marc A. Wites
  Wites & Kapetan, P.A.
  4400 N. Federal Highway
  Lighthouse Point, Florida 33064
  (954) 570-8989

- ☐ Call the Claims Administrator toll free 1-888-868-4936

- ☐ Write or fax to:
  Cryptsy Cryptocurrency Administrator
  1801 Market Street, Suite 660
  Philadelphia, PA 19103
  Facsimile: 1-215-525-0209

**PLEASE DO NOT CONTACT THE COURT.**
**YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE ABOUT THE NOTICE AND/OR CLAIM FORM TO THE CLAIMS ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**

You may also seek the advice and counsel of your own attorney at your own expense, if you desire.