## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Agreement"), dated as of this 14 day of February, 2017, is by and between **James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver" or "Seller") for Project Investors, Inc. d/b/a Cryptsy,** and ▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Buyer").

### RECITALS

A.      James D. Sallah is the duly appointed receiver in *Brandon Leidel, et al. v. Project Investors, Inc., et al.* (the "Class Action Case"), in Case. No. 16-cv-80060-MARRA in the United States District Court for the Southern District of Florida (the "District Court").

B.      Pursuant to orders of the Court, the entity in receivership is Project Investors, Inc. d/b/a Cryptsy ("Cryptsy").

C.      Buyer desires to purchase the below-identified digital cryptocurrencies or coins from Seller, and Seller desires to sell same to Buyer, subject to the below-identified terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

### TERMS OF SALE

1.      **Coins to Be Sold.** The coins to be included in this sale are listed in Exhibit A to this agreement (the "Coins"):

2.      **Purchase Price and Deposit.** Buyer shall pay to Seller for the sale, transfer, assignment, conveyance and delivery of the Coins, by delivery of cash payable by wire transfer of immediately available funds computed as follows: **Twenty Eight Thousand U.S. dollars ($28,000.00)** upon execution of this contract (the "Purchase Price") to be held in by Receiver pending Court approval of this contract.    If the closing does not occur because of Seller's failure or inability to obtain Court approval, Seller shall refund monies paid by Buyer within five business days.

3.      **Cash.** Buyer shall pay Seller the Purchase Price in all cash in U.S. dollars by 5:00 p.m. Eastern Daylight Time on the date of execution of this contract.

4.      **Closing Date.** The closing date shall occur within five (5) calendar days of the District Court's Order approving this Agreement.  Buyer and Seller shall attempt to agree on the closing date upon the District Court's Order, but if no agreement is made, the closing date shall be no later than five (5) calendar days after the Court's Order.



**EXHIBIT**

1

Asset Purchase Agreement between Receiver James Sallah & 

**5.     Receipt of Funds.** Buyer shall wire purchase funds to Seller by 5:00 p.m. Eastern Daylight Time on the date of the execution of this contract. Buyer is responsible for any wire transfer fees associated with payment.

**6.     Transfer of Coins to Buyer.** Upon receipt of all purchase funds, Seller shall sell, convey, transfer, assign and deliver the Coins to Buyer, and Buyer shall acquire and accept from Seller the Coins at Buyer's designated physical address(es). The Coins will be delivered in a "wallet.dat" format copied to external encrypted media. Seller does not warrant how long such transfer of the Coins will take, but shall use his best efforts to transfer all Coins as promptly as possible. No coin transfer shall be made until Seller has confirmed receipt of all purchase funds from Buyer. Seller shall not transfer the Coins to a public address apparently in a country restricted by the Office of Foreign Assets Control (OFAC), a public address apparently associated with terrorism, other criminal activities, or otherwise hostile to the United States.

**7.     Closing Location.** The closing of the transactions contemplated herein shall be held at One Boca Place, 2255 Glades Road, Suite 300E, Boca Raton, Florida, at the offices of SALLAH ASTARITA & COX, LLC or other such place as the parties agree.

**8.     Transfer Fees.** Any transfer fees associated with the transfer of the Coins shall be paid by Buyer.

**9.     Transaction Expenses.** Except as expressly provided herein, each party shall bear its own costs and expenses, including attorney, accountant and other fees, in connection with the execution and negotiation of this Agreement and the consummation of the transactions contemplated hereby.

**10.    Final and As-Is.** The subject sale and purchase is final and as-is. Therefore, the Coins are being sold "as is, where is," without representation or warranty of any kind or nature, including warranties of merchantability or fitness for a particular purpose.

**11.    Buyer Qualification and Cooperation.** Buyer agrees to cooperate with Seller regarding due diligence issues and any questions relating to the receivership.

**12.    No Representations or Warranties.** The Receiver makes no representations or warranties regarding the Coins offered herein.

**13.    Reasonable Efforts.** Each of the parties shall, upon the terms and subject to the conditions contained herein, pursue diligently and in good faith and use all reasonable efforts to take, or cause to be taken, all actions and to do, or cause to be done, all things necessary or advisable under applicable laws and regulations to put, consummate and make effective the transactions contemplated hereby. Each of the parties shall use their commercially reasonable efforts to take such other actions required hereby to be performed by each party prior to or on the closing date. In case at any time after the closing any further action is necessary or desirable to carry out the purposes of this Agreement, each of the parties will take such further action (including the execution and delivery of such further instruments and documents) as any other party reasonably may request.

Asset Purchase Agreement between Receiver James Sallah & ▇▇▇▇▇▇▇▇

**14.    Questioning Seller.** Seller, in his discretion, may or may not answer any questions regarding (a) the Class Action Case that resulted in the seizure of the Coins being sold; or (b) the Coins' characteristics, uses, or value.

**15.    Independent Investigation.** Buyer has conducted his own independent investigation, review and analysis of the Receiver and Cryptsy, including, but not limited to, the Coins. Buyer acknowledges and agrees that: (a) in making his decision to enter into this Agreement and to consummate the transactions contemplated hereby, Buyer has relied solely upon his own investigation and (b) neither Seller nor any person on Seller's behalf has made any representation or warranty as to Seller, Cryptsy, the Coins, or this Agreement.

