IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRANDON LEIDEL, and<br>MICHAEL WILSON, individually,<br>and on behalf of all others similarly<br>situated,<br><br>      Plaintiffs,<br><br>v.<br><br>PROJECT INVESTORS, INC. d/b/a<br>CRYPTSY, a Florida corporation,<br>PAUL VERNON, an individual,<br>LORIE ANN NETTLES, an individual,<br>RIDGEWOOD INVESTMENTS, INC.,<br>a New Jersey corporation, and<br>KAUSHAL MAJMUDAR, individually,<br><br>      Defendants. | Case No.: 9:16-cv-80060-MARRA<br><br>DECLARATION OF MARC A. WITES<br><br>1)  MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND<br><br>2)  MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS |

    I, Marc A. Wites, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

    1.    I am a partner at the law firm of Wites & Kapetan, P.A. ("WKPA" or "Lead Counsel"), Court-appointed Co-Class Counsel for the Settlement Class. I am admitted to this Court.

    2.    My firm, along with assistance from Co-Class Counsel, The Silver Law Group (collectively, "Class Counsel"), has prosecuted this litigation on a fully contingent basis since its inception. I have personal knowledge of the matters set forth herein based on my active participation in and supervision of the prosecution and settlement of this litigation, and, if called as a witness, could and would testify competently thereto.

    3.    I submit this Declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, and Class

1

Counsel's Motion for Service Awards, Class Counsel's Attorney's Fees and Expenses, and Incorporated Memorandum of Law.

4. Class Counsel rendered the following legal services in connection with the prosecution of this Action: conducted case investigation and assessment of the factual and legal bases of the action; communicated with the class representatives and hundreds of class members; drafted an initial and amended complaint; opposed Defendant Nettles' motion to dismiss; moved for injunctive relief; moved for the appointment of the Receiver; engaged in discovery with parties and non-parties; moved for class certification; engaged in settlement negotiations and participated in two mediations; prepared and negotiated settlement documents; prepared motions and briefs in support of approval of the Settlement; and such other items reflected on the docket of this case.

5. I fielded inquiries, both by email and phone, from hundreds of Class M\members. Class Counsel communicated with class members by phone and email both prior to and after the announcement of the settlements, and such communications were primarily handled by me, rather than associates and non-lawyer staff. Often times I conducted phone conferences with Class Members in the evening, sometimes as late as 10:00 p.m. eastern time, as many persons from the west coast of the United States contacted my law firm about the case and Settlement.

6. The result achieved in this case, I believe, is excellent given, inter alia, the novelty of the legal and factual issues concerning bitcoins and cryptocurrency; that Vernon had shut down Cryptsy prior to the filing of this lawsuit and fled the country for China; that Plaintiffs moved for the appointment of a Receiver, which is unique in class action litigation; that Vernon destroyed the data on Cryptsy's servers the day the court appointed the

2

Receiver; and that Class Counsel, along with the Receiver, were able to recover meaningful assets to create a common fund to provide relief to the Class.

7. By the time the Settlement was achieved, Class Counsel and plaintiffs had a strong grasp of the strengths and weaknesses of this case. Class Counsel had, inter alia: (a) researched the applicable law; (b) had conducted an extensive investigation of the underlying facts, (c) obtained class certification; (d) reviewed important discovery; and (f) drafted a mediation statement and participated in two full day mediation sessions with Hon. Howard Tescher (Retired).

8. I conferred with three claims administration companies, and obtained quotes from each to serve as the claims administrator in the case. In so doing, we retained the claims administrator with the lowest quote, Angeion Group, and they have performed all tasks required by the Court's Preliminary Approval Orders and otherwise customary in class action settlements.

9. On May 18, 2017, the Claims Administrator advised me via email that it has invoiced $27,013.72 through April 2017, and estimates that an additional $34,300 in billing through the conclusion of the case. These expenses are driven in large part by the significant response to the Notice, which resulted in the submission of more than 1,600 claims as of May 17, 2017. At my request, the Claims Administrator has agreed to reduce their total bill by 10%.

10. Class Counsel has received more than 500 email inquires and participated in over 100 phone calls from putative class members regarding the settlement.

11. The deadline for claims was May 17, 2017, and, according to the Claims Administrator, 1,614 claims had been received as of that date.

12. Based on the analysis of Class Counsel, and as set forth in the Motion for Final Approval, we expect that upon liquidation of all assets that comprise the Settlement Fund (i.e., the Common Fund) that the gross Settlement Fund will total approximately $1,500,000.

13. To date, I am only aware of two persons who appear to have filed timely objections to the settlement prior to the May 3, 2017 objection deadline. I had lengthy, professional and polite phone conversations with each of these objectors. A third person filed an untimely objection on May 17, 2017. Plaintiffs and Class Counsel will address these objections in a separately filed memorandum prior to the June 2, 2017 hearing.

14. Only two persons have excluded themselves from the Settlement.

15. I personally supervised this matter from its inception, along with David Silver of the Silver Law Group, with material input from the Receiver and Receiver's Counsel. We regularly conferred to eliminate duplication of efforts and to ensure efficient staffing of projects.

16. Attached hereto as Exhibit 1 is a schedule showing the amount of time spent on this matter by the attorneys and paraprofessionals at WKPA through May 17, 2017. The schedule was prepared from contemporaneous time records prepared by the firm in the ordinary course, which I can provide to the Court in camera or publicly via ECF (in redacted form) if requested by the Court. Exhibit 1 also lists the current hourly rates of those persons staffed to the matter. The listed rates are set in accordance with the experience, training, and skill of each professional and in accordance with known rates at other firms performing similar work.

17. As shown in Exhibit 1, the amount of time expended on this matter by lawyer and non-lawyer professionals at my firm is 399.30 hours. Total lodestar for these professionals

is $219,250.

18. The total fees incurred represent the market rate for Class Counsel's services, and were all reasonable and necessary for the prosecution of the litigation.

19. Exhibit 1 also includes a list of unreimbursed expenses, broken down by category, incurred by WKPA. The expenses incurred in this action are reflected on the books and records of the firm, and are prepared from expense vouchers, check records and other source materials, and represent an accurate record of the expenses incurred. The expenses were incurred at the firm while the case was under my supervision.

20. As shown in Exhibit 1, total unreimbursed expenses incurred to date by Wites & Kapetan are $80.00. I can provide backup invoices in camera or publicly via ECF (in redacted form) if requested by the Court.

21. Additionally, with respect to reimbursement for expenses incurred to outside vendors, the amounts requested reflect the actual amounts billed by the providers without any mark-up.

22. Class Counsel hosted all electronic produced documents in this Action. Expenses associated with this service are not included and are provided by Class Counsel to the Class as a courtesy.

23. From case inception, Class Counsel were aware that it might not recover any of its expenses, and, at the very least, would not recover any out-of-pocket expenses until the Action was successfully resolved. Thus, Lead Class Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the case.

24. Attached as Exhibit 2 is a declaration of Co-Class Counsel David Silver

regarding The Silver Law Group's time and expenses incurred in this litigation.

25. Class Counsel estimate that the attorney's fees they will seek will constitute approximately 22% of the common fund and represent 69% of their total lodestar (i.e., meaning that Class Counsel's attorney's fees will be less than their total lodestar).

26. Attached as Exhibit 3 is a true and correct copy of a declaration provided by Troy Walinksi of Angeion Group detailing their work as the Notice and Claims Administrator.

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2017                     /s/Marc A. Wites
                                        Marc A. Wites