UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

  Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

  Defendants.
_____/

**CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, EXPENSES,
AND SERVICE AWARDS, AND INCORPORATED MEMORANDUM OF LAW**

**I.      INTRODUCTION**

Class Counsel Wites & Kapetan, P.A., and Silver Law Group respectfully move pursuant to Federal Rule of Civil Procedure 23(h) for an order awarding attorneys' fees in the amount of 33.33% of the Settlement Fund less the amount of attorney' fees paid to the Receiver and Receiver's Counsel, as well as expenses. Relatedly, Class Representatives Brandon Leidel and Michael Wilson also move for an order granting incentive awards of $500 for each of the two Class Representatives.

The Settlement Agreements entered into with Defendants Lorie Ann Nettles, Ridgewood Investments, Inc., and Kaushal Majmudar (*see* D.E. 73-1 and 96-1, respectively; collectively "the Settlement") provide that, subject to court approval, "Plaintiffs' Lead Counsel may submit a Fee and Expense Application which includes (a) a request for attorney's fees not to exceed 33.33% of the Settlement Fund and (b) reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action." *Id*. at Section V(B).

Importantly, Co-Lead Counsel and the Receiver (including the Receiver's counsel and all other lawyers working on behalf of the Receiver) are extremely cognizant of the issue of legal fees and expenses and have agreed that they collectively will do everything within reason to limit their legal fees, expenses and costs, including Co-Lead Counsel's intention to reduce their contingency fee percentage and the Receiver's intention to discount certain billing. To that end, and as previously represented in Court and in the Notice to the Class, **Co-Lead counsel have committed to and will reduce their attorney's fee application such that that the amount Co-Lead Counsel seeks in attorney's fees, when coupled with the attorney's fees sought by the Receiver and Receiver's Counsel, will not cause the total amount of attorney's fees paid from the Settlement Fund to exceed 33.33% of the Settlement Fund**.

As noted in Plaintiffs' Motion for Final Approval of Class Action Settlement, Class Counsel requests that the Court refrain from entering an Order that directs the distribution of any monies at this time to the Class, Class Representatives, Class Counsel, or the Receiver because, as set forth in detail below, they are still in the process of liquidating the assets that comprise the Settlement Fund. Plaintiffs, Class Counsel and the Receiver respectfully suggest that the Court allow them until July 14, 2017 to complete the liquidation of the assets, at which time Plaintiffs and the Receiver will submit a supplemental motion detailing the proposed plan for the itemization and distribution of the Settlement Fund.  As a result, Class Counsel will refer in this Motion to the attorney's fees sought as the "Attorney's Fees", which means 33.33% of the Settlement Fund less the attorney's fees paid to Receiver and Receiver's Counsel.

Defendants Lorie Ann Nettles, Ridgewood Investments, and Kaushal Majmudar (the "Settling Defendants") have agreed not to oppose an application for fees and expenses. Defendant Paul Vernon has not participated in any way in these proceedings and was defaulted by the Court (D.E. 51) for his failure to participate.

**II.   CLASS COUNSEL SHOULD BE AWARDED REASONABLE FEES AND COSTS AND PLAINTIFFS THE REQUESTED INCENTIVE AWARD**

For their extensive work prior to the filing of the Complaint and throughout the pre-trial and settlement phases of this litigation, Class Counsel seek attorneys' fees equal to 33.33% of the monetary settlement benefits provided to the class, less the amount of attorney's fees paid to the Receiver and Receiver's Counsel, and reimbursement of expenses and costs incurred.

Class Counsel and the Receiver have committed that their collective request for attorney's fees will not exceed 33.33% of the Settlement Fund (*i.e.,* the Common Fund). To date, the Receiver has applied for attorney's fees for himself, his Deputy Receiver, and his counsel in

the amount of $121,808.50 (*see* Motions at D.E. 87), and expects to submit a final attorney's fee request of approximately $45,000.

