EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

      Defendants.

Case No.: 9:16-cv-80060-MARRA

**DECLARATION OF DAVID C. SILVER**

1) **MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND**

2) **MOTION FOR ATTORNEYS' FEES, EXPENSES AND CLASS REPRESENTATIVE INCENTIVE AWARDS**

    I, David C. Silver, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

    1.    I am a partner at Silver Law Group ("SLG" or "Lead Counsel"), Court-appointed Co-Class Counsel for the Settlement Class. I am admitted to this Court.

    2.    My firm, along with Co-Class Counsel Wites & Kapetan, P.A., (collectively, "Class Counsel"), has prosecuted this litigation on a fully contingent basis since its inception. I have personal knowledge of the matters set forth herein based on my active participation in and supervision of the prosecution and settlement of this litigation, and, if called as a witness, could and would testify competently thereto.

    3.    I submit this Declaration in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law, and Class Counsel's Motion for Service Awards, Class Counsel's Attorney's Fees and Expenses, and

1

Incorporated Memorandum of Law.

4. Class Counsel rendered the following legal services in connection with the prosecution of this Action: conducted case investigation and assessment of the factual and legal bases of the action; communicated with the class representatives and hundreds of class members; drafted an initial and amended complaint; opposed Defendant Nettles' motion to dismiss; moved for injunctive relief; moved for the appointment of the Receiver; engaged in discovery with parties and non-parties; moved for class certification; engaged in settlement negotiations and participated in two mediations; prepared and negotiated settlement documents; prepared motions and briefs in support of approval of the Settlement; and such other items reflected on the docket of this case.

5. I fielded inquiries, both by email and phone, from hundreds of Class M\members. Class Counsel communicated with class members by phone and email both prior to and after the announcement of the settlements, and such communications were primarily handled by me, rather than associates and non-lawyer staff.

6. The result achieved in this case, I believe, is excellent given, inter alia, the novelty of the legal and factual issues concerning bitcoins and cryptocurrency; that Vernon had shut down Cryptsy prior to the filing of this lawsuit and fled the country for China; that Plaintiffs moved for the appointment of a Receiver, which is unique in class action litigation; that Vernon destroyed the data on Cryptsy's servers the day the court appointed the Receiver; and that Class Counsel, along with the Receiver, were able to recover meaningful assets to create a common fund to provide relief to the Class.

7. By the time the Settlement was achieved, Class Counsel and plaintiffs had a strong grasp of the strengths and weaknesses of this case. Class Counsel had, inter alia: (a)

researched the applicable law; (b) had conducted an extensive investigation of the underlying facts, (c) obtained class certification; (d) reviewed important discovery; and (f) drafted a mediation statement and participated in two full day mediation sessions with Hon. Howard Tescher (Retired).

8.  Class Counsel has received more than 1000 email inquires and participated in over 500 phone calls from putative class members regarding the settlement.

9.  Based on the analysis of Class Counsel, and as set forth in the Motion for Final Approval, we expect that upon liquidation of all assets that comprise the Settlement Fund (i.e., the Common Fund) that the gross Settlement Fund will total approximately $1,500,000.

10.  I personally supervised this matter from its inception, along with Marc A. Wites of Wites & Kapetan, P.A., with material input from the Receiver and Receiver's Counsel. We regularly conferred to eliminate duplication of efforts and to ensure efficient staffing of projects.

11.  Attached hereto as Exhibit A is a schedule showing the amount of time spent on this matter by the attorneys and paraprofessionals at SLG through May 17, 2017. The schedule was prepared from contemporaneous time records prepared by the firm in the ordinary course, which I can provide to the Court in camera or publicly via ECF (in redacted form) if requested by the Court. Exhibit 1 also lists the current hourly rates of those persons staffed to the matter. The listed rates are set in accordance with the experience, training, and skill of each professional and in accordance with known rates at other firms performing similar work.

12.  As shown in Exhibit A, the amount of time expended on this matter by lawyer and non-lawyer professionals at my firm is 556 hours. Total lodestar for these professionals is

$256,850.00

13. The total fees incurred represent the market rate for Class Counsel's services, and were all reasonable and necessary for the prosecution of the litigation.

14. Exhibit A also includes a list of unreimbursed expenses, broken down by category, incurred by SLG. The expenses incurred in this action are reflected on the books and records of the firm, and are prepared from expense vouchers, check records and other source materials, and represent an accurate record of the expenses incurred. The expenses were incurred at the firm while the case was under my supervision.

15. As shown in Exhibit 1, total unreimbursed expenses incurred to date by SLG are $15,550.85. I can provide backup invoices in camera or publicly via ECF (in redacted form) if requested by the Court.

16. Additionally, with respect to reimbursement for expenses incurred to outside vendors, the amounts requested reflect the actual amounts billed by the providers without any mark-up.

17. Class Counsel hosted all electronic produced documents in this Action. Expenses associated with this service are not included and are provided by Class Counsel to the Class as a courtesy.

18. From case inception, Class Counsel were aware that it might not recover any of its expenses, and, at the very least, would not recover any out-of-pocket expenses until the Action was successfully resolved. Thus, Lead Class Counsel was motivated to, and did, take significant steps to minimize expenses whenever practicable without jeopardizing the vigorous and efficient prosecution of the case.

19. Class Counsel estimate that the attorney's fees they will seek will constitute

approximately 22% of the common fund and represent 69% of their total lodestar (i.e., meaning that Class Counsel's attorney's fees will be less than their total lodestar).

In accordance with 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: May 19, 2017

David C. Silver

EXHIBIT A

ATTORNEY'S FEES AND EXPENSES

FIRM NAME:  THE SILVER LAW GROUP

TIME PERIOD: Inception through May 17, 2017

| Name | Title | Total Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| David C. Silver | Attorney | 307.5 | $525 | $161,437.50 |
| Scott L. Silver | Attorney | 27.25 | $575 | $15,668.75 |
| Jason S. Miller | Attorney | 143.25 | $475 | $68,043.75 |
| Rebecca Feinberg | Paralegal | 78 | $150 | $11,700.00 |
|  |  |  |  |  |
| **TOTALS** |  | **556.00** |  | **$256,850.00** |

COSTS:

| | | |
|---|---|---|
| Mediation: | $ | 4,105.00 |
| Expert Witnesses: | $ | 10,890.00 |
| Service of Process: | $ | 155.85 |
| Filing Fee: | $ | 400.00 |
| **Total Costs:** | **$** | **15,550.85** |

6