UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

**RECEIVER'S UNOPPOSED MOTION FOR
APPROVAL OF SALE OF REAL PROPERTY LOCATED AT
16832 CHARLES RIVER DRIVE, DELRAY BEACH, FL 33446**

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby moves, on an unopposed basis, by and through his undersigned counsel and pursuant to 28 U.S.C. §§ 2001 and 2002 along with this Court's Order dated November 28, 2016 [Docket Entry No. ("DE") 84], for entry of an Order: (1) approving the "AS IS" Residential Contract for Sale and Purchase and its Addendum and exhibits (the "Sales Contract"), attached hereto as **Exhibit "A"**, including the overbid and auction procedures contained herein, (2) approving the form and manner of notice of the sale of real property attached hereto as **Exhibit "B"**, as well as including the overbid and auction procedures, and (3) entering any other relief the Court deems just and equitable. In support of his motion, the Receiver states as follows:

**PATRICK J. RENGSTL, P.A.**
7695 SW 104th Street, Suite 210, Miami, FL 33156

## I. INTRODUCTION

After arm's length and extensive negotiations, the Receiver has entered into the Sales Contract to sell real property free and clear of liens, claims, encumbrances and other interests. Specifically, the Receiver has received a cash offer from a private citizen (the "Buyer") for $1,150,000.00 to purchase the residential real estate located at 16832 Charles River Drive, Delray Beach, FL 33446 (the "Property")[1], which has been assigned to the Receiver by Defendant LORIE ANN NETTLES ("NETTLES").[2]  The Sales Contract is subject to notice, overbid, auction, and other procedures in accordance with 28 U.S.C. §§ 2001 and 2002.  The Sales Contract is the result of substantial marketing of the Property by the listing agent and includes payment of reduced real estate commissions and normal closing costs deducted from the gross proceeds at closing.  If there are no other interested parties to overbid the Buyer[3], the Receiver believes that, based on the circumstances, the purchase price set forth in the Sales Contract is reasonable, represents fair value, and is in the Estate's best interests; and that the Court should permit a timely closing on the sale of the Property.

## II. RELEVANT PROCEDURAL HISTORY

On April 4, 2016, this Court entered an Order appointing James D. Sallah, Esq. as

---

[1] A description of the Property, printed from the Palm Beach County Property Appraiser's website, is attached hereto as **Exhibit "C."**  NETTLES and her ex-husband, Defendant Paul Vernon ("VERNON"), purchased the Property in March 2015 for $1,374,881.00 in cash with funds that the Receiver ultimately traced back to Project Investors, Inc.'s liquidations of accountholder cryptocurrencies.

[2] Attached hereto as **Exhibit "D"** is a true and correct copy of the publicly-recorded receivership deed (Dated: December 21, 2016) transferring ownership of the property from NETTLES to the Receiver.

[3] On May 17, 2017, Buyer deposited $175,000.00 earnest money with the Receiver's title insurance attorney (Sasha Katz, PL), demonstrating Buyer's intent to purchase the Property.  *See*, **Exhibit "E"** hereto.

Receiver/Corporate Monitor over the affairs of Project Investors, Inc. d/b/a Cryptsy (the "Receivership Order").  [DE 33].

As set forth in Paragraph 8 of the Receivership Order, the Receiver is empowered to, *inter alia*:

> *Use reasonable efforts to determine the nature, location and value of all property interests of Cryptsy, including, but not limited to, cryptocurrencies, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which Cryptsy owns, possesses, has a beneficial interest in, or controls directly or indirectly.*

On November 28, 2016, this Court entered an Order granting the Receiver's Unopposed Motion to Approve Settlement with Defendant Lorie Ann Nettles (the "Order Approving Settlement with Nettles").  [DE 84].

As set forth in the Order Approving Settlement with Nettles:

> *Defendant Nettles shall promptly deed the Property (as defined in the Settlement Agreement)[4] to the Receiver.  * * * The Receiver is authorized to market the Property for sale using his discretion.  At the appropriate time in the future, the Receiver shall file a separate Motion for approval and/or confirmation of the proposed sale of the Property to a buyer.*

### III.  MEMORANDUM OF LAW WITH BACKGROUND ON SALE OF THE PROPERTY

#### A.  Sale of the Property

28 U.S.C. § 2001(b) and 2002 allows the Receiver to privately sell real property (the House) after a hearing as long as:

(a) the sale is for at least two-thirds of the appraised value of the property;

---

[4] The "Property" is defined in the Settlement Agreement as the real property located at 16832 Charles River Drive, Delray Beach, FL 33446, just as it is defined in this motion.

