# EXHIBIT "I"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

**ORDER GRANTING RECEIVER'S UNOPPOSED MOTION FOR APPROVAL OF SALE OF REAL PROPERTY LOCATED AT <u>16832 CHARLES RIVER DRIVE, DELRAY BEACH, FL 33446</u>**

THIS CAUSE came before the Court on the Receiver's Unopposed Motion to Approve the: (1) private sale of real property located at 16832 Charles River Drive, Delray Beach, FL 33446, free and clear of liens, claims, encumbrances; and (2) form and manner of notice of sale, bidding, and auction procedures ("Motion") [DE 112]. Upon review of the Motion, its exhibits, the entire file, and being otherwise duly advised in the premises, the Court finds granting the Motion to be in the Receivership Estate's best interests. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    The Receiver's Motion for Approval of Sale of Real Property Located at 16832 Charles River Drive, Delray Beach, FL 33446 [DE 112] is **GRANTED**.

2.    The "As Is" Residential Contract for Sale and Purchase (Exhibit "A" to the Motion) (the "Sales Contract") is approved and authorized.

3. The form, manner, and notice of the sale of real property (Exhibit "B" to the Motion) is approved and authorized.

4. The Court appoints and takes judicial notice of the three appraisals of the real property located at 16832 Charles River Drive, Delray Beach, FL 33446 (the "Property"), which are attached to the Motion as Exhibits "F", "G", and "H", respectively.

5. The Court finds the publication of the approved notice of sale of real and personal property in the *Palm Beach Post* newspaper once a week for four weeks to satisfy the notice requirements set forth under 28 U.S.C. §§ 2001 and 2002.

6. If an auction is necessary, it shall commence and take place on a date and at a time as determined by the Receiver as soon as possible after the last publication of the approved notice.

7. The Receiver shall include the date and time for qualified bids to be submitted to his counsel in the approved notice.

8. The Court finds the offer in the Sales Contract of $1,150,000 to satisfy the price requirements set forth in 28 U.S.C. § 2001. The Court also finds that the Receiver has made substantial and sufficient efforts to market and sell the Property. Accordingly, if no qualified bid (other than the offer in the Sales Contract) is received by the bid deadline, the Receiver shall report the same to the Court, and he is approved and authorized to deem the offer of $1,150,000 as the highest offer for the Property and to sell and close, without further order from this Court, in accordance with the Sales Contract free and clear of all liens, claims, interests, and encumbrances, with any such liens, claims, interest and encumbrances attaching to the proceeds of the sale.

9. The Receiver is authorized and empowered to take such steps, incur and pay such costs and expenses from the Receivership Estate, and do such things as may be reasonably

necessary to implement and effect the terms and requirements of this Order, including publishing the notice.

10. The Court finds that the relief sought in the Motion reflects the Receiver's sound business judgment and constitutes a proper exercise of his fiduciary duties.

11. The Court finds that a reasonable and proper opportunity to object or to be heard regarding the Motion, the auction, and the sale as presented has been afforded.

DONE AND ORDERED in Chambers in West Palm Beach, Florida on _____, 2017.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record