UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly
Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO OBJECTIONS TO CLASS ACTION SETTLEMENT**

## INTRODUCTION

Plaintiffs and Class Counsel, in cooperation with the Court-appointed Receiver, obtained a settlement in a case that no other person or lawyer has filed, where the main defendant, Paul Vernon ("Vernon"), stole the Class' money (*i.e.,* cryptocurrency); fled to the People's Republic of China, from which he has not returned and from which it appears he will never return; and not only closed the business through which he stole the Class' money (Defendant Project Investors, Inc. d/b/a Cryptsy ["Cryptsy"]), but systematically destroyed nearly all of the company's records to conceal his fraud.[1] Amongst the many thousands of Class Members and the 1,683 people who submitted claims as of the May 17, 2017 claim deadline, two people timely objected (Objectors Nair and Bevacqua), and one person submitted an untimely objection (Objector Tomljanovic). (Objections at D.E. 107-109.) On May 25, 2017, Objector Atul Nair advised the undersigned Class Counsel in writing via email that he would withdraw his objection.

The objections largely fall into two basic categories. First, the objectors complain that the recovery is not sufficient and that they have not been made whole. Second, and relatedly, the objectors complain that a different valuation date should be used for valuing each claim because the value of cryptocurrencies has risen since Vernon stole their coins and shut down Cryptsy. In addition, one objector complains about the description of the objection deadline in the Notice and Settlement Website, and another objector complains about the calculation of attorney's fees.

As set forth in detail below, Plaintiffs have demonstrated that the proposed settlement provides fair and meaningful relief to Settlement Class Members that would not have been achievable without the settlement. The recovery obtained is the best possible recovery because, as detailed in Plaintiffs' Motion for Final Approval (D.E. 110), and various other filings in this Court, Defendant Vernon fled the country and has stolen (and then likely hidden or spent) the

---

[1] Vernon and Cryptsy are collectively referred to herein as "the Cryptsy Defendants."

- 1 -

Class' cryptocurrencies. The vast majority of the Settlement Fund is comprised of assets obtained in negotiated settlements with Vernon's ex-wife (Lorie Ann Nettles) and a minority shareholder of Cryptsy (Kaushal Majmudar). Because Vernon absconded with virtually all of the cryptocurrencies that Cryptsy held for its customers/accountholders, and since the cryptocurrencies recovered could not be traced to any individual Cryptsy customer/accountholder, the only possible means to distribute monies to class members is to liquidate all assets and through payments to the Class in U.S. Dollars. Thus, the fact that there is any Settlement Fund at all demonstrates that the result here is more than fair and reasonable.

Second, it is true that the value of cryptocurrencies has risen since 2015. However, as it relates to this Settlement, such increase is of no import for at least two reasons. First, the total value of all claims exceed the net amount of the Settlement Fund (*i.e.,* after the payment of attorneys' fees and expenses). As a result, whatever the valuation date, Class Members with valid claims will likely receive a diminished pro rata recovery, and thus the key factor is the type and quantity of cryptocurrency held, and not the valuation date. Second, it is easy to say in hindsight that a different valuation date should have been used. However, if the market had gone the other way, with cryptocurrency valuations declining, objectors would then be without an argument.

Finally, the objection deadline was fully and repeatedly disclosed, and the complaining objector was able to timely file his objection. And, as to the single objection to Class Counsel's attorney's fees, Class Counsel has voluntarily discounted their request so that, when coupled with the attorney's fee requests of the Receiver – who Plaintiff requested that the Court appoint – the combined fee requests of Class Counsel and the Receiver would not reduce the net settlement

proceeds that would otherwise be available for distribution to the Class had a Receiver not been appointed.

Ultimately, the result here is fair and reasonable, if not excellent, under the facts and circumstances of this very unique case. Viewed either independently or taken together, the above factors confirm that the Settlement is fair, reasonable, and adequate.

To the extent not already addressed in their Motion for Final Approval, Plaintiffs respond below to the Objections.

## ARGUMENT

While Plaintiffs have the burden to demonstrate that a class action settlement is fair and reasonable, "objectors to a class action settlement bear the burden of proving any assertions they raise challenging the reasonableness of a class action settlement." *In re Google Referrer Header Priv. Litig.,* 87 F. Supp. 3d 1122, 1137 (N.D. Cal. 2015) (citing *United States v. Oregon,* 913 F.2d 576, 581 (9th Cir. 1990)); *see also Schechter v. Crown Life Ins. Co.,* No. 13-cv-5596, 2014 WL 2094323, at *2 (C.D. Cal. May 19, 2014)(objector bears burden to show that settlement approval would contravene its equitable objectives).  Here, the Objectors cannot meet their burden.

