UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of all others similarly
situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

      Defendants.
_____/

**FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED
ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
FOR CLASS REPRESENTATIVES, AND FINAL JUDGMENT**

THIS CAUSE comes before the Court pursuant to the Plaintiffs' Motion for Approval of Class Action Settlement [DE 110] and Motion for Attorney's Fees, Expenses and Service Awards [DE 111]. The Court has considered the Motions, the objections to the Motion [DE 107-109], Plaintiffs' Response to the Objections [DE 113], heard argument of counsel, and is otherwise fully advised in the premises and enters the following Order.

**I. BACKGROUND**

This nationwide class action is brought by Plaintiffs, individually and on behalf of a class of similarly situated users (the "Class Members") of Project Investors, Inc. d/b/a Cryptsy

("Cryptsy"). Plaintiffs alleged that the Defendant Cryptsy and Defendant Paul Vernon ("Vernon") (Cryptsy and Vernon collectively referred to herein as the "Cryptsy Defendants") operated an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies. Plaintiffs seek damages based upon the unlawful conduct of the Cryptsy Defendants in denying account holders the ability to obtain funds in their accounts and in misappropriating funds held in the Cryptsy accounts.

The principal defendant, Vernon – the mastermind of the fraud and theft of the Class' cryptocurrency according to Plaintiffs' allegations - has fled the country, is presently believed to be residing in the People's Republic of China, and is believed to have hidden assets outside the United States.

On January 13, 2016, Plaintiffs initiated this class action. [DE 1]. On February 22, 2016, Plaintiffs filed an Amended Complaint, asserting claims for conversion, negligence, unjust enrichment, specific performance, violation of Florida's Deceptive and Unfair Trade Practices Act, preliminary and permanent injunction, fraudulent conveyance and conspiracy. [DE 8].

On March 24, 2016, a Clerk's Default was entered against Defendant Cryptsy for its "failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." [DE 25]. On May 20, 2016, a Clerk's Default was entered against Defendant Vernon for his "failure to appear, answer, or otherwise plead to the complaint filed herein within the time required by law." [DE 51].

On April 4, 2016, the Court granted Plaintiffs' Motion to Appoint Receiver and appointed James D. Sallah, Esq. as the Receiver/Corporate Monitor over Defendant Cryptsy. [DE 33].

On July 27, 2016, Plaintiffs filed an Unopposed Motion for Class Certification. [DE 59].

On August 25, 2016, the Court granted the Motion for Class Certification, certifying the following class:

> All CRYPTSY account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY as of November 1, 2015 to the present. Excluded from the Class are: (1) employees of CRYPTSY, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class.

[DE 65]. The Court also appointed Brandon Liedel and Michael Wilson as Class Representatives and appointed Marc A. Wites and Wites & Kapetan, P.A. and Scott L. Silver and David C. Silver of Silver Law Group as Class Counsel. *Id.*

On August 15, 2016, Class Representatives, the Receiver, and Defendant Nettles attended mediation before Judge Howard Tescher (ret.), at which they reached an agreement to resolve Plaintiffs' and Receiver's claims against Defendant Nettles. That agreement was subsequently documented by the Nettles Settlement Agreement.

On October 27, 2016, the Court entered an order granting preliminary approval of the Nettles Settlement Agreement.[1] [DE 74].

On November 17, 2016, Plaintiffs and the Receiver attended a second mediation before Judge Howard Tescher (ret.) with two parties that Plaintiffs intended to add, but had not yet added, to the case, *to wit*: Ridgewood Investments, Inc. ("Ridgewood") and Kaushal ("Ken") Majmudar ("KM"). At the mediation, the parties reached a settlement to resolve the claims of Plaintiffs, the Class, and the Receiver, against Ridgewood and KM. That agreement was subsequently documented by the Ridgewood Settlement Agreement, which has now been fully

---

[1] On November 28, 2016, the Court entered an order setting the date for the final approval hearing as to the Nettles Settlement Agreement for April 21, 2017 [DE 85]. This hearing date was continued at the request of Plaintiffs as a result of the subsequently entered Ridgewood Settlement Agreement, and ultimately scheduled for, and held on, June 2, 2017.

executed, with the last signatory signing the document on January 4, 2017.[2]

Pursuant to Section III(B) of the Ridgewood Settlement Agreement, Plaintiffs sought leave to file a Second Amended Complaint. [DE 89]. The Court granted the motion on January 9, 2017, and Plaintiffs filed their Second Amended Complaint on that same date. [DE 94]. The Second Amended Complaint names Ridgewood and KM as defendants, and adds one additional count for unjust enrichment which is plead against only Ridgewood and KM.

