**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

      Defendants.

_____/

**RECEIVER'S UNOPPOSED MOTION FOR AUTHORITY TO**
**LIQUIDATE TIFFANY DIAMOND RING SECURED BY THE RECEIVER**

      James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed

Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), by and

through his undersigned counsel and pursuant to this Court's Order dated June 13, 2017 [Docket

Entry No. ("DE") 118], hereby moves, on an unopposed basis, for entry of an Order authorizing

him to liquidate a diamond ring he has secured in resolution of certain claims herein.

      1.      On January 13, 2016, Plaintiffs initiated this nationwide class action on behalf of

themselves and on behalf of all others similarly situated against Defendants: (1) Project Investors,

Inc. d/b/a Cryptsy, an online business for general consumers and the public to exchange, invest,

and trade in digital cryptocurrencies; (2) Paul Vernon ("Vernon"), the founder and former CEO of

Cryptsy; and (3) Lorie Ann Nettles ("Nettles"), Mr. Vernon's ex-wife, from whom he divorced

shortly after this lawsuit was commenced.  [DE 1].

2.      Shortly after filing the Complaint, Plaintiffs moved the Court to appoint a Receiver to take over Cryptsy's operations and marshal its assets, because Vernon had fled the jurisdiction and there was an imminent threat that Defendants were dissipating and/or spiriting away assets. [DE 9].

3.      On April 4, 2016, the Court granted Plaintiffs' Motion to Appoint Receiver and appointed the Receiver over Cryptsy.  [DE 33].  Upon his appointment, the Receiver engaged the services of the undersigned as the Receiver's counsel and immediately began efforts to secure and marshal Cryptsy's assets.

4.      As set forth in Paragraph 8 of the Receivership Order, the Receiver is empowered to, *inter alia*:

> *Use reasonable efforts to determine the nature, location and value of all property interests of Cryptsy, including, but not limited to, cryptocurrencies, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which Cryptsy owns, possesses, has a beneficial interest in, or controls directly or indirectly.*

5.      On July 27, 2016, Plaintiffs filed a Motion for Class Certification [DE 59], which was granted by the Court on August 25, 2016 [DE 65].  In so doing, the Court also appointed Brandon Leidel and Michael Wilson as Class Representatives, and Marc A. Wites, Esq. and Wites & Kapetan, P.A., and Scott L. Silver, Esq., and David C. Silver, Esq. of Silver Law Group as Class Counsel.  *Id.*

6.      On August 15, 2016, the Class Representatives, Class Counsel, the Receiver, and Nettles attended mediation before Judge Howard Tescher (ret.), where they reached an agreement to resolve Plaintiffs' and the Receiver's claims against Nettles.  That agreement was subsequently documented by the Nettles Settlement Agreement.  [DE 73-1].

7.      Among the items proffered by Nettles in resolution of the claims against her was a Tiffany & Co. diamond ring purchased for her by her ex-husband Vernon with funds derived, and misappropriated, from Cryptsy and its account holders (the "Diamond Ring").

8.      As set forth in Section III(A) of the Nettles Settlement Agreement:

> *Following the August 15, 2016 mediation, Defendant Nettles relinquished possession of the Diamond Ring to the Receiver. The Receiver shall continue to hold the Diamond Ring in escrow pending the Court's final approval of this Agreement. At the appropriate time following the Effective Date, the Receiver shall file a separate motion regarding the proposed sale of the Diamond Ring for the benefit of the Class and the receivership estate.*

9.      On January 31, 2017, the Court entered an Order preliminarily approving the Nettles Settlement Agreement [DE 100]; and on June 13, 2017, the Court entered a "Final Order Approving Settlement, Approving Proposed Allocation of Settlement Funds, etc.," granting, *inter alia*, final approval of the Nettles Settlement Agreement. [DE 118].

10.     The Receiver now requests authority to liquidate the Diamond Ring for an appropriate value for the benefit of the Class and the Receivership Estate.

