UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

## RECEIVER'S UNOPPOSED MOTION FOR AUTHORITY TO LIQUIDATE PERSONALTY SECURED BY THE RECEIVER

James D. Sallah, Esq., not individually but solely in his capacity as the Court-appointed Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), by and through his undersigned counsel, hereby moves, on an unopposed basis, the Court for entry of an Order authorizing him to liquidate certain items of personalty that he has secured during the receivership proceeding, and states:

1. On January 13, 2016, Plaintiffs initiated this nationwide class action on behalf of themselves and on behalf of all others similarly situated against Defendants: (1) Project Investors, Inc. d/b/a Cryptsy, an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies; (2) Paul Vernon ("Vernon"), the founder and former CEO of Cryptsy; and (3) Lorie Ann Nettles ("Nettles"), Mr. Vernon's ex-wife, from whom he divorced shortly after this lawsuit was commenced. [DE 1].

2. Shortly after filing the Complaint, Plaintiffs moved the Court to appoint the Receiver to take over Cryptsy's operations and marshal its assets, because Vernon had fled the jurisdiction and there was an imminent threat that Defendants were dissipating and/or spiriting away assets. [DE 9].

3. On April 4, 2016, the Court granted Plaintiffs' Motion to Appoint Receiver and appointed the Receiver over Cryptsy. [DE 33]. Upon his appointment, the Receiver engaged the services of the undersigned as the Receiver's counsel and immediately began efforts to secure and marshal Cryptsy's assets.

4. As set forth in Paragraph 8 of the Receivership Order, the Receiver is empowered to, *inter alia*:

> *Use reasonable efforts to determine the nature, location and value of all property interests of Cryptsy, including, but not limited to, cryptocurrencies, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which Cryptsy owns, possesses, has a beneficial interest in, or controls directly or indirectly.*

5. On July 27, 2016, Plaintiffs filed a Motion for Class Certification [DE 59], which the Court granted on August 25, 2016 [DE 65]. In so doing, the Court also appointed Brandon Leidel and Michael Wilson as Class Representatives, and Marc A. Wites, Esq. and Wites & Kapetan, P.A., and Scott L. Silver, Esq., and David C. Silver, Esq. of Silver Law Group as Class Counsel. *Id.*

6. Among the items secured by the Receiver on behalf of the receivership estate and the Class is a collection of personalty found in (i) two storage units located in Delray Beach, Florida; (ii) the Infiniti QX60 previously used by Vernon; and (iii) the Delray property previously inhabited by Vernon and Nettles (collectively, the "Personalty"). An inventory of the Personalty is attached as Exhibit A.

7. It is my position that the items of Personalty were in all probability purchased with funds derived, and misappropriated, from Cryptsy and its account holders. First, Cryptsy was Vernon's source of income for a couple of years. Second, the storage units contained Vernon's girlfriend's and her child's household items, clothing and toys, which Vernon purchased with Cryptsy-derived funds when Vernon financed the relocation of his girlfriend and her child from China to Boca Raton.

8. The Receiver requests the authority to liquidate the Personalty and realize an appropriate value for the benefit of the Class and the receivership estate.

9. To be clear, the Receiver is excluding from the Personalty to be sold any and all computers, hard drives, servers, or other electronic data storage devices, as Paragraph 8(G) of the Receivership Order requires the Receiver to "*[t]ake such action as necessary and appropriate for the preservation of property of Cryptsy or to prevent the dissipation or concealment of property of Cryptsy*." To the extent the electronic data storage devices contain any information that would lead to additional recoveries for the Class and the receivership estate or would be necessary investigative tools to be used by federal authorities, the Receiver deems it more prudent to retain, rather than sell, those devices.

10. Regarding the sale of personalty of this nature, 28 U.S.C. § 2004 states that a receiver should follow the requirements of 28 U.S.C. § 2001 "unless the court orders otherwise." Specifically, 28 U.S.C. § 2001 requires, among other things, that: (1) three disinterested appraisers appraise the items sold; (2) the sale be at least two-thirds of the appraised value; (3) the terms of the sale be published in a newspaper of general circulation at least ten days before confirmation of the sale; and (4) no confirmation of the sale if a bona fide offer is made of at least 10 percent above the offered price.

11. Requiring the Receiver to retain three appraisers for the Personalty, to list the Personalty in a public newspaper before confirmation of the sale, and to field offers for the Personalty before it can be sold would be cost-prohibitive and undoubtedly defeat the entire purpose of the Receiver efficiently selling the Personalty. Therefore, the Receiver respectfully requests that he <u>not</u> be required to sell the above personalty in conformance with 28 U.S.C. § 2001 or 28 U.S.C. § 2004.[1]

12. Using his best efforts to realize an appropriate price for the Personalty, the Receiver has already received from professional auctioneer Martin Claire & Co. LLC an informal, preliminary estimate that values the Personalty at a small monetary value of, at most, a couple thousand dollars.

13. The Receiver submits that he will satisfy the essential spirt of 28 U.S.C. § 2001 and/or 28 U.S.C. § 2004 in maximizing a reasonable sales price using his discretion.

14. Based on the foregoing, the Receiver respectfully moves for authority to liquidate the Personalty using his discretion. The Receiver anticipates selling the Personalty at auction through Mr. Claire.

15. If any items of the Personalty have no value or cannot be sold, the Receiver requests authorization to donate the items to a charity of the Receiver's choice.

16. A proposed Order is attached hereto as Exhibit B.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order substantially similar to the proposed order attached hereto:

(a) Granting this Motion;

---

[1] This Court has permitted the Receiver to sell on several occasions in this case receivership property without having to comply with 28 U.S.C. § 2001 or 28 U.S.C. § 2004, including the Infiniti vehicle [DE 64, 66], the previously-secured digital coins [DE 70, 71, 103, 105], and the Tiffany ring [DE 121, 122].

(b)  Authorizing the Receiver to sell the Personalty using his discretion; and

(c)  Granting such other and further relief as may be just and proper.

## CERTIFICATION OF GOOD FAITH

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Plaintiffs and Defendant Lorie Ann Nettles have no objection to this Motion. Defendants Kaushal Majmudar and Ridgewood Investments, Inc. take no position. As of this filing, Defendant Paul Vernon has not appeared in this action and continues to refuse to cooperate with the Receiver.

Dated: August 1, 2017.                          Respectfully submitted,

**PATRICK J. RENGSTL, P.A.**
*Counsel for the Receiver*
7695 SW 104th Street, Suite 210
Miami, Florida 33156
Telephone: (305) 663-3333
Facsimile:   (305) 668-0003
pjr@rengstl-law.com

By: Patrick J. Rengstl, Esq.
    Patrick J. Rengstl
    FL Bar No. 0581631

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

## SERVICE LIST

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Jose G. Sepulveda, Esq.**
**Samuel O. Patmore, Esq.**
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Counsel for Defendants Ridgewood Investments, Inc. and Kaushal Majmudar
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
(Via CM/ECF)

**Paul Vernon**
(Via Email)