## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

      Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

      Defendants.

_____/

## NOTICE OF FILING RECEIVER'S SIXTH REPORT

James D. Sallah, Esq., not individually but solely in his capacity as the court-appointed

Receiver (the "Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), hereby

files his Sixth Report.

Dated: August 2, 2017

                                 Respectfully submitted,

                                 **PATRICK J. RENGSTL, P.A.**
*Counsel for the Receiver*
7695 SW 104th Street, Suite 210
Miami, Florida 33156
Telephone:    (305) 904-8980
Facsimile:    (305) 668-0003

By: Patrick J. Rengstl, Esq.
     Patrick J. Rengstl
     FL Bar No. 0581631

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s:/Patrick J. Rengstl
Patrick J. Rengstl, Esq.

## SERVICE LIST

**David C. Silver, Esq.**
Silver Law Group
Counsel for Plaintiffs
11780 West Sample Road
Coral Springs, FL 33065
(Via CM/ECF)

**Marc Wites, Esq.**
Wites & Kapetan, P.A.
Co-counsel for Plaintiffs
4400 N Federal Hwy
Lighthouse Point, FL 33064
(Via CM/ECF)

**Mark A. Levy, Esq.**
**George J. Taylor, Esq.**
Brinkley Morgan
Counsel for Defendant Lorie Ann Nettles
200 E Las Olas Blvd Ste 1900
Fort Lauderdale, FL 33301
(Via CM/ECF)

**Jose G. Sepulveda, Esq.**
**Samuel O. Patmore, Esq.**
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
Counsel for Defendants Ridgewood
Investments, Inc. and Kaushal Majmudar
Museum Tower, Suite 2200
150 West Flagler Street
Miami, FL 33130
(Via CM/ECF)

**Paul Vernon**
(Via Email)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:16-cv-80060-MARRA**

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

       Defendants.

_____/

## SIXTH REPORT OF RECEIVER JAMES D. SALLAH

       Pursuant to paragraph no. 39 of Section XVI of the Order Granting Plaintiffs' Renewed

Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant

Project Investors, Inc. d/b/a Cryptsy [DE 33] (the "Appointment Order") dated April 4, 2016,

James D. Sallah, not individually but solely in his capacity as the Court-appointed receiver (the

"Receiver") for Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy"), submits the following

Sixth Report.[1]

### I.      Introduction and Significant Receivership Accomplishments

       The purpose of this Sixth Report is to more specifically advise the Court, account holders,

and other interested persons as to the material actions that I have taken since my May 1, 2017 Fifth

---

[1] Pursuant to paragraph no. 39, the Appointment Order requires reports every three months.

1

Report [DE 106] during the last three months.[2]  Plaintiffs' counsel, my receivership team, and I have worked cooperatively together from the very start of the receivership proceeding to maximize assets and monetized recoveries for the benefit of the receivership estate and the Class.  I am pleased to report that many significant receivership tasks have been accomplished since my appointment approximately 16 months ago, such as:

i.     Confirming that Plaintiffs' allegations against Defendant Vernon are true, including that significant amounts of money and cryptocurrencies were missing and unaccounted for, and that account holders did not have access to their Cryptsy accounts;

ii.    Negotiating and signing a settlement agreement [DE 73-1, 77-1] with Defendant Nettles to deed over and to sell the Delray mansion previously purchased for approximately **$1.4 million**, which was the subject of a receivership motion to approve that was filed and granted [DE 77, 84];

iii.   Securing a buyer for the Delray mansion, recently moving to confirm the sale [DE 112] (which the Court granted [DE 116]), and closing on the sale of the mansion on July 7, 2017 for **$1,150,000**[3];

iv.    Securing **hundreds of thousands of dollars**[4] of different types of coins from Cryptsy's wallets on Cryptsy's servers and from at least one currency exchange (Bittrex);

