UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC.,
d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

## PLAINTIFFS' UNOPPOSED MOTION TO DISTRIBUTE SETTLEMENT FUNDS

Plaintiffs Brandon Leidel and Michael Wilson, individually, and on behalf of all others similarly situated members of the Certified Class ("Plaintiffs") hereby file this Unopposed Motion to Distribute Settlement Funds and state as follows:

1. On June 13, 2017, this Court entered its Final Order Approving Settlement, Approving Proposed Allocation of Settlement Funds, Approving Class Counsel's Application for Attorney's Fees, Expenses and Incentive Awards for Class Representatives, and Final Judgment ("Final Approval Order"). Docket Entry Number ["D.E."] 118.

2. The Court's Final Approval Order provided that "[t]he Court will enter a separate order regarding the amount of Class Counsel's attorney's fees, as well as the distribution of the Net Settlement Fund, after the Receiver and Class Counsel complete the liquidation and sale of all assets that comprise the Settlement Fund. Such orders shall in no way disturb or affect this

Class Judgment and shall be considered separate from this Class Judgment." Final Approval Order at p. 16, ¶24. In the Motion for Final Approval (D.E. 110) that preceded the Final Approval Order, Plaintiffs requested "that the Court refrain from entering an Order that directs the distribution of any monies to the Class, Class Representatives, Class Counsel, or the Receiver, at this time because, as set forth in detail below, they are still in the process of liquidating the assets that comprise the Settlement Fund." (D.E. 110 at p. 20).

3.   The parties have since completed the liquidation and sale of all assets that comprise the Settlement Fund. As a result, Plaintiffs' Counsel are now able to report to the Court that the total Settlement Fund is $1,512,505.56, which includes the following:

| Asset/Item | Amount |
| --- | --- |
| Recovery of balance of legal fee retainer paid by Cryptsy to Gunster, Yoakley & Stewart, P.A. | $5,024.66 |
| All monies received from the sale of the cryptocurrency marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). | $381,940.82 |
| All monies received from the sale of an Infiniti QX60, as detailed in the Receiver's Motion for Authority to Liquidate Infiniti QX60 (*see* D.E. 64). | $26,000.00 |
| Contribution by Defendant Ridgewood in resolution of claims. Ridgewood Settlement Agreement at Section III. | $220,000.00 |
| Real Property obtained from Defendant Nettles. Nettles Settlement Agreement at Sections II(A)(2) and III(B)-(I). | $832,830.05 |
| A Diamond Ring obtained from Defendant Nettles. Nettles Settlement Agreement at Sections II(A)(1) and III. | $45,000.00 |
| All monies received from the sale of personal property marshalled by the Receiver and as initially described in Second Report of Receiver James D. Sallah (D.E. 60). | $1,710.00 |
| **TOTAL SETTLEMENT FUND** | **$1,512,505.53** |

4. Plaintiffs request that the Court authorize Plaintiffs' Counsel to distribute the Settlement Fund in according with the parties Settlement Agreements' Plan of Allocation and this Court's Final Approval Order. As set forth therein, the distribution will be as follows:

| DESCRIPTION | AMOUNT |
|---|---|
| Settlement Fund | $1,512,505.53 |
| Class Counsel's Attorney's Fees (33.33% of the Settlement Fund, less the amount of attorney's fees that will have been paid to the Receiver through the conclusion of this matter,[1] which is ($1,512,505.53 x 33.33%) – ($168,056.17) = $336,061.92 | $336,061.92 |
| Class Counsel's Expenses | $20,250.85 |
| Receiver's Final Submission for Attorney's Fees (to be filed by Receiver) | $46,247.67 |
| Receivership Expenses, including advertisement, appraisal fees, computer forensics, storage, etc.[2] | $103,035.73 |
| Expense Reserve for professional accountant fees to be incurred by Receiver to prepare Receivership estate's tax filings | $25,000.00 |
| Notice and Claims Administration Expenses to be Paid to Angeion Group | $61,313.72 |
| **NET SETTLEMENT FUND** for Distribution to the Settlement Class | $920,595.64 |
| **EXPECTED BALANCE** | **$0.00** |

5. While the value of the valid claims exceeds the Net Settlement Fund, and thus have been reduced pro rata as provided in the respective Settlement Agreements, it is possible

---

[1] This amount includes all attorneys' fees for which this Court has authorized payment to the Receiver and his counsel to date (which totals $121,808.50), as well as such amounts the Receiver and his counsel will seek in their final submission for fees, which will total $168,056.17 (*i.e.,* $121,808.50 + $46,247.67 = $168,056.17).

[2] Nearly all of the receivership expenses were administrative expenses paid pursuant to the Receiver's previously-granted, self-executing authority under the receivership Appointment Order (D.E. 33). The receivership's legal expenses are the only expenses that the Receiver has sought and will seek authority to pay in his fee applications (which total less than 2% of the above total expense amount).

that a small amount of monies may remain in the Net Settlement Fund in the event that the total cost to facilitate the distribution (*i.e.,* for postage and mailing) is less than expected. In such event, the parties will notify the Court and seek appropriate authorization to donate such monies to a charity as provided in the respective Settlement Agreements at Section II(C)(5).

6. <u>Local Rule 7.1(a)(3) Certification</u>: Prior to filing the instant Motion, Class counsel conferred with The Receiver, and Defendants Lorie Ann Nettles, Ridgewood Investments, Inc., and Kaushal Majmudar (collectively, the "Settling Defendants."). The undersigned has been authorized to represent that The Receiver consents to the relief sought herein and The Settling Defendants do not oppose the relief sought herein.

**WHEREFORE,** Plaintiff respectfully requests that the Court authorize the distribution of the Settlement Funds as set forth herein.

Respectfully submitted,

**/s/ Marc A. Wites**
MARC A. WITES
Florida Bar No. 24783
E-mail: mwites@wklawyers.com
WITES & KAPETAN, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone: (954) 570-8989/Fax: (954) 354-0205
**Attorneys for Plaintiffs and the Class**

- and -

SILVER LAW GROUP
11780 W. Sample Road
Coral Springs, Florida 33065
Phone: (954) 755-4799/Fax: (954) 755-4684
By: **/s/ David C. Silver**
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631

                                        E-mail: SSilver@silverlaw.com
                                        JASON S. MILLER
                                        Florida Bar No. 072206
                                        E-mail: JMiller@silverlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 28th day of August, 2017, using the CM/ECF system, and that a true and correct copy will be served in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures to: **PROJECT INVESTORS, INC. d/b/a Cryptsy c/o Paul Vernon, President and Registered Agent**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: support@cryptsy.com**; PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com; **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; **PATRICK J. RENGSTL, ESQ**., PATRICK J. RENGSTL, P.A., *Counsel for the Receiver*, 7695 SW 104th Street - Suite 210, Miami, FL 33156; E-mail: pjr@rengstl-law.com; and **JOSE G. SEPULVEDA, ESQ.**, STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., *Counsel for Defendants Ridgewood Investments, Inc., and Kaushal Majmudar*, 150 W. Flagler Street, Suite 2200, Miami, FL 33130; E-mail: JSepulveda@stearnsweaver.com.

                                                  */s/ Marc A. Wites*
                                                  Marc A. Wites