UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of all others similarly
situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC.,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO DISTRIBUTE SETTLEMENT FUNDS

THIS CAUSE comes before the Court pursuant to Plaintiffs' Unopposed Motion to Distribute Settlement Funds (the "Motion") [DE 127]. The Court has considered the Motion, and is otherwise fully advised in the premises.

On June 13, 2017, this Court entered its Final Order Approving Settlement, Approving Proposed Allocation of Settlement Funds, Approving Class Counsel's Application for Attorney's Fees, Expenses and Incentive Awards for Class Representatives, and Final Judgment ("Final Approval Order") [DE 118].

The Court's Final Approval Order provided that "[t]he Court will enter a separate order regarding the amount of Class Counsel's attorney's fees, as well as the distribution of the Net

Settlement Fund, after the Receiver and Class Counsel complete the liquidation and sale of all assets that comprise the Settlement Fund. Such orders shall in no way disturb or affect this Class Judgment and shall be considered separate from this Class Judgment." Final Approval Order at p. 16, ¶24. In the Motion for Final Approval [DE 110] that preceded the Final Approval Order, Plaintiffs requested "that the Court refrain from entering an Order that directs the distribution of any monies to the Class, Class Representatives, Class Counsel, or the Receiver, at this time because, as set forth in detail below, they are still in the process of liquidating the assets that comprise the Settlement Fund." [DE 110 at p. 20].

On August 28, 2017, Plaintiffs' filed the Motion, which represents that "[t]he parties have since completed the liquidation and sale of all assets that comprise the Settlement Fund" and that, as a result, "the total Settlement Fund is $1,512,505.56." Motion at p.2, ¶3. Plaintiffs also represented that prior to filing the Motion Class Counsel had conferred with The Receiver, and Defendants Lorie Ann Nettles, Ridgewood Investments, Inc., and Kaushal Majmudar (collectively, the "Settling Defendants.") and was authorized to represent that The Receiver consents to the relief sought in the Motion and The Settling Defendants did not oppose the relief sought in the Motion. Motion at p.4, ¶6.

For the reasons set forth in the Court's Final Order Approving Settlement, and based on the Motion, it is hereby **ORDERED AND ADJUDGED** that the Motion [DE 127] is **GRANTED**, as follows.

Class Counsel and The Receiver are authorized to distribute:

1. the Net Settlement Fund to the Settlement Class in accordance with the Plan of Allocation set forth in the Settlement Agreements, along with Class Counsel's attorney's fees and expenses, in the amounts set forth in the Motion;

2. attorney's fees and expenses incurred by The Receiver to the extent the Court has entered orders authorizing such attorney's fees and expenses. The Receiver shall file, or cause to be filed, within fourteen (14) days of the date of this Order a final motion for the balance of The Receiver's attorney's fees and expenses as set forth in the Motion; and

3. Notice and Claims Administration Expenses to Angeion Group to the extent Angeion Group has submitted invoices and completed the work set forth in such invoices. Class Counsel and The Receiver may pay from the Settlement Fund the balance of any monies invoiced by Angeion Group, in a total amount not to exceed the total compensation of $61,313.72 set forth in the Motion, upon completion of all work by Angeion Group.

The Court further orders Class Counsel and The Receiver to file a Status Report with the Court within ten (10) days after the completion of all work related to the Receivership estate's tax filings. The Status Report shall set forth the total amount expended for such work, the balance of the Expense Reserve detailed in the Motion, and whether any monies otherwise remain in the Settlement Fund. Motion at pgs. 4-5, ¶5.

The Clerk shall close this case.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 6th day of October, 2017.

KENNETH A. MARRA
United States District Judge