UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually, and
MICHAEL WILSON, individually, and on behalf
of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a
Florida corporation, PAUL VERNON, individually,
LORIE ANN NETTLES, individually, RIDGEWOOD
INVESTMENTS, INC., a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

    Defendants.
_____/

**ORDER GRANTING RECEIVER'S UNOPPOSED FINAL
APPLICATION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF COSTS TO THE RECEIVER AND HIS PROFESSIONALS**

THIS MATTER is before the Court upon the Receiver's Unopposed Final Application for Allowance of Compensation and Reimbursement of Costs to the Receiver and his Professionals [DE 132]. The Court has carefully reviewed said Final Application [DE 132], the entire court file and is otherwise fully advised in the premises.

By the instant Application, the court-appointed Receiver, James D. Sallah, seeks authority to pay from the receivership funds $46,247.67 in total for collective receivership fees and $966.31 in total for collective receivership expenses. The invoices attached to the instant Application set forth the services by the Receiver, the receivership consultant/deputy receiver and legal counsel for the relevant period of August 2016 through October 2017.

Exhibit D

The Court has the power to award a receiver fees and costs for his services. *See SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992). This Court has adopted the lodestar method to determine a reasonable attorney's fee. *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988). The first step in computing the lodestar is to determine the reasonable hourly rate. Then the Court must determine the reasonable number of hours expended in the litigation and exclude hours "that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Id.* at 1301. To aid the Court in this determination, the fee applicant must provide the Court with specific and detailed evidence that the time for which compensation is sought was reasonably expended in the litigation. The Court notes that all the time records submitted in support of the instant Application appropriately track the Receiver's, the receivership consultant/deputy receiver's and legal counsel's time. Thus, the Court is able to determine that the time billed was reasonably expended by the Receiver, the receivership consultant/deputy receiver and legal counsel to assist the Receiver in the above-styled cause. The Court also finds that the rates for the Receiver, the receivership consultant/deputy receiver and legal counsel are reasonable. Moreover, Plaintiffs and Defendant Lorie Ann Nettles have no objection to the instant Application.

As stated in the instant Application, the amounts owed to the Receiver, his counsel and deputy receiver will not be paid in full. Rather, and as stated in the instant Application, approximately 27.4% of the requested fees will be paid and all expenses will be reimbursed.

Accordingly, the Court will approve the $46,247.67 in total for receivership fees and $966.31 in total for receivership expenses. A pro rata amount based on the above-discussed percentage will be equally applied to the fees billed by the Receiver, his counsel, and receivership

consultant/deputy receiver. The Receiver is hereby authorized to pay these amounts from the funds secured in the receivership account.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Receiver's Unopposed Final Application for Allowance of Compensation and Reimbursement of Costs to the Receiver and his Professionals [DE 132] be and the same is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of November, 2017.

_____
**KENNETH A. MARRA**
**UNITED STATES DISTRICT COURT JUDGE**

Copies to:   Counsel and parties of record