UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, andCASE NO. 9:16-cv-80060-KAM
MICHAEL WILSON, individually,
and on behalf of All others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

       Defendants.
_____/

**PLAINTIFFS' MOTION FOR CONDITIONAL ASSIGNMENT OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT PAUL VERNON AND FOR CLARIFICATION**

Plaintiffs Brandon Leidel and Michael Wilson, individually, and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), and North Field Technology Ltd. ("North Field Tech"), respectfully seek this Court's approval for the assignment of the Final Default Judgement Against Defendant Paul Vernon [ECF No. 123] (the "Judgment") to North Field Tech, and for clarification of the Judgment. The purpose of the Assignment is, as set forth in more detail below, the allow North Field Tech to attempt to recover the assets subject to the Judgment for the benefit of the Plaintiff Class. In support of this Motion, Plaintiff Class and North Field Tech respectfully show the Court as follows:

1.The Court's Judgment authorized Plaintiff Class to recover, *inter alia,* 11,325.0961 Bitcoin that were stolen from Cryptsy customers on July 29, 2014 (the "Stolen Bitcoin"). The Court's Judgment identified both the amounts of Stolen Bitcoin and the wallets where those assets

were stored at the time. To date, the efforts of Plaintiff Class to recover the Stolen Bitcoin have been unsuccessful.

2. North Field Tech is willing to pursue efforts to collect the Stolen Bitcoin and forked assets[1] on a contingency, non-recourse basis. The terms and conditions for the contingency arrangement are spelled out in an Assignment Agreement between the Plaintiff Class and North Field Tech, which Assignment Agreement is contingent upon the Court's approval. A copy of the Assignment Agreement is attached for the Court's review and approval as Exhibit 1.

3. In short, if North Field Tech recovers any cryptocurrency or other assets subject to the Judgment, North Field Tech shall receive twenty percent (20%) of the recovery plus costs, and the Plaintiff Class will receive eighty percent (80%) of the recovery, all of which is subject to approval of this Court. North Field Tech is and at all times will be represented by Cozen O'Connor, a well-known and established national law firm that is ranked among the top 100 law firms in the country, and has more than 750 attorneys in 28 cities across two continents. Further, the Assignment is terminable by either party.

4. The Assignment Agreement further provides that any Stolen Bitcoin that North Field Tech recovers will be held by an escrow agent to be approved by the Court. Any recovered Stolen Bitcoin will not be distributed by the escrow agent without this Court's approval.

5. North Field Tech is an Antiguan International Business Corporation, and its Directors are both attorneys. One of its Directors, David Howard, is a member in good standing of The Florida Bar and is admitted to practice before this Court. North Field Tech has relationships with various technical services companies and the resources to attempt to recover the Stolen Bitcoin.

---

[1] A discussion of "forked assets" begins as paragraph 9 below.

6. Plaintiff Class and North Field Tech have structured this arrangement as an assignment of the Judgment so that North Field Tech will have standing to appear in its own name in foreign courts as may be necessary to advance efforts to recover the Stolen Bitcoin. As detailed in the Assignment Agreement, all rights associated with the Judgment shall revert to Plaintiff Class upon termination.

7. The Assignment Agreement has been structured in such a way that the Plaintiff Class has nothing to lose. If North Field Tech is successful in its efforts to recover the Stolen Bitcoin, the Plaintiff Class will benefit from those efforts. On the other hand, if North Field Tech fails in its efforts and gives up, the Plaintiff Class will still have the option of pursuing recovery of the Stolen Bitcoin on its own or through some other third-party.

8. In addition to this Court's approval of the Assignment Agreement, Plaintiff Class and North Field Tech also respectfully request that the Court clarify the Judgment to include forked assets associated with the Stolen Bitcoin. To understand the significance of forked assets, and why the Court need only clarify the award in the Judgment, a brief discussion is in order.

9. At the time the Stolen Bitcoin were stolen, there was only one form of asset associated with the bitcoin blockchain, namely, Bitcoin (BTC). In August, 2017—after the Court rendered the Judgment—a software change resulted in a hard fork or split in the blockchain that created a new asset associated with the blockchain, Bitcoin Cash (BCH). When the blockchain diverged or "forked" to create BCH, the BCH software awarded the owners of BTC an equivalent quantity of BCH, and those BCH were automatically associated with same wallet addresses as the BTC. Thus, whereas the first wallet address in the Judgment was associated with 1,000 BTC prior to this fork occurring, the same wallet address became associated with both 1,000 BTC and 1,000

BCH after the fork occurred. Each time the blockchain "forks," the resulting assets are commonly referred to as "forked assets."

