## ASSIGNMENT AGREEMENT

This Assignment Agreement (this "Agreement"), dated as of _____. 2020, is entered into between the Plaintiff Class (as defined in the Judgment, which is defined below) ("Assignor") and North Field Technology Ltd., an Antiguan Internatonal Busines Corporation ("Assignee").

### BACKGROUND

Assignor has obtained a judgment entered on July 27, 2017 by the United States District Court for the Southern District of Florida (the "Court") in favor of Assignor in Civil Action No. 9:16-cv-80060-MARRA (the "Judgment").

Section 6 of the Judgment entitles Assignor to certain digital currency stolen on July 29, 2014, including without limitation BTC, and currently held in specifically-identified electronic wallets which, by virtue of when they were stolen, constitute pre-fork BTC (which should entitle the owner of the BTC to forked assets such as BSV and BCH) (all of the foregoing, the "Subject Digital Currencies").

Assignor desires to assign its rights under Section 6 of the Judgment (including Assignor's rights to the Subject Digital Currencies) (collectively, the "Judgment Rights") to Assignee on the terms set forth herein and Assignee desires to accept such assignment.

NOW, THEREFORE, for and in consideration of good and valuable consideration, including the mutual covenants and agreements hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Assignor and Assignee hereby agree as follows:

1.  Assignment. Assignor and Assignee are contemporaneously herewith executing the Assignment of Judgment Rights (the "Assignment") in the form attached hereto as Exhibit A.

2.  Consideration for the Assignment.

    (a) As consideration for the Assignment, Assignor shall receive eighty percent (80%) of the Net Recoveries (the "Assignment Payments").

    (b) Upon receiving a Recovery, Assignee shall cause the amounts recovered to be held by the escrow agent (as referred to in Section 5 below) in the form recovered (*e.g.*, BSV, U.S. Dollars, etc.). Within 30 days after any Recovery, Assignee shall provide Assignor and the Court a reasonably detailed statement (a "Recovery Statement") of the amount of the applicable Recoveries and the Applicable Expenses, with proof of payment of all Applicable Expenses. Promptly after each Recovery Statement is provided, Assignor and Assignee shall apply to the Court for approval to take the following actions: (i) the distribution of Assignment Payments from escrow to Assignor; (ii) the distribution of Assignment Payments by Assignor to the Class and the payment of attorney's fees and costs for Assignor's counsel, and (iii) the distribution from escrow of Court approved Applicable Expenses and twenty percent (20%) of the Net Recoveries to Assignee. This application shall be submitted as previously done in the actions against Cryptsy and Coinbase, and in accordance with Federal Rule of Civil Procedure

# EXHIBIT "1"

23 and any other applicable law. Assignee shall transfer the Assignment Payments to Assignor at such times, in such form and on such terms as are approved by the Court.

(c) The Assignee may seek from the Court reasonable confidentiality orders regarding access to information relating to Assignment Payments, Recoveries, and Applicable Expenses. Assignee and Assignor agree that each will provide the other with access to any information related to the Assignment Payments, Recoveries and Applicable Expenses that each party seeks, including but not limited to all contracts, retainer agreements, consulting agreements, invoices, billing statements, time records and proof of payment.

(d) The following terms shall have the following meanings:

(i) "Net Recoveries" means the amount of the Recoveries minus the Applicable Expenses;

(ii) "Recoveries" means all amounts recovered by the Assignee on account of the Judgment from time to time; and

(iii) "Applicable Expenses" means all out-of-pocket expenses incurred by Assignee in effecting the Recoveries, including actual costs paid for experts (approved by Assignor's counsel, which approval shall not be unreasonably withheld, delayed or conditioned), filing fees, transcript fees, and reasonable travel expenses. The term "Applicable Expenses" shall exclude:

(1) Assignee's legal fees paid to any lawyer and/or law firm in the United States or elsewhere not directly related to Judgment enforcement, but shall include Assignee's lawyers/ law firm's outside the United States which Assignee determines may be useful in making Recoveries (collectively, "Non-US Counsel"); provided that legal fees and expenses of Non-US Counsel shall only be Applicable Expenses for purposes of this Agreement to the extent approved by the Court (approval of the Court may be sought prior to retention of Non-US Counsel or prior to making Assignment Payments, in Assignee's discretion) and any fees and expenses of Non-US Counsel that are not ultimately approved by the Court shall not be born by Assignor in any way (for purposes of clarity, Non-US Counsel does not include lawyers in Cozen O'Connor's offices outside the United States, or any law firms or lawyers outside the United States with which Cozen O'Connor has an Of Counsel or affiliate relationships).

