UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,
And on behalf of All others Similarly Situated,

CASE NO. 9:16-cv-80060-KAM

   Plaintiffs,
v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

   Defendants.
_____/

## PLAINTIFFS' AND ASSIGNEE'S MOTION FOR LEAVE TO SUBMIT EX PARTE QUARTERLY REPORTS AND MOTION TO APPROVE APPLICABLE EXPENSES FOR IN CAMERA REVIEW

Plaintiff Brandon Leidel, individually, and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), and North Field Technology Ltd. ("North Field"), pursuant to Local Rule 5.4(d), respectfully submit this ex parte motion for leave to submit for in camera review two documents: (1) North Field's Quarterly Report on its Judgment Collection Efforts; and (2) the Motion to Approve Applicable Expenses (collectively, "Documents To Be Submitted For In Camera Review"). The *Ex Parte* Documents contain confidential attorney and work product information which, if publicly filed or otherwise disclosed to the Defendants, will allow the Defendants to understand and frustrate the efforts that North Field has taken to enforce this Court's Judgment and recover the 11,325.0961 Bitcoin that Defendants stole from the Plaintiff Class (the "Stolen Bitcoin"). As such, North Field respectfully submits that none of this

information should be disclosed to Defendants or made part of the public record until such time as North Field has exhausted its efforts to enforce the Judgment and recover the Stolen Bitcoin.

## MEMORANDUM OF LAW

This Court's Local Rules permit a party, under certain circumstances, to file or otherwise submit documents on an *ex parte* basis. *See* S.D. Fla. R. 5.4(d). North Field and the Plaintiff Class respectfully suggest that circumstances exist to justify such submission.

Although the public has a common law right of access to court filings, this common law right to access may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (recognizing the central role of judicial discretion in deciding whether to release or keep confidential filed judicial records).

In assessing good cause, the Court must balance the right of access against a party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1245. "'[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question.'" *Id.* (citation omitted). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) the degree of and likelihood of injury if made public; (3) the reliability of the information; (4) whether there will be an opportunity to respond to the information; (5) whether the information concerns public officials or public concerns; and (6) the availability of a less onerous alternative to sealing the documents. *Id.* at 1246. The presumption of access is less strong with respect to filings that are not related, or only tangentially related, to dispositive motions or the merits of a case. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

As detailed below, the *Ex Parte* Documents contain privileged and confidential information relating to North Field's strategy and efforts on behalf of the Plaintiff Class to enforce the Judgment entered by this Court and recover the Stolen Bitcoin. If disclosed to the Defendants or to the public, this information would not only reveal material protected by the work-product doctrine but also significantly impair the efforts to enforce the Judgment this Court rendered in favor of the Plaintiff Class.

The work product privilege protects materials prepared by the attorney, as well as materials prepared by agents for the attorney. *Souffrant v. Toyota Motor Sales, U.S.A., Inc.*, No. 1:17-cv-23357-KMW, 2017 U.S. Dist. LEXIS 189698, at *9 (S.D. Fla. Nov. 16, 2017). The party asserting protection must demonstrate that the drafting entity anticipated litigation at the time the documents were drafted. *Id.* at *10; *see also* Fed. R. Civ. P. 26(b)(3). The documents at issue here reflect internal work product—specifically, legal strategy documents and legal discussions among North Field's attorneys, undertaken in anticipation of the litigation described in these documents.

The *Ex Parte* Documents also describe privileged and confidential attorney-client communications, revealing circumstances under which the Plaintiff Class and North Field sought and received legal advice. *See FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 85942, at *22 (N.D. Cal. May 22, 2018) (treating documents "describing circumstances under which Qualcomm sought and received legal advice" as attorney-client privileged). The attorney-client privilege applies to confidential communications made in the rendition of legal services between the attorney and client. *Souffrant*, 2017 U.S. Dist. LEXIS 189698, at *7 (quoting *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994)).

