UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,                         CASE NO. 9:16-cv-80060-KAM
and on behalf of All others Similarly Situated,

       Plaintiffs,
v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation, and
PAUL VERNON, an individual,

       Defendants.
_____/

## STATUS REPORT AS TO LETTER TO RECEIVER FROM CLASS MEMBER

       Wites Law Firm and Silver Miller, as Class Counsel and Counsel for Plaintiff James D. Sallah, Esq., not individually, but solely in his capacity as the Court-appointed Receiver for Project Investors, Inc. d/b/a Cryptsy (hereinafter "Receiver"), hereby file this Status Report as to the Letter to Receiver fromClass Member filed on April 26, 2021 [Docket Entry No. ("DE") 150], and state as follows:

       1.      By way of review, this lawsuit is a certified class action filed by cryptocurrency customers who had accounts at PROJECT INVESTORS, INC., d/b/a CRYPTSY ("CRYPTSY").

       2.      This Court appointed the Receiver in the April 4, 2016 Order Granting Plaintiffs' Renewed Motion for Appointment of James D. Sallah, Esq. as Receiver/Corporate Monitor over Defendant Project Investors, Inc. d/b/a Cryptsy (the "Receivership Order"). [DE 33].

       3.      Plaintiffs and the Class of CRYPTSY customers have demonstrated herein that, among other things: (1) CRYPTSY founder and Chief Executive Officer Paul Vernon ("VERNON"), as CRYPTSY's then-controlling principal, abruptly shut down CRYPTSY's operations and fled to China in late-2015 to live with his girlfriend, Xiuxia Liu; (2) VERNON stole more than $8,000,000.00 of customer funds and cryptocurrencies (now valued at over

$600,000,000.00), which have been missing and unaccounted for many years; and (3) CRYPTSY customers were unable to access and use their CRYPTSY accounts.

4. Ultimately, Plaintiffs and the Receiver obtained a settlement that secured and liquidated various assets in the total gross amount of more than $1,500,000.00 for purposes of making a first distribution to the class victims through a Court-approved class settlement and distribution process.

5. Class Counsel subsequently pursued on behalf of the CRYPTSY Class a class action against another cryptocurrency exchange known as Coinbase and recovered additional monies for the CRYPTSY Class through such class action, in which this Court approved the settlement. *Brandon Leidel v. Coinbase, Inc.*, U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:16-cv-81992-MARRA at DE 153.

6. Most recently, the Receiver, working in conjunction with the undersigned lawyers who are both court-appointed counsel for the Receiver and for the CRYPTSY Class, brought a claw-back action against VERNON's girlfriend, Xiuxia Liu, that successfully recovered additional assets for the class of CRYPTSY victims. See *James D. Sallah, Esq., not individually, but solely in his capacity as the Court-appointed Receiver for Project Investors, Inc., d/b/a Cryptsy. v. Xiuxia Liu*, U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:20-cv-81041-MARRA at DE 38, 49, 50. The Receiver and Class Counsel will soon move the Court to distribute such funds to the CRYPTSY Class.

7. On April 26, 2021, CRYPTSY Class Member Daniel Izzo filed with this Court a letter he had written to the Receiver concerning cryptocurrency that Mr. Izzo alleges he held at Cryptsy; and Mr. Izzo asked in his letter if it is possible for the Receiver to recover such cryptocurrency. D.E. 150.

8. The undersigned reviewed Mr. Izzo's claim and spoke by telephone with Mr. Izzo.

9. Mr. Izzo submitted claims in the instant class action as well as in the Coinbase class action. Both claims were deemed valid and paid. Because VERNON stole the cryptocurrency of the CRYPTSY account holders (i.e., the Class), destroyed CRYPTSY's records, fled to China where he is believed to still be at large, and never participated in this case, Class Counsel and the Receiver were not able to recover the full value of any individual Class Member's cryptocurrency, whether based on the respective value as of November 2015, when CRYPTSY shut down, or as of today, at which time certain cryptocurrencies have substantially increased in value since November 2015.

10. Moreover, because CRYPTSY held the cryptocurrency of account holders in pooled, comingled wallets (i.e., accounts), it was not possible to trace, identify or recover cryptocurrency that could be tied to any one CRYPTSY account owner. For this reason, this Court approved in the instant case and in the Coinbase class action the distribution of all recovered assets on a pro rata basis to all class members who submitted valid claims.

11. The undesigned explained all of the foregoing in detail to Mr. Izzo via phone and further explained to Mr. Izzo the undersigned's efforts to continue pursuing assets that can be distributed to the Class.

12. The undersigned agreed to continue communications with Mr. Izzo (and has done so since the parties' phone call) and to assist him in any way possible with his submission of any future claims in this or any related case in which he may make a claim.

13. At this time, the undersigned believes that Mr. Izzo is satisfied with the response of Class Counsel and the Receiver and that no court action is required.

Dated: May 7, 2021

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone: (954) 516-6000

By: /s/ David C. Silver
 DAVID C. SILVER
 Florida Bar No. 572764
 E-mail: DSilver@SilverMillerLaw.com
 JASON S. MILLER
 Florida Bar No. 072206
 E-mail: JMiller@SilverMillerLaw.com

- and -

**WITES LAW FIRM**
MARC A. WITES
Florida Bar No. 24783
E-mail: mwites@witeslaw.com
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone: (954) 933-4400

*Special Litigation Counsel for the Receiver and Class Counsel*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(d)(1)(B), the foregoing will be served on all counsel of record through the Court's electronic filing system, and via email upon Class Member Daniel Izzo.