**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No.: 9:16-cv-80060-MARRA**

BRANDON LEIDEL, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

PROJECT INVESTORS, INC., d/b/a CRYPTSY,
a Florida Corporation, PAUL VERNON,
et al.,

    Defendants.
_____/

## AMENDED TEMPORARY RESTRAINING ORDER[1]

This matter is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice against Defendant PAUL VERNON, an individual ("VERNON")(the "Motion"). [Docket Entry No. ("DE") 153]. Under Federal Rule of Civil Procedure 65, a Court may grant a Temporary Restraining Order *ex parte*. As required by the Rule, specific facts in the form of an affidavit or Verified Complaint must demonstrate an "immediate and irreparable injury, loss, or damage will result to movant before the adverse party can be heard in opposition," and the attorney for the movant must certify in writing any efforts made to provide notice to the adverse party. *See* Fed.R.Civ.P. 65(b)(1). Any Order issued without notice to the adverse party must state "the date and hour it was issued; describe the injury and state why it is irreparable; state why the Order was issued without notice and be promptly filed in the Clerk's Office and entered in the record. The Order expires at a time after entry -- not to exceed fourteen (14) days." *Id.* at (b)(2).

In considering a Temporary Restraining Order, the Court must evaluate the following: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) the substantial

---

[1] This Amended order is being entered because the original order, DE 154, mistakenly failed to attach Appendix "A."

likelihood of success on the merits; (4) the threatened injury to the petitioner outweighs the possible harm to the respondent; and (5) a temporary injunction will not disserve the public interest. *City of Miami Beach v. Kuoni Destination Mgmt., Inc.*, 81 So. 3d 530, 532 (Fla. 3d DCA 2012); *see also Siegel v. LePore,* 234 F.3d 1163, 1179 (11th Cir. 2000), *cert. denied*, 531 U.S. 1005, 121 S. Ct. 510, 148 L. Ed. 2d 478 (2000) (citations omitted). Having reviewed the Motion, the file, and being otherwise sufficiently advised in the premises, the Court hereby finds as follows:

1. The Receiver and Plaintiff (collectively referred to herein as "Plaintiff") have shown a strong likelihood of success on the merits of their claims, having already obtained a judgment against VERNON [DE 123]; and based on the arguments and evidence proffered with the instant Motion.

2. Specifically, Receiver and Class Counsel's analytics team recently made two significant discoveries that warrant the entry of the equitable relief sought herein.

3. <u>First</u>, the 11,325 BTC that are subject to the VERNON judgment were thought to be held in twelve (12) cryptocurrency wallet addresses. While this remains true, it was recently discovered that there are **ten (10) additional addresses** (the "Newly-Discovered Wallet Addresses") that contain approximately 500 bitcoin derived from CRYPTSY that are properly subject to the VERNON judgment. Filed in support of Plaintiff's motion is an Expert Witness Report of Pawel Aleksander of cryptographic tracing company Coinfirm, explaining how the Newly-Discovered Wallet Addresses are believed to house assets that are subject to the VERNON judgment.

4. <u>Second</u>, the assets held in the Newly-Discovered Wallet Addresses recently began moving, which means that some of the bitcoin have been transfer from the Newly-Discovered Wallet Addresses to the Secondary Wallet Addresses (defined below) in what appears to be an attempt to take and liquidate such bitcoin, which are property of the CRYPTSY Class. Thus, a Temporary Restraining Order is necessary to allow the Receiver and Class Counsel to halt any further movement

of those assets while the Receiver and counsel identify the person or persons involved, locate the bitcoin, and attempt to secure it for the benefit of the Class.

5. The cryptocurrency assets at issue are specific, identifiable property and can be traced in VERNON's assets in either the Newly-Discovered Wallet Addresses or the Secondary Wallet Addresses.

6. Plaintiff has established in his Motion and the Declaration/Expert Witness Report in support thereof that Plaintiff's rights will be immediately and irreparably harmed absent a Temporary Restraining Order from this Court. Without entry of the Temporary Restraining Order, Plaintiff may be unable to recover for his equitable claims.

7. Moreover, considering the speed with which cryptocurrency transactions are made as well as the anonymous nature of those transactions, it is imperative to freeze the Newly-Discovered Wallet Addresses and the Secondary Wallet Addresses to maintain the *status quo* to avoid dissipation of the money illegally taken from Plaintiff.

8. Plaintiff was victimized by the theft of the CRYPTSY Class' cryptocurrency assets, and it appears from the record that VERNON has no right to claim either possession or ownership of those stolen assets. Therefore, there is a high likelihood Plaintiff will succeed on his claims.

9. The balance of hardships also favors Plaintiff because a Temporary Restraining Order would preserve the *status quo ante* and prevent irreparable harm until such time as the Court may hold a hearing.

10. Entry of a Temporary Restraining Order will not harm the public interest, which is properly served by promoting the objectives of the Financial Crimes Enforcement Network [FinCEN] (a division of the U.S. Department of the Treasury) and providing assurance that courts will protect investors' assets from theft and will aid investors in their recovery of stolen assets when they can be readily located and traced to specific locations, like the purloined assets in this action.

