# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 9:16-cv-80060-MARRA     EXH A

BRANDON LEIDEL, and
MICHAEL WILSON, individually,
and on behalf of All Others Similarly Situated,

    Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY, a Florida corporation,
PAUL VERNON, an individual, *et al.*,

    Defendants.
_____/

## PLAINTIFFS' MOTION FOR ENRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, PAUL VERNON

Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all others similarly situated members of the Certified Class ("Plaintiffs"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 55 and Local Civil Rule 7.1, hereby move for entry of a Final Default Judgment against Defendant, PAUL VERNON, an individual ("Defendant Vernon"). In support thereof, Plaintiffs state as follows:

1.    On January 13, 2016, Plaintiffs filed their Class Action Complaint in this matter. [Docket Entry No. ("DE") 1].

2.    An Amended Class Action Complaint was filed on February 22, 2016. [DE 8]. The defendants named in that Amended Class Action Complaint were: (1) Defendant Vernon; (2) Project Investors, Inc. d/b/a Cryptsy ("CRYPTSY"), the entity through which Defendant Vernon conducted his business as well as the fraud described in the pleading; and (3) Lorie Ann Nettles, Mr. Vernon's ex-wife, from whom he divorced shortly after this lawsuit was commenced.

Case 9:16-cv-80060-KAM Document 156-1 Entered on FLSD Docket 05/23/2021 Page 2 of 7
Case 9:16-cv-80060-KAM Document 120 Entered on FLSD Docket 06/30/2017 Page 2 of 7

Civil Action No. 9:16-cv-80060-MARRA

3. On March 29, 2016, the Court entered an Order permitting Plaintiffs to serve process upon Defendant Vernon via electronic mail and at his United States Post Office Box in Delray Beach, Florida. [DE 29].

4. On March 31, 2016, following entry of the Court's Order, and in accordance with that ruling, a true and correct copy of the Amended Class Action Complaint, the Civil Action Summons, and all filings made as of that date were served upon Defendant Vernon. [DE 31].

5. On May 20, 2016, the Clerk of Court entered a default against Defendant Vernon. [DE 51].

6. On August 25, 2016, the Court entered an Order [DE 65] certifying as a class of plaintiffs:

> All CRYPTSY account owners who held Bitcoins, alternative cryptocurrencies, or any other form of monies or currency at CRYPTSY as of November 1, 2015 to the present. Excluded from the Class are: (1) employees of CRYPTSY, including its shareholders, officers and directors and members of their immediate families; (2) any judge to whom this action is assigned and the judge's immediate family; and (3) persons who timely and validly opt to exclude themselves from the Class.

7. On January 9, 2017, a Second Amended Class Action Complaint was filed to encompass additional defendants, though the allegations against Defendant Vernon did not change from the previous pleading on which he defaulted. [DE 94].

8. As demonstrated in the Second Amended Class Action Complaint – and as supported by the August 5, 2016 Declaration of Nicholas Mullesch and the June 30, 2017 Declaration of Nicholas Mullesch -- filed in support hereof simultaneously with this motion – Defendant Vernon is indebted to the class of Plaintiffs in the principal sum of **$8.2 Million**.

9. Mr. Mullesch has set forth in detail in his Declarations the tracing analysis he conducted that demonstrates the extent and measure to which Defendant Vernon converted assets belonging to the class of Plaintiffs -- assets that Defendant Vernon ultimately deposited into his personal bank account at TD Bank, N.A.[1]

---

[1] *See*, August 5, 2016 Declaration of Nicholas Mullesch at Paragraphs 12-26 and June 30, 2017 Declaration of Nicholas Mullesch at Paragraphs 11-13.

Case 9:16-cv-80060-KAM Document 156-1 Entered on FLSD Docket 05/23/2021 Page 3 of 7
Case 9:16-cv-80060-KAM Document 120 Entered on FLSD Docket 06/30/2017 Page 3 of 7

Civil Action No. 9:16-cv-80060-MARRA

10. On April 4, 2016, Defendant Vernon (or someone under his direction using his passcode) -- acting electronically from a remote location -- deleted all of the relevant information on CRYPTSY's computer servers, including critical information demonstrating the number of CRYPTSY investors, the identity of each CRYPTSY investor, and each investor's last known account balances.[2] Despite Defendant Vernon's conduct, Plaintiffs and the Class have obtained and present sufficient evidence to support the Court's entry of the final judgment requested herein.

