# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 9:16-cv-80060-MARRA

BRANDON LEIDEL, individually and
on behalf of all others similarly situated,

     Plaintiff,

v.

PROJECT INVESTORS, INC., d/b/a CRYPTSY,
a Florida Corporation, PAUL VERNON, *et al.*,

     Defendants.

_____/

## PLAINTIFFS' EMERGENCY MOTION TO AMEND
## MAY 18, 2021 AMENDED TEMPORARY RESTRAINING ORDER

Plaintiff BRANDON LEIDEL, individually, and on behalf of all others similarly situated members of the Certified Class ("Plaintiffs"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 7 and 65 and Local Civil Rule 7.1, hereby moves on an emergency basis for entry of an amendment to the May 18, 2021 Amended Temporary Restraining Order entered against Defendant, PAUL VERNON, an individual ("Defendant Vernon"). In support thereof, Plaintiffs state as follows:

1.     On May 17, 2021, this Court entered a Temporary Restraining Order against Defendant Vernon. [Docket Entry No. ("DE") 154].

2.     On May 18, 2021, the Court entered an Amended Temporary Restraining Order against Defendant Vernon to attach to the Order a spreadsheet labeled Appendix "A", which had mistakenly been omitted from the Order entered a day earlier. [DE 155].

3.     At its heart, the Amended Temporary Restraining Order imposed the following restrictions:

Civil Action No. 9:16-cv-80060-MARRA

Defendant VERNON and his agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division or other device, or any of them, are hereby temporarily restrained from withdrawing, transferring, or encumbering any assets currently held by, for, or on behalf of Defendant VERNON or any business entity through which he acts or which acts in active concert or participation with him; including but not limited to those assets currently held in: (1) the **Newly-Discovered Wallet Addresses**:

| # | Newly-Discovered Wallet Address |
|---|---|
| 1 | 1BjRLELf3xX5Tz8c43H36nkmNwqnPuuVAv |
| 2 | 12KBnNKkEdjcojNZ7ceBhDBJWhMZbtttgr |
| 3 | 17QwFUD9awdi4JcncVrkxfDDBvEos8HU8H |
| 4 | 19TbZFeHjTx76yKnwGTqehTh1VLHLxx9km |
| 5 | 159m8sYcDJwPfJaVpLeKJitkQTiPKevnY4 |
| 6 | 1JhoQ1Zs2EqjXh1GzjwtQethAbNG6bNGTW |
| 7 | 1AA8YJ2DeYr99BS1PrsFKWC1p9hXT28dup |
| 8 | 1ABpMg9prfa6dtZqTqpcmN5cAsjj1Cx77V |
| 9 | 15yRZyEyzwyNhCFBfqWBJDXsuJn9WJVhnJ |
| 10 | 19mkygdiY9Ay7dL2LLmASZzi2bXEp9NwLj |

and the **Secondary Wallet Addresses (see Appendix "A" hereto")**, (2) any account at any other financial institution, bank, trading exchange, or investment firm; and (3) any cryptocurrency wallet or cryptocurrency trading account they maintain or control anywhere other than in either the Newly-Discovered Wallet Addresses and any Secondary Wallet Addresses.

*See*, Amended Temporary Restraining Order at 4.

4.      It has come to Plaintiffs' attention, though, that while the Amended Temporary Restraining Order restricts specific wallet addresses held both privately and at cryptocurrency exchanges -- as well as the owners of those wallet addresses, whether they be Defendant Vernon himself or thus-far unknown and unidentified "*agents, servants, employees, attorneys, partners, successors, assigns, and all other persons or entities through which he/they act or who act in*

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

*active concert or participation with*" Defendant Vernon -- that restriction is only effective if the wallet address owner receives notice of the Amended Temporary Restraining Order.

5.      Because Plaintiffs do not presently know the identity of (and thus cannot provide notice to) each wallet address owner, Plaintiffs provided notice to several of the cryptocurrency exchanges at which the Secondary Wallet Addresses are maintained that the Amended Temporary Restraining Order had been entered and expected that each exchange would ensure that its individual accountholders would not violate the terms of the Amended Temporary Restraining Order by withdrawing any funds from a restricted Secondary Wallet Address.

