UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,                    CASE NO. 9:16-cv-80060-KAM
And on behalf of All others Similarly Situated,

       Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

       Defendants.

_____/

**PLAINTIFFS' AND ASSIGNEE'S
MOTION FOR LEAVE TO SUBMIT EX PARTE
<u>QUARTERLY REPORT FOR IN CAMERA REVIEW</u>**

Plaintiff Brandon Leidel, individually, and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), and North Field Technology Ltd. ("North Field"), pursuant to Local Rule 5.4(d), respectfully submit this unopposed *ex parte* motion for leave to submit for in camera review North Field's June 2021 Quarterly Report on its Judgment Collection Efforts (the "*Ex Parte* Document").

The Plaintiff Class and North Field hereby request leave to submit the *Ex Parte* Document *ex parte* and *in camera*, and request that the document should remain *ex parte* and off the public docket. This document contains confidential work product information that, if publicly filed or otherwise disclosed to the Defendants, would allow the Defendants to understand and frustrate the efforts that North Field has taken and will take to enforce this Court's Judgment and recover the 11,825.1484 Bitcoin that Defendants stole from the Plaintiff Class (the "Stolen Bitcoin"). This risk

is real and serious. Defendant Paul Vernon has a long history of destroying evidence following the public docketing of motions and orders, and he is actively transferring and laundering the Stolen Bitcoin in defiance of this Court's Judgment and injunctive orders. Accordingly, the Plaintiff Class and North Field respectfully submit that this *Ex Parte* Document and the information contained therein should remain *in camera* and not be made part of the public docket until such time as North Field has exhausted its efforts to enforce the Judgment and recover the Stolen Bitcoin.

The Plaintiff Class and North Field previously moved for their quarterly report prepared in March 2021 to be submitted *ex parte*, [ECF No. 146], and this Court granted that motion on March 17, 2021 and allowed for the submission of the March 2021 quarterly report on an *ex parte* basis. [ECF No. 148]. As such, the Plaintiff Class and North Field respectfully request that the Court extend the same treatment to this *Ex Parte* Document and again grant leave for its *ex parte* submission to this Court and that it not be placed on the public docket.

## MEMORANDUM OF LAW

This Court's Local Rules permit a party, under certain circumstances, to file or otherwise submit documents on an *ex parte* basis. *See* S.D. Fla. R. 5.4(d). North Field and the Plaintiff Class respectfully suggest that circumstances exist to justify such submission.

The *Ex Parte* Document does not fall within the scope of materials to which a common-law right of access exists. As the Eleventh Circuit has held, materials that are neither public documents nor judicial records fall outside the scope of records to which the common law right of access applies. *McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989). The Eleventh Circuit has, for example, held that materials disclosed in discovery fall outside the scope of public or judicial documents, such that no common law right of access applies. *Id.* In contrast, materials submitted by litigants that are integral to the judicial resolution of the merits are subject

2

to the common law right of access. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001); *Locke v. Warren*, No. , 2019 U.S. Dist. LEXIS 169995, at *12-13 (S.D. Fla. Sept. 30, 2019).

In *Locke*, the court held that two federal judges' policy changes and private correspondence between two judges and records relating to reassignment of cases are not judicial records integral to the resolution of a particular case. *Id.* at *14-15, *17. The court therefore held that the documents were not subject to the common law right of public interest. *Id.* at *17. This *Ex Parte* Document, like the documents in *Locke*, is not filed in connection with any pretrial motion requiring judicial resolution and is not integral to this Court's resolution of any issue on the merits. Rather, it is simply a report to this Court on North Field's progress in its efforts to collect the Judgment on behalf of the Plaintiff Class. Furthermore, no judicial resolution is requested or required in response to the filing of this *Ex Parte* Document. Accordingly, it falls outside the scope of the common law right to access, and this Court should accordingly protect it from access by the public and other parties to this litigation.

