UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,　　　　　　　　　　CASE NO. 9:16-cv-80060-KAM
And on behalf of All others Similarly Situated,

　　　　Plaintiffs,
v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation, and
PAUL VERNON, an individual,

　　　　Defendants.
_____/

### ORDER GRANTING NORTH FIELD TECHNOLOGY'S ASSIGNEE'S MOTION TO CLARIFY THE SCOPE OF THE AMENDED JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER is before the Court with the consent of Plaintiff Brandon Leidel, individually and on behalf of all other similarly situated members of the Certified Class ("Plaintiff Class"), and upon the motion of North Field Technology ("North Field"), which is the assignee under the Assignment Agreement [ECF No. 139-1] to clarify the Amended Final Default Judgment (the "Amended Judgment") [ECF No. 157] and the Order for Asset Freeze Injunction and to Transfer the Stolen Bitcoin to Assignee ("Permanent Injunction") [ECF No. 177].

BY ITS MOTION, Northfield seeks to clarify the original intent of the Amended Judgment and Permanent Injunction to apply to all secondary wallet addresses (the "Clarification Motion" or "Motion").

The Amended Judgment "declares that the 11,325.0961 Bitcoin which were stolen from Cryptsy customers on July 29, 2014 and which, as of the date of the initial Final Judgment, were stored in the cryptocurrency or digital wallet addresses identified in Table 1 below, are property of the Plaintiff Class and subject to and encompassed within this Amended Final Default Judgment[.]" [ECF No. 157, ¶ 4(d)]. The Amended Judgment further "adds and includes as

property of the Plaintiff Class an additional 500.052319 Bitcoin that were stolen from Cryptsy customers on July 29, 2014[.]" [ECF No. 157, ¶ 5]. The Amended Judgment further holds that the Plaintiff Class "is entitled to recover" the forked assets (the "Forked Digital Assets") associated with the 11,825.1484 Bitcoin (the "Stolen Bitcoin"). [ECF No. 157, ¶¶ 4(e),(f), 5].

The Permanent Injunction, in Paragraph 4, addresses the obligations of third parties that may obtain custody or control over the Stolen Bitcoin and/or Forked Digital Assets. It requires those parties to:

a. locate the Stolen Bitcoin and Forked Digital Assets;

b. freeze, or assist in or facilitate the freezing of, the Stolen Bitcoin and Forked Digital Assets held in or transferred from any wallet address listed in Tables 1 and 2 of this Order, and (other than as Ordered in subsection (d) hereof) refrain from transferring, disbursing, assigning, dissipating, disposing of, validating, or participating in or assisting in the validation of, any transaction in the Stolen Bitcoin and Forked Digital Assets;

c. freeze all customer accounts related to the Stolen Bitcoin and Forked Digital Assets held in or transferred from any wallet addresses listed in Tables 1 or 2 of [this] Order, and (other than as Ordered in subsection (d) hereof) refrain from transferring, disbursing, assigning, dissipating, disposing of, validating, or participating in or assisting in the validation of, any transaction in the Stolen Bitcoin and Forked Digital Assets; and

d. take all steps necessary to transfer, assist in the transfer of, facilitate the transfer of, validate or assist in the validation of the transfer of the Stolen Bitcoin and Forked Digital Assets to a digital wallet or account held by North Field.

[ECF No. 177, at 7-8, ¶ 4].

HAVING REVIEWED THE MOTION AND SUPPORTING PAPERS and being otherwise fully advised in the premises, the Court hereby ORDERS AND ADJUDGES:

1. The motion (DE 191) is GRANTED.

2. The Court hereby clarifies that the Amended Judgment by its terms awards the 11,825.1484 Stolen Bitcoin and Forked Digital Assets to the Plaintiff Class as its property, regardless of which digital wallet addresses presently holds those assets, and in particular,

regardless of whether those assets are presently held in the original wallet addresses listed in Tables 1 and 2 or new wallet addresses to which they were subsequently transferred.

3. The Court further clarifies that all subparts of Paragraph 4 of the Permanent Injunction apply not only to the original wallet addresses listed in Tables 1 and 2 but also to any and all subsequent wallet addresses into which the Stolen Bitcoin and Forked Digital Assets have been or are in the future transferred. The Permanent Injunction recognizes that the Stolen Bitcoin and Forked Digital Assets are the property of the Plaintiff Class. Therefore, by its terms, the order applies to those stolen digital assets whether they are held in the original "wallet addresses listed in Tables 1 and 2" of the Permanent Injunction or held in any subsequent wallet address into which they were directly or indirectly transferred after being "transferred from" the original wallet addresses.

4. The Court reserves jurisdiction to enter further orders that are proper to compel Defendant Vernon, his associates or conspirators, and all persons or entities subject to the Permanent Injunction to complete all procedures in execution of the Judgment and to otherwise facilitate the efforts of or taken on behalf of Plaintiff Class to recover the assets subject to the Judgment.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida this 13th day of April, 2022.

KENNETH A. MARRA
United States District Judge