UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80060-MARRA

BRANDON LEIDEL,
individually and on behalf of All
Others Similarly Situated,

Plaintiff,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation, PAUL VERNON, an individual,
et al.,

Defendants.
_____/

## ORDER DENYING MOTION FOR CONTEMPT SANCTIONS[1]

This cause is before the Court upon North Field Technology Ltd.'s Motion for an Order to Show Cause Why Contempt Sanctions Should Not Be Imposed against Binance Holdings Limited (DE 213). The Motion is fully briefed and ripe for review. The Court held a hearing on the Motion on August 28, 2023. The Court has carefully considered the Motion and the arguments of the parties and is otherwise fully advised in the premises.

I.   Background

On July 27, 2017, the Court entered a Final Default Judgment against Paul Vernon ("Vernon") authorizing the Plaintiff Class to recover, among other things, the 11,325.0961 bitcoin that Vernon stole from Cryptsy customers on or before July 29, 2014 (DE 123). The Judgment identified the number of stolen bitcoin and the wallet addresses in which those stolen bitcoin were stored at the time. On September 18, 2020, the Court entered an Order approving

---

[1] The Court presumes familiarity with its prior Orders.

the terms and conditions of an assignment agreement (DE 139-1) pursuant to which the Plaintiff Class assigned all rights, title and interest in the judgment to North Field Technology Ltd.'s ("North Field") so that North Field could pursue collection of the stolen bitcoin.

On May 24, 2021, this Court rendered an Amended Judgment ("the Amended Judgment"), which added 500.052319 Newly Discovered Bitcoin identified in the Amended Temporary Restraining Order and all associated forked assets to the assets identified in the Final Judgment. (DE 157). On June 22, 2021, this Court issued an order granting the motion for a permanent injunction. This order (1) enjoined Vernon and "all persons in active concert or participation" with him from "directly or indirectly transferring" "Stolen Bitcoin and Forked Digital Assets" that were originally held in identified wallet addresses; (2) ordered Vernon and "all persons in active concert or participation with him" to transfer the Stolen Bitcoin and Forked Digital Assets" to a digital wallet or account held by North Field and (3) ordered "[a]ny persons, firms, corporations, or other entities, including digital asset trading platforms [and] cryptocurrency exchanges . . ." receiving notice of the injunction to locate and freeze the "Stolen Bitcoin and Forked Digital Assets" and " freeze all customer accounts related to the Stolen Bitcoin and Forked Digital Assets."  (DE 177).

North Field now moves the Court for an entry of an Order to Show Cause Why Contempt Sanctions Should Not Be Imposed against Binance Holdings Limited ("Binance") for an alleged "willful violation of the Order for Asset Freeze Injunction and to Transfer the Stolen Bitcoin to Assignee (DE 177)."  North Field accuses Binance of allowing Vernon to launder through Binance at least 669.7 bitcoin, presently worth $17.5 million, through Binance's exchange, assets it alleges are subject to the Court's Permanent Injunction and Amended Judgment.

Binance responds that it is not subject to personal jurisdiction in Florida, nor subject to the permanent injunction issued on June 22, 2021.  Furthermore, Binance states that it voluntarily cooperated with North Field for over a year, provided a freeze on individual accounts, disclosed account holdings, and was in the process of producing account records when the instant motion was filed.

North Field has not challenged Binance's assertion that it is a non-U.S. cryptocurrency exchange with no headquarters, offices, or operations in the United States.[2]  Nor does it challenge that Binance did not exist in 2014, when the fraud which is the basis for the Final Judgment occurred.  Notwithstanding those implicit concessions, North Field asserts that this Court has the authority to impose contempt sanctions on Binance.

II.     Discussion

The Court must begin its analysis with a discussion of personal jurisdiction.  Cf. Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (the personal jurisdiction issue must be decided before determining whether the complaint fails to state a claim).  The Eleventh Circuit has explained personal jurisdiction in the context of a motion for contempt in Alderwoods Grp., Inc. v. Garcia, 682 F.3d 958 (11th Cir. 2012):

> As a general principle, the Due Process Clause requires that a federal court have jurisdiction over a person in order to bind that person through judgment. See U.S. Const. amend. V; Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, (1987) ("The requirement that a court have personal jurisdiction flows ... from the Due Process Clause .... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.")
>
> Notwithstanding this general requirement, nonparties who engage in enjoined conduct can be sanctioned when their conduct would frustrate the court's ability to render a binding judgment.  Accordingly, the courts that have considered the issue

---

[2] Without seeking leave of Court, North Field file a notice of a Statement of Use filed by Binance with the United States Patent and Trademark Office. (DE 225.)   Even if the Court considered this document, it would not change the outcome because it does not provide a sufficient basis to conclude that the Court has personal jurisdiction over Binance.

3

>generally agree that this sanction power extends to a person outside the territorial limits of the court that issued the injunctive order, provided that the person had actual notice of the order and acted in concert with the party explicitly enjoined.

Id. at 971–72 (11th Cir. 2012) (internal quotation marks and some case citations omitted).

Given the uncontested facts, the Court does not have personal jurisdiction over Binance unless it can be asserted through the Court's sanction power.  See Miro v. Doe, No. 22-80399-CIV, 2023 WL 2734374, at *4 (S.D. Fla. Mar. 31, 2023) (finding no general or specific personal jurisdiction over Binance in Florida); Guarini v. Doe, 634 F. Supp. 3d 1100, 1105 (S.D. Fla. 2022) (Binance's contacts are "woefully inadequate" to support the exercise of general or specific jurisdiction in Florida).

