UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:16-cv-80060-MARRA

BRANDON LEIDEL,
individually and on behalf of All
Others Similarly Situated,

Plaintiff,

v.

PROJECT INVESTORS, INC. d/b/a CRYPTSY,
a Florida corporation,
PAUL VERNON, an individual, et al.,

Defendants.

_____/

**ORDER ON MOTION FOR RECONSIDERATION[1]**

This cause is before the Court upon North Field Technology Ltd.'s ("North Field") Motion for Reconsideration (DE 231). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Introduction

On July 27, 2017, the Court entered a Final Default Judgment against Paul Vernon ("Vernon") authorizing the Plaintiff Class to recover, among other things, the 11,325.0961 bitcoin that Vernon stole from Cryptsy customers on or before July 29, 2014 (DE 123). The Judgment identified the number of stolen bitcoin and the wallet addresses in which those stolen bitcoin were stored at the time. On September 18, 2020, the Court entered an Order approving the terms and conditions of an assignment agreement (DE 139-1) pursuant to which the Plaintiff

---

[1] The Court presumes familiarity with its prior Orders.

Class assigned all rights, title and interest in the judgment to North Field so that North Field could pursue collection of the stolen bitcoin.

On May 24, 2021, this Court rendered an Amended Judgment ("the Amended Judgment"), which added 500.052319 Newly Discovered Bitcoin identified in the Amended Temporary Restraining Order and all associated forked assets to the assets identified in the Final Judgment. (DE 157). On June 22, 2021, this Court issued an order granting the motion for a permanent injunction. This order (1) enjoined Vernon and "all persons in active concert or participation" with him from "directly or indirectly transferring" "Stolen Bitcoin and Forked Digital Assets" that were originally held in identified wallet addresses; (2) ordered Vernon and "all persons in active concert or participation with him" to transfer the Stolen Bitcoin and Forked Digital Assets" to a digital wallet or account held by North Field and (3) ordered "[a]ny persons, firms, corporations, or other entities, including digital asset trading platforms [and] cryptocurrency exchanges . . ." receiving notice of the injunction to locate and freeze the "Stolen Bitcoin and Forked Digital Assets" and " freeze all customer accounts related to the Stolen Bitcoin and Forked Digital Assets."  (DE 177).

On June 16, 2023, North Field moved the Court for an entry of an Order to Show Cause Why Contempt Sanctions Should Not Be Imposed against Binance Holdings Limited ("Binance") for an alleged "willful violation of the Order for Asset Freeze Injunction and to Transfer the Stolen Bitcoin to Assignee (DE 177)."  North Field accused Binance of allowing Vernon to launder through Binance at least 669.7 bitcoin, worth $17.5 million, through Binance's exchange, assets it alleged were subject to the Court's Permanent Injunction and Amended Judgment.

On September 14, 2023, the Court denied North Field's motion for contempt sanctions on the grounds that the Court did not have personal jurisdiction over Binance. Specifically, the Court ruled that. based on the undisputed facts, the Court could not assert specific or general personal jurisdiction over Binance. Nor could the Court assert jurisdiction pursuant to the Court's sanction power.  Notably, the Court concluded that there was insufficient evidence to support a finding that Binance acted in concert with Vernon or that Binance's conduct rose to the level of contemptable conduct. (DE 227.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, North Fork now moves for reconsideration of the Court's September 14, 2023 based on "recently discovered evidence" establishing that Binance is "subject to this Court's jurisdiction, and that Binance materially misrepresented its presence in the U.S. and issues relating to jurisdiction when opposing North Field's Motion for Contempt Sanctions." (Mot. at 1.)  In making this assertion, North Fork points to a recently entered plea agreement between Binance and the United States. According to North Fork, Binance, as part of the plea agreement, admitted that it has substantial operations throughout the United States and Binance knowingly facilitated money laundering and other illegal activities on its cryptocurrency exchange. (*Id.* at 1-2.) Based on those admissions, North Fork contends that Binance is subject to this Court's jurisdiction.  Alternatively, North Fork seeks jurisdictional discovery. (*Id.* at 2.)

In response, Binance contends that the "new evidence" does not change the Court's prior analysis on general and specific jurisdiction because (1) Binance is neither incorporated nor has its principal place of business in Florida and (2) Binance had no business in Florida that gave rise to the injury at issue in the litigation. (Resp. at 8-9.)  Moreover, the plea agreement does not change the finding that North Field did not meet its burden of establishing Binance aided and

3

abetted or acted in concert with Vernon in violating the injunction. (*Id.* at 9-10.) Finally, Binance states the undisputed facts demonstrate there is no legitimate basis to impose the burden of jurisdictional discovery on Binance. (*Id.* at 13.)

