UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRANDON LEIDEL, individually,
And on behalf of All others Similarly Situated,

        Plaintiffs,

v.

PROJECT INVESTORS, INC. d/b/a
CRYPTSY, a Florida corporation,
PAUL VERNON, an individual,
LORIE ANN NETTLES, an individual,
RIDGEWOOD INVESTMENTS, INC,
a New Jersey corporation, and
KAUSHAL MAJMUDAR, individually,

        Defendants.
_____/

CASE NO. 9:16-cv-80060-KAM

## PLAINTIFFS' AND ASSIGNEE'S
## MOTION TO AID FOREIGN ENFORCEMENT

Plaintiff, Brandon Leidel, individually and on behalf of all other similarly situated members of the Certified Class (the "Plaintiff Class"), and North Field Technology Ltd. ("North Field"), respectfully submit this motion for an order to aid in the Plaintiff Class's and North Field's foreign enforcement efforts. Specifically, the Plaintiff Class and North Field request that the Court enter an order confirming that the following judgment and orders of this Court are final, subject to enforcement, and that no timely appeal can be lodged against the following judgment and order: (1) May 24, 2021 Amended Final Default Judgment [ECF No. 157]; (2) June 22, 2021 Order Granting Asset Freeze Injunction [ECF No. 177]; and (3) April 13, 2022 Order Granting Motion to Clarify Scope of Amended Judgment and Permanent Injunction [ECF No. 193] (collectively referred to as the "Final Orders").

As this Court is aware, the Plaintiff Class and North Field have been undertaking a myriad of efforts to enforce the Final Orders and to recover the 11,825.1484 Bitcoin that Defendants stole

from the Plaintiff Class (the "Stolen Bitcoin"). These efforts include steps to enforce the Final Orders in international tribunals. One such tribunal requires confirmation from this Court that the Final Orders are final, subject to enforcement, and that no timely appeal can be lodged against the Final Orders.[1] Accordingly, the Plaintiff Class and North Field respectfully request that the Court enter such an order to aid in their foreign enforcement efforts.[2]

## MEMORANDUM OF LAW

The Final Orders are final and subject to enforcement. "A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Jenkins v. Prime Ins. Co.,* 32 F.4th 1343, 1345 (11th Cir. 2022) (internal quotation marks omitted). "To constitute a final decision, the district court's order generally must adjudicate all claims against all parties." *Id.* Here, there are no pending claims to adjudicate against any parties; the case is closed. All that is left to do is for the Plaintiff Class and North Field to enforce the Court's Final Orders.

Moreover, Defendants have never attempted to set aside the Final Orders or to appeal them and Defendants' time to do so has long expired. Under Federal Rule of Appellate Procedure 4, a party must file a notice of appeal within 30 days after entry of the judgment. The Final Orders identified above were entered far more than 30 days ago. In fact, it has been more than two years

---

[1] More information as to the tribunal and its requirements is being submitted to the Court on an *ex parte* basis for *in camera* review only because disclosure could materially impair the Court's and North Field's ability to successfully enforce the Final Orders against Defendants.

[2] The Plaintiff Class and North Field note that the instant request is similar to a judgment creditor obtaining a writ of execution to aid in judgment enforcement. However, because the Plaintiff Class's and North Field's enforcement efforts require the intervention of a foreign tribunal, a writ of execution does not satisfy the foreign tribunal's requirements. Accordingly, the Plaintiff Class and North Field are requesting a court order as described herein.

since the most recent Final Order, which was signed on April 13, 2022 and entered on April 14, 2022.  *See* ECF No. 193.

Additionally, under Federal Rule of Civil Procedure 55, the Court may set aside a final default judgment under Federal Rule of Civil Procedure 60(b).  Rule 60(b) provides that a party may be relieved from a final judgment or order under certain circumstances.  Federal Rules of Civil Procedure 60(c) provides that a motion under Rule 60(b) must be made within a "reasonable time," and for certain circumstances of mistake, new evidence, and fraud, must be made within one-year.  The one-year deadline has passed and caselaw makes clear that if Defendants were to file such a motion at this point, it would not be made within a "reasonable time."  *See, e.g.*, *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) (holding that a one-month delay in filing Rule 60(b) motion was unreasonable, and explaining, "[w]e recognize that [defendant] is a foreign defendant, but it moved to set aside the default judgment on July 28, 2005, over three and a half months after it was served with process, and over one month after the default judgment was entered. The longer a defendant—even a foreign defendant—delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment."); *Camejo v. RC Constr. & Invs., Inc.*, No. 1:14-CV-20182-UU, 2016 WL 11110193, at *1 (S.D. Fla. July 22, 2016) (holding that two years does not constitute a "reasonable time" to file a motion to set aside a default judgment where defendant had notice of the lawsuit); *Bank of New York v. Haye*, No. 08-61665-CIV, 2009 WL 10667632, at *2-*3 (S.D. Fla. Sept. 9, 2009) (holding that 355 days to file a Rule 60(b) motion was unreasonable, where defendant had notice of the foreclosure judgment at issue).

In this case, a Rule 60(b) motion would not be reasonable at this time.  Defendants had notice of this case, despite their various attempts to evade service.  *See, e.g.*, ECF No. 29 (granting

3

motion for alternative method of service). Further, equipped with that notice, Defendants undertook efforts to frustrate the Final Orders.

In light of the foregoing, it is evident that the Final Orders are final, subject to enforcement, and that no timely appeal can be lodged against the Final Orders.

WHEREFORE, to aid in their foreign enforcement efforts, Plaintiff Class and North Field respectfully request that this Court enter an order confirming that the Final Orders are final, subject to enforcement, and that no timely appeal can be lodged against the Final Orders.

Dated: July 30, 2024

Respectfully submitted,

| | |
|---|---|
| By: _____*s/David C. Silver*_____<br>David C. Silver / Fla. Bar No. 572764<br>E-mail: DSilver@SilverMillerLaw.com<br>Jason S. Miller / Fla. Bar No. 72206<br>E-mail: JMiller@SilverMillerLaw.com<br>SILVER MILLER<br>11780 W. Sample Road<br>Coral Springs, Florida 33065<br>Phone: 954-516-6000<br><br>- and -<br><br>Marc A. Wites / Fla. Bar No. 24783<br>E-mail: mwites@witeslaw.com<br>WITES LAW FIRM, P.A.<br>4400 N. Federal Highway<br>Lighthouse Point, Florida 33064<br>Phone: 954-933-4400<br><br>***Counsel for Plaintiff Class*** | By: _____*s/Samuel A. Lewis*_____<br>Samuel A. Lewis / Fla. Bar No. 55360<br>E-mail: slewis@cozen.com<br>COZEN O'CONNOR<br>Southeast Financial Center<br>200 South Biscayne Blvd., Suite 3000<br>Miami, Florida 33131<br>Phone: 305-704-5940<br><br>John Sullivan<br>E-mail: jsullivan@cozen.com<br>COZEN O'CONNOR<br>3 World Trade Center<br>175 Greenwich Street<br>55th Fl<br>New York, NY 10007<br>Phone: 212-453-3729<br>*Admitted Pro Hac Vice*<br><br>- and -<br><br>L. Barrett Boss<br>E-mail: bboss@cozen.com<br>Jonathan Grossman<br>E-mail: jgrossman@cozen.com<br>COZEN O'CONNOR<br>1200 19th Street NW, 3rd Floor |

4

Washington, D.C. 20036
Phone: 202-912-8480

***Counsel for North Field Technology Ltd.***