**16.    Buyer Confidentiality.** Buyer has requested confidentiality in this transaction. Seller intends to redact Buyer's identity in the motion to approve this Agreement. In the event the District Court requires the disclosure of Buyer's identity, Seller shall do such and this Agreement shall remain effective in all ways.

## MISCELLANEOUS TERMS

**17.    Court-Approval.** This Agreement is subject to approval via motion by Seller and Court Order by the District Court. If the District Court does not issue an Order approving this Agreement, then this Agreement shall be deemed null and void, and neither Seller nor Buyer shall have any obligations hereunder. Seller makes no representations or warranties if, when or how the District Court will rule on the motion and issue an Order regarding this Agreement.

**18.    Jurisdiction and Choice of Law.** Buyer irrevocably and unconditionally (a) agrees that any dispute, suit, action, or legal proceeding arising out of or relating to this Agreement shall be brought in the United States District Court for the Southern District of Florida before the Honorable Kenneth A. Marra; (b) consents to the exclusive jurisdiction of said District Court in any such dispute, suit, action, or legal proceeding; (c) waives any objection to the laying of venue of any such dispute, suit, action, or legal proceeding in said Court; and (d) consents to the application of Florida law for construing and interpreting this Agreement, and the rights of the parties in accordance with the laws of the State of Florida.

**19.    Assignment; Successors.** Neither this Agreement nor any of the rights or obligations hereunder may be assigned by any party without the prior written consent of all other parties to this Agreement. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective representatives, heirs, legatees, successors and permitted assigns, and no other person shall have any right, benefit or obligation hereunder.

**20.    Notices.** Any notice required to be given under this Agreement shall be given in writing and may be served by personal delivery, electronic mail, facsimile, Federal Express or similar over-night delivery or by depositing the same in first class mail, postage prepaid, certified mail, addressed to the respective parties as indicated below, or such different address as a party may have fixed by notice hereunder. If to Seller, addressed to Seller's

Asset Purchase Agreement between Receiver James Sallah & ███████████

counsel, Patrick J. Rengstl, Esq., Patrick J. Rengstl, P.A., 7695 SW 104th St Ste 210 Miami, FL 33156-3159.  If to Buyer, addressed to Buyer itself, ████████████ ████████████████.  Notices delivered personally shall be effective upon delivery. Notices transmitted electronically shall be effective when sent.  Notices transmitted via overnight delivery shall be effective when received.  Notices delivered by mail shall be effective 96 hours after mailing.

**21.      Entire Agreement; Amendments and Waivers.** This Agreement constitutes the entire agreement among the parties pertaining to the subject matter hereof and supersedes all prior agreements, understandings, negotiations and discussions, whether oral or written, of the parties.  No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

**22.      Third Party Beneficiaries.** No person other than the parties hereto shall have any rights or claims under this Agreement.

**23.      No Waiver.** The failure of either party hereto to seek redress for any breach, or to insist upon the strict performance, of any covenant or condition of this Agreement by the other shall not be, or be deemed to be, a waiver of the breach or failure to perform, nor prevent a subsequent act or omission in violation of, or not strictly complying with, the terms hereof from constituting a default hereunder.

**24.      Multiple Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**25.      Invalidity.** In the event that any one or more of the provisions, or any portion thereof contained in this Agreement, shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, then to the maximum extent permitted by law, such invalidity, illegality or unenforceability shall not affect any other provision, or any portion thereof, of this Agreement or any other such instrument.

**26.      Cumulative Remedies.** All rights and remedies of either party hereto are cumulative of each other and of every other right or remedy such party may otherwise have at law or in equity, and the exercise of one or more rights or remedies shall not prejudice or impair the concurrent or subsequent exercise of other rights or remedies.

**27.      Representation by Counsel; Mutual Negotiation.** Each party has been represented by counsel or has had the right to be represented by counsel in negotiating this Agreement. This Agreement shall therefore be deemed to have been negotiated and prepared at the joint request, direction and construction of the parties, at arm's length, with the advice and participation of counsel, and will be interpreted in accordance with its terms without favor to any party.

Asset Purchase Agreement between Receiver James Sallah & 

**28.** **Construction.** The headings and captions of the various Sections of this Agreement have been inserted solely for purposes of convenience, are not part of this Agreement, and shall not be deemed in any manner to modify, explain, expand or restrict any of the provisions of this Agreement. Unless stated to the contrary, all references to Sections, paragraphs or clauses herein shall be to the specified Section, paragraph or clause of this Agreement. The terms "hereby," "hereto," "hereunder"' and any similar terms as used in this Agreement, refer to this Agreement in its entirety and not only to the particular portion of this Agreement where the term is used. The term "including" when used herein shall mean "including, without limitation." Wherever in this Agreement the singular number is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders, and vice versa, as the context shall require.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]

Asset Purchase Agreement between Receiver James Sallah & ███████

## SELLER:

State of Florida          )

                          ) SS

County of Palm Beach      )

Personally appeared before me, the undersigned authority, James D. Sallah, Receiver, who, after being duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows of his own personal knowledge that the same is true and correct.