Based on Class Counsel's estimate that upon liquidation of all assets by the Receiver and Class Counsel that the Common Fund will total approximately $1,500,000. As a result, and assuming that the Settlement Fund totals $1,500,000, Class Counsel's Attorney's Fee request will be approximately 22% of the Common Fund, as the Receiver will have received, if approved by the Court, attorney's fees that represent approximately 11% of the Settlement Fund. Such an award to Class Counsel will represent approximately 69% of their total lodestar of $476,100; the requested fee award not only does not include a multiplier on Class Counsel's lodestar, but is significantly less than their lodestar. *See* Declaration of Marc A. Wites ("Wites Dec.") at ¶¶17-25 and Declaration of David C. Silver ("Silver Dec.") at ¶¶11-19.

### A. The Court Should Award the Requested Attorneys' Fees and Expenses.

Class counsel is entitled to an attorney's fee for the benefit obtained in a class settlement. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 676 (1980); *see David v. Am. Suzuki Motor Corp.*, No. 08–CV–22278, 2010 WL 1628362 (S.D. Fla. Apr. 15, 2010)(settlement with ascertainable benefits may be treated as a common fund to which a percentage fee may be awarded, even if the fee is separately paid by the defendant). The United States Supreme Court and the Eleventh Circuit Court of Appeals expressly approve of calculating attorney's fees by applying the "percentage-of-recovery" method (or "common fund" method) to the total monetary value of the settlement. *See, e.g., Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV-GOODMAN, 2016 U.S. Dist. LEXIS 50315, at *53-54 (S.D. Fla. Apr. 13, 2016)(citing *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999)); *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). The percentage

applies to the total benefits provided, even where the actual payments to the class following a claims process is lower. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999).

"[F]ederal district courts across the country have, in the class action settlement context, *routinely* awarded class counsel fees in excess of the 25 percent 'benchmark,' even in so-called 'mega-fund' cases." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006)(emphasis added; awarding fees of 31½% of settlement fund). Here, the requested percentage is easily within the range provided by the Eleventh Circuit. *See Camden I*, 946 F. 2d at 774 (20%–50% of the value provided); *David*, 2010 WL 1628362 at *8 n.15 (20%-50% of common fund is "the customary fee in class actions that result in substantial benefits").

The "percentage of recovery" method is used because it encourages counsel to obtain the maximum recovery at the earliest possible stage and, hence, most fairly correlates counsel's compensation to the benefit achieved. There is no "hard and fast" rule setting a reasonable percentage of the recovery to the award "because the amount of any fee must be determined upon the facts of each case." *Camden I*, 946 F.2d at 775.[1] Using the common benefit approach, the benchmark for a reasonable class counsel fee is 25%. *Id.* at 774. This benchmark may be adjusted up or down based on the circumstances of the case, using the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 448 F.2d 714 (5th Cir. 1974); *Camden I*, 946 F.2d at 774-75; *Waters*, 190 F.3d at 1294.

The Eleventh Circuit's factors for evaluating the reasonable percentage to award class-action counsel are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other

---

[1] In this regard, the Eleventh Circuit expressly noted that "an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded." *Id.* at 774-75.

employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772 n.3. The Court may also consider the time required to reach settlement, the existence of substantial objections from class members, the existence of non-monetary benefits of the settlement, and the economics involved in prosecuting a class action. *Id*. at 775. As explained below, the factors set forth in *Camden I* support the full award requested in this case.

### 1.     First Factor: The Time and Labor Required

Prosecuting and settling this action demanded considerable time and labor from Class Counsel, which began with interviewing Plaintiffs and investigating their potential claims. By the time the Settlement was reached, Class Counsel had: conducted case investigation and assessment of the factual and legal bases of the action; communicated with the class representatives and hundreds of class members;[2] drafted an initial and amended Complaint; opposed Defendant Nettles' Motion to Dismiss the lawsuit; moved for injunctive relief; moved for the appointment of the Receiver; engaged in discovery with parties and non-parties; moved for class certification; engaged in settlement negotiations and participated in two mediations; prepared and negotiated settlement documents; prepared motions and briefs in support of approval of the Settlement; and engaged in such other activity as is reflected on the docket of this case.