3

(b) the appraised value of the property was established by three disinterested persons appointed by the Court to appraise the property;

(c) the Court finds that the sale serves the best interests of the receivership estate; and

(d) the terms of the proposed private sale are published in a newspaper of general circulation once a week for four (4) weeks.

Notwithstanding satisfaction of the foregoing requirements, the Court cannot approve the proposed sale to the Buyer if a separate, bona fide offer to purchase the Property for at least 10% more than the Buyer's proposed, published price is received in writing. 28 U.S.C. § 2001(b).

1. **The Listing Price.**

On January 26, 2017, the Property was originally listed for sale on the multiple listing service ("MLS") for $1,499,000.00. The surrounding area has many homes, including brand new developer homes for sale, which has naturally increased the supply of homes currently on the market and has consequently increased the time to market the property. Given the location and recent influx of comparable properties apparently outweighing the demand for saleable residential properties in the area, the list price has recently been reduced on the MLS on three separate occasions: reduced on April 6, 2017 to $1,490,000.00; reduced on April 25, 2017 to $1,375,000.00; and reduced on May 9, 2017 to the current list price of $1,300,000.00.

2. **The Receiver engaged a highly-qualified listing agent who actively marketed the Property for sale and has obtained a suitable offer for its purchase.**

The Receiver engaged Mr. Matthew Ferency, a broker and realtor employed by Illustrated Properties ("IPRE"), to list and market the Property for sale. IPRE, a member of the Keyes Family of Companies, is the leader in the real estate industry here in South Florida. IPRE has been in operation for almost 100 years and is a shareholder in Leading Real Estate Companies of the World® - a global network of more than 550 premier real estate firms encompassing 4,000 offices and over 128,000 sales associates in 55+ countries around the world, of which Keyes is a Founding

Member and Shareholder.

Mr. Ferency has been an agent with IPRE since 2003 and has been a Top Producing agent every year during that period. Mr. Ferency has represented dozens of buyers and sellers of homes in the South Florida area, including real property in other receiverships. The Receiver negotiated, and Mr. Ferency agreed to, a reduced sales commission of 2.5% as opposed to the industry standard of 3.0%.[5] Both Mr. Ferency and the Buyer's agent are aware that the Property constitutes a Receivership asset that can only be sold by this Court's approval.

While the Receiver has not obtained offers at the listing prices, Mr. Ferency has aggressively marketed the Property.[6] According to Mr. Ferency, he has had approximately 40 showings and has hosted numerous broker's open house tours as well. In addition, he reported to the Receiver that he advertised the Property every month on numerous online websites, including, but not limited to: Realtor.com; Homeaway.com; Homesandland.com; Zillow.com; Redfin.com; LuxuryRealEstate.com; Trulia.com; FlexMLS.com; IPRE.com; all syndicated search engines; and PalmBeachPost.com and all of its affiliated Cox Media Online newspaper real estate sites nationwide.

3. **The Receiver asks the Court to approve and take judicial notice of three independent appraisals obtained for the Property.**

In December 2016, the Receiver hired three appraisers to independently appraise the value of the Property. Attached hereto as exhibits are the following three appraisal reports prepared in connection with the sale of the Property:

---

[5] The Buyer's realtor is likewise accepting a reduced sales commission of 2.5%.

[6] Since listing the Property for sale on January 26, 2017, the Receiver has obtained other offers, both written and verbal, from buyers seeking to purchase the Property; however, he did not find such offers to be in the Estate's best interests.

| Date of Report | Name of Appraiser | Appraised Valuation of Property | Exhibit |
|---|---|---|---|
| January 9, 2017 | George F. Lubeck (GF Lubeck Appraisers LLC) | $1,346,000.00 | "F" |
| January 9, 2017 | Chris Callaway Staniszewski (Gulfstream Appraisal & Consulting, Inc.) | $1,350,000.00 | "G" |
| January 10, 2017 | Stephen D. Middleton | $1,365,000.00 | "H" |

The Receiver respectfully requests the Court to accept the three appraisals and to consider the appraisers who rendered them for all purposes required by 28 U.S.C. § 2001.