### I.   THE ABSENT CLASS MEMBERS' OVERWHELMING SUPPORT THE SETTLEMENT

Comparing the 3 objections to the 1,643 claims received as of the claims deadline, or to the many thousands of persons who received Notice and are believed to be Class Members, demonstrates ***overwhelming support*** for the Settlement. *AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 964-65 (N.D. Ill. 2011)("[I]t is illuminative that only a tiny fraction of the Class Members saw fit to opt out or to object."); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000)("99.9% of class members have neither opted out nor filed objections . . . is strong circumstantial evidence in favor of the settlements");

- 3 -

*Uponor Inc., F1807 Plumbing Fittings Prods. Liab. Litig.,* No. 11-MD-2247ADM/JJK, 2012 WL 2512750, at *8 (D. Minn. June 29, 2012)("Twenty-six Objectors, out of a class likely totaling more than 30,000, represents only token opposition to this Settlement.") *aff'd,* 716 F.3d 1057 (8th Cir. 2013); *Rexam, Inc. v. United Steel Workers of Am.,* No. 03- cv-2998-PJS/JJG, 2007 WL 2746595, at *7 (D. Minn. Sept. 17, 2007)(approving settlement despite objections by over 4% of class members); *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions,* 148 F.3d 283,318 (3d Cir. 1998)(affirming determination that class response was favorable in light of facts that 19,000 policyholders out of eight million opted out and 300 class members objected).

## II.   THE SETTLING DEFENDANTS SUPPORT THE SETTLEMENT

The Settling Defendants (Lorie Ann Nettles, Ridgewood Investments, Inc., and Kaushal Majmudar) support Plaintiffs' Motion for Final Approval. Counsel for the Settling Defendants have authorized the undersigned to represent to this Court that the Settling Defendants join in Plaintiffs' request that the Court overrule the Objections and grant final approval to the Settlement.

## III.   THE SETTLEMENT IS FAIR AND REASONABLE

All objectors, in one fashion or another, argue that the Settlement Fund is not sufficient and that they should have somehow been made whole or that at least more cryptocurrency should have been or could have been recovered. Certainly, Plaintiffs, Class Counsel and the Receiver understand the frustration of the Objectors, and all Class Members, who are victims of the Cryptsy Defendants' fraud. However, the Objections ignore the facts, which plainly establish that the Settlement Fund is fair, reasonable, and serves as the only recovery possible against the Defendants.

As discussed at length in the Receiver's Fifth Report (D.E. 106), while the Receiver successfully secured certain protected receivership digital wallets containing different types of cryptocurrencies, those wallets consisted of pooled assets that were not linked to any individual Cryptsy accounts. The total value of the secured cryptocurrency is approximately $394,500.00[2], which is less than the value of certain individual filed claims. Because Vernon destroyed Cryptsy's records, it is unknown whether or when Cryptsy users held accounts at Cryptsy, and it is practically impossible to re-create and verify the transactional history of each Class Member.

A common thread of the objections is that the Objectors would prefer that their individual cryptocurrencies be returned to them. Unfortunately, given the fractional amount of cryptocurrency recovered, and the untraceable nature of the security, it is impossible to determine the individual owner(s) of the recovered cryptocurrency. Even if records still existed (which they do not) indicating which Class Members purportedly owned the limited cryptocurrency assets recovered, awarding only those individual members of the class would unfairly exclude the other Class Members and prevent them from participating in the recovery. Essentially, the three Objectors ask for the same thing: they want their individual cryptocurrency returned to them to the exclusion of other Class Members (D.E. 107-109). Unfortunately, the Cryptsy Defendants stole the Class' cryptocurrency and it has not been recovered or returned.

## IV. THE VALUATION METHOD AND PLAN OF ALLOCATION IS FAIR AND REASONABLE

Objector Bevacqua (and previously Objector Nair) complain not that a different valuation method should have been employed but, rather suggest that a different valuation date should be used. As a formula for resolution, the Settlement Agreements provide that Class Members with valid claims will receive a pro rata distribution from the Settlement Fund based on the value of

---

[2] Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law (D.E. 110).

each claimant's cryptocurrency as of the date Cryptsy shut down. (Nettles Settlement Agreement at Section VI and Ridgewood Settlement Agreement at Section VI). The Objectors contend that a current valuation date should be employed because, they argue, the cryptocurrency market has risen and, therefore, their claim is of greater value. This objection is without support.

The price of Bitcoin on November 1, 2015 was approximately $330.00 per Bitcoin. On May 24, 2017, the price of Bitcoin was approximately $2,943.00 per Bitcoin. While it is understandable that Cryptsy users would like to enjoy the benefit of that staggering increase, the Cryptsy Defendants, and not this Settlement, has precluded them from doing so. In the context of this Settlement, the valuation date is of no moment because, as explained earlier, the value of the claims exceeds the available Settlement Funds, whether using a valuation date in November 2015 or May 2017 and, therefore, either valuation date will yield the same result. In other words, the pro rata distribution will be the same based on the type and amount of cryptocurrency held regardless of the valuation date employed.