On January 23, 2017, Plaintiffs filed their motion for preliminary approval of the Ridgewood Settlement Agreement [DE 98], which sought to combine the class action settlement approval process for both the Nettles Settlement Agreement and the Ridgewood Settlement Agreement (collectively referred to herein as "the Settlement").

On January 31, 2017, the Court preliminarily approved the Ridgewood Settlement Agreement [DE 100] ("Preliminary Approval Order"). The Court further ordered that the Nettles and Ridgewood Settlement Agreements be treated as one for the purposes of notice and claims administration.

The Ridgewood Agreement (as did the Nettles Settlement Agreement) provided that Class Representative and the Settling Defendants[3] supported the Settlement and that Class Representatives and Class Counsel believe, in view of the costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to Class Members, that the Settlement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the lawsuit.

The preliminarily certified class was defined to be:

---

[2] At the November 22, 2016 Status Conference [DE 83], Class Counsel and the Receiver advised the Court of the Ridgewood Settlement Agreement.

[3] As used herein, the term "the Settling Defendants" means Defendants Lorie Ann Nettles; Ridgewood Investments, Inc.; and Kaushal Majmudar

> All Cryptsy account holders who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy at any point in time between November 1, 2015 and the present date - Excluded from the Class are: (1) employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Settlement Class.

("Class Members").

The Settlement provides relief to all Cryptsy account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and who are unable to access their cryptocurrency. Excluded from the Class are: (1) employees of Cryptsy, including its shareholders, officers, and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class. [DE 65].

The Settlement Fund includes the following assets that have been liquidated, or are in the process of liquidation:

1. A diamond ring obtained from Defendant Nettles. [DE 73-1 ("Nettles Settlement Agreement") at Sections II(A)(1) and III].[4] The estimated value of the ring is $35,000.

2. Real Property obtained from Defendant Nettles. [DE 73-1 at Sections II(A)(2) and III(B)-(I)]. As to the Property, the primary component of the Settlement Fund, it is currently under contract to be sold for $1,150,000 in a sale administered by the Receiver. The anticipated closing date is June 30, 2017.

3. All monies received from the sale of the cryptocurrency marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (DE 60), which totals $394,500. [DE 73-1 at Section II(A)(3)].

4. All monies received from the sale of personal property marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (DE 60), which is expected to total $4,000. [DE 73-1 at Section II(A)(4)].

---

[4] The Nettles Settlement Agreement provides that the ring can be sold upon final approval of the Settlement. *See* Settlement Agreement at IIIA.

5. All monies received from the sale of an Infiniti QX60, as detailed in the Receiver's Motion for Authority to Liquidate Infiniti QX60 [*see* DE 64], which totals $27,000. [DE 73-1 at Section II(A)(5)].

6. Two Hundred and Twenty Thousand Dollars ($220,000) contributed by Defendant Ridgewood. [DE 96-1 ("Ridgewood Settlement Agreement") at Section III].

In exchange for the relief provided by the Settlement, members of the Settlement Class will release and discharge only the Settling Defendants from all claims, defenses, obligations, or damages that were or could have been sought in this litigation or that relate, concern, arise from or pertain in any way to Settling Defendants' conduct, policies, or practices concerning or associating with the Cryptsy Defendants during the Class Period. [DE 73-1 at Section VIII; and DE 96-1 at Section VIII]. The Settlement specifically excludes the Cryptsy Defendants.

With regard to the class notice and claim form required by the Ridgewood Agreement, the Court is informed of the following:

1. the Claims Administrator emailed and mailed the notice on February 16, 2017;

2. two Class Members opted out of the Class;

3. two Class Members excluded themselves from the case; and

4. two Class Members timely objected to the proposed Settlement [DE 107 and 108], but prior to the June 2, 2017 fairness hearing withdrew such objections, and one Class Member filed a late, untimely objection [DE 109].

See Declaration of Settlement Administrator at ¶¶ 6, 7, 12, 13 [DE 110-4].

In compliance with the Preliminary Approval Order and Ridgewood and Nettles Settlement Agreements, the Claims Administrator, on behalf of Plaintiffs, provided notice of the proposed class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), to the appropriate state and federal officials by letters dated January 20, 2017. [DE 110-4 at ¶ 4].

Given the foregoing, Plaintiffs stipulated and agreed to the dismissal with prejudice of

their claims against the Settling Defendants, individually and as class representatives, subject to this Court's final approval of the proposed Class Action Settlement.