11.     Regarding the sale of personalty of this nature, 28 U.S.C. § 2004 states that a receiver should follow the requirements of 28 U.S.C. § 2001 "unless the court orders otherwise." Specifically, 28 U.S.C. § 2001 requires, among other things, that: (1) three disinterested appraisers appraise the items sold; (2) the sale be at least two-thirds of the appraised value; (3) the terms of the sale be published in a newspaper of general circulation at least ten days before confirmation of the sale; and (4) no confirmation of the sale if a bona fide offer is made of at least 10 percent above the offered price.

12.     Requiring the Receiver to retain three appraisers for the Diamond Ring, to list the Diamond Ring in a public newspaper before confirmation of the sale, and to field offers for the Diamond Ring before it can be sold would be cost-prohibitive and undoubtedly defeat the entire

purpose of the Receiver efficiently selling the ring.  Therefore, the Receiver respectfully requests that he <u>not</u> be required to sell the ring in conformance with 28 U.S.C. § 2001 or 28 U.S.C. § 2004.[1]

13.     Notwithstanding the foregoing, the Receiver has received from the Senior Vice President of the Jewelry Department at Sotheby's an informal, preliminary auction estimate that values the Diamond Ring in the range of $20,000.00 - $30,000.00.

14.     In addition, the Receiver has received from a gemologist an appraisal of the wholesale replacement value of the Diamond Ring, who valued the Diamond Ring at $38,500.00. A copy of the appraisal is attached as Exhibit A.

15.     Using his best efforts to obtain a high sales price for the Diamond Ring, the Receiver has already negotiated with Tiffany & Co. a resolution by which Tiffany & Co. would purchase from the Receiver the Diamond Ring for Forty-Five Thousand Dollars ($45,000.00).

16.     The purchase price negotiated with Tiffany & Co. greatly exceeds the appraised value of the Diamond Ring.  The Receiver submits that he has essentially met the spirt of 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004 in maximizing a reasonable sales price and that the price negotiated with Tiffany & Co. is more than reasonable because it easily exceeds the appraised value.

17.     Based on the foregoing, the Receiver respectfully moves for authority to liquidate the Diamond Ring by selling it to Tiffany & Co. for $45,000.00.

18.     A proposed Order is attached hereto as Exhibit B.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order substantially similar to the proposed order attached hereto:

        (a)     Granting this Motion;

---

[1] This Court has permitted the Receiver to sell on several occasions in this case receivership property without having to comply with 28 U.S.C. § 2001 or 28 U.S.C. § 2004, including the Infiniti vehicle [DE 64, 66] and the previously-secured digital coins [DE 70, 71, 103, 105].

PATRICK J. RENGSTL, P.A.
7695 SW 104th Street, Suite 210, Miami, FL 33156

(b)     Authorizing the Receiver to sell the Diamond Ring to Tiffany & Co. for $45,000.00; and

(c)     Granting such other and further relief as may be just and proper.

### CERTIFICATION OF GOOD FAITH

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Plaintiffs and Defendant Lorie Ann Nettles have no objection to this Motion.  Defendants Kaushal Majmudar and Ridgewood Investments, Inc. take no position.  As of this filing, Defendant Paul Vernon has not appeared in this action and continues to refuse to cooperate with the Receiver.

Dated: July 6, 2017.                                  Respectfully submitted,

**PATRICK J. RENGSTL, P.A.**
*Counsel for the Receiver*
7695 SW 104th Street, Suite 210
Miami, Florida 33156
Telephone: (305) 663-3333
Facsimile:   (305) 668-0003
pjr@rengstl-law.com

By: Patrick J. Rengstl, Esq.
     Patrick J. Rengstl
     FL Bar No. 0581631

### CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

## SERVICE LIST

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Jose G. Sepulveda, Esq.**
**Samuel O. Patmore, Esq.**
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
Counsel for Defendants Ridgewood
Investments, Inc. and Kaushal Majmudar
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
(Via CM/ECF)

**Paul Vernon**
(Via Email)