---

[2]  As a matter of background and as a reminder to the Court, this proceeding is a class action lawsuit by Cryptsy cryptocurrency account holders who had an account with Cryptsy.  Cryptsy was an online business for the public to exchange, invest, and trade digital cryptocurrencies.  The Plaintiffs, class  representatives of Cryptsy account holders, have alleged, among other things, that (1) Cryptsy's principal, Defendant Paul Vernon, previously shut down Cryptsy's operations and fled to China; (2) at least $5 million of account-holder funds and cryptocurrencies have been missing and unaccounted for many months; (3) account holders have been unable to access and use their Cryptsy accounts; and (4) Vernon and his now ex-wife, Defendant Lorie Ann Nettles, purchased in March 2015 a luxurious home in Delray Beach for $1,374,881 in cash from Cryptsy-derived funds and Nettles received the property in her divorce settlement from Vernon. Given these allegations (and others), Plaintiffs moved for the appointment of a corporate monitor or receiver [DE 18], which the Court granted and appointed me as Receiver in the Appointment Order on April 4, 2016.

[3]  The market value of the property decreased since its purchase a few years ago.

[4]  The value of digital coins fluctuates daily and the market for these coins is, generally speaking, volatile.

2

v.       Filing a motion to liquidate several types of coins that are solely high liquidity coins [DE 70], which the Court granted [DE 71]; **more than $330,000** was recovered and deposited in the receivership estate account from this liquidation without material consequences to each coin's market value;

vi.      Filing a motion to sell to three private buyers all remaining coins (the medium to low liquidity coins) [DE 103], which the Court granted [DE 105]; **$49,500** was recovered and deposited in the receivership estate account from these sales;

vii.     Negotiating and signing a settlement agreement with Defendant Nettles to, upon Court-approval, sell a Tiffany diamond ring previously purchased for over **$104,000**;

viii.    Securing a buyer for the Tiffany ring (which was Tiffany & Co.), recently moving for approval of the sale [DE 121] (which the Court granted [DE 122]), and effectuating the sale for **$45,000**[5];

ix.      Negotiating and signing a settlement agreement with newly-added Defendants Kaushal Majmudar and his company Ridgewood Investments, Inc. for **$220,000** [DE 96];

x.       Filing a motion to sell the secured Infiniti QX60 [DE 64], which the Court granted [DE 66] and I sold for **$26,000.00**;

xi.      Confirming that Vernon opened a personal Coinbase account in which it appears that he converted and misappropriated over $3.3 million in customer-derived coins that he converted into currency and deposited into his personal joint bank account;

xii.     Investigating, making demand on and/or suing potential targets, including Coinbase, Inc., for purposes of ancillary receivership or class litigation for the benefit of Cryptsy's account holders;

xiii.    Securing known servers and computerized files, thereby preserving as much as possible remaining electronic data for the duration of this proceeding and other potential proceedings. I transferred remaining files and computer data from prior Vernon-controlled storage units to receivership-controlled storage units for preservation of records; and

---

[5]   The value was less than the original purchase price because the ring was used, and thus significantly depreciated in value after the initial sale.

xiv.   Assisting Plaintiffs' counsel in the development of a plan of allocation and distribution procedure for the benefit of the Class of Cryptsy's account holders who are deemed legitimate claimants as a result of the Settlement Agreements and non-settlement recoveries of assets, such as the various coins secured; the Court preliminarily and recently granted final approval of the settlements as to the Class [DE 118].

## II.   Receivership Assets

### A.   The Delray Mansion

Nettles and Vernon (her husband at that time) purchased the property located at 16832 Charles River Drive, Delray Beach, Florida 33446 in March 2015 for $1,374,881 in cash.  Nettles received the property from Vernon in their divorce settlement in early 2016.  The property was fully purchased with coins/funds misappropriated by Vernon from Cryptsy and its account holders.  I forensically and cryptographically traced the source of a vast majority of the coins converted through Vernon's personal Coinbase account back to Cryptsy wallets and its account holders, meaning that the source of funds to purchase the Delray mansion were the coins in Cryptsy's wallets, thus rendering the property a receivership asset for the benefit of Cryptsy's account holders.

As stated in prior filings, the parties agreed at mediation[6] to settle the receivership's and Plaintiffs' interests in the Delray mansion, the future sale of which is anticipated to generate more than $1 million in net sales proceeds for the benefit of Cryptsy's victims/the Class.[7]

---

[6]   The mediator was retired Circuit Court Judge, the Honorable Howard Tescher, who has significant experience mediating receivership matters in Florida and around the Country.  The resolution as to the receivership was pre-suit, meaning a large amount of receivership fees and expenses have been saved as a result of the settlement now, rather than later after significant litigation (and the resulting significant expenses).  Finally, the resolution avoided, naturally, the risk inherent in all litigation.  Given these circumstances, the resolution was a huge success for the receivership and the Class.