10. Since the date of the Judgment, a number of forked assets have come into existence. These include: BCH as note above; Bitcoin Gold (BTG), which came into existence in October, 2017; Bitcore (BTX), which came into existence in November, 2017; Bitcoin Diamond (BCD), which came into existence in late 2017; Super Bitcoin (SBTC), which came into existence in December, 2017; Bitcoin2 (BTC2), which came into existence in February, 2018; Bitcoin Private (BCTP), which came into existence in late February, 2018); and Bitcoin SV (BSV), which came into existence in November, 2018. On information and belief, Bitcoin Dark (BTCD) came into existence at some point after the date of the Judgment, although the precise date is presently unknown.

11. Each time the forked assets came into existence, the wallet addresses associated with BTC received an equivalent amount of each forked asset (the only exception to this general rule was BTX, which provided 1 BTX for every 2 BTC; thus, a wallet that had 1325 BTC prior to the BTX fork received 625.5 BTX after the fork). Thus, since this Court's entry of the Judgment, each of the wallet addresses listed in the Judgment have received forked assets in an amount equivalent to the amounts of BTC listed in the Judgment (except for BTX, where each of the wallet addresses listed in the Judgment received half as much BTX as BTC).

12. If the Plaintiff Class had been able to recover the Stolen Bitcoin in 2017 consistent with the Judgment, the Plaintiff Class would be the owners of all of the BTC together with an equivalent amount of forked assets (e.g., BCH, BSV, etc.) that came into existence with each forking of the blockchain. As such, the Plaintiff Class should be entitled to recover both the Stolen

Bitcoin and the other assets—the forked assets—that became associated with the Stolen Bitcoin following the entry of the Judgment by virtue of the forking of the blockchain.

13. Since the Stolen Bitcoin is capable of being transacted or transferred separately from the forked assets, clarification of the Judgment will prevent those currently in possession of the wallets referenced in the Judgment from retaining the forked assets that rightfully belong to the Plaintiff Class.

14. Thus, Plaintiff Class and North Field Tech seek clarification of the Judgment so that they can recover the Stolen Bitcoin together with all forked assets (e.g., BCH, BSV, etc.) that are now associated with the Stolen Bitcoin. Accordingly, Plaintiff Class and North Field Tech respectfully request that this Court enter an Amended Judgment reflecting that the Plaintiff Class, and North Field Tech following approval of the Assignment Agreement, are entitled to recover the Stolen Bitcoin and all related forked assets.

WHEREFORE, Plaintiff Class and North Field Tech respectfully request that this Court amend the Judgment and enter an Order approving the Assignment Agreement so that North Field Tech may commence efforts to recover the Stolen Bitcoin.

Respectfully submitted,

| **SILVER MILLER**<br>11780 W. Sample Road<br>Coral Springs, Florida 33065<br>Telephone: 954-516-6000<br><br>By: /s/ David C. Silver<br>  ---------------------------------------------<br>David C. Silver/Fla. Bar No. 572764<br>E-Mail: DSilver@SilverMillerLaw.com<br>Jason S. Miller / Fla. Bar No. 72206<br>E-Mail: JMiller@SilverMillerLaw.com<br><br>-and- | **COZEN O'CONNOR**<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 3000<br>Miami, Florida 33131<br><br>By: /s/ Samuel A. Lewis<br>  ---------------------------------------------<br>Samuel A. Lewis/Fla. Bar No. 55360<br>E:Mail: SLewis@Cozen.com<br>Matthew N. Horowitz/Fla. Bar No. 98564<br><br>-and- |

| | |
|---|---|
| **WITES LAW FIRM**<br>4400 N. Federal Highway<br>Lighthouse Point, Florida 33064<br>Telephone: 954-933-4400<br><br>Marc A. Wites/Fla. Bar No. 24783<br>E-Mail: MWites@WitesLaw.com<br><br>*Counsel for Plaintiff Class* | **COZEN O'CONNOR**<br>1200 19th Street NW, 3rd Floor<br>Washington, D.C. 20036<br>Telephone: 202-912-4800<br><br>L. Barrett Boss<br>E-Mail: BBoss@Cozen.com<br>Kara L. Kapp<br>E-Mail: KKapp@Cozen.com<br><br>*Counsel for North Field Tech* |

Dated: August 31, 2020