(2) Westlaw, Lexis or other similar legal research costs incurred or changed by Assignee or any lawyer and/ or law firm acting on Assignee's behalf;

(3) Overhead costs of Assignee or any lawyer and/ or law firm or other person or entity acting on Assignee's behalf, such as salaries, employee benefits, lease costs, faxes, copies, scanning or any other soft cost;

(4) Monies or other compensation paid by Assignee to any consultant, accountant, expert, or other firm or entity in which any officer, director, shareholder, member, representative, or employee of Assignee or its financiers (other than lenders to assignee that are otherwise affiliated with assignee or its owners), has an ownership interest in; and

(5) Monies or other compensation paid by Assignee to any person or entity who also is, directly or indirectly, an officer, director, shareholder, member, agent, employee, or representative of Assignee or its financiers (other than lenders to Assignee that are not otherwise affiliated with Asignee or its owners).

(e) Assignor's Counsel, Wites Law Firm and Silver Miller, are not receiving any portion of the monies that may be due to the Assignee under this Assignment should the Assignee succeed in recovering monies and/or assets pursuant to this Assignment and corresponding Judgment. Assignor's Counsel will apply to the Court to seek both approval for the distribution to the Class of any recovery obtained under this Agreement for the Class as well as attorney's fees and costs for Assignor's Counsel based on such recovery and consistent with the Class' previous motions in this matter for final approval of settlements and the payment of attorney's fees and costs to Class Counsel.

(f) Assignee's United States legal counsel shall be only Cozen O'Connor. This Assignment agreement is contingent upon the Court approving Cozen O'Connor as counsel to act on behalf of the Assignee, with the understanding that with the exception of Assignee's right to seek and recover Applicable Expenses as set forth in this Assignment Agreement, Cozen O'Connor shall act in a manner consistent with the interests of both Assignee and the Class. No other law firm or lawyer may act on behalf of the Class pursuant to this Assignment Agreement without the approval of the Court.

3. <u>Assignor's Representations and Warranties</u>. Assignor hereby makes the following representations and warranties to Assignee:

(a) <u>Authorization of Assignment, etc</u>. Assignor has the legal capacity and authority to execute and deliver this Agreement and to perform Assignor's obligations under this Agreement. Assignor's execution and delivery of this Agreement and the Assignment have been duly and validly authorized by all necessary action on Assignor's behalf; and this Agreement is Assignor's legal, valid and binding obligation, enforceable against Assignor in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, fraudulent conveyance, reorganization, moratorium and other similar laws relating to or affecting creditors' rights generally and general equitable principles (whether considered in a proceeding in equity or at law).

(b) <u>Compliance with Laws and Other Instruments</u>. The execution and delivery of this Agreement, the consummation of the transactions contemplated hereby and the performance of Assignor's obligations hereunder, will not conflict with, or result in any violation of or default under, any provision of any agreement or instrument to which Assignor is a party or by which Assignor is bound, or any judgment, decree, statute, rule or regulation applicable to Assignor.

4. <u>Assignee's Representations, Warranties and Covenants</u>. Assignee hereby represents, warrants and covenants to and with Assignor as follows:

(a) <u>Authorization of Assignment, etc</u>. Assignee has the legal capacity and authority to execute and deliver this Agreement and to perform Assignee's obligations under this

3

Agreement. Assignee's execution and delivery of this Agreement and the Assignment have been duly and validly authorized by all necessary action on Assignee's behalf, and this Agreement is Assignee's legal, valid and binding obligation, enforceable against Assignee in accordance with its terms, except as such enforceability may be limited by bankruptcy, insolvency, fraudulent conveyance, reorganization, moratorium and other similar laws relating to or affecting creditors' rights generally and general equitable principles (whether considered in a proceeding in equity or at law).