Courts routinely protect documents containing confidential attorney-client privileged and attorney work product information from disclosure. *See, e.g.*, *Souffrant*, 2017 U.S. Dist. LEXIS

3

189698, at *2-3, *11 (granting motion to seal documents containing internal legal discussions between attorneys relating to internal legal strategies); *Nat'l Sourcing, Inc. v. Bracciale*, No. 8:17-cv-1950-T-36JSS, 2017 U.S. Dist. LEXIS 196536, at *5-6 (M.D. Fla. Nov. 30, 2017); *Valdes v. Miami-Dade Cty*, No. 12-cv-22426, 2015 U.S. Dist. LEXIS 21771, at *5 n.2 (S.D. Fla. Feb. 24, 2015) (reviewing ex parte letters reflecting attorney-client communications); *see also Qualcomm Inc.*, 2018 U.S. Dist. LEXIS 85942, at *22-23 (collecting cases across various circuits).

The *Ex Parte* Documents also address the strategy and tactics for enforcing the Judgment being pursued by North Field and the Plaintiff Class and the circumstances under which North Field sought and received legal advice in developing those strategies. The information is highly confidential and privileged. Disclosing to Defendants and/or the public the *Ex Parte* Documents would substantially injure the Plaintiff Class and impair North Field's efforts to enforce this Court's Judgment and recover the Stolen Bitcoin by informing Defendants how to undermine those efforts. North Field's efforts started where the Plaintiff Class left off, which is to develop an approach to enforce the Judgment despite the belief that Defendant Paul Vernon—the founder, operator, and Chief Executive Officer of Defendant Cryptsy—fled to China in an effort to frustrate efforts to enforce any judgment rendered against him and/or Cryptsy. *See* [ECF No. 94], at 10. Accordingly, public disclosure of the *Ex Parte* Documents would "impair court functions" by materially impairing the Court's and North Field's ability to successfully enforce this Court's Judgment against Vernon and/or Cryptsy.

Furthermore, this privileged, confidential, and strategic information is not of legitimate public interest and would, in any other situation, remain confidential. Rather, when North Field actually pursues its strategy through legal action in the courts to enforce the Judgment, those actions, as in any litigation, will be taken in public in a courtroom and on a court docket. It is

difficult to envision any means of protecting the confidentiality of this information at this time other than submitting these documents on an ex parte basis. Given the nature of the information and the fact that this information will not become any less sensitive for the foreseeable future, these *Ex Parte* Documents should remain restricted from public view until a further order of this Court permitting them to be unrestricted. If North Field's efforts to collect the Judgment prove successful such that no harm is likely to result from the public disclosure of the *Ex Parte* Documents, at that juncture North Field will publicly file copies of the *Ex Parte* Documents.

WHEREFORE, Plaintiff Class and North Field respectfully request that this Court grant leave to submit the *Ex Parte* Documents to the Court on an *ex parte* basis.

Respectfully submitted,

By: *s/David C. Silver*
David C. Silver / Fla. Bar No. 572764
E-mail:  DSilver@SilverMillerLaw.com
Jason S. Miller / Fla. Bar No. 72206
E-mail:  JMiller@SilverMillerLaw.com
SILVER MILLER
11780 W. Sample Road
Coral Springs, Florida 33065
Phone:  954-516-6000

- and -

Marc A Wites / Fla. Bar No. 24783
E-mail:  mwites@wklawyers.com
WITES LAW FIRM, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Phone:  954-933-4400

***Counsel for Plaintiff Class***

By:  *s/Samuel A. Lewis*
Samuel A. Lewis / Fla. Bar No. 55360
E-mail:  slewis@cozen.com
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Phone:  305-704-5940

 - and -

L. Barrett Boss
E-mail:  bboss@cozen.com
John Sullivan
E-mail:  jsullivan@cozen.com
Jonathan Grossman
E-mail:  jgrossman@cozen.com
Kara L. Kapp
E-mail:  kkapp@cozen.com
COZEN O'CONNOR
1200 19th Street NW, 3rd Floor
Washington, D.C. 20036
Phone:  202-912-480

***Counsel for North Field Tech***

5