11. Because of the apparent strength of Plaintiff's case, the Court concludes that Plaintiff need only provide a modest amount of security pursuant to Fed.R.Civ.P. 65(c) at this time.

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED that:

**TEMPORARY RESTRAINING ORDER**

1. Plaintiff's Motion for Temporary Restraining Order against Defendant VERNON is GRANTED.

2. Defendant VERNON and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant VERNON or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) the **Newly-Discovered Wallet Addresses**:

| # | Newly-Discovered Wallet Address |
|---|---|
| 1 | 1BjRLELf3xX5Tz8c43H36nkmNwqnPuuVAv |
| 2 | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr |
| 3 | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H |
| 4 | 19TbZFeHjTx76yKnwGTqehTh1VLHLxx9km |
| 5 | 159m8sYcDJwPfJaVpLeKJitkQTiPKevnY4 |
| 6 | 1JhoQ1Zs2EqjXh1GzjwtQethAbNG6bNGTW |
| 7 | 1AA8YJ2DeYr99BS1PrsFKWC1p9hXT28dup |
| 8 | 1ABpMg9prfa6dtZqTqpcmN5cAsjj1Cx77V |
| 9 | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ |
| 10 | 19mkygdiY9Ay7dL2LLmASZzi2bXEp9NwLj |

and the **Secondary Wallet Addresses (see Appendix "A" hereto")**, (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in either the Newly-Discovered Wallet Addresses and any Secondary Wallet Addresses.

### NOTICE NOT REQUIRED, BUT PROVIDED TO VERNON

3. Plaintiff has represented that he served VERNON with the instant Motion at VERNON's last known e-mail address and via VERNON's ex-wife and her counsel, who Plaintiff believes to be in contact with VERNON.

4. By separate Order, the Court is simultaneously herewith granting Plaintiff's request to engage in expedited discovery through which Plaintiff intends to obtain from the Recipient Cryptocurrency Exchanges listed above the identity of owners of the wallet addresses being used to convert the assets of the Class and Receivership.

### BOND TO BE POSTED

5. Pursuant to Fed.R.Civ.P. 65(c), requiring that security must typically be posted by Plaintiff, the Court has determined that Three Thousand Dollars ($3,000.00) would be more than adequate to pay the costs and damages, if any, sustained by any party found to have been wrongfully enjoined or restrained by this Order. Therefore, pursuant to Fed.R.Civ.P. 65, Plaintiff shall -- within ten (10) calendar days of this Order -- post a bond in the amount of Three Thousand Dollars ($3,000.00) to secure this Order. In lieu of a bond, Plaintiff may post cash or its equivalent with the Clerk of Court.

6. Upon a showing of good cause by any party-of-interest, the Court may enter a further order amending the amount of Plaintiff's bond requirement as means of providing a source of funds to which Defendant VERNON may be entitled for a wrongful injunction or restraint.

Temporary Restraining Order<br>Civil Action No. 9:16-cv-80060-MARRA

### **PRELIMINARY INJUNCTION HEARING**

7. Pursuant to Fed.R.Civ.P. 65(b), Defendant VERNON shall appear on May 26, 2021 at 2:00 p.m., before United States District Judge Kenneth A. Marra, 701 Clematis Street, Courtroom 1, West Palm Beach, FL 33401 for a hearing at which Defendant VERNON may show good cause why this Court should not enter a preliminary injunction, and impose such additional relief as the Court deems just and proper.

8. Defendant VERNON shall file with the Court and serve on Plaintiff's counsel any answering affidavits, pleadings, motions, expert reports or declarations and/or legal memoranda no later than two (2) days prior to the hearing for preliminary injunction.

9. If Defendant VERNON timely files with the Court any papers opposing entry of a preliminary injunction, Plaintiff may file with the Court responsive or supplemental pleadings, materials, affidavits, or memoranda and serve same on Defendant VERNON shall or his counsel-of-record no later than one (1) days prior to the preliminary injunction hearing.

10. Defendant VERNON is hereby on notice that failure to timely serve and file his opposition, or failure to appear at the hearing, may result in the imposition of a preliminary injunction against him pursuant to Fed.R.Civ.P. 65.

### **DURATION OF TEMPORARY RESTRAINING ORDER**

11. The Temporary Restraining Order will expire fourteen (14) days from its entry in accordance with Fed.R.Civ.P. 65(b)(2) unless, for good cause shown, this Order is extended or Defendant VERNON consents that it should be extended for a longer period of time. However, the

Temporary Restraining Order
Civil Action No. 9:16-cv-80060-MARRA

Court may, upon demonstration of good cause by any party-of-interest, shorten or lift this Order.

DONE and ORDERED in Chambers in West Palm Beach, Florida, this 18th day of May, 2021 at 9:02 a.m. Eastern Time.

_____
KENNETH A. MARRA
United States District Judge