11. Additionally, as set forth in Mr. Mullesch's June 2017 Declaration, Defendant Vernon is responsible for the theft of 11,325.0961 Bitcoin which were stolen from Cryptsy customers on July 29, 2014 and stored in the following cryptocurrency wallets[3]:

| # | Wallet | Amount of Bitcoin Stored in Wallet |
|---|---|---|
| 1 | 18E3AWaadnUPQ1aMpfEoyTXN49NYAZzbpD | 1,000 BTC |
| 2 | 1DSxcqygQ69MxRc8oW94kQjWHzMb4BYsnG | 1,000 BTC |
| 3 | 1LwZYCt8dDhZDMd6uXGMwVsmWPXW9eX9Ww | 1,000 BTC |
| 4 | 13nAJw8jw7BiYKLnad9YGdPxybK9mgPkM6 | 1,000 BTC |
| 5 | 1DqCNwUffFTxULH8crehynw53TwrHnrv1c | 1,000 BTC |
| 6 | 1AWdxqABYiDxcY1sxzPzEotvjFjq8NUY8Z | 1,000 BTC |
| 7 | 18nb1NQCeoZLucMdrNdu2wb7jcyDvSgr3Y | 0.0961 BTC |
| 8 | 13QxkdrhfeQ6aCF4TBWg8knQGBmiwL2rpV | 1,000 BTC |
| 9 | 17nmFFPSANbPGgdtoEEuc6xbHoaP1n6ZBb | 1,000 BTC |
| 10 | 14nzbWNMPjmvwy96uuFVXtj6VgChJtHvU9 | 1,000 BTC |
| 11 | 1315LzDFcBLDBKgVAr4ZhCkcT5GXivpiuj | 1,000 BTC |
| 12 | 1KBy6MvcBb2qQRS5fQT92o2c5Dq2W6ygx4 | 1,325 BTC |
| | TOTAL | 11,325.0961 BTC |

---

[2] *See*, Declaration of James D. Sallah, Receiver [DE 59-14] at Paragraphs 3-6.

[3] A cryptocurrency wallet is a secure digital wallet used to store, send, and receive digital currency like Bitcoin. A private key (secure digital code known only to the user and his wallet) is stored that shows ownership of a public key (a public digital code connected to a certain amount of currency). Each wallet stores the user's private and public keys, allowing the user to send and receive coins, and also acting as a personal ledger of transactions.

Case 9:16-cv-80060-KAM Document 156-1 Entered on FLSD Docket 05/23/2021 Page 4 of 7
Case 9:16-cv-80060-KAM Document 120 Entered on FLSD Docket 06/30/2017 Page 4 of 7

Civil Action No. 9:16-cv-80060-MARRA

12. As of today's date, the value of the 11,325.0961 Bitcoin in those 12 wallets is approximately **Thirty-One Million Two-Hundred Thousand Dollars ($31,200,000.00)**.

13. As stated in Mr. Mullesch's two declarations, Defendant Vernon hid the theft, prevented evidence and data back-ups from being preserved, made it virtually impossible to investigate the theft, and destroyed additional evidence on Cryptsy's servers that could have been used to unwind the theft and compensate Cryptsy's customers as victims.

14. As a result of the foregoing, Defendant Vernon should be held personally liable for the theft. *See*, *e.g.*, *Century Sr. Services v. Consumer Health Ben Ass'n, Inc.*, 770 F.Supp.2d 1261, 1265 (S.D. Fla. 2011) ("A party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for the stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose."). *See also*, Second Amended Class Action Complaint [DE 94] at ¶ 11 ("*At all times material hereto, VERNON was the founder, operator, and Chief Executive Officer of CRYPTSY. Under the corporate entity known as CRYPTSY, VERNON conducted business worldwide, including with customers in the State of Florida. In essence, CRYPTSY and VERNON are one-and-the-same. CRYPTSY is an "alter ego" of VERNON, who dominates and controls the corporate entity to further an unlawful scheme and to further VERNON's own personal financial interests.*"); ¶ 40 ("*[T]he funds used to purchase [VERNON's] Delray Beach Mansion were not lawfully obtained and were actually derived from funds converted by the CRYPTSY Defendants from CRYPTSY account holders.*"); ¶ 90 ("*VERNON and CRYPTSY have converted [Plaintiffs'] funds for their own personal and corporate use and distribution.*"); ¶ 146 ("*After misappropriating, converting, and stealing [millions of dollars in] funds from Plaintiffs and the potential Class Members, VERNON transferred a substantial portion of those funds to his then-wife, NETTLES, with the actual intent to hinder, delay, or defraud Plaintiffs and the potential Class Members and Plaintiffs and the potential Class Members' ability to recover the sums owed to them by CRYPTSY and VERNON.*").