6.      At least one such cryptocurrency exchange, however, has expressed an unwillingness to ensure compliance with the Order on the basis that the restrictions in the Order are placed on the individual accountholders, not on the exchanges themselves.

7.      More specifically, the cryptocurrency exchange at issue has expressed to undersigned counsel that -- upon a demand from an affected Secondary Wallet Address owner/accountholder that he be allowed to move forward with his plan to immediately withdraw assets from his wallet without restrictions imposed by the exchange -- the exchange will not, without a Court Order instructing it to do so, freeze the Secondary Wallet Addresses maintained at its exchange (which presently house assets valued at approximately $80,000.00 USD).

8.      If the cryptocurrency exchange at issue does not act within the spirit, even if arguably not the letter, of the Amended Temporary Restraining Order and allows the unidentified Secondary Wallet Address owner/accountholder to dissipate the assets in his/her/its account at that exchange (which will happen imminently), Plaintiffs will be deprived of the purpose of the asset freeze for which the Amended Temporary Restraining Order was entered.

**SILVER MILLER**
11780 West Sample Road · Coral Springs, Florida 33065 · Telephone (954) 516-6000
www.SilverMillerLaw.com

9.     To effectuate the purpose of restricting any movement of stolen assets that are held within the 300+ Secondary Wallet Addresses maintained at cryptocurrency exchanges -- and because Plaintiffs cannot be expected at this time to know the identity of each Secondary Wallet Address holder to give him/her notice of the Amended Temporary Restraining Order -- Plaintiffs respectfully request that the Court amend the May 18, 2021 Amended Temporary Restraining Order by adding the following paragraph as Paragraph 3 to the section labeled "Temporary Restraining Order":

> 3.   In addition to the foregoing, each cryptocurrency exchange at which any Secondary Wallet Address is maintained shall, upon receiving notice of this Order, immediately freeze each Secondary Wallet Address and customer account related thereto and provide the Wallet Address owner/accountholder a copy of this Order.  The freeze shall stay in effect for the duration of this Order, or for as long as this Court shall extend the Order by modification or by entry of preliminary or permanent injunctive relief.  Should either the cryptocurrency exchange or any affected Wallet Address owner/accountholder wish to be relieved of the restrictions set forth herein, he/she/it may apply to this Court in writing for relief from the Order and shall serve a copy of his/her/its request for relief upon all counsel and parties of record in this matter.

**WHEREFORE,** Plaintiff BRANDON LEIDEL, individually, and on behalf of all other similarly situated members of the certified Plaintiff Class, respectfully request that this Court amend the May 18, 2021 Amended Temporary Restraining Order to include language making clear that each cryptocurrency exchange at which any Secondary Wallet Address is maintained -- much like the individual Wallet Address owners/accountholders affected by this Order -- is also subject to the Amended Temporary Restraining Order.

**SILVER MILLER**
11780 West Sample Road • Coral Springs, Florida 33065 • Telephone (954) 516-6000
www.SilverMillerLaw.com

Civil Action No. 9:16-cv-80060-MARRA

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)</u>
## <u>CERTIFICATION OF EMERGENCY</u>

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days.  I understand that an unwarranted certification may lead to sanctions.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By:  _/s/ David. C. Silver_
        DAVID C. SILVER
        Florida Bar No. 572764
        E-mail: DSilver@SilverMillerLaw.com
        JASON S. MILLER
        Florida Bar No. 072206
        E-mail: JMiller@SilverMillerLaw.com
- and -
**WITES LAW FIRM**
MARC A. WITES
Florida Bar No. 24783
E-mail: mwites@witeslaw.com
4400 N. Federal Highway
Lighthouse Point, Florida 33064
Telephone:     (954) 933-4400

*Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   25th   day of May 2021 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **All Counsel of Record** and to **PAUL VERNON**, **individually**, P.O. Box 7646, Delray Beach, FL 33482, E-mail: PaulEVernon@yahoo.com.

_/s/ David C. Silver_
        DAVID C. SILVER