Further, even if a document is a judicial record or public document, the common law right to access may be overcome by a showing of good cause. *See United States v. Nickens*, 809 Fed. App'x 584, 591-92 (11th Cir. 2020); *see also Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d at 1311 (recognizing the central role of judicial discretion in deciding whether to release or keep confidential filed judicial records).

In assessing good cause, the Court must balance the right of access against a party's interest in keeping the information confidential. *Nickens*, 809 Fed. App'x at 592. In conducting that analysis, courts consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests; (2) whether allowing access would permit a person

or entity to gain unfair commercial advantage; (3) the degree of and likelihood of injury if made public; (4) the reliability of the information; (5) whether there will be an opportunity to respond to the information; (6) whether the information concerns public officials or public concerns; and (7) the availability of a less onerous alternative to sealing the documents. *United States v. Castillo*, 730 Fed. App'x 892, 893 (11th Cir. 2018); *Crubin, LLC v. Escoriaza*, No. 19-cv-22261, 2020 U.S. Dist. LEXIS 87716, at *3 (S.D. Fla. May 19, 2020) (identifying whether access would permit one to "gain unfair commercial advantage" as a relevant factor). The presumption of access is less strong with respect to filings that are not related, or only tangentially related, to dispositive motions or the merits of a case. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

As detailed below, the *Ex Parte* Document contains confidential and work product information relating to North Field's strategy and efforts on behalf of the Plaintiff Class to enforce the Judgment entered by this Court and recover the Stolen Bitcoin. If disclosed to the Defendants or to the public, this information will significantly impair the efforts to enforce the Judgment this Court rendered in favor of the Plaintiff Class.

Work-product immunity protects materials prepared by an attorney or by agents of the attorney. *Souffrant v. Toyota Motor Sales, U.S.A., Inc.*, No. 1:17-cv-23357-KMW, 2017 U.S. Dist. LEXIS 189698, at *9 (S.D. Fla. Nov. 16, 2017). The party asserting immunity over a document must demonstrate that the drafting entity anticipated litigation at the time the document was drafted. *Id.* at *10; *see also* Fed. R. Civ. P. 26(b)(3). The *Ex Parte* Document reflects internal work-product—specifically, legal strategy and discussions among North Field and its attorneys, undertaken in anticipation of litigation efforts to enforce this Court's Judgment.

The *Ex Parte* Document also describes privileged and confidential attorney-client communications, revealing circumstances under which the Plaintiff Class and North Field sought and received legal advice. *See FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 U.S. Dist. LEXIS 85942, at \*22 (N.D. Cal. May 22, 2018) (treating documents "describing circumstances under which Qualcomm sought and received legal advice" as attorney-client privileged). The attorney-client privilege applies to confidential communications made in the rendition of legal services between the attorney and client. *Souffrant*, 2017 U.S. Dist. LEXIS 189698, at \*7 (citing *Southern Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1380 (Fla. 1994)).

Courts routinely protect from disclosure documents containing confidential information subject to the attorney-client privilege or attorney work-product immunity. *See, e.g.*, *Souffrant*, 2017 U.S. Dist. LEXIS 189698, at \*2-3, \*11 (granting motion to seal documents containing internal legal discussions between attorneys relating to internal legal strategies); *Nat'l Sourcing, Inc. v. Bracciale*, No. 8:17-cv-1950-T-36JSS, 2017 U.S. Dist. LEXIS 196536, at \*5-6 (M.D. Fla. Nov. 30, 2017); *Valdes v. Miami-Dade Cty*, No. 12-cv-22426, 2015 U.S. Dist. LEXIS 21771, at \*5 n.2 (S.D. Fla. Feb. 24, 2015) (reviewing *ex parte* letters reflecting attorney-client communications); *see also Qualcomm Inc.*, 2018 U.S. Dist. LEXIS 85942, at \*22-23 (collecting cases across various circuits).