With respect to jurisdiction under the Court's sanction power, the parties agree that Binance was on actual notice of the Court's order given that the parties were in communication about the bitcoins at issue.  The question before the Court then is whether Binance acted in concert with Vernon, "the party explicitly enjoined."  On the record before this Court, there is insufficient evidence to support such a finding.[3]

---

[3] In its reply brief, North Field states that Binance acted in concert with Vernon by refusing to freeze the stolen bitcoin and by allegedly advising at least one of its customers in possession of stolen bitcoin to remove assets from its account before Binance froze the account. (Reply at 9-10 n. 10.)  Even assuming this to be true, which is disputed, the Court finds that these allegations are insufficient to show that Binance acted in concert with Vernon. See Richter v. Wells Fargo Bank NA, No. 2:11-CV-695-FTM-29, 2015 WL 163086, at *4 (M.D. Fla. Jan. 13, 2015) (dismissing aiding and abetting claims against a bank for failing to freeze asserts of an individual who stole from the plaintiff because such "inaction would not support a determination that [the bank] provided substantial assistance for the conversion").  To the extent North Field claims this case contains a higher "substantial assistance" standard versus the "active concert" standard set forth in Rule 65, the Court disagrees.  Compare Trinity Graphic, USA, Inc. v. Tervis Tumbler Co., 320 F. Supp. 3d 1285, 1296 (M.D. Fla. 2018) ("A defendant provides substantial assistance when it affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the breach to occur.") (internal quotation marks omitted) with Estate of Kyle Thomas Brennan v. Church of Scientology Flag Serv. Org., Inc., No. 809-CV-264-T-23EAJ, 2010 WL 4007591, at *2 (M.D. Fla. Oct. 12, 2010) (The phrase in active concert or participation stands in Rule 65 in the ordinary and usual sense and means a purposeful acting of two or more persons together or toward the same end, a purposeful acting of one in accord with the ends of the other, or the purposeful act or omission of one in a manner or by a means that furthers or advances the other.") (internal quotation marks omitted).  There is no evidence in this record showing that Binance was actively participating with Vernon to hide or divert stolen bitcoin from North Field.

Nonetheless, North Field relies on several cases to support its argument that jurisdiction exists over Binance.  Each of these cases can be distinguished.  For example, in F.T.C. v. Leshin, 618 F.3d 1221 (11th Cir. 2010), the court did not address personal jurisdiction. It did, however, address the provision of Rule 65(d) that concerns finding non-parties in contempt.  There, the Court affirmed the finding of the district court that a non-party was bound by the injunction. Unlike here, however, the evidence in Leshin established that non-party entity was owned by an enjoined party, the enjoined party controlled and supervised the actions of the directors and officers of the non-party entity, and the non-party entity engaged in actions that were not in compliance with state law. Id. at 1235.  Based on those facts, which stand in stark contrast to Binance's relationship with Vernon, the court concluded that the non-party met the "active concert" standard of Rule 65.

In Mesa v. Luis Garcia Land Serv., Co., 218 F. Supp. 3d 1375 (S.D. Fla. 2016), the court held a non-party witness in civil contempt for failing to appear at a deposition. Id. at 1377.  In that case, the witness was served with a deposition subpoena at his residence in Miami, Florida and failed to appear at the deposition. The court then ordered the witness to appear for a newly noticed deposition, but the plaintiff was unable to serve the witness personally.  The plaintiff's attorney mailed the witness a notice of taking deposition, a subpoena for the deposition and a notice of contempt hearing.  The court subsequently mailed the witness a written show cause order, warning the witness that the failure to sit for the deposition might result in a finding of contempt. Id. at 1379.  Notably, there was no argument made that the court did not have personal jurisdiction over the non-party witness. This case simply stands for the proposition that a non-party witness may be held in contempt for a failure to appear for a deposition.

In Federal Trade Comm'n v. Acquinity Interactive, LLC, No. 14-60166-CIV, 2021 WL 4840585 (S.D. Fla. Sept. 29, 2021), the court held a non-party to an injunction in contempt based on his actual knowledge of the injunction and his essential role in assisting the defendant to violate the injunction, which included working with an enjoined party as chief administrative officer, senior vice-president and general counsel. Id. at * 4. In the instant case, there is no evidence to support a finding that Binance worked with Vernon.

Finally, in Blanco GmbH±Co. KG v. Vlanco Indus., LLC, 992 F. Supp. 2d 1225 (S.D. Fla. 2014), the court held that an individual who had notice of the consent judgment and acted in concert with a defendant in applying for prohibited trademarks could be held in contempt. Id. at 1250. The evidence showed that this non-party filed trademark applications on marks subject to the consent judgment. Id. Once again, Binance's conduct did not rise to this level.

Thus, each of these cases can be distinguished factually from the circumstances here. Furthermore, not only is there a lack of evidence connecting Binance to Vernon, but based on the Court's review of the record, the Court finds that Binance made a good faith effort to work with and assist North Field in its efforts to collect the stolen bitcoin.. Therefore, there is insufficient evidence to support a finding that Binance's conduct rose to the level of contemptable conduct.

III     Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that North Field Technology Ltd.'s Motion for an Order to Show Cause Why Contempt Sanctions Should Not Be Imposed

\against Binance Holdings Limited (DE 213) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of September, 2023.

KENNETH A. MARRA
United States District Judge