North Fork replies that the Court should disregard Binance's unsupported allegations regarding personal jurisdiction. Furthermore, North Fork contends that the Court should also disregard Binance's assertions that it did not participate in Vernon's fraud or otherwise cause injury because Binance has admitted to facilitating numerous illicit transactions through its exchange. Lastly, North Fork states that Binance's admitted criminal conduct made it possible for Vernon to launder the stolen bitcoin, and Binance profited from its violation of this Court's Orders.

II. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In reviewing a motion to reconsider, the Court "will not alter a prior decision absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction." *Prudential Securities, Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting *American Home Assurance, Co. v. Glenn Estess & Assoc. Inc.,* 763 F.2d 1237, 1239 n.2 (11th Cir. 1985). "Reconsideration is an extraordinary remedy to be employed sparingly." *D'Amico v. Scola*, No. 22-24225-CIV, 2023 WL 2318185, at *1 (S.D. Fla. Feb. 1, 2023).

III. Discussion

North Fork moves for reconsideration based on new evidence (*i.e.*, the plea agreement) and on Binance's alleged fraud or misrepresentation for Binance "perpetuat[ing] the fiction that it was not subject to personal jurisdiction in this District." (Mot. at 9.)  North Fork also contends that the catch-all provision of Rule 60(b)(6) applies because Binance "accepted as true allegations it knew to be false." (*Id.* at 9 n.4.)

The Court concludes that the standard for reconsideration is not met. There is no new evidence before the Court that demonstrates that Binance is subject to specific or general personal jurisdiction in Florida. Indeed, North Fork has not provided any evidence that demonstrates Binance is incorporated or has its principal place of business in Florida. *See* Florida Statute § 48.193(2); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) ("[a] corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums."). Nor has North Field shown that Binance had any business in Florida that gave rise to the injury at issue in the instant case. *See* Florida Statute § 48.193(1)(a). While North Fork relies upon the plea agreement, that agreement simply speaks to Binance's activities in the United States and Washington state. Nothing in that agreement addresses any

5

conduct by Binance in Florida.[2] North Fork's assertion that because Binance admitted to conducting business in the State of Washington and that it served a substantial number of United States users necessarily means that it has sufficient contacts with the State of Florida to provide a basis for personal jurisdiction is speculative.

Equally speculative is North Fork's claim that because Binance admitted in the plea agreement that it engaged in criminal acts on its cryptocurrency exchange it therefore aided and abetted Vernon in violating the injunction. Sanctioning a non-party requires a finding that the non-party "played an essential role in knowingly assisting the party to the injunction carry out the prohibited acts." *Federal Trade Comm'n v. Acquinity Interactive, LLC*, No. 14-60166-CIV, 2021 WL 4840585, at *4 (S.D. Fla. Sept. 29, 2021) (internal quotation marks omitted). Like the evidence previously considered by the Court, this new evidence does not show Binance actively participated with Vernon to hide or divert stolen bitcoin from North Field. Notably, North Fork has not provided any cases where a financial institution's admissions regarding facilitating money laundering generally render that financial institution an aider and abettor of a specific bad actor whose funds passed through that financial institution.

Lastly, even assuming this Court has jurisdiction over Binance and its business model was legally deficient relative to its customers, nothing presented by North Fork in the present motion, as pertaining to the one customer at issue in this case, Paul Vernon, alters the Court's

---

[2] North Fork has not raised any disputed issue that requires jurisdictional discovery. *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730 n.7 (11th Cir. 1982) (jurisdictional discovery only appropriate when a court's jurisdiction is genuinely in dispute.); *Turner v. Costa Crociere S.P.A.*, No. 1:20-CV-21481-KMM, 2020 WL 9071486, at *2 (S.D. Fla. Aug. 23, 2020) ("plaintiffs only have a right to jurisdictional discovery if the jurisdictional question is genuinely in dispute") (internal quotation marks omitted). For this reason, the request for jurisdictional discovery is denied.

conclusion that "Binance made a good faith effort to work with and assist North Field in its efforts to collect the stolen bitcoin." (DE 227 at 6.)

For the foregoing reasons, the Court concludes that North Fork's motion for reconsideration pursuant to Rule 60(b) is denied.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that North Field's Motion for Reconsideration (DE 231) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of February, 2024.

KENNETH A. MARRA
United States District Judge