_James D. Sallah, Receiver_

Date: _8|15|17_

NOTARY PUBLIC

PRINT NAME

My commission expires:

TRACY HYDE
Commission # FF 164528
Expires November 8, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

Page 6 of 7

Asset Purchase Agreement between Receiver James Sallah & ▇▇▇▇▇▇▇

**BUYER:**

State of Utah                    )
                                 ) SS.
County of _Salt Lake_            )

    Personally appeared before me, the undersigned authority, ▇▇▇▇▇▇▇ who, after being duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows of his own personal knowledge that the same is true and correct.



Date: _2/15/2017_

NOTARY PUBLIC

_MORGAN MOWER_

PRINT NAME

_MORGAN MOWER_

My commission expires: _1/6/18_

> **MORGAN D MOWER**
> NOTARY PUBLIC-STATE OF UTAH
> COMMISSION# 673423
> COMM. EXP. 01-06-2018

## Exhibit A

| | Currency | Coins Recovered |
|---|---|---|
| 1 | Anoncoin | 159,759.76 |
| 2 | 42 Coin | 6.90 |
| 4 | Cryptobullion | 124,649.17 |
| 5 | Feathercoin | 6,132,660.10 |
| 6 | Quarkcoin | 7,527,236.00 |
| 7 | Megacoin | 347,998.00 |
| 10 | Urocoin | 3,999.98 |
| 14 | Unbreakablecoir | 794,790.75 |
| 15 | Bitbar | 8,489.94 |
| 16 | Unobtanium | 15,080.11 |
| 19 | Paycoin | 810,628.65 |
| 21 | whitecoin | 7,414,340.26 |
| 23 | Monacoin | 71,754.82 |
| 25 | Vertcoin | 49.00 |
| 27 | Vericoin | 80.00 |
| 28 | Bitbean | 18,396,603.91 |
| 29 | Boostcoin | 433,664.34 |
| 30 | Securecoin | 75,036.54 |
| 31 | DNotes | 317,124.39 |
| 33 | casinocoin | 399,365.13 |
| 34 | casinocoin | 149,000.00 |
| 35 | ultracoin | 1,981,994.00 |
| 36 | coinMagi | 20.69 |
| 37 | bytecent | 2,926.25 |
| 40 | Silkcoin | 1,064,204.50 |
| 41 | diamond | 10,000.31 |
| 42 | truckcoin | 203,581.23 |
| 43 | cannabiscoin | 886.38 |
| 45 | stealthcoin | 442,473.96 |
| 46 | ambercoin | 11,697.92 |
| 47 | ratecoin | 264,722.27 |
| 48 | smartcoin | 4,570,307.00 |
| 50 | TEKcoin | 2,446,357.80 |
| 51 | fluttercoin | 1,742.40 |
| 52 | royalcoin (RYC) | 5,544,000.00 |
| 53 | terracoin | 2,329,813.99 |
| 56 | mooncoin | 8,421,008,915.00 |
| 59 | lottocoin | 25,067,286.00 |
| 60 | tittiecoin | 115.09 |
| 61 | philosopherston | 90,206.00 |
| 62 | tagcoin | 39,503.13 |
| 63 | MasterTrader | 6,874.14 |
| 64 | Globalcoin | 8,676,658.00 |

## Exhibit A

| 65 | Kittehcoin   | 17,000,132.00    |
|----|--------------|------------------|
| 66 | Fastcoin     | 1,000.00         |
| 67 | Bottlecaps   | 55,136.08        |
| 68 | Hobonickels  | 324,403.00       |
| 69 | egulden      | 332.00           |
| 70 | sterlingcoin | 514,445.78       |
| 73 | cashcoin     | 3,204,710.97     |
| 74 | Teslacoin    | 22.19            |
| 75 | Cloakcoin    | 479.69           |
| 76 | Leafcoin     | 4,913,000,000.00 |

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Agreement"), dated as of this 14 day of February, 2017, is by and between **James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver" or "Seller") for Project Investors, Inc. d/b/a Cryptsy, and** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Buyer").

### RECITALS

A.     James D. Sallah is the duly appointed receiver in *Brandon Leidel, et al. v. Project Investors, Inc., et al.* (the "Class Action Case"), in Case. No. 16-cv-80060-MARRA in the United States District Court for the Southern District of Florida (the "District Court").

B.     Pursuant to orders of the Court, the entity in receivership is Project Investors, Inc. d/b/a Cryptsy ("Cryptsy").

C.     Buyer desires to purchase the below-identified digital cryptocurrencies or coins from Seller, and Seller desires to sell same to Buyer, subject to the below-identified terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

### TERMS OF SALE

**1.     Coins to Be Sold.** The coins to be included in this sale are listed in Exhibit B to this agreement (the "Coins"). The parties agree that of the 176 Coins listed in Exhibit B, there are only three Coins that the Receiver has secured to a receiver controlled address. These three secured Coins include Goldcoin, Devcoin, and Dimecoin. The remaining Coins are Coins that have, to date, not been moved to Receivership Estate wallets and are considered unsecured. These remaining unsecured Coins are to be transferred in their current state and the Receiver does not know the number of coins, if any, that are currently contained in the software files (the "Wallets").