---

[2]     Class Counsel also fielded inquiries, both by email and phone, from more than 500 Class Members. Class Counsel communicated with class members by phone and email both prior to and after the announcement of the settlements, and such communications were primarily handled by Marc Wites and David Silver, rather than associates and non-lawyer staff.

In connection with these efforts, Class Counsel expended a total of 955.30 hours, not including the additional time that will be required to conclude the matter, implying a total lodestar of $476,100. Wites Dec. at ¶¶17-25; Silver Dec. at ¶¶11-19. While not required in the Eleventh Circuit, an analysis of the requested fee under the "lodestar/multiplier" approach further supports the reasonableness of the award. *Waters*, 190 F.3d at 1298 ("[W]hile we have decided in this circuit that a lodestar calculation is not proper in common fund cases, we may refer to that figure for comparison").

In short, Class Counsel's investment of time and expenses has always been at risk and wholly contingent on the result they achieved. The financial risks borne by Class Counsel to obtain this result fully support the fee requested.

      **2.**      **Second Factor: The Novelty and Difficulty of the Questions at Issue**

The record makes clear that this case presents novel and complex questions of law and fact. Class action matters are generally complex, but this one is particularly so, involving: the exchange, investment, and trade of digital cryptocurrencies and ensuing claims for conversion, negligence, unjust enrichment, specific performance, violation of Florida's Deceptive and Unfair Trade Practices Act, preliminary and permanent injunction, fraudulent conveyance and conspiracy. Further, this case presented unique and difficult issues such as Class Counsel's request for the appointment of a Receiver, the coordinated and joint efforts of Class Counsel and a Receiver, and litigating against and negotiating settlements with parties other than the main perpetrator – Defendant Vernon – in order to obtain fair and meaningful relief for the Class. The difficulty of litigating these issues amply supports the Attorney Fee award requested.

### 3. Third Factor: The Skill, Experience, and Reputation of Class Counsel

The quality of the representation by Class Counsel and the standing of Class Counsel are important factors that support the reasonableness of the requested fee, especially when considering the hourly rates of the attorneys. *See Ressler*, 149 F.R.D. at 654; *see also Am. Suzuki Motor Corp.*, 2010 U.S. Dist. LEXIS 146073, at *26-29 n.15 (a court should consider "the skill and acumen required to successfully investigate, file, litigate, and settle a complicated class action lawsuit such as this one").

Class Counsel have established their skill, experience, and reputation in this record, and in repeated cases before this court. Beyond that, Class Counsel's reputation, diligence, expertise, and skill are reflected in the results they have achieved. They resolved this dispute efficiently despite the hurdles presented to them and the arguments raised by the Settling Defendants, as detailed above. The quality of Class Counsel and their achievement in this case is equally shown by the strength of their opponents, Brinkley Morgan and Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., both reputable firms known for the skill and achievements of their attorneys. This factor thus also favors awarding the requested fee.

### 4. Fourth Factor: Preclusion of Other Employment

If counsel were precluded from taking on other cases, that fact can be a factor in supporting the fee application. *See Montoya*, 2016 U.S. Dist. LEXIS 50315, at *57 (finding as a factor in support of fee that "the law firms prosecuting the case are of small size . . . and thus the time devoted to the class action precludes other employment."). Here, however, Class Counsel concede that this case did not preclude other employment and the fourth *Johnson* factor is not applicable.

### 5. Fifth Factor: Customary Fee

The "customary fee" in a class action lawsuit of this nature is a contingency fee (discussed more in the Sixth Factor below) because no individual class member possesses a sufficiently large stake in the litigation to justify paying attorneys on an hourly basis. *See Ressler*, 149 F.R.D. at 654; *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The Court should therefore give substantial weight to the contingent nature of Class Counsels' fees when assessing the fee request. *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990). "The percentage method of awarding fees in class actions is consistent with, and is intended to mirror, practice in the private marketplace where attorneys typically negotiate percentage fee arrangements with their clients." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1340 (S.D. Fla. 2007).