4. **Buyer's proposed price for the Property satisfies 28 U.S.C. § 2001's pricing requirement.**

As stated above, 28 U.S.C. § 2001(b) requires the Receiver to sell the Property for at least two-thirds of the average appraised value. Based upon the attached appraisal reports, the average valuation established by those three appraisal reports is approximately $1,350,000.00. Thus, the Receiver is statutorily bound to sell the Property for at least $900,000.00. The Sales Contract, with a proposed sale price of $1,150,000.00 greatly exceeds the allowable two-thirds-appraised-value requirement established under 28 U.S.C. § 2001(b). *See*, *e.g.*, *J. Ray McDermott & Co. v. Vessel Morning Star*, 457 F.2d 815 (5th Cir. 1972) cert. denied 409 U.S. 948 (1972). In fact, the proposed sale price exceeds two-thirds of the Property's highest appraised value.

5. **A summary of the Proposed Notice, Bidding, and Auction Procedures.**

The Sales Contract with addendum and exhibit is subject to the requirements under 28 U.S.C. §§ 2001 and 2002 and conditioned upon the entry of an order by the Court approving the sale, notice, bid, and auction procedures, which are briefly summarized as follows:

a. **Notice and Publication.**

In accordance with 28 U.S.C. §§ 2001 and 2002, the Receiver will cause a notice of the sale (in a form and substance satisfactory to the Court) to be published once-a-week for four weeks in the *Palm Beach Post*, which is a newspaper of general circulation in the district and county in which the property is located.  Additionally, although not required by 28 U.S.C. §§ 2001 and 2002, the Receiver also plans to cause the notice to be published electronically on the Receiver's website (http://cryptsyreceivership.com) and disseminated electronically to all prospective buyers who had visited the Property during realtor-guided showings and to the approximately 3,000 real estate agents in the IPRE network of branch offices.  Because the Receiver already has a ready and willing qualified buyer prepared to purchase the Property on terms that are highly advantageous to the Estate, the Receiver respectfully seeks approval from the Court to permit him to set the date and time of the sale on a day after the last publication of the approved notice, and to include such date and time in the approved notice.  The Receiver is requesting to set the date himself because of the time it may take the *Palm Beach Post* to begin running the notice.  A copy of the proposed notice of sale of real property is attached as **Exhibit "B."**  Further, the Receiver seeks approval to include the date and time for qualified bids to be submitted to his counsel in the approved notice.

b. **Marketing Period.**

The Receiver shall have until the bid deadline, which will be the date that is four weeks following the date that the Receiver first publishes the approved notice, to market the Property to third parties and solicit and accept qualified bids for the purchase of the Property.

c. **Pre-Qualifying as Overbidder.**

Any party wishing to participate to potentially overbid the Buyer must pre-qualify with Receiver as a bidder (an "Overbidder").  To pre-qualify as an Overbidder, the Overbidder must provide the following the Receiver's counsel with a qualified bid packet.  In summary, a potential

7

Overbidder must provide, among other things:

(1) A qualified overbid accompanied by a signed asset purchase that substantially conforms to the Sales Contract that includes a purchase price equal to or greater than a 10% increase over the purchase price set forth in the Sales Contract (in accordance with 28 U.S.C. § 2001);

(2) An earnest money deposit in the amount of $75,000.00 in the form of a cashier's check or wire transfer; and

(3) Financial information and documentation sufficient to demonstrate such Overbidder's financial capacity to close the transaction.

### d. Auction.

If no qualified bid (other than the Buyer's bid) is received by the bid deadline, the Receiver will report the same to the Court, and seeks approval and authority herein to deem the Buyer's bid the highest, or otherwise best, offer for the Property and to sell and close as contemplated in the Sales Contract free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interest and encumbrances attaching to the proceeds of the sale. If an auction amongst qualified Overbidders is required, it will be held at a time agreed upon by the Buyer and Receiver. In the event of a completed auction, among other things, the Receiver will seek an order approving the sale of the Property to the prevailing, or backup, bidder free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interest and encumbrances attaching to the proceeds of the sale.