Moreover, the Settlement provides a fair and reasonable valuation method and corresponding date. The valuation method recognizes what a recognized loss amount should have been when Cryptsy stopped servicing clients. On November 1, 2015, Cryptsy effectively stopped allowing users to buy, sell, or trade cryptocurrencies. Therefore, Class Members are being treated equally for where their portfolios stood on that day. This valuation is not intended to be an estimate of, nor indicative of, the amount that Class Members might have been able to recover after a trial. The proposed valuation plan was designed to fairly and rationally allocate the net settlement proceeds across the universe of cryptocurrencies traded at Cryptsy, not act as an insurer as to the price fluctuation of any one particular cryptocurrency.

Essentially, the Objectors do not actually make an objection to the proposed valuation method. Instead, they argue that the individualized situations in which they find themselves is, in a practical sense, unfair to them and that they would prefer a return of the assets they felt they had purchased. The Objectors prefer that they be allowed to profit on investments that no longer exist and investments that, while non-existent, have increased in value since November 1, 2015.

Importantly, had the value of cryptocurrency gone the other way, deceasing in value, the current objections be without support. And, in such event, and if the valuation date had been the current date, as the Objectors propose, then Class Members might have objected because the Settlement did not lock in the perceived value of the cryptocurrency as of the date Cryptsy shut down and before the market went south.

Ultimately, Plaintiffs and Class Counsel are not charged with having a crystal ball, but rather with presenting a fair, reasonable and adequate settlement, and they have done so.

## V.     THE NOTICE PLAINLY DISCLOSED THE OBJECTION DEADLINE

Objector Bevacqua complains that the Notice did not properly disclose the objection deadline. (Bevacqua Objection at 1.) However, his objection is belied by both Bevacqua's actions and the documents he attaches to his Objection to support his argument. First, Bevacqua timely filed his objection, thereby demonstrating that the notice was sufficient and satisfied the standards of due process. Second, despite his arguments to the contrary, the Class Notice and the Settlement Website all plainly disclosed that **the deadline to object was May 3, 2017**, and that all objections "must be postmarked by this date." (Bevacqua Objection at 3-4). In addition, the Notice and the Settlement Website contained the toll-free number of the Claims Administrator, and contact information for Class Counsel, so that Mr. Bevacqua, and any other class members

could call with any questions they had about the claims process. More than one thousand class members did just that, emailing and calling Class Counsel. Thus, this objection is without merit.

To that end, Objector Luka Tomljanovic did not timely object. Objector Tomljanovic's objection is postmarked May 17, 2017. Objector Tomljanovic did not raise any argument about, or otherwise object to, the disclosure of the objection deadline, and he did not move the Court for an extension of time to file his objection. Thus, for this reason alone the Court may overrule his objection.

## VI.  CLASS COUNSEL'S ATTORNEY'S FEE REQUEST IS FAIR AND REASONABLE AND COMPORTS WITH THE LAW OF THIS CIRCUIT

Objector Nair, who has since indicated that he is withdrawing his objection, argues that Class Counsel's attorney fee request is improper. (Nair Objection at 2-3). This Objection is without support.

A class action attorney fee request of one-third of the common fund is both common and well within the range of reasonableness in the Eleventh Circuit. *See, e.g., Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999)(affirming class attorneys' award of 33.3%); *see also, Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is *entitled* to a reasonable attorney's fee from the fund as a whole.")(italics added). As a result, one-third percentage awards are common. *Wolff v. Cash 4 Titles*, 2012 WL 5290155, *6 (S.D. Fla. Sept. 26, 2012)(collecting cases and concluding that 33% is consistent with the market rate in class actions); *Seghroughni v. Advantus Rest., Inc.*, 2015 WL 2255278, *1 (M.D. Fla. May 13, 2015)(a fee "which is one-third of the settlement fund... is fair and reasonable…"); *In re Terazosin Hydrochloride Anitrust Litig.*, 2005 U.S. Dist. LEXIS 43082 (S.D. Fla. Apr. 19, 2005)(33.33% of fund); *In re: Managed Care Litig. v. Aetna*, 2003 WL 22850070 (S.D. Fla. Oct.

24, 2003)(43.5% of $100,000,000 fund); *Gutter v. E.I. Dupont De Nemours Co.*, No. 95-cv-02152-ASG, Doc. 626, p.7 (S.D. Fla. May 30, 2003)(33.33% of $77,500,000 settlement); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185 (S.D. Fla. 2006)(31.33% of $1.06 billion settlement); *Guarisma v. ADCAHB Medical Coverages*, 13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015)(33.33%).