## II. LEGAL STANDARD

To approve a class action settlement, the trial court must evaluate whether the settlement "is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). In evaluating whether the settlement is fair and reasonable, the trial court applies the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F. 2d at 986.

In conducting the analysis, the trial court "ought not to try the case during the settlement hearing and should be hesitant to substitute his or her judgment for that of counsel." *Allapattah Servs. Inc. v. Exxon Corp.*, No. 91–cv–0986, 2006 WL 1132371, at *19 (S.D. Fla. April 7, 2006) (citing *In re Smith*, 926 F.2d 1027, 1028–29 (11th Cir. 1991)); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005)(finding that reviewing the fairness of a class action settlement does not require an analysis of the merits of the case).

### III. THE PROPOSED SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE

The Court has jurisdiction over the subject matter of the lawsuit and over all settling parties hereto. The Court finds, to the extent not already addressed in the order granting class certification entered on August 25, 2016 [DE 65][5] that this Class action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3), namely,

---

[5] The Court's findings of fact and conclusions of law set forth in the August 25, 2016 Order Granting Class Certification are incorporated herein as to the Ridgewood Settlement agreement and the claims against Defendant Ridgewood Investments, Inc. and Ken Majmudar.

8

1. The Class members are so numerous that joinder of all of them in the lawsuit is impracticable.

2. There are questions of law and fact common to the Class Members.

3. Plaintiffs' claims are typical of the Class Members' claims.

4. Plaintiffs and Class Counsel will adequately represent the Class.

5. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

The Court also finds that the class notice fully satisfies the requirements of Rule 23(c) and due process.

Further, considering the *Bennett* factors set forth above, the Court finds the settlement is fair, adequate and reasonable and in the best interest of the Class Members, especially in light of the benefits to Class Members of, among other things, the vast majority of the settlement fund is comprised of monies and assets obtained from parties other than Cryptsy and Vernon; the complexity, expense and probable duration of further litigation; the risk and delay inherent in this Class Action including possible appeals; and the risk associated with trial, particularly given that the main defendant Vernon, has fled the country; and the limited amount of any potential total recovery for the Class.

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This judgment (the "Class Judgment") incorporates by reference the definitions in the Nettles and Ridgewood Settlement Agreements, and all capitalized terms used in this Class Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Nettles and Ridgewood Settlement Agreements.

2. This Court has jurisdiction over the subject matter of this Class Action and over all Parties to this Class Action, including all members of the Class.

3. The notification provided for and given to the Class complied with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and fully complied with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process.

4. Excluded from the Class are those proposed Class members who properly excluded themselves by submitting a valid and timely request for exclusion in accordance with the requirements as set forth in the Notice.

5. The proposed Settlement of the Class Action on the terms and conditions set forth in the Nettles and Ridgewood Settlement Agreements is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against the Settling Defendants and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement set forth in the Nettles and Ridgewood Settlement Agreements is the result of arm's-length negotiations between experienced counsel representing the interests of Class Representatives, the Class and the Settling Defendants.

7. The Court finally approves the Nettles and Ridgewood Settlement Agreements in all respects and finds that the Class Settlement, the Nettles and Ridgewood Settlement Agreements, and the plan of allocation and distribution as set forth in Section VI of the respective Agreements are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

8. The Court has considered all of the factors enumerated in Fed. R. Civ. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9. The Nettles and Ridgewood Settlement Agreements shall be consummated in accordance with the terms and provisions of those Agreements.

10. Although the objectors who filed timely objections to the Settlement withdrew such objections prior to the June 2, 2017 fairness hearing, the Court nonetheless considered those objections. Although one untimely objection was filed, it raised similar arguments. For the reasons set forth herein and at the June 2, 2017 hearing, the Court overrules all of the filed objections.

11. Upon the Effective Date (term defined at 73-1(I)(M) and 96-1(I)(L)), Class Representatives, each and every other Class Member on behalf of themselves, and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully and forever released, remised, acquitted, and discharged each and every one of the Released Claims against each and every one of the Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Settling Defendants.

12. Upon the Effective Date, with respect to the Class Action, the Settling Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns by operation of the Class Judgment, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Settling Defendants' Claims, as against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting,

prosecuting or maintaining any of the Settling Defendants' Claims against any of the Released Plaintiff Parties.

13. Each Class Member, whether or not such Class Member executes and delivers a Class Proof of Claim, is bound by this Class Judgment, including, without limitation, the release of claims as set forth in the Nettles and Ridgewood Settlement Agreements.