[7]   My interest and Plaintiffs' interest were aligned because the property would ultimately be monetized for the benefit of Cryptsy's victims/account holders – *i.e.*, the Class

I filed a receivership motion to approve the Nettles' settlement, which the Court granted [DE 77, 84].[8]  I also drafted a receivership deed to take ownership of the property, which Nettles signed and was recorded in public records.

I hired a realtor with prior experience in marketing and selling receivership properties for the purpose of marketing and selling the subject property.  I also hired three appraisers to independently appraise the value of the property and have received the three appraisal reports.  The appraisals were necessary for my motion for confirmation of the proposed sale to a buyer and complying with the federal receivership statute on selling receivership property (28 U.S.C. § 2001).

As of my last Fifth Report, the property was on the market with a list price of $1,375,000.[9]  Shortly after the Fifth Report, the property went under contract with an "all cash" buyer for $1,150,000.  I complied with the requirements of 28 U.S.C. § 2001, including publishing notice of the intended sale in the *Palm Beach Post* for four consecutive weeks, for purposes of a potential overbid (there was none).  I also filed a motion to confirm the proposed sale [DE 112], which the Court granted [DE 116].  I closed on the sale of the property on July 7, 2017.  The net proceeds

---

[8]  Through the date of closing the sale of the property, Nettles agreed to continue to maintain the property, and to be responsible and pay for all expenses to maintain the property, including, but not limited to, real estate taxes, adequate homeowner's and hurricane insurances, homeowner's association fees, pool care, lawn and landscaping, and all other expenses for maintaining the property.

[9]  In order to maximize a sale as soon as possible, I reduced the list price.  The surrounding area has many homes, including brand new developer homes, for sale, which naturally increased the supply of homes currently on the market and consequently increased the time to market the property.

(*i.e.*, less seller's closing costs and less the proceeds going to Nettles from the settlement[10]) was $832,830.05 for the benefit of Cryptsy's victims/the Class.

### B.  The Tiffany Ring

In addition to the Delray mansion, Nettles turned over to me a Tiffany diamond ring purchased by Vernon for over $104,000 (in cash) that was derived from Cryptsy wallets of coins/funds.  I was holding the ring in escrow until final approval of Plaintiffs' motion for approval of the Nettles Settlement Agreement.  That hearing took place on June 2, 2017, as discussed in Section III, *infra*, and the Court granted final approval [DE 118].  Given the Court's final approval, I marketed the ring, found potential buyers, and filed a motion to approve the sale to the highest bidder (which was Tiffany & Co.) for $45,000 [DE 121], which the Court granted [DE 122].

### C.  Storage Items

As stated in prior filings, I moved to compel Public Storage to provide immediate access to the storage units – even if they are in Vernon's name – to inspect, inventory and determine what is (and what is not) subject to the receivership [DE 56].  The Court thereafter granted the motion [DE 57].  I promptly coordinated a date and time for accessing and inspecting the storage units with Public Storage's in-house counsel, who cooperated and complied.  I also requested and received from Public Storage relevant documents regarding the storage units.

On July 14, 2016, Mr. Carey (my deputy receiver and receivership consultant), my team and law enforcement accessed three – as opposed to two – storage units at Public Storage associated with Cryptsy and/or Vernon.  New locks were placed on the units to prevent theft.

---

[10]  Nettles was due $250,000 from the sale proceeds, less unpaid and prorated taxes and unpaid and prorated HOA dues.  The net amount to Nettles was $217,225.21.

In the storage units were numerous computer servers, computers, hard drives, thumb drives, boxes of business documents, a gold/diamond ring, high-end women's clothing, household furnishings, and furniture.  The secured computer and electronic equipment were imaged and forensically analyzed to the extent possible.  From the office items in storage compared to the office items I understand Cryptsy had, it appears that a large amount of Cryptsy office equipment and furniture were disposed of pre-receivership by Vernon.  This is also consistent with reports from third parties.