(b) <u>Compliance with Laws and Other Instruments</u>. The execution and delivery of this Agreement, the consummation of the transactions contemplated hereby and the performance of Assignee's obligations hereunder, will not conflict with, or result in any violation of or default under, any provision of any agreement or instrument to which Assignee is a party or by which Assignee is bound, or any judgment, decree, statute, rule or regulation applicable to Assignee.

5. <u>Efforts to Enforce Judgment</u>. Assignee shall use commercially reasonable efforts to enforce the Judgment. Any Recoveries shall be held in escrow by an escrow agent that must be approved by the Court, which may include Assignee's United States counsel, Wites Law Firm, Silver Miller, or Angeion Group, pending distribution in accordance with the terms of this Agreement and subject to Court approval.

6. <u>Termination</u>. (a) If Assignee breaches the covenants in Section 4 and 5 in any material respect and such breach is not cured in all material respects within 60 days after Assignor has given written notice to Assignee describing such breach in reasonable detail, Assignor by written notice to Assignee may terminate this Agreement. Upon such notice of termination, the Assignment will automatically terminate and have no further force or effect, and all rights, title and interest in the Judgment shall immediately revert to Assignor without the requirement of any action by any party to this Agreement. (b) Assignee may terminate this Agreement at any time by written notice to Assignor. Upon such notice of termination, the Assignment will automatically terminate and have no further force or effect, and all rights, title and interest in the Judgment shall immediately revert to Assignor without the requirement of any action by any party to this Agreement. (c) In the event of termination by either party, Assignee shall retain the right to receive from any future recovery of the Judgment all Applicable Expenses incurred prior to the time of such termination that are approved by the Court.

7. <u>Survival of Representations, Warranties and Covenants</u>. All representations, warranties and covenants contained herein or made in writing by Assignor or Assignee in connection with the transactions contemplated by this Agreement shall survive the execution and delivery of this Agreement, any investigation at any time made by or on behalf any of the Assignee or Assignor, as applicable, and the Assignment.

8. <u>Consent of the Court; Reporting to the Court; and Attorney Participation</u>. This Assignment shall not be valid or have any force or effect unless and until approved by the Court. This Assignment shall not be valid or have any force or effect unless and until approved by the Court. If the Court declines to approve this Assignment, the Assignment shall immediately be deemed terminated and null and void.

a) Assignor shall promptly use its commercially reasonable efforts to obtain the consent of the Court to this Agreement and the Assignment. Upon approval by the Court, this Agreement shall be fully effective without the requirement of any further action by any party or any other individual or entity. If the Court has not approved this Agreement on or before six months from the date of filing with the Court, this Agreement shall terminate automatically on such date.

b) Approval of the Court shall be required for the retaining of United States counsel by the Assignee, provided that approval of this Agreement by the Court shall constitute approval of Cozen O'Connor as United States counsel.

c) Assignee shall (i) cause its United States counsel to (A) provide reasonable oversight with respect to activities on behalf of Assignee by all Non-US Counsel; and (B) consult with Assignor's counsel in good faith with regard to matters of litigation strategy and the initiation of litigation in jurisdictions outside of the United States; and (ii) cause Assignor and Assignor's counsel to (A) be provided promptly with copies of material pleadings, motions and other papers filed by all parties in actions related to this Assignment Agreement outside of the United States; (B) be formally included in litigation in jurisdictions outside of the United States to the extent permitted by the laws and rules of such jurisdictions; and (C) included as a party and counsel in litigation in jurisdictions inside the United States to the extent permitted by the laws and rules of such jurisdictions.

d) Assignee shall report to the Court and Assignor on a quarterly basis with respect to its recovery efforts and shall provide reports delineating the Applicable Expenses incurred and paid during each applicable period.

9. <u>Governing Law; Consent to Jurisdiction</u>. This Agreement and the rights and obligations of the parties hereunder, shall be governed by, and interpreted, construed and enforced in accordance with, the laws of the State of Florida, without regard to the choice of law provisions of Florida or any other applicable law. The parties hereto hereby consent to the jurisdiction of the United States District Court – Southern District of Florida and Judge Kenneth A. Marra or any subsequent Judge overseeing the Civil Action No. 9:16-cv-80060-MARRA with respect to all matters relating to this Agreement.