- 4 -

**SILVER LAW GROUP**
11780 West Sample Road ● Coral Springs, Florida 33065 ● Telephone (954) 755-4799 ● Facsimile (954) 755-4684
www.silverlaw.com

Case 9:16-cv-80060-KAM Document 156-1 Entered on FLSD Docket 05/23/2021 Page 5 of 7
Case 9:16-cv-80060-KAM Document 120 Entered on FLSD Docket 06/30/2017 Page 5 of 7

Civil Action No. 9:16-cv-80060-MARRA

15. In addition, as an ingredient of proper compensation, Defendant Vernon is liable to the Plaintiff Class for pre-judgment and post-judgment interest on the above-cited damage total.

16. Under Federal Rule 55(b)(2), this Court may enter a default judgment against a defendant that has failed to appear and defend. Entry of a default judgment is appropriate if the defendant's liability is well-pled in the complaint and the defendant has failed to participate in the litigation in good faith. *Eagle Hosp. Physicians v. SRG Consulting*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

17. Additionally, damages may be awarded "if the record adequately reflects the basis for the award via hearing or a demonstration of detailed affidavits establishing the necessary facts." *PetMed Express, Inc. v. MedPetsCom, Inc.*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004) (entering Final Default Judgment and finding a hearing was unnecessary to determine damages where plaintiff had attached detailed declarations with accompanying documentary evidence to its Motion for Final Default Judgment). *See also*, *CFTC v. Gutterman*, 2012 WL 2413082, at *4 (S.D. Fla. June 26, 2012) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."), citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944).

18. Filed in conjunction herewith, and made a part of this motion, are the following:

   (a) August 5, 2016 Declaration of Nicholas Mullesch;
   (b) June 30, 2017 Declaration of Nicholas Mullesch; and
   (c) Declaration of Non-Military Status.

19. Despite Defendant Vernon's destruction of Cryptsy databases and other electronic data, Plaintiffs have presented -- in the form of the declarations submitted in support hereof -- sufficient evidence of the Class' damages.

Case 9:16-cv-80060-KAM Document 156-1 Entered on FLSD Docket 05/23/2021 Page 6 of 7
Case 9:16-cv-80060-KAM Document 120 Entered on FLSD Docket 06/30/2017 Page 6 of 7

Civil Action No. 9:16-cv-80060-MARRA

WHEREFORE, Plaintiffs BRANDON LEIDEL and MICHAEL WILSON, individually, and on behalf of all other similarly situated members of the certified Plaintiff Class, respectfully request:

(a) a Final Default Judgment be entered against Defendant, PAUL VERNON, an individual, in the principal sum of $8.2 Million;

(b) the Court award pre-judgment and post-judgment interest on the above-enumerated sum;

(c) the Court declare the 11,325.0961 Bitcoin in the identified wallets to be property of the Plaintiff class; and

(d) the Court enter such other relief as this Court deems just and proper.

Respectfully submitted,

**SILVER LAW GROUP**
*Counsel for Plaintiffs*
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 755-4799
Facsimile:     (954) 755-4684

  /s/ David C. Silver
DAVID C. SILVER
Florida Bar No. 572764
E-mail: DSilver@silverlaw.com
SCOTT L. SILVER
Florida Bar No. 095631
E-mail: SSilver@silverlaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@silverlaw.com
  - and -
**WITES & KAPETAN, P.A**.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:     (954) 570-8989
Facsimile:     (954) 354-0205
MARC A. WITES
Florida Bar No. 024783
E-mail: mwites@wklawyers.com

Civil Action No. 9:16-cv-80060-MARRA

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via <u>electronic mail only</u> this ___30th___ day of June 2017 to: **MARK A. LEVY, ESQ.**, BRINKLEY MORGAN, *Counsel for Defendant Lorie Ann Nettles*, 200 East Las Olas Blvd. - 19th Floor, Fort Lauderdale, FL 33301; E-mail: Mark.Levy@brinkleymorgan.com; **PATRICK RENGSTL, ESQ**., Patrick J. Rengstl, P.A., *Counsel for the Receiver*, 7695 SW 104th Street - Suite 210, Miami, FL 33156; E-mail: pjr@rengstl-law.com; and **JOSE G. SEPULVEDA, ESQ.**, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., *Counsel for Defendants Ridgewood Investments, Inc., and Kaushal Majmudar*, 150 W. Flagler Street, Suite 2200, Miami, FL 33130; E-mail: JSepulveda@stearnsweaver.com.

**I FURTHER CERTIFY** that a true and correct copy of the foregoing will be served <u>in accordance with the Federal Rules of Civil Procedure and/or the District's Local Rules and procedures</u> to: **PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com

__/s/ David C. Silver_____<br>DAVID C. SILVER