More broadly, the *Ex Parte* Document addresses the strategy and tactics for enforcing this Court's Judgment and the circumstances under which North Field sought and received legal advice in developing its strategy and tactics. The information is highly confidential and privileged. Disclosing to Defendants and/or the public the *Ex Parte* Document would substantially injure the Plaintiff Class and impair North Field's efforts to enforce this Court's Judgment and recover the Stolen Bitcoin by arming the Defendants with information that they can use to undermine those

efforts. North Field's efforts started where the Plaintiff Class left off, which is to develop an approach to enforce the Judgment despite the belief that Defendant Paul Vernon—the founder, operator, and Chief Executive Officer of Defendant Cryptsy—fled to China in an effort to frustrate efforts to enforce any judgment rendered against him and/or Cryptsy. *See* [ECF No. 94], at 10. Furthermore, this Court has before it evidence that Defendant Vernon has a long history of destroying evidence following the appearance on this Court's docket of motions and orders and is actively transferring and laundering digital assets subject to this Court's Judgment and the injunctive relief this Court has ordered. *See* [ECF No. 153] at 7, 10-11. Accordingly, public disclosure of the *Ex Parte* Document would "impair court functions" by materially impairing the Court's and North Field's ability to successfully enforce this Court's Judgment against Vernon and/or Cryptsy.

Furthermore, this privileged, confidential, and strategic information is not of legitimate public interest and would, in any other situation, remain confidential. Rather, when North Field actually pursues its strategy through legal action in the courts to enforce the Judgment, those actions, as in any litigation, will be taken in public in a courtroom and on a court docket. It is difficult to envision any means of protecting the confidentiality of this information at this time other than submitting these documents on an *ex parte* basis for *in camera* review only. Given the nature of the information and the fact that this information will not become any less sensitive for the foreseeable future, this *Ex Parte* Document should remain restricted from the view of the public and the Defendants until a further order of this Court permitting them to be unrestricted. If North Field's efforts to collect the Judgment prove successful such that no harm is likely to result from the public disclosure of the *Ex Parte* Document, at that juncture North Field will publicly file copies of the *Ex Parte* Document.

WHEREFORE, Plaintiff Class and North Field respectfully request that this Court grant leave to submit the *Ex Parte* Document *in camera* to the Court on an *ex parte* basis without it being placed on the public docket.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. All parties who may be affected by the relief sought in this motion do not oppose the relief sought herein.

Dated: June 30, 2021

Respectfully submitted,

By: _____*s/David C. Silver*_____
    David C. Silver / Fla. Bar No. 572764
    E-mail:  DSilver@SilverMillerLaw.com
    Jason S. Miller / Fla. Bar No. 72206
    E-mail:  JMiller@SilverMillerLaw.com
    SILVER MILLER
    11780 W. Sample Road
    Coral Springs, Florida 33065
    Phone:  954-516-6000

    - and -

    Marc A. Wites / Fla. Bar No. 24783
    E-mail:  mwites@wklawyers.com
    WITES LAW FIRM, P.A.
    4400 N. Federal Highway
    Lighthouse Point, Florida 33064
    Phone:  954-933-4400

    ***Counsel for Plaintiff Class***

By: _____*s/Samuel A. Lewis*_____
    Samuel A. Lewis / Fla. Bar No. 55360
    E-mail:  slewis@cozen.com
    COZEN O'CONNOR
    Southeast Financial Center
    200 South Biscayne Blvd., Suite 3000
    Miami, Florida 33131
    Phone:  305-704-5940

    John Sullivan
    E-mail:  jsullivan@cozen.com
    COZEN O'CONNOR
    3 World Trade Center
    175 Greenwich Street
    55th Fl
    New York, NY 10007
    Phone: 212-453-3729
    *Admitted Pro Hac Vice*

    - and -

    L. Barrett Boss
    E-mail:  bboss@cozen.com
    Jonathan Grossman

E-mail:  jgrossman@cozen.com
Kara L. Kapp
E-mail:  kkapp@cozen.com
COZEN O'CONNOR
1200 19th Street NW, 3rd Floor
Washington, D.C. 20036
Phone:  202-912-480

***Counsel for North Field Tech***