**2.     Purchase Price and Deposit.** Buyer shall pay to Seller for the sale, transfer, assignment, conveyance and delivery of the Coins, by delivery of cash payable by wire transfer of immediately available funds computed as follows: **Sixteen Thousand and Five Hundred U.S. dollars ($16,500.00)** upon execution of this contract (the "Purchase Price") to be held in by Receiver pending Court approval of this contract.     If the closing does not occur because of Seller's failure or inability to obtain Court approval, Seller shall refund monies paid by Buyer within five business days.

**3.     Cash.** Buyer shall pay Seller the Purchase Price in all cash in U.S. dollars by 5:00 p.m. Eastern Daylight Time on the date of execution of this contract.

4.    **Closing Date.** The closing date shall occur within five (5) calendar days of the District Court's Order approving this Agreement. Buyer and Seller shall attempt to agree on the closing date upon the District Court's Order, but if no agreement is made, the closing date shall be no later than five (5) calendar days after the Court's Order.

5.    **Receipt of Funds.** Buyer shall wire purchase funds to Seller by 5:00 p.m. Eastern Daylight Time on the date of the execution of this contract. Buyer is responsible for any wire transfer fees associated with payment.

6.    **Transfer of Coins to Buyer.** Upon receipt of all purchase funds, Seller shall sell, convey, transfer, assign and deliver the Coins to Buyer, and Buyer shall acquire and accept from Seller the Coins at Buyer's designated physical address(es). The Coins will be delivered in a "wallet.dat" format copied to external encrypted media. Seller does not warrant how long such transfer of the Coins will take, but shall use his best efforts to transfer all Coins as promptly as possible. No coin transfer shall be made until Seller has confirmed receipt of all purchase funds from Buyer. Seller shall not transfer the Coins to a public address apparently in a country restricted by the Office of Foreign Assets Control (OFAC), a public address apparently associated with terrorism, other criminal activities, or otherwise hostile to the United States.

7.    **Closing Location.** The closing of the transactions contemplated herein shall be held at One Boca Place, 2255 Glades Road, Suite 300E, Boca Raton, Florida, at the offices of SALLAH ASTARITA & COX, LLC or other such place as the parties agree.

8.    **Transfer Fees.** Any transfer fees associated with the transfer of the Coins shall be paid by Buyer.

9.    **Transaction Expenses.** Except as expressly provided herein, each party shall bear its own costs and expenses, including attorney, accountant and other fees, in connection with the execution and negotiation of this Agreement and the consummation of the transactions contemplated hereby.

10.    **Final and As-Is.** The subject sale and purchase is final and as-is. Therefore, the Coins are being sold "as is, where is," without representation or warranty of any kind or nature, including warranties of merchantability or fitness for a particular purpose.

11.    **Buyer Qualification and Cooperation.** Buyer agrees to cooperate with Seller regarding due diligence issues and any questions relating to the receivership.

12.    **No Representations or Warranties.** The Receiver makes no representations or warranties regarding the Coins offered herein.

13.    **Reasonable Efforts.** Each of the parties shall, upon the terms and subject to the conditions contained herein, pursue diligently and in good faith and use all reasonable efforts to take, or cause to be taken, all actions and to do, or cause to be done, all things necessary or advisable under applicable laws and regulations to put, consummate and make effective the transactions contemplated hereby. Each of the parties shall use their commercially reasonable

efforts to take such other actions required hereby to be performed by each party prior to or on the closing date. In case at any time after the closing any further action is necessary or desirable to carry out the purposes of this Agreement, each of the parties will take such further action (including the execution and delivery of such further instruments and documents) as any other party reasonably may request.

**14.     Questioning Seller.** Seller, in his discretion, may or may not answer any questions regarding (a) the Class Action Case that resulted in the seizure of the Coins being sold; or (b) the Coins' characteristics, uses, or value.

**15.     Independent Investigation.** Buyer has conducted his own independent investigation, review and analysis of the Receiver and Cryptsy, including, but not limited to, the Coins. Buyer acknowledges and agrees that: (a) in making his decision to enter into this Agreement and to consummate the transactions contemplated hereby, Buyer has relied solely upon his own investigation and (b) neither Seller nor any person on Seller's behalf has made any representation or warranty as to Seller, Cryptsy, the Coins, or this Agreement.

**16.     Buyer Confidentiality.** Buyer has requested confidentiality in this transaction. Seller intends to redact Buyer's identity in the motion to approve this Agreement. In the event the District Court requires the disclosure of Buyer's identity, Seller shall do such and this Agreement shall remain effective in all ways.

## MISCELLANEOUS TERMS

**17.     Court-Approval.** This Agreement is subject to approval via motion by Seller and Court Order by the District Court. If the District Court does not issue an Order approving this Agreement, then this Agreement shall be deemed null and void, and neither Seller nor Buyer shall have any obligations hereunder. Seller makes no representations or warranties if, when or how the District Court will rule on the motion and issue an Order regarding this Agreement.

**18.     Jurisdiction and Choice of Law.** Buyer irrevocably and unconditionally (a) agrees that any dispute, suit, action, or legal proceeding arising out of or relating to this Agreement shall be brought in the United States District Court for the Southern District of Florida before the Honorable Kenneth A. Marra; (b) consents to the exclusive jurisdiction of said District Court in any such dispute, suit, action, or legal proceeding; (c) waives any objection to the laying of venue of any such dispute, suit, action, or legal proceeding in said Court; and (d) consents to the application of Florida law for construing and interpreting this Agreement, and the rights of the parties in accordance with the laws of the State of Florida.