In individual cases, attorneys typically contract with clients for contingent fees between 30 and 40 percent. These percentages are the prevailing market rates throughout the United States for contingent representation. *See Pinto*, 513 F. Supp. 2d at 1341 (citing, *inter alia*, *Kirchoff v. Flynn*, 786 F.2d 320, 323 (7th Cir. 1986)). In making a determination of what constitutes a fair percentage fee, this Court should be guided by those market rates and this Circuit's benchmark standard. *Gutter v. E.I. Dupont De Nemours & Co.*, No. 95-2152-CIV-GOLD, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (33 ⅓ %); *Waters*, 190 F.3d (affirming 33⅓ %); *Tapken v. Brown*, No. 90-691-CIV-MARCUS, 1992 U.S. Dist. LEXIS 11744 (S.D. Fla. Mar. 13, 1992)(33%).

The requested fee here is far below the market rate for class actions. Class Counsel are reducing their fee request to an amount less than their lodestar. This factor weighs strongly in favor of awarding Class Counsel the requested Attorney's Fee.

### 6.     Sixth Factor: Whether the Fee is Fixed or Contingent

A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the outlay of out-of-pocket expenses by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high. *See Pinto*, 513 F. Supp. 2d at 1339. Class Counsel's risk is the "foremost factor" in determining an appropriate fee award. *See id*.  In *Behrens*, the court noted:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer . . . . A contingency fee arrangement often justifies an increase in the award of attorneys' fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

118 F.R.D. at 548 (citations omitted).  These factors weigh heavily in favor of awarding Class Counsel the Attorney's Fee.

Courts have consistently recognized that the risk of receiving little or no recovery is a major factor in determining the award of fees, and that skilled counsel should be encouraged to undertake this risk. *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1364 (S.D. Fla. 2011)("Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award."); *Pinto*, 513 F. Supp. 2d at 1339 ("attorneys' risk is 'perhaps the foremost factor' in determining an appropriate fee award"); *Behrens*, 118 F.R.D. at 548 ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees").  A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the outlay of out-of-pocket expenses by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high.  *See e.g., Pinto*, 513 F. Supp. 2d at 1339.  This factor weighs strongly in favor of Class Counsel's requested Attorney's Fee.

### 7. Seventh Factor: Time Limitations

The circumstances of this case required Class Counsel to work quickly and diligently to obtain relief for the Class because Vernon had fled to China after stealing or otherwise misappropriating millions of dollars of the Class' cryptocurrency. To obtain relief for the Class, Class Counsel was required to seek the appointment of, and work with, a Receiver. Similarly, Class Counsel worked quickly to secure relief from the Class from Defendant Nettles, who is believed to have been the recipient - by virtue of her former marriage to Vernon - of certain funds derived from Cryptsy. Under these circumstances, it was appropriate to incur the fees on the pace incurred.

### 8. Eighth Factor: Results

The result achieved for the class is the most important factor in assessing the reasonableness of a requested fee award. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("most critical factor is the degree of success obtained"); *Pinto*, 513 F. Supp. 2d at 1342; *Behrens*, 118 F.R.D. at 547-48 ("The quality of work performed in a case that settles before trial is best measured by the benefit obtained."); *Ressler*, 149 F.R.D. at 655 ("It is well-settled that one of the primary determinants of the quality of the work performed is the result obtained.").

The results here are excellent, particularly since this case involves a principal defendant (Vernon) who fled the country, is presently believed to be residing in the People's Republic of China, and is believed to have hidden additional assets outside the United States. Additionally, the Settling Defendants were minority shareholders of Cryptsy and maintain that they were not involved in the day-to-day operations of the company. Thus, they claim to have been unaware of and had no knowledge of the fraud committed by Vernon and Cryptsy. These results are powerful evidence supporting the fee award.

The Settlement also provides for benefits to Class Members now, without delay, which is a factor courts may consider in an evaluation of a fee request. "[M]uch of the value of a settlement lies in the ability to make [benefits] available promptly." *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1396, 1405 (E.D.N.Y. 1985). This factor weighs strongly in favor of awarding Class Counsel the requested Attorney's Fee.