### B. Sale Free and Clear of All Liens, Claims, and Encumbrances and Other Interests

The Receiver seeks the Court's approval to sell the Property free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interest and encumbrances attaching to the proceeds of the sale. This Court's broad authority over the Receivership Estate includes the equitable power "to sell property free of liens, transferring the lien to the proceeds." *Seaboard Nat'l Bank v. Rodgers Milk Products Co.*, 21 F.2d 414, 416 (2nd Cir. 1927). "It has long

been recognized that under appropriate circumstances, a federal court presiding over a receivership may authorize the assets of the receivership to be sold free and clear of liens and related claims." *Regions Bank v. Egyptian Concrete Co.*, 2009 U.S. Dist. LEXIS 111381 at *18-19 (E.D. Mo. Dec. 1, 2009) (citations omitted).  Indeed, a sale free and clear of liens, encumbrances, interests or other claims is customary in receiverships under §§ 2001 and 2004, and in bankruptcy cases under 11 U.S.C. § 363.  *See*, *e.g.*, *AgStar Fin. Servs., PCA v. Eastwood Dairy*, LLC, 2012 U.S. Dist. LEXIS 51052 at *5-6 (S.D. Ohio April 11, 2012); *Regions Bank*, 2009 U.S. LEXIS 111381 at *18-19; *In re Tousa, Inc.*, No. 08-10928-JKO (Bankr. S.D. Fla. Dec. 21, 2009) (Docket Entry 3432); *In re Protective Products of America, Inc.*, No. 10-10711-JKO (Bankr. S.D. Fla. Jan. 19, 2010); and *SEC v. McGinn, Simth & Co., Inc.*, No. 1:10-CV-457-GLS-CFH (N.D.N.Y. April 4, 2012) (Docket Entry 580).

    **C.**    **Sale of the Property is in the Best Interest of the Receivership Estate**

The Receiver has used his good faith, best efforts, and business judgment to realize the highest price possible for the Property with the opportunity for an auction.  Allowing the Receiver to liquidate the Property will most expeditiously further the goals of the Receivership, that is, to provide a conduit through which assets can be held, liquidated, and distributed to approved investors and creditors of the Estate.  The proposed sale to Buyer, or an Overbidder, will result in additional cash being infused into the Estate.  The Receiver believes that the proposed Sales Contract, including the notice, bid, and auction procedures, is in the best interests of the Estate.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order substantially similar to the proposed order attached hereto as **Exhibit "I"**:

    (a)    Granting this motion;

    (b)    Appointing and taking judicial notice of the three attached appraisals of the Property;

(c) Approving and authorizing the Sales Contract attached as Exhibit "A" to this Motion;

(d) Approving and authorizing the form and manner of publication of the Notice of Sale of Real and Personal Property attached as Exhibit "B" to this Motion;

(e) Approving and authorizing the private sale of the Property located at 16832 Charles River Drive, Delray Beach, FL 33446 to close free and clear of liens, claims, encumbrances and other interests so long as no bona fide and written offer to purchase the Property is received and accepted pursuant to the bid and auction procedures referenced above; and

(f) Granting such other and further relief as may be just and proper in carrying out the intent and purposes of this motion.

## CERTIFICATION OF GOOD FAITH

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Plaintiffs and Defendant Lorie Ann Nettles have no objection to this Motion. Defendants Kaushal Majmudar and Ridgewood Investments, Inc. take no position. As of this filing, Defendant Paul Vernon has not appeared in this action and continues to refuse to cooperate with the Receiver.

Dated: May 22, 2017.                    Respectfully submitted,

**PATRICK J. RENGSTL, P.A.**
*Counsel for the Receiver*
7695 SW 104th Street, Suite 210
Miami, Florida 33156
Telephone: (305) 663-3333
Facsimile:  (305) 668-0003
pjr@rengstl-law.com

By: Patrick J. Rengstl, Esq.
      Patrick J. Rengstl
      FL Bar No. 0581631

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s:/Patrick J. Rengstl
                Patrick J. Rengstl, Esq.

**PATRICK J. RENGSTL, P.A.**
7695 SW 104th Street, Suite 210, Miami, FL 33156

## **SERVICE LIST**

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Jose G. Sepulveda, Esq.**
**Samuel O. Patmore, Esq.**
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Counsel for Defendants Ridgewood Investments, Inc. and Kaushal Majmudar
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
(Via CM/ECF)

**Paul Vernon**
(Via Email)