Here, Class Counsel's attorney's fee request is actually meaningfully less than the norm in this Circuit. As explained in Plaintiff's Motion for Final Approval, Co-Lead counsel have committed to and will reduce their attorney's fee application such that the amount Co-Lead Counsel seek in attorney's fees, when coupled with the attorney's fees sought by the Receiver and Receiver's Counsel, will not cause the total amount of attorney's fees paid from the Settlement Fund to exceed 33.33% of the Settlement Fund. Thus, Class Counsel seek an order awarding attorneys' fees in the amount of 33.33% of the Settlement Fund, less the amount of attorney' fees paid to the Receiver and Receiver's Counsel.

Class Counsel voluntarily made that concession, and committed to it at the time they first moved the Court on behalf of Plaintiffs to appoint a Receiver, to maximize the amount of the net recovery available for distribution to the Class. Class Counsel of course recognized that paying attorney's fees to both Class Counsel and the Receiver would easily push the total amount of attorney's fees well above that awarded in typical class actions, which would have worked to the detriment of the Class. Likewise, Class Counsel realized that to help ensure that monies could be obtained to fund a settlement, a Receiver would be necessary, given that Vernon, the main culprit in this case, had fled the country and refused to return or provide any information about the cryptocurrency that he stole from the Class. Class Counsel do not make this argument because they seek a special accolade or thank you for reducing their fee request; rather, it was simply the

right thing to do. In the face of an objection, they are constrained to make this argument to further demonstrate the reasonableness of their request.

## CONCLUSION

In short, the objectors all contend that the settlement is insufficient. Courts routinely discount objections that fall into a "category of suggestions as to how the settlement might be made *better*, particularly from the perspective of the plaintiff class." *Fraley v. Facebook, Inc.,* 966 F. Supp. 2d 939, 948 (N.D. Cal. 2013); *In re Oil Spill by Oil Rig Deepwater Horizon,* 295 F.R.D. 112, 152 (E.D. La. 2013)(finding "[o]bjections that seek to renegotiate terms of the settlement based on individual preferences are unhelpful and improper"). In considering a proposed settlement, courts should not determine "whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1027 (9th Cir. 1998); *see also In re Airline Ticket Comm'n Antitrust Litig.,* 953 F. Supp. 280,282 (D. Minn. 1997)("A settlement sum is, in virtually in every case, less than the claimed loss. A settlement is, necessarily, a compromise between plaintiffs, who did not win their case, and defendants, who did not lose theirs. These settlements, like all others, reflect each side's considered view of the risks of an adverse judgment and the value of buying peace."). This Settlement is fair, adequate and free from collusion.

To the extent the Objectors believe they should have received different compensation, or that more money could have been recovered, they could have opted-out of the Settlement and pursued those claims individually. *See Alaniz v. California Processors, Inc.,* 73 F.R.D. 269,277 (N.D. Cal. 1976)(notice and the right to opt-out afford class members "the opportunity to make an informed and voluntary choice over whether (the Settlement) is satisfactory to them.")(parenthesis in original; internal quotations omitted). Having failed to do so, Plaintiffs

respectfully suggest that the Objectors have not carried their burden, and that the Class Members who submitted valid claims should be afforded the opportunity to receive the benefits of this Settlement.

Based on the foregoing, and for the reasons set forth in Plaintiffs' motion for final approval and request for attorney's fees, Plaintiffs and the Class respectfully request that the Court overrule the Objectors' objections and approve the Settlement.

Respectfully submitted,

**/s/ Marc A. Wites**
MARC A. WITES
Florida Bar No. 24783
E-mail: mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205
**Attorneys for Plaintiffs and the Class**

- and -

SILVER LAW GROUP
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684

By: **/s/ David C. Silver**
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 26th day of May, 2017, using the CM/ECF system, and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; **PATRICK J. RENGSTL, ESQ.**, PATRICK J. RENGSTL, P.A., *Counsel for the Receiver*, 7695 SW 104th Street - Suite 210, Miami, FL 33156; E-mail: pjr@rengstl-law.com; and **JOSE G. SEPULVEDA, ESQ.**, STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., *Counsel for Defendants Ridgewood Investments, Inc., and Kaushal Majmudar*, 150 W. Flagler Street, Suite 2200, Miami, FL 33130; E-mail: JSepulveda@stearnsweaver.com; and Objector Joel Bevacqua, 850 2d Street, Apt. 108, Santa Monica, CA 90403, buda@deadlybuda.com; Objector Atul Nair, 3735 N. Christiana Ave., Apt. 2, Chicago, IL 60618, atulnair@gmail.com; and Objector Luka Tomljanovic, Albinijeva 2, 10010 Zagreb, Hrvatska, Croatia.

*/s/ Marc A. Wites*
Marc A. Wites