14. No Class Member shall have against Class Counsel, Class Representatives or the Receiver any claim based on the Nettles or Ridgewood Settlement Agreements, any action of the Receiver, or a distribution made substantially in accordance with the Nettles or Ridgewood Settlement Agreements, the Plan of Allocation, or further order(s) of the Court.

15. This Class Judgment, and any negotiations, proceedings or agreements relating to the Nettles and Ridgewood Settlement Agreements, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Settling Defendants, Class Representatives or the Receiver for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against the Settling Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Settling Defendants with respect to the truth of any fact alleged by Class Representatives and the Class or the Receiver or the validity of any claim that has been or could have been asserted in this Class Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Settling Defendants;

(b) do not constitute, and shall not be offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault,

misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, or against Class Representatives or any other members of the Class or the Receiver as evidence of any infirmity in the claims of Class Representatives or the other members of the Class or the Receiver;

(c) do not constitute, and shall not be offered or received against the Settling Defendants or against Class Representatives or any other members of the Class, or against the Receiver, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Parties to this Nettles and Ridgewood Settlement Agreements, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Nettles and Ridgewood Settlement Agreements;

(d) do not constitute, and shall not be construed against the Settling Defendants, Class Representatives or any other members of the Class, or against the Receiver as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Class Representatives or any other members of the Class or against the Receiver that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Fund Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court. Plaintiffs

and the Receiver are directed to report to the Court when the liquidation of all assets that comprise the Settlement Fund is complete as to the results of such efforts and the distribution of the Net Settlement Funds to the Settlement Class.

17. In the event that the Settlement does not become effective in accordance with the terms of the Nettles and Ridgewood Settlement Agreements, then this Class Judgment shall be rendered null and void to the extent provided by and in accordance with the Nettles and Ridgewood Settlement Agreements and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Nettles and Ridgewood Settlement Agreements.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Nettles and Ridgewood Settlement Agreements.

19. Plaintiffs' request to accept and process late filed Recognized Claims is granted.

20. The Parties are hereby directed to consummate the Nettles and Ridgewood Settlement Agreements and to perform its terms.

21. Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3), this Court grants Class Counsel's request and makes the following findings of fact and conclusions of law:

(a) the Class Settlement confers substantial benefits on the Settlement Class Members;

(b) the value conferred on the Settlement Class is immediate and readily quantifiable upon this Class Judgment becoming Final (as defined in the Agreement);

(c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)  the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)  the Class Settlement was reached following extensive negotiation between Class Counsel and Class Counsel for the Settling Defendants, and was negotiated in good faith and in the absence of collusion;

(f)  during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the amount of $15,630.85, which included costs for expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g)  Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award to be paid from the Settlement Fund of attorneys' fees in the amount of 33.33% of the Settlement Fund less the amount of attorney's fees awarded to the Receiver, plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Litigation;

(h)  counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);

(i)  the requested fee award is consistent with other fee awards in this Circuit. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirmed class attorneys' award of 33.3%); *Gutter v. E.I. Dupont De Nemours & Co.*, No. 95-2152-CIV-GOLD, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (33 ⅓%); *Tapken v. Brown*, No. 90-691-CIV-MARCUS, 1992 U.S. Dist. LEXIS 11744 (S.D. Fla. Mar. 13, 1992) (33%);

(j)  Class Counsel have reduced their attorney's fee application such that that the amount Co-Lead Counsel seeks in attorney's fees, when coupled with the attorney's fees sought

by the Receiver and Receiver's Counsel, will not cause the total amount of attorney's fees paid from the Settlement Fund to exceed 33.33% of the Settlement Fund.

22. Accordingly, Class Counsel are hereby awarded as their fee award 33.33% of the Settlement Fund less the amount of attorney's fees paid to the Receiver, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreements. Further, Class Counsel are hereby awarded $15,630.85 for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

23. The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $500 each for their efforts in this case.

24. The Court will enter a separate order regarding the amount of Class Counsel's attorney's fees, as well as the distribution of the Net Settlement Fund, after the Receiver and Class Counsel complete the liquidation and sale of all assets that comprise the Settlement Fund. Such orders shall in no way disturb or affect this Class Judgment and shall be considered separate from this Class Judgment.

25. Without affecting the finality of this Class Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) all Parties for the purpose of construing, enforcing and administering the Settlement and this Class

Civil Action No. 9:16-cv-80060-MARRA

Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Class Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**DONE AND ORDERED** in Chambers in West Palm Beach, Palm Beach County, Florida, this 13th day of JUNE, 2017.

```
                              KENNETH A. MARRA
                              UNITED STATES DISTRICT COURT JUDGE
```

Copies furnished to:
    Counsel of record