It is my position that the items secured in the storage units are receivership property.  For example, the storage units contained Vernon's girlfriend's household items and clothing, but most – if not all – of those items were purchased with funds derived, and misappropriated, from Cryptsy and its account holders.  Vernon had relocated his girlfriend from China to Boca Raton and financed, again with Cryptsy-derived money, her life in South Florida.

I recently filed a motion regarding the disposition of the secured personal property from, among other places, the storage units [DE 124].[11]  This will also reduce expenses to the receivership estate, because I will be able to cancel rental of the storage units.

### III.    Class Procedures, Including Claims Procedure

Plaintiffs filed a motion for approval of the Nettles' Settlement Agreement as to the proposed class protocols and procedures [DE 73], which the Court preliminarily granted [DE 74].  Plaintiffs then targeted and settled at a pre-suit mediation with Ridgewood Investments, Inc. ("Ridgewood") and Kaushal ("Ken") Majmudar ("KM"), the settlement of which is further discussed in Section IV.A, *infra*.

---

[11]  The computer and electronic equipment will continue to be held by me and/or turned over to the appropriate authorities.

Plaintiffs filed a motion for preliminary approval of the Ridgewood Settlement Agreement [DE 96], which sought to combine the class action settlement approval process for both the Nettles Settlement Agreement and the Ridgewood Settlement Agreement. The Court preliminarily granted it [DE 100], which effectively allows for the Final Approval (or Fairness) Hearing as to both Settlement Agreements to occur on the same date. The preliminary approval also approved the proposed notice to claimants that addresses both the Nettles and Ridgewood settlements. The Court set the date for the Final Approval Hearing as to the Nettles and Ridgewood Settlement Agreements for June 2, 2017, at 10 a.m. Plaintiffs also filed a motion for approval of manner of notice and claim form [DE 101], which the Court granted [DE 102]. Finally, in anticipation of the Final Approval Hearing, Plaintiffs filed a motion for final approval of the Settlement Agreements [DE 110].

The claims procedure, as well as several other class-related protocols and procedures, including the plan of allocation/distribution, notice form, claim form, objection/appeal periods, payment of fees and expenses, etc., were expressly listed and incorporated as part of the Settlement Agreements because the underlying case is a class action lawsuit, in which such protocols and procedures are expressly incorporated in class settlement agreements. In summary, the claims procedure will repay approved claimants a pro rata distribution amount based on the monetized value of their coin holdings at Cryptsy as of November 1, 2015 to the present.

To minimize and essentially eliminate significant estimated receivership fees in a class claims procedure, Plaintiffs' counsel selected Angeion Group (www.angeiongroup.com), which provided the most competitive quote, as the claims administrator for this proceeding. Angeion Group is taking the lead in the claims procedure, including sending notices to potential claimants (which were recently sent out) and reviewing and approving or rejecting claim forms. The cost

savings through a claims administrator in this class action context should be significant for the victims' benefit. There is also a separate claims/settlement website (www.cryptsysettlement.com) and a toll-free phone number (1-888-868-4936) through the claims administrator to facilitate the claims procedure. A copy of the most recent "home" page of the claims/settlement website (www.cryptsysettlement.com) is attached as Exhibit A for the Court's easy reference. The receivership website (www.cryptsyreceivership.com) has also continued to be updated regarding the claims procedure.

Some prior important dates for potential claimants were:

**April 17, 2017** – Deadline to Request Exclusion (must be postmarked);

**May 3, 2017** – Deadline to Object (must be postmarked);

**May 17, 2017** – Deadline to Submit a Claim Form (must be submitted online or postmarked); and

**June 2, 2017, at 10 a.m.** – Final Approval/Fairness Hearing.

Because the Court entered the Order of final approval, the settlement terms have become fully effective in the class context. In granting final approval, the Court has authorized me and Class Counsel to complete the liquidation of assets that comprise the settlement fund. This should be complete by the fourth quarter of this year. Once this process is complete, the parties will file a motion that provides the results of this process and seeks the Court's authorization to disburse the settlement fund in accordance with the Settlement Agreements.