10. <u>Further Assurances</u>. Each of Assignor and Assignee, upon reasonable request made by the other party, agrees to execute and deliver such further documents and instruments, and to perform such further acts, as may be necessary to accomplish and give full effect to this Agreement and the Assignment.

11. <u>Notices</u>. All notices, demands, requests, or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be sent by certified mail, postage prepaid, return receipt requested; by an overnight express courier service that provides written confirmation of delivery; or by electronic mail as follows (or to such other address as either party gives notice to the other in accordance with this Section):

If to Assignor:

5

       c/o Silver Miller
       11780 West Sample Road
       Coral Springs, FL 33065
       Attention: David C. Silver, Esq.
       Telephone: (954) 516-6000
       E-mail: Dsilver@SilverMillerLaw.com

       If to Assignee:
       c/o Cozen O'Connor
       1200 19th Street, NW
       Washington, D.C. 20036
       Attention: Jonanthan M. Grossman, Esq.
       Telephone: (202) 912-4866
       E:Mail: Jgrossman@cozen.com
       _____

Any notice so given shall be deemed to be delivered on the second business day after the same is deposited in the United States mail, on the next business day if sent by overnight courier, or on the same business day if sent by electronic mail before 5pm ET.

      12.   <u>Entire Agreement; Amendments; Assignment</u>.  This Agreement and the Assignment constitute the entire agreement of Assignor and Assignee regarding the subject matter hereof.  This Agreement and the Assignment may be amended or changed only by a written agreement signed by Assignor and Assignee.  Neither this Agreement nor the Assignment may be assigned by Assignor or Assignee without the prior written consent of the other.

      13.   <u>Headings</u>.  The section headings in this Agreement are for convenience of reference only, and shall not be deemed to alter or affect the meaning or interpretation of any provisions hereof.

      14.   <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of such counterparts together shall constitute one and the same instrument.  Delivery of an executed counterpart of a signature page by facsimile or other electronic transmission (including .pdf) shall be as effective as delivery of a manually executed counterpart.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto have each caused this Assignment Agreement to be executed as of the date first written above.

**ASSIGNOR:**

Brandon Leidel, not in his individual capacity, but as Class Reprentative

By:_____
   Name: Brandon Leidel
   Title:

   Dated: 08/28/2020_____

**ASSIGNEE:**

North Field Technology, Ltd.

By:_____
   Name: Ron Tarter
   Title: Director

   Dated:_____

[*Signature Page to Assignment Agreement*]

## **EXHIBIT A**

## **ASSIGNMENT OF JUDGMENT RIGHTS**

FOR VALUE RECEIVED, the receipt and sufficiency of which are hereby acknowledged, the Plaintiff Class (as defined in the Judgment) ("**Assignor**"), having a mailing address c/o David C. Slver, Esq., Silver Miller, 11780 West Sample Road. Coral Springs, FL 33065, does hereby grant, bargain, sell, assign, deliver, convey, transfer and set over unto North Field Technology, Ltd., an Antiguan International Business Corporation ("**Assignee**"), having a mailing address of 44 Church St., St. John's, Antigua, (i) all of Assignor's rights, title and interest in Section 6 of that certain judgment (the **"Judgment")** entered on July 27, 2017, by the United States District Court for the Southern District of Florida in favor of Assignor in Civil Acton No. 9:16-cv-80060-MARRA including Assignor's rights to the digital currencies referred to in Section 6 of the Judgment (and all digital currencies to which holders of such digital currencies subsequently become entitled) (all of the foregoing, collectively, the "Judgment Rights"), and (ii) full power to enforce and recover the Judgment Rights to Assignee's own use. Assignor further authorizes and empowers the Clerk of Court of any domestic or international court or any attorney on behalf of Assignee to mark the Judgment to Assignee's use with respect to the Judgment Rights.

**[*END OF TEXT-SIGNATURE AND ACKNOWLEDGEMENT PAGES FOLLOW*]**

IN WITNESS WHEREOF, Assignor has duly executed this Assignment as of _____, 2020.

**ASSIGNOR:**

Brandon Leidel, not in his individual capacity, but as Class Reprentative

By:_____
   Name: Brandon Leidel
   Title:

   Dated: 08/28/2020_____

**ASSIGNEE:**

North Field Technology, Ltd.

By:_____
   Name: Ron Tarter
   Title: Director

   Dated:_____