**19.     Assignment; Successors.** Neither this Agreement nor any of the rights or obligations hereunder may be assigned by any party without the prior written consent of all other parties to this Agreement. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective representatives, heirs, legatees, successors and permitted assigns, and no other person shall have any right, benefit or obligation hereunder.

Asset Purchase Agreement between Receiver James Sallah & ███████████████

**20.     Notices.** Any notice required to be given under this Agreement shall be given in writing and may be served by personal delivery, electronic mail, facsimile, Federal Express or similar over-night delivery or by depositing the same in first class mail, postage prepaid, certified mail, addressed to the respective parties as indicated below, or such different address as a party may have fixed by notice hereunder. If to Seller, addressed to Seller's counsel, Patrick J. Rengstl, Esq., Patrick J. Rengstl, P.A., 7695 SW 104th St Ste 210 Miami, FL 33156-3159.  If to Buyer, addressed to Buyer itself, ███████████████

████████.  Notices delivered personally shall be effective upon delivery. Notices transmitted electronically shall be effective when sent.  Notices transmitted via overnight delivery shall be effective when received.  Notices delivered by mail shall be effective 96 hours after mailing.

**21.     Entire Agreement; Amendments and Waivers.** This Agreement constitutes the entire agreement among the parties pertaining to the subject matter hereof and supersedes all prior agreements, understandings, negotiations and discussions, whether oral or written, of the parties.  No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a waiver of any other provision hereof (whether or not similar), nor shall such waiver constitute a continuing waiver unless otherwise expressly provided.

**22.     Third Party Beneficiaries.** No person other than the parties hereto shall have any rights or claims under this Agreement.

**23.     No Waiver.** The failure of either party hereto to seek redress for any breach, or to insist upon the strict performance, of any covenant or condition of this Agreement by the other shall not be, or be deemed to be, a waiver of the breach or failure to perform, nor prevent a subsequent act or omission in violation of, or not strictly complying with, the terms hereof from constituting a default hereunder.

**24.     Multiple Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**25.     Invalidity.** In the event that any one or more of the provisions, or any portion thereof contained in this Agreement, shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, then to the maximum extent permitted by law, such invalidity, illegality or unenforceability shall not affect any other provision, or any portion thereof, of this Agreement or any other such instrument.

**26.     Cumulative Remedies.** All rights and remedies of either party hereto are cumulative of each other and of every other right or remedy such party may otherwise have at law or in equity, and the exercise of one or more rights or remedies shall not prejudice or impair the concurrent or subsequent exercise of other rights or remedies.

Asset Purchase Agreement between Receiver James Sallah & ███████████████

**27.     Representation by Counsel; Mutual Negotiation.** Each party has been represented by counsel or has had the right to be represented by counsel in negotiating this Agreement. This Agreement shall therefore be deemed to have been negotiated and prepared at the joint request, direction and construction of the parties, at arm's length, with the advice and participation of counsel, and will be interpreted in accordance with its terms without favor to any party.

**28.     Construction.** The headings and captions of the various Sections of this Agreement have been inserted solely for purposes of convenience, are not part of this Agreement, and shall not be deemed in any manner to modify, explain, expand or restrict any of the provisions of this Agreement. Unless stated to the contrary, all references to Sections, paragraphs or clauses herein shall be to the specified Section, paragraph or clause of this Agreement. The terms "hereby," "hereto," "hereunder'" and any similar terms as used in this Agreement, refer to this Agreement in its entirety and not only to the particular portion of this Agreement where the term is used. The term "including" when used herein shall mean "including, without limitation." Wherever in this Agreement the singular number is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders, and vice versa, as the context shall require.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]

Asset Purchase Agreement between Receiver James Sallah & ███████████████

**SELLER:**

State of Florida                              )
                                              ) SS
County of Palm Beach                          )

Personally appeared before me, the undersigned authority, James D. Sallah, Receiver, who, after being duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows of his own personal knowledge that the same is true and correct.

_____
James D. Sallah, Receiver

Date: 2/15/17

_____
NOTARY PUBLIC

Tracy Hyde
PRINT NAME
11/8/18

My commission expires:

TRACY HYDE
Commission # FF 164526
Expires November 8, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

Page 6 of 7

Asset Purchase Agreement between Receiver James Sallah & ████████████

**BUYER:**

State of ~~Minnesota~~ SC )

) SS

County of Green wood )

Personally appeared before me, the undersigned authority, ████████ who, after being duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows of his own personal knowledge that the same is true and correct.