9. **Ninth Factor: Experience, Reputation and Skill of Counsel**

Lead Class Counsel Marc A. Wites has considerable experience with, and an excellent reputation in, class action litigation. A full biography of Mr. Wites accompanies the motion filed with this Court on October 18, 2016 (D.E. 72). Mr. Wites has been litigating class action lawsuits since 1994 in Florida's federal and state courts and has been appointed as Class Counsel on numerous occasions.

Similarly, Co-Class Counsel David Silver has considerable experience with, and an excellent reputation in, complex litigation and investor disputes. A full biography of Mr. Silver also accompanies the motion filed with this Court on October 18, 2016 (D.E. 72). Mr. Silver has spent more than fifteen years dedicating his practice to complex commercial litigation with an emphasis on business-related disputes. This factor weighs strongly in favor of awarding Class Counsel the requested Attorney's Fee.

10. **Tenth Factor: "Undesirability" of Taking the Case**

Class Counsel knew at the time they filed this case that it was undesirable because Vernon's theft of the Class' cryptocurrencies, and that he fled to China, was well known in the cryptocurrency world prior to filing suit. This proved true as Vernon refused to accept service of or otherwise participate in this lawsuit, even though he acknowledged its existence in comments on the Internet. (D.E. 9-1, 18). Moreover, the undesirability of this case is demonstrated by the

fact that no other law firm filed a class action or individual action against Cryptsy or Vernon. Thus, this factor supports Class Counsel's Attorney Fee request.

**11.     Eleventh Factor: Relationship with Client**

None of the Class Representatives have ever retained Co-Lead Counsel before. The representation of these individuals do not impact Co-Counsel's cases. Class Counsel therefore concedes that this factor is likely not relevant here.

**12.     Factors 12 and 13: Awards in Similar Cases and Lodestar Cross-Check**

As discussed above, Class Counsel's request for only 22% of the Common Fund, which represents approximately 69% of their total lodestar, is a lower fee than would be customarily appropriate on a percentage-of-recovery "common fund" basis.

Where a settlement creates a common fund, courts of this circuit do not require a lodestar method for calculating class counsel fees, even as a "cross-check" on the reasonableness of a percentage fee. *Checking Account Overdraft*, 830 F. Supp. 2d at 1362 ("the lodestar approach should not be imposed through the back door via a 'cross-check.'" (internal citations omitted)). "Under *Camden I*, courts in this Circuit regularly award fees based on a percentage of the recovery, without discussing lodestar at all." *Id*. at 1363 (citation omitted).

While not necessary here, if the Court were to choose to perform a lodestar cross-check, the requested attorney's fee would be reasonable.  Class Counsel incurred a combined total of $476,100 of lodestar in the prosecution of this case. The anticipated requested Attorney's Fee of $330,000 implies a "negative multiplier" of 0.31, such that Class Counsel's attorney fee request is approximately 69% of their lodestar. This is far lower than the typical range recognized in this district under similar circumstances. *Pinto v. Princess Cruise Lines, Ltd*., 513 F. Supp. 2d 1334 (S.D. Fla. 2007)(noting lodestar multiples "in large and complicated class actions" range from 2.26 to 4.5, while "three appears to be average" and "most lodestar multiples awarded in cases

like this are between 3 and 4"). The implied multiplier will also decrease over time as Class Counsel incurs additional non-reimbursable time in finalizing and concluding the matter.

### B. The Court Should Award the Requested Expenses

Class Counsel incurred $15,630.85 in actual expenses in the prosecution of this action to date. Wites Dec. ¶20; Silver Dec. ¶15. As a courtesy to the Class Members, Class Counsel are waiving requests for expenses for legal research, telephone, copies, faxes, and scanning, and document hosting.

The Claims Administrator has invoiced $27,013.72 through April 2017, and estimates that an additional $34,300 in billing through the conclusion of the case. These expenses are driven in large part by the significant response to the Notice, which resulted in the submission of more than 1,600 claims as of May 17, 2017. At the request of Class Counsel, the Claims Administrator has agreed on May 18, 2017 to reduce their total bill by 10%. Wites Dec. at ¶9.