At the same time, the Claims Administrator and Class Counsel are reviewing the claims submitted by the settlement class members. The Claims Administrator and Class Counsel expect to start distributing the settlement fund in the first quarter of 2018.

IV.     **Receivership and Class Targets**

Plaintiffs and I, through my special receivership litigation counsel, have evaluated and continue to evaluate individuals and entities that bear responsibility for the Cryptsy debacle, as well as those who improperly received money or assets derived from Cryptsy, for the benefit of the account holders.

### A.  Kaushal ("Ken") Majmudar and Ridgewood Investments, Inc.

On November 17, 2016, Plaintiffs and I attended a second mediation before Judge Howard Tescher (ret.) with two parties that Plaintiffs intended to add, but had not yet added, to the case, *to wit*: Ridgewood Investments, Inc. ("Ridgewood") and Kaushal ("Ken") Majmudar ("KM").  At the mediation, the parties reached a settlement to resolve the claims of Plaintiffs and the Class, and the Receiver, against Ridgewood and KM.  That agreement was subsequently documented by the Ridgewood Settlement Agreement. The Ridgewood Settlement Agreement serves to add an additional $220,000.00 to the settlement fund initially established through the Nettles Settlement Agreement.

The Ridgewood Settlement Agreement has been fully executed, with the last signatory signing the document on January 4, 2017.  Pursuant to Section III(B) of the Ridgewood Settlement Agreement, Plaintiffs filed a motion for leave to file the second amended complaint [DE 89], which the Court granted [DE 90].  The Second Amended Complaint names Ridgewood and KM as defendants, and adds one additional count for unjust enrichment which is pled against only Ridgewood and KM.

In the Ridgewood Settlement Agreement, Ridgewood and KM consented to the filing of the Second Amended Complaint, which Plaintiffs have filed [DE 91, 94].  As detailed in the Ridgewood Settlement Agreement, upon the entry of the Court's Order granting the motion for

leave (which occurred), Plaintiffs would file and, indeed, have filed a motion for preliminary approval of the Ridgewood Settlement Agreement [DE 96], which sought to combine the class action settlement approval process for both the Nettles Settlement Agreement and the Ridgewood Settlement Agreement. The Court preliminarily approved the Ridgewood Settlement Agreement [DE 100], which therefore, among other things, combined the class action settlement approval process for both the Nettles and the Ridgewood Settlement Agreements and set the date for the Final Approval Hearing as to both settlements for June 2, 2017, at 10 a.m., which, as stated above, the Court granted [DE 118].

### B. Coinbase, Inc.

On December 13, 2016, Plaintiffs and I, through my special receivership counsel, filed a federal nationwide class action lawsuit in the United States District Court for the Southern District of Florida (Case No. 9:16-cv-81992) against Coinbase, Inc., a Delaware corporation doing business as Global Digital Asset Exchange ("Coinbase"). Coinbase operates an online business for general consumers and the public to exchange, invest, and trade in digital cryptocurrencies. The Complaint seeks damages based upon Coinbase's alleged failure to properly monitor customer accounts that held investors' money and for allegedly ignoring its duty to investigate suspicious activities under U.S. anti-money laundering rules. From 2014 through 2016, Cryptsy and Vernon transferred enough Bitcoin through Coinbase (approximately $8,300,000.00 USD) to rank among Coinbase's top liquidators of Bitcoin. As alleged in the Complaint, the $8.3M worth of Bitcoin liquidated by Coinbase were not the product of legitimately generated revenues. Instead, those Bitcoin were stolen from Cryptsy users in a long-running fraudulent scheme.

On March 2, 2017, Coinbase and I, in my capacity as Receiver, agreed that Cryptsy should dismiss its claims without prejudice so that I, in my capacity as Receiver, can instead pursue those

11

claims against Coinbase in arbitration.  The claims asserted by the putative class of plaintiffs in that action remain unaffected by the decision to shift Cryptsy's claims to an arbitral forum.

On June 1, 2017, the Court denied Coinbase's request to compel the putative class to resolve in arbitration its claims against Coinbase, ruling instead that the matter should be resolved in a public forum in which the putative class is afforded all measures of document and information discovery provided by the Federal Rules of Civil Procedure.  Coinbase has appealed that ruling, and the putative class' claims against Coinbase are temporarily stayed while the matter is on appeal.