Date: 2/14/17

NOTARY PUBLIC

Bonnie Crowley

PRINT My Commission Expires
February 11, 2021

My commission expires:

**Exhibit B**

| | | |
|---|---|---|
| 1 acoin | 60 aiden | 119 asiccoin |
| 2 aerome | 61 catcoin | 120 china |
| 3 americancoin | 62 crackcoin | 121 damacoin |
| 4 asiccoin | 63 darktoken | 122 dogecoindark |
| 5 bbqcoin | 64 ezcoin | 123 fedoracoin |
| 6 bitstake | 65 halcyon | 124 karmacoin |
| 7 bluecoin | 66 html5coin | 125 lgbtqcoin |
| 8 cachecoin | 67 infinitecoin | 126 reddcoin |
| 9 cindercoin | 68 lightspeed | 127 tigercoin |
| 10 crave | 69 limecoinx | 128 shadecoin |
| 11 cyphercoin | 70 lotterytickets | 129 socialxbot |
| 12 emerald | 71 mapcoin | 130 takcoin |
| 13 fibrecoin | 72 mastercore | 131 tempcoin |
| 14 fourtytwocoin | 73 mastertradercoin | 132 tenk |
| 15 greenbacks | 74 nakamotodark | 133 bancorcoin |
| 16 librexcoin | 75 nautiluscoin | 134 batcoin |
| 17 luckycoin | 76 neucoin | 135 battlecoin |
| 18 maxcoin | 77 neutroncoin | 136 bitcoindark |
| 19 memecoin | 78 nimbus | 137 bytecoin |
| 20 navajocoin | 79 opalcoin | 138 concealcoin |
| 21 opensourcecoin | 80 popularcoin | 139 continuumcoin |
| 22 positron | 81 ribbitrewards | 140 copperbars |
| 23 pseudocoin | 82 ripoffcoin | 141 cosmoscoin |
| 24 razorcoin | 83 spots | 142 craftcoin |
| 25 rotocoin | 84 ssvcoin | 143 sapience |
| 26 saturncoin | 85 supercoin | 144 pennies |
| 27 sexcoin | 86 trinity | 145 utilitycoin |
| 28 stablecoin | 87 yacoin | 146 vidiocoin |
| 29 torcoin | 88 zccoin | 147 vootcoin |
| 30 aegis | 89 alphacoin | 148 stronghands |
| 31 aliencoin | 90 axroncoin | 149 turbostake |
| 32 androidtokens | 91 betacoin | 150 8bit |
| 33 apexcoin | 92 bitgem | 151 elektron |
| 34 aricoin | 93 checkcoin | 152 nuetron |
| 35 asiacoin | 94 coinmarketscoin | 153 sling |
| 36 caix | 95 coinworkscoin | 154 darkshibe |
| 37 cinnicoin | 96 craigscoin | 155 elacoin |
| 38 communitycoin | 97 darkcoin | 156 elephantcoin |
| 39 coolcoin | 98 egulden | 157 emark |
| 40 darkcash | 99 fastcoin | 158 execoin |
| 41 doubloons | 100 flappycoin | 159 galaxycoin |
| 42 fireflycoin | 101 franko | 160 gamecoin |
| 43 fractalcoin | 102 gameleaguecoin | 161 gilcoin |
| 44 glyphcoin | 103 hyperstake | 162 grandcoin |
| 45 guerillacoin | 104 litecoindark | 163 heavycoin |
| 46 icebergcoin | 105 mazacoin | 164 junkcoin |
| 47 judgecoin | 106 mediterraneancoin | 165 klondikecoin |
| 48 keycoin | 107 munne | 166 krugercoin |
| 49 legendarycoin | 108 nibble | 167 lycancoin |
| 50 libertycoin | 109 phoenixcoin | 168 mastercoin |
| 51 litecoinx | 110 protoshares | 169 mincoin |
| 52 minerals | 111 redcoin | 170 murraycoin |
| 53 mysteria | 112 saffroncoin | 171 noirbits |
| 54 nanotoken | 113 shieldcoin | 172 xencoin |
| 55 noblecoin | 114 solecoin | 173 zeitcoin |
| 56 noirshares | 115 umbrellaltc | 174 ziftrcoin |
| 57 nyancoin | 116 starcoin | 175 usde |
| 58 rabbitcoin | 117 xcash | 176 spaincoin |
| 59 goldcoin | 118 devcoin | 177 dimecoin |

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (this "Agreement"), dated as of this 14 day of February, 2017, is by and between **James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver" or "Seller") for Project Investors, Inc. d/b/a Cryptsy, and** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **("Buyer").**

### RECITALS

A.      James D. Sallah is the duly appointed receiver in *Brandon Leidel, et al. v. Project Investors, Inc., et al.* (the "Class Action Case"), in Case. No. 16-cv-80060-MARRA in the United States District Court for the Southern District of Florida (the "District Court").

B.      Pursuant to orders of the Court, the entity in receivership is Project Investors, Inc. d/b/a Cryptsy ("Cryptsy").

C.      Buyer desires to purchase the below-identified digital cryptocurrencies or coins from Seller, and Seller desires to sell same to Buyer, subject to the below-identified terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and promises contained herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

### TERMS OF SALE

1.      **Coins to Be Sold.** This coins to be included in this sale are listed in Exhibit C to this agreement (the "Coins"):

2.      **Purchase Price and Deposit.** Buyer shall pay to Seller for the sale, transfer, assignment, conveyance and delivery of the Coins, by delivery of cash payable by wire transfer of immediately available funds computed as follows: **Five thousand U.S. dollars ($5,000.00)** upon execution of this contract (the "Purchase Price") to be held in Receivership Estate account by Receiver pending Court approval of this contract.      If the closing does not occur because of Seller's failure or inability to obtain Court approval, Seller shall refund monies paid by Buyer within five business days.

3.      **Cash.** Buyer shall pay Seller the Purchase Price in all cash in U.S. dollars by 5:00 p.m. Eastern Daylight Time on the date of execution of this contract.