The types of expenses incurred were reasonable and necessary. *In re China Sunergy Sec. Litig.*, No. 07 Civ. 7895 (DAB), 2011 WL 1899715, at *6 (S.D.N.Y. May 13, 2011)(in a class action, attorneys should be compensated "for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation'")(citation omitted); *accord, Sanborn v. Nissan N. Am., Inc.*, No. 0:14-CV-62567, 2017 U.S. Dist. LEXIS 2808, at *4 (S.D. Fla. Jan. 6, 2017)(awarding $348,000 in expenses, finding "Class Counsel's expenses were of the variety typically billed to clients in the normal course of business.").

### C. An Incentive Award of $500.00 to each Class Representative Is Appropriate.

The Court should approve an incentive award of $500 for each of the Representative Plaintiffs. The detailed notice advised class members that the Representative Plaintiff would

apply for an incentive award of $500, and no class member has objected to this reasonable request. In instituting this litigation, the Representative Plaintiffs have acted as private attorneys general seeking a remedy for what appeared to be a public wrong. *Pinto*, 513 F. Supp. 2d at 1344. Private class action suits are a primary weapon in the enforcement of laws designed for the protection of the public. *Id.* Approval of this award is warranted as a matter of policy, is appropriate under applicable precedents, and is well within the range of reasonableness. *Gevaerts v. TD Bank*, No. 1:14-CV-20744-RLR, 2015 WL 6751061, at *9 (S.D. Fla. Nov. 5, 2015)($10,000 incentive award each to two sets of plaintiffs), citing *Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993)(collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *City Pension Fund for Firefighters & Police Officers in the City of Miami Beach v. Aracruz Cellulose S.A.*, No. 08-23317-CIV-LENARD/TUR, D.E. 201 at 8 (S.D. Fla. Jul. 7, 2013)($40,000); *Fuller v. Imperial Holdings, Inc.*, No. 9:11-cv-81184-KAM, D.E. 95 at 15 (S.D. Fla. Sept. 16, 2013)($10,000); *see also Cooper v. NelNet, Inc*., 14-cv-314-RBD-DAB, Dkt. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015)($25,000 incentive award).

## CONCLUSION

Plaintiffs respectfully request the Court grant this motion for class counsel's attorney's fees and expenses and the representative plaintiffs' incentive awards. As set forth in their Motion for Final Approval, Plaintiffs request that this Court defer enter a ruling authorizing the distribution of any Settlement Funds until after such time that Class Counsel and the Receiver have completed the liquidation of all assets, at which time they will present to the Court supplemental memoranda detailing their proposal for the itemization and distribution of the Settlement Fund.

Respectfully submitted,

**/s/ Marc A. Wites**
MARC A. WITES
Florida Bar No. 24783
E-mail: mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205
**Attorneys for Plaintiffs and the Class**

- and -

SILVER LAW GROUP

By: **/s/ David C. Silver**
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684
**Attorneys for Plaintiffs and the Class**

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 19th day of May, 2017, using the CM/ECF system, and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; **PATRICK J. RENGSTL, ESQ.**, PATRICK J. RENGSTL, P.A., *Counsel for the Receiver*, 7695 SW 104th Street - Suite 210, Miami, FL 33156; E-mail: pjr@rengstl-law.com; and **JOSE G. SEPULVEDA, ESQ.**, STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., *Counsel for Defendants Ridgewood Investments, Inc., and Kaushal Majmudar*, 150 W. Flagler Street, Suite 2200, Miami, FL 33130; E-mail: JSepulveda@stearnsweaver.com; and Objector Joel Bevacqua, 850 2d Street, Apt. 108, Santa Monica, CA 90403, buda@deadlybuda.com; Objector Atul Nair, 3735 N. Christiana Ave., Apt. 2, Chicago, IL 60618, atulnair@gmail.com; and Objector Luka Tomljanovic, Albinijeva 2, 10010 Zagreb, Hrvatska, Croatia.

                                                   */s/ Marc A. Wites*
                                                   Marc A. Wites