### C.  Other Targets

Plaintiffs and I will continue to evaluate those that bear responsibility for the Cryptsy debacle, as well as those who improperly received money or assets derived from Cryptsy, for the benefit of the account holders.  Plaintiffs and I will also continue to make the appropriate pre-suit demands and/or file the appropriate lawsuits for the benefit of the account holders.

### V.      Receivership Website

My team and I continue to correspond and speak with account holders, who are estimated to number in the tens of thousands, and continue to update the receivership website with relevant filings and other material information at www.cryptsyreceivership.com.  The website informs account holders regarding important updates, relevant court filings (such as reports and motions affecting account holders), and the general progress of the receivership proceeding.  The website also has a registration link for account holders to complete, so I can keep track of their names, contact information, investment history and other relevant information to provide to Plaintiffs' counsel and the claims administrator for the claims procedure.  The website is the best way for me to communicate with the many account holders who lost money.  As stated above, the receivership

website has posted and will continue to post updates on the claims procedure and will direct inquiries to the claims administrator.

**VI.      Conclusion**

I will continue with my receivership efforts, including my overall investigation; assisting in the class procedures; investigating, making demand on, and/or suing appropriate third parties; and communicating with and updating account holders.

I will supplement this Report with my Seventh Report three months from now.

_____
James D. Sallah,
Receiver

Dated: August 2, 2017

13

# Cryptsy Cryptocurrency Settlement

Case No.: 9:16-cv-80060

HOME / SUBMIT A CLAIM / IMPORTANT DOCUMENTS / FAQS / CONTACT US

**Cryptsy Class Action Settlement Update:**

On June 2, 2017, the Court granted final approval to the class action settlement. A copy of the Order approving the settlement is posted on this website. In granting final approval, the Court has authorized the Court-Appointed Receiver and Class Counsel to complete the liquidation of assets that comprise the settlement fund. We expect this process to be complete by the fourth quarter, 2017. Once this process is complete, the parties must file with the Court a motion that provides the results of this process and seeks the Court's authorization to disburse the Settlement Fund in accordance with the Class Action Settlement Agreements.

At the same time, the Claims Administrator and Class Counsel are reviewing the claims submitted by Settlement Class Members.

We expect to start distributing the Settlement Fund in the first quarter, 2018. If this changes, we will post additional updates here.

If you are a CRYPTSY account holder and are unable to access your CRYPTOCURRENCY, you could get money from two different class action settlements, and an ongoing class action lawsuit may affect your rights. PLEASE READ THE <u>NOTICE</u> CAREFULLY.

Important Dates

**April 17, 2017** - Deadline to Request Exclusion (must be postmarked by this date)

**May 3, 2017** - Deadline to Object (must be postmarked by this date)

Exhibit A

**May 17, 2017** - Deadline to submit a Claim Form (must be submitted online by or postmarked by this date)

**June 2, 2017 at 10:00 A.M.** - Fairness Hearing

## OVERVIEW

The **Notice** describes two partial settlements of a lawsuit and how you can get money from those settlements or exclude yourself from one or both of them. The **Notice** also describes the portion of the lawsuit that is continuing and how you can continue in that lawsuit or exclude yourself from that lawsuit.

## BACKGROUND

On August 25, 2016, the Honorable Kenneth A. Marra of the United States District Court for the Southern District of Florida entered an order certifying a class of Cryptsy account holders who are unable to access their cryptocurrency in a class action lawsuit.

The class action lawsuit claims that:

(1) Defendant Project Investors, Inc. d/b/a Cryptsy ("Cryptsy") and Paul Vernon ("Vernon") stole and converted for their own use the cryptocurrencies of the Cryptsy account holders;

(2) Defendant Lori Ann Nettles ("Nettles") was unjustly enriched as a result of assets that she received that were purchased with the proceeds of cryptocurrency taken from the Cryptsy account holders during her marriage to, and in her divorce from, Vernon; and

(3) Defendants Ridgewood Investments, Inc. ("Ridgewood") and Kaushal Majmudar ("KM") were unjustly enriched as a result of consulting fees they received from Cryptsy.