4.      **Closing Date.** The closing date shall occur within five (5) calendar days of the District Court's Order approving this Agreement. Buyer and Seller shall attempt to agree on the closing date upon the District Court's Order, but if no agreement is made, the closing date shall be no later than five (5) calendar days after the Court's Order.

Asset Purchase Agreement between Receiver James Sallah & ███████████

5.     **Receipt of Funds.** Buyer shall wire purchase funds to Seller by 5:00 p.m. Eastern Daylight Time on the date of the execution of this contract. Buyer is responsible for any wire transfer fees associated with payment.

6.     **Transfer of Coins to Buyer.** Upon receipt of all purchase funds, Seller shall sell, convey, transfer, assign and deliver the Coins to Buyer, and Buyer shall acquire and accept from Seller the Coins at Buyer's designated address(es). Seller does not warrant how long such transfer of the Coins will take, but shall use his best efforts to transfer all Coins as promptly as possible. No coin transfer shall be made until Seller has confirmed receipt of all purchase funds from Buyer. Seller shall not transfer the Coins to an obscene public address, a public address apparently in a country restricted by the Office of Foreign Assets Control (OFAC), a public address apparently associated with terrorism, other criminal activities, or otherwise hostile to the United States.

7.     **Closing Location.** The closing of the transactions contemplated herein shall be held at One Boca Place, 2255 Glades Road, Suite 300E, Boca Raton, Florida, at the offices of SALLAH ASTARITA & COX, LLC or other such place as the parties agree.

8.     **Transfer Fees.** Any transfer fees associated with the transfer of the Coins shall be paid by Buyer.

9.     **Transaction Expenses.** Except as expressly provided herein, each party shall bear its own costs and expenses, including attorney, accountant and other fees, in connection with the execution and negotiation of this Agreement and the consummation of the transactions contemplated hereby.

10.    **Final and As-Is.** The subject sale and purchase is final and as-is. Therefore, the Coins are being sold "as is, where is," without representation or warranty of any kind or nature, including warranties of merchantability or fitness for a particular purpose.

11.    **Buyer Qualification and Cooperation.** Buyer agrees to cooperate with Seller regarding due diligence issues and any questions relating to the receivership.

12.    **No Representations or Warranties.** The Receiver makes no representations or warranties regarding the Coins offered herein.

13.    **Reasonable Efforts.** Each of the parties shall, upon the terms and subject to the conditions contained herein, pursue diligently and in good faith and use all reasonable efforts to take, or cause to be taken, all actions and to do, or cause to be done, all things necessary or advisable under applicable laws and regulations to put, consummate and make effective the transactions contemplated hereby. Each of the parties shall use their commercially reasonable efforts to take such other actions required hereby to be performed by each party prior to or on the closing date. In case at any time after the closing any further action is necessary or desirable to carry out the purposes of this Agreement, each of the parties will take such further action (including the execution and delivery of such further instruments and documents) as any other party reasonably may request.

Asset Purchase Agreement between Receiver James Sallah & ███████████

**14.    Questioning Seller.** Seller, in his discretion, may or may not answer any questions regarding (a) the Class Action Case that resulted in the seizure of the Coins being sold; or (b) the Coins' characteristics, uses, or value.

**15.    Independent Investigation.** Buyer has conducted his own independent investigation, review and analysis of the Receiver and Cryptsy, including, but not limited to, the Coins.  Buyer acknowledges and agrees that: (a) in making his decision to enter into this Agreement and to consummate the transactions contemplated hereby, Buyer has relied solely upon his own investigation and (b) neither Seller nor any person on Seller's behalf has made any representation or warranty as to Seller, Cryptsy, the Coins, or this Agreement.

**16.    Buyer Confidentiality.** Buyer has requested confidentiality in this transaction.  Seller intends to redact Buyer's identity in the motion to approve this Agreement.  In the event the District Court requires the disclosure of Buyer's identity, Seller shall do such and this Agreement shall remain effective in all ways.

## MISCELLANEOUS TERMS

**17.    Court-Approval.** This Agreement is subject to approval via motion by Seller and Court Order by the District Court.  If the District Court does not issue an Order approving this Agreement, then this Agreement shall be deemed null and void, and neither Seller nor Buyer shall have any obligations hereunder.  Seller makes no representations or warranties if, when or how the District Court will rule on the motion and issue an Order regarding this Agreement.

**18.    Jurisdiction and Choice of Law.** Buyer irrevocably and unconditionally (a) agrees that any dispute, suit, action, or legal proceeding arising out of or relating to this Agreement shall be brought in the United States District Court for the Southern District of Florida before the Honorable Kenneth A. Marra; (b) consents to the exclusive jurisdiction of said District Court in any such dispute, suit, action, or legal proceeding; (c) waives any objection to the laying of venue of any such dispute, suit, action, or legal proceeding in said Court; and (d) consents to the application of Florida law for construing and interpreting this Agreement, and the rights of the parties in accordance with the laws of the State of Florida.

**19.    Assignment; Successors.** Neither this Agreement nor any of the rights or obligations hereunder may be assigned by any party without the prior written consent of all other parties to this Agreement.  Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective representatives, heirs, legatees, successors and permitted assigns, and no other person shall have any right, benefit or obligation hereunder.