On April 24, 2016, the Court also appointed James D. Sallah, not individually but solely in his capacity as the Court-appointed Receiver, to act as the Receiver in this matter. The Receiver took control of Cryptsy, and worked with the lawyers for the plaintiffs in this class action to recover monies and assets for the Cryptsy account holders, which are part of the Settlements.

Certain of the defendants have settled, and the litigation is proceeding against the remaining defendants. **The purpose of the notice is to advise you of your rights with respect to (A) the settlement with certain defendants and (B) the continuing litigation against the remaining defendants.**

If you are a Class Member, you have a right to participate in the settlements, and you have a right to participate as a class member in the continuing lawsuit against the remaining defendants. You do not have to choose between the settlement and the continuing litigation, and your rights with respect to each are independent.

This is not a lawsuit against you. Your participation in this lawsuit or acceptance of money from either or both of the settlements will not affect your employment status or compensation in any way.

Please read the **Notice** carefully. **The Notice explains your legal rights and options—and the deadlines to exercise them.** Your legal rights will be affected whether you act or don't act, and you have choices to make now.

The **Notice** is divided into two parts: The first part discusses the proposed settlement with certain defendants; the second part discusses the continuing litigation against the remaining defendants. Please read both parts of the Notice carefully.

The Settlement with Certain Defendants

Two settlements, (1) a settlement with Defendant Nettles, and (2) a settlement with Defendants Ridgewood and KM (Ridgewood and KM are referred to collectively herein as Ridgewood), have been reached in partial settlement of the class action lawsuit. Nettles and Ridgewood deny that they violated any laws or engaged in any wrongdoing. For purposes of this notice, Nettles and Ridgewood are referred to collectively as the "Settling Defendants."

**You are a Class Member if you are a Cryptsy account owner who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and are unable to access your cryptocurrency. Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families.**

The Court in charge of this case still has to approve the settlements with the Settling Defendants. Payments will be made if the Court approves the settlements and orders that the settlement funds be distributed, and if any appeals of the Court's approval of these settlements are resolved in Plaintiffs' favor. Please be patient.

All references are to "settlements" in the plural. However, understand that the two settlements are independent and separate. The Court may approve one or both of the two settlements. Moreover, you may opt out of, comment on, or object to one or both settlements.

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE SETTLING DEFENDANTS

| | |
|---|---|
| DO NOTHING | **Get no payment from the Settling Defendants.** Give up your rights to ever recover from the Settling Defendants for the legal claims in this case if the settlements are approved. |
| | You will remain a Class Member in the lawsuit against Cryptsy and Vernon, which are referred to collectively as the "Non-Settling Defendants," and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement. |
| EXCLUDE YOURSELF FROM EITHER OR BOTH OF THE SETTLEMENTS | **Get no payment from the settlements.** This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Settling Defendants. You may exclude yourself from one or both settlements. |
| | Even if you exclude yourself from one or both of the settlements, you will remain in the Class for purposes of the continuing lawsuit against the Non-Settling Defendants and will be bound by the outcome unless you submit a written exclusion request. |
| | Click **here** for more information about excluding yourself. |
| SUBMIT A CLAIM FORM FOR YOUR SHARES OF THE SETTLEMENTS | **The only way to receive money from the settlements when the funds are distributed is by submitting a claim form by May 17, 2017.** |
| | Click **here** to submit your Claim online or click **here** to download a Claim Form. |

| OBJECT TO OR COMMENT ON THE SETTLEMENTS | **Write to the Court about why you like or do not like the settlements by no later than May 3, 2017.** You may also ask to speak to the Court about your written comments or objections about the fairness of either or both of the settlements at the "Fairness Hearing" on **June 2, 2017**, though you do not have to do so. To comment on or object to either or both settlements and request to speak at the "Fairness Hearing," you must act before **May 3, 2017**. <br><br> Click **here** for more information about objecting to the settlement. |
|---|---|
| GO TO THE COURT'S FAIRNESS HEARING ABOUT THE SETTLEMENTS | If you would like, you may ask to speak in Court about the fairness of one or both of the settlements. You do not need to speak to the Court to receive benefits under the settlements. <br><br> Click **here** for instructions about speaking at the hearing. |

### The Continuing Litigation Against the Non-Settling Defendants

The lawsuit is continuing against Cryptsy and Vernon, which are referred to as the "Non-Settling Defendants."