**20.    Notices.** Any notice required to be given under this Agreement shall be given in writing and may be served by personal delivery, electronic mail, facsimile, Federal Express or similar over-night delivery or by depositing the same in first class mail, postage prepaid, certified mail, addressed to the respective parties as indicated below, or such different address as a party may have fixed by notice hereunder. If to Seller, addressed to Seller's

Asset Purchase Agreement between Receiver James Sallah & ███████████

counsel, Patrick J. Rengstl, Esq., Patrick J. Rengstl, P.A.7695 SW 104th St Ste 210
Miami, FL 33156-3159.  If to Buyer, addressed to Buyer itself, ████████████
████████████.  Notices delivered personally shall be effective upon delivery. Notices
transmitted electronically shall be effective when sent.  Notices transmitted via overnight
delivery shall be effective when received.  Notices delivered by mail shall be effective 96
hours after mailing.

**21.** **Entire Agreement; Amendments and Waivers.** This Agreement constitutes the
entire agreement among the parties pertaining to the subject matter hereof and supersedes all
prior agreements, understandings, negotiations and discussions, whether oral or written, of
the parties.  No waiver of any of the provisions of this Agreement shall be deemed or shall
constitute a waiver of any other provision hereof (whether or not similar), nor shall such
waiver constitute a continuing waiver unless otherwise expressly provided.

**22.** **Third Party Beneficiaries.** No person other than the parties hereto shall have any
rights or claims under this Agreement.

**23.** **No Waiver.** The failure of either party hereto to seek redress for any breach, or to
insist upon the strict performance, of any covenant or condition of this Agreement by the
other shall not be, or be deemed to be, a waiver of the breach or failure to perform, nor
prevent a subsequent act or omission in violation of, or not strictly complying with, the
terms hereof from constituting a default hereunder.

**24.** **Multiple Counterparts.** This Agreement may be executed in one or more
counterparts, each of which shall be deemed an original, but all of which together shall
constitute one and the same instrument.

**25.** **Invalidity.** In the event that any one or more of the provisions, or any portion thereof
contained in this Agreement, shall, for any reason, be held to be invalid, illegal or
unenforceable in any respect, then to the maximum extent permitted by law, such invalidity,
illegality or unenforceability shall not affect any other provision, or any portion thereof, of
this Agreement or any other such instrument.

**26.** **Cumulative Remedies.** All rights and remedies of either party hereto are cumulative
of each other and of every other right or remedy such party may otherwise have at law or in
equity, and the exercise of one or more rights or remedies shall not prejudice or impair the
concurrent or subsequent exercise of other rights or remedies.

**27.** **Representation by Counsel; Mutual Negotiation.** Each party has been
represented by counsel or has had the right to be represented by counsel in negotiating this
Agreement.  This Agreement shall therefore be deemed to have been negotiated and
prepared at the joint request, direction and construction of the parties, at arm's length,
with the advice and participation of counsel, and will be interpreted in accordance with
its terms without favor to any party.

Asset Purchase Agreement between Receiver James Sallah & ███████████

**28.** **Construction.** The headings and captions of the various Sections of this Agreement have been inserted solely for purposes of convenience, are not part of this Agreement, and shall not be deemed in any manner to modify, explain, expand or restrict any of the provisions of this Agreement. Unless stated to the contrary, all references to Sections, paragraphs or clauses herein shall be to the specified Section, paragraph or clause of this Agreement. The terms "hereby," "hereto." "hereunder'" and any similar terms as used in this Agreement, refer to this Agreement in its entirety and not only to the particular portion of this Agreement where the term is used. The term "including" when used herein shall mean "including, without limitation." Wherever in this Agreement the singular number is used, the same shall include the plural, and the masculine gender shall include the feminine and neuter genders, and vice versa, as the context shall require.

[THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK]

Asset Purchase Agreement between Receiver James Sallah & ▮▮▮▮▮

**SELLER:**

State of Florida          )

                                       ) SS

County of Palm Beach     )

Personally appeared before me, the undersigned authority, James D. Sallah, Receiver, who, after being duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows of his own personal knowledge that the same is true and correct.

James D. Sallah, Receiver

Date: 2\15\17

NOTARY PUBLIC

Tracy Hyde

PRINT NAME

11 \ 8 \ 18

My commission expires:

TRACY HYDE
Commission # FF 164528
Expires November 8, 2018
Bonded Thru Troy Fain Insurance 800-385-7019

Page 6 of 7

Asset Purchase Agreement between Receiver James Sallah & █████████

**BUYER:**

State of Minnesota                    )

                                      ) SS

County of *Becker*                    )

    Personally appeared before me, the undersigned authority, █████████, who, after being

duly cautioned and sworn, did state upon oath and say that he has read the foregoing and knows

of his own personal knowledge that the same is true and correct.

Date: 2-13-2017

*Kelly Rae Johnson*

NOTARY PUBLIC

Keily Rae Johnson

PRINT NAME

Jan 31, 2019

My commission expires:

KELLY RAE JOHNSON
NOTARY PUBLIC—MINNESOTA
My Commission Expires JAN. 31, 2019

Page 7 of 7

## Exhibit C

| | Currency | Coins Recovered |
|---|---|---|
| 16 | Unobtanium | 15,080.11 |