You are a Class Member if you are a Cryptsy account owner who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at Cryptsy as of November 1, 2015, through June 2, 2017, and are unable to access your crypto currency. Excluded from the Class are all employees of Cryptsy, including its shareholders, officers and directors and members of their immediate families.

**The outcome of the class action lawsuit against the Non-Settling Defendants is not yet known. The Non-Settling Defendants have failed and refused to respond to the lawsuit, the Court has entered a default against them, and Vernon has fled to China. Thus, it may be unlikely that any additional cryptocurrency or monies will be obtained from the Non-Settling Defendants. You will be notified if money or benefits are obtained from any of the Non-Settling Defendants through settlements or trial. Please be patient.**

You have the right to exclude yourself from the continuing lawsuit against the Non-Settling Defendants. If you choose to do so, you must exercise your right by **April 17, 2017**. Instructions on how to opt out are set forth in response to Question 21. You can receive the benefits of one or both of the settlements with the Settling Defendants even if you opt-out of the continuing lawsuit against the Non-Settling Defendants.

This Class Action is separate and distinct from the class action lawsuit filed on December 13, 2016 against **COINBASE, INC.**, in which Plaintiffs and the Receiver in this Class Action are attempting to recover additional monies for the same class certified by the Court in this Action. **Accordingly, your rights or claims in the Coinbase Class Action will not be impacted by this Action.**

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS WITH RESPECT TO THE NON-SETTLING DEFENDANTS

| DO NOTHING | If you do nothing, you will remain a Class Member in the lawsuit against the Non-Settling Defendants and retain the possibility of getting money or other benefits from the Non-Settling Defendants that may come from trial or settlement. By remaining in the Class, you will be bound by the outcome of the continuing lawsuit with the Non-Settling Defendants and will give up your |
|---|---|

|  | right to file your own lawsuit. There is no money available now from Cryptsy or Vernon, and no guarantee that there will be. The outcome of the continuing class action lawsuit against these Non-Settling Defendants is not yet known. If additional money or benefits are obtained from the Non-Settling Defendants, you will be notified again. |
| --- | --- |
| EXCLUDE YOURSELF FROM THE ONGOING LAWSUIT | **If you exclude yourself from the ongoing lawsuit, you will receive no payment from any Non-Settling Defendants even if any monies are collected as the result of a trial or settlement, but you will retain the right to file your own lawsuit.** You will remain in the Class on whose behalf the lawsuit will continue against the Non-Settling Defendants unless you submit a written request to exclude yourself from it as described in the response to Question 21. You must submit a timely written request to exclude yourself from the Class, if you wish to do so, by **April 17, 2017**. This is the only way that you can file your own lawsuit or ever be part of any other lawsuit about the legal claims in this case against any of the Non-Settling Defendants. |

## Detailed Information

The above is a summary of the lawsuits against the Settling and Non-Settling Defendants. The **Notice** is designed to provide more information to help you evaluate your options and answer any questions that you may have.

## GETTING MORE INFORMATION

• Visit the Receivership website at www.cryptsyreceivership.com

• Visit the Public Access to Court Electronic Records ("PACER") website: www.pacer.gov to review the Settlement Agreements by clicking on the "Find a Case" option and searching by Case Number for 9:16-cv-80060

• Contact Co-Lead Class Counsel at:

Marc A. Wites
Wites & Kapetan, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
(954) 570-8989

• Contact the Claims Administrator at:

Cryptsy Cryptocurrency Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103
Email: info@cryptsysettlement.com
Toll-Free: 1-888-868-4936
Facsimile: 1-215-525-0209

**PLEASE DO NOT CONTACT THE COURT. YOU SHOULD DIRECT ANY QUESTIONS YOU MAY HAVE TO THE NOTICE AND CLAIMS ADMINISTRATOR AND/OR TO PLAINTIFFS' COUNSEL.**
You may also seek the advice and counsel of your own attorney at your own expense, if you desire.

